UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
APR 23 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DIONNE CHOYCE,

Plaintiff(s),

v.

SF BAY AREA INDEPENDENT MEDIA CENTER ET AL,
Defendant(s).

No. C **13-01842 JST**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Jon S. Tigar. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

**CASE SCHEDULE -ADR MULTI-OPTION PROGRAM**

| Date | Event | Governing Rule |
|---|---|---|
| 4/23/2013 | Complaint filed | |
| 7/10/2013 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R. 3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| | | |
|---|---|---|
| 7/24/2013 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R. 16-9 |
| 7/31/2013 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 9, 19th floor at 2:00 PM | Civil L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

Effective 2/25/2013

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STANDING ORDER FOR ALL CIVIL CASES BEFORE
DISTRICT JUDGE JON S. TIGAR

A.  **Law and Motion Calendar and Court Schedule**

Judge Tigar hears civil motions on Thursdays at 2:00 p.m., in Courtroom 9, 19th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California. Motions must be noticed for a hearing pursuant to Civil Local Rule 7. Counsel need not reserve a hearing date in advance for civil motions. Before selecting a hearing date, however, counsel must consult Judge Tigar's weekly calendar, which is available at http://www.cand.uscourts.gov/jst, to determine which dates are available. The Court may reset noticed hearing dates as its calendar requires.

Civil Case Management Conferences and Civil Pretrial Conferences will be held on Wednesdays at 2:00 p.m., in Courtroom 9, 19th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California.

Scheduling questions may be addressed to the courtroom deputy, William Noble, only; he may be reached at (415) 522-2036.

B.  **Service of this Order Is Required**

Within five days of the filing of the complaint or the addition of a new party, plaintiff is ordered to serve on all parties a copy of this Order and the Standing Order for All Judges of the Northern District Court Concerning Joint Case Management Statements, and to file a proof of service.

C.  **Joint Case Management Statement and Initial Case Management Conference**

The Northern District Court requires civil litigants to meet and confer regarding specified topics, including alternative dispute resolution and the discovery of electronically stored information ("ESI"), prior to the filing of the initial joint case management statement.

Civil litigants before this Court must review and comply with the terms of the Northern District Standing Order For All Judges Concerning Joint Case Management Statements. In addition, the parties must review in detail the Northern District's ESI Guidelines and Checklist for Rule 26(f) conferences. The Court discourages deviation from the ESI Guidelines absent good cause. Failure to meet and confer regarding the required topics prior to the initial case management conference, including alternative dispute resolution

Page 1

and ESI, may, in the reasonable exercise of the Court's discretion, result in sanctions or disciplinary action.

## D. Courtesy Copies and Proposed Orders

The Court requires courtesy copies only of publicly filed motions and related briefing, including attachments, exhibits, declarations, and other accompanying material. The Court discourages the service of courtesy copies of any other documents, except when specifically requested by the Court or required by the Court's pretrial standing order.

Courtesy copies shall be mailed via first class mail on the date of electronic filing unless the document was filed within 14 days of the motion hearing, in which case the filing party shall serve its courtesy copy by noon on the business day following the date of filing. For documents in the last category that are electronically filed on Friday, the Court appreciates courtesy copies by 5:00 p.m. on the same day.

The quality, condition, and labeling of binders, when used, should be such that the Court can easily transport and review the binders' contents. Whenever possible, the spine of a binder should not exceed three inches in width.

## E. Discovery Matters

A party may not file a motion regarding a discovery dispute without leave of Court. If a discovery dispute arises, the parties shall meet and confer in good faith to attempt to resolve the dispute. If the parties are unable to reach a resolution through this process, they shall file a joint letter brief of eight pages or less that describes each disputed issue. The joint letter brief must be filed electronically in the Civil Events category of Motions and Related Filings > Motions – General > Discovery Letter Brief. After the letter brief is submitted, the Court will advise the parties as to how it intends to proceed.

Discovery disputes may be referred to a Magistrate Judge. If a discovery dispute is referred to a Magistrate Judge, the Magistrate Judge to whom the dispute is referred will advise the parties as to how that Judge intends to proceed.

After a Magistrate Judge has been assigned to a case for discovery, the parties in that case must handle any discovery matters according to the procedures set by that Judge.

Dated: February 25, 2013

JON S. TIGAR
United States District Judge

## STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

*Effective date: July 1, 2011* (Last Revised November 27, 2012)

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

*Effective date: July 1, 2011* (Last Revised November 27, 2012)