1   Daniel L. Casas, Esq. (SBN 116528)
    dcasas@legalteam.com
2   Anthony F. Basile, Esq. (SBN 247409)
    abasile@legalteam.com
3   CASAS RILEY & SIMONIAN, LLP
    One First Street, Suite 2
4   Los Altos, CA 94022
    (650) 948-7200
5   (650) 948-7220 FAX

6   Attorneys for Defendant
    LAYER42.NET, INC.

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO

11

12   DIONNE CHOYCE, an individual,          Case No.: CV-13-01842

13              Plaintiff

14        v.                                NOTICE OF MOTION AND MOTION TO
                                            DISMISS FOR FAILURE TO STATE A
15   SF BAY AREA INDEPENDENT MEDIA          CLAIM UPON WHICH RELIEF MAY BE
     CENTER, aka IMC, SF BAY AREA, aka SF   GRANTED/SPECIAL MOTION TO
16   BAY AREA IMC, an unincorporated        STRIKE (ANTI-SLAPP); MEMORANDUM
     association; LAYER42.NET, INC., a      OF POINTS AND AUTHORITIES IN
17   California Corporation; CERNIO         SUPPORT THEREOF
     TECHNOLOGY COOPERATIVE, an             [FRCP 12(b)(6)]
18   unincorporated association; and Does 1-10,  [Cal. Code of Civ. Proc. § 425.16]

19

20              Defendants.                 Date: October 31, 2013
                                            Time: 2:00pm
21                                          Courtroom: 9 (19th Floor)

                                            Action Filed: April 23, 2013
22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
i

1    **TO PLAINTIFF DIONNE CHOYCE AND HIS ATTORNEYS OF RECORD**:

2    PLEASE TAKE NOTICE THAT on **October 31, 2013 at 2:00pm**, or as soon

3    thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden

4    Gate Avenue, 19th Floor, San Francisco, California 94102, defendant LAYER42.NET, INC.

5    will move the Court to dismiss the action pursuant to FRCP Rule 12(b)(6) because plaintiff

6    has failed to state a claim for copyright infringement; LAYER42.NET, INC. is entitled to

7    immunity to plaintiff's cause of action for copyright infringement pursuant to 17 U.S.C.

8    Section 512; and because plaintiff is barred from recovering against LAYER42.NET, INC.

9    on his state law defamation claims pursuant to 47 USC Section 230.

10    LAYER42.NET, INC. with further move the court to strike the action pursuant to

11    California Code of Civil Procedure Section 425.16.

12    This motion will be based on this Notice of Motion and Motion, the Memorandum of

13    Points and Authorities, the Declarations of Steve E. Rubin and Daniel L. Casas, Esq., filed

14    herewith, and the pleadings and papers filed in this action.

15

16

17    Respectfully submitted,

18    CASAS RILEY & SIMONIAN, LLP

19

20    Dated: September 20, 2013          By ____/s/_____
                                              Daniel L. Casas, Esq.
21                                            Anthony F. Basile, Esq.
                                              Attorneys for Defendant,
22                                            LAYER42.NET, INC.

23

24

25

26

27

28

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.

1

Table of Contents

2 I. STATEMENT OF ISSUES TO BE DECIDED ...................................................................1

3 II.      RELEVANT FACTS ...............................................................................................1

4     A. Layer42 And Its Business ...................................................................................1

5     B. SF Bay Area Independent Media Center (www.indybay.org) .............................2

6     C. Allegations In Choyce's Complaint ....................................................................3

7     D. Procedural History .............................................................................................4

8 III. LEGAL STANDARDS AND ANALYSIS ......................................................................5

9     A. Legal Standard For Dismissal Under Rule 12(b)(6) ...........................................5

10     B. Choyce's Cause Of Action For Copyright Infringement Must Be Dismissed Since He Has

11     Failed To Register His Alleged Copyright ...........................................................6

12     C. Section 512 Of The Digital Millennium Copyright Act Shields Layer42 From Liability For

13     Contributory Copyright Infringement ..................................................................6

14        1. Choyce's Infringement Action Against Layer42 Should Be Dismissed Because Layer42 Is

15        Entitled To "Conduit" Safe Harbor Protection Under 17 USC § 512(a) ..................7

16        a. Layer42 Is A "Service Provider" For Purposes Of Section 512(a) Safe Harbor Protection ...

17        .....................................................................................................................8

18        b. Choyce Admits The Allegedly Infringing Material Was Transmitted By Doe Defendants

19        and Not Layer42 (§ 512(a)(1)) .....................................................................8

20        c. The Transmission Of The Allegedly Infringing Material Was Carried Out Through An

21        Automatic Technical Process (§ 512(a)(2)) ...................................................9

22        d. Layer42 Does Not Select The Recipients Of Material (§ 512(a)(3) ...................9

23        e. No Copy Of The Allegedly Infringing Material Is Maintained On Layer42's Hardware Or

24        Network (§ 512(a)(4)) ..................................................................................9

25        f. The Allegedly Infringing Material Was Transmitted Without Modification (§ 512(a)(5)) .......9

26        g. Choyce's Demand For Injunctive Relief Is Moot Because The Allegedly Infringing Content

27        Has Been Removed .....................................................................................10

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.

iii

D. Section 230 Of The Communications Decency Act Is A Complete Defense To Choyce's State Law Defamation Causes Of Action Against Layer42 ............................................................. 10

E. The Court Should Strike Choyce's State Law Claims Against Layer42 Pursuant To California's Anti-SLAPP Statute ........................................................................................... 11

1. California's Anti-SLAPP Statute .......................................................................... 12

2. Layer42 Is A Proper Moving Party For A Special Motion To Strike ................................. 13

3. Because The Doe Defendants' News Articles Concern An Alleged Act Of Moral Turpitude By An Officer Of The Court, They Concern A Matter Of Public Interest ............................. 13

4. Choyce Cannot Demonstrate A Reasonable Probability Of Success Against Layer42 .... 14

IV. Conclusion ................................................................................................................. 15

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

1    Table of Authorities

2    **United States Code**

3    17 U.S.C. § 106A .............................................................................................6

4    17 U.S.C. §  505 ..............................................................................................3

5    17 U.S.C. § 107 ...............................................................................................2

6    17 U.S.C. § 411 ...............................................................................................6

7    17 U.S.C. § 503 ...............................................................................................3

8    17 U.S.C. § 502 ...............................................................................................3

9    17 U.S.C. § 504 ...............................................................................................3

10   17 U.S.C. § 512 ....................................................................... 1, 6, 7, 8, 9, 10, 15

11   47 U.S.C. § 230 ...................................................................... 1, 10, 11, 14

12   **California Code**

13   Cal. Bus. & Prof. Code § 6001.1 ................................................................14

14   Cal. Bus. & Prof. Code § 6106 ...................................................................14

15   Cal. Code of Civ. Proc. § 425.16 ............................................... 1, 12, 13, 14, 15

16   **United States Cases**

17   *Ashcroft v. Iqbal*, 556 U.S. 662 ..................................................................5

18   *Batzel v. Smith*, 333 F. 3d 1018 ...............................................................11

19   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ...........................5

20   *Carafano v. Metrosplash.com*, 339 F. 3d 1119 ....................................11

21   *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.* 606 F. 3d 612 ................6

22   *Lenz v. Universal Music Group*, 572 F. Supp. 2d 1150 ...........................2

23   *Perfect 10 v. CCBill*, 488 F.3d 1102 ..........................................................8

24   *Piping Rock Partners, Inc. v. David Lerner Associates, Inc.*, 2013 WL 2156279 ...............12

25   *Price v. Stossel*, 590 F. Supp. 2d 1262 ...................................................12

26   *Price v. Stossel*, 620 F. 3d 992 .................................................................12

27   *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 .......................................6

28

1    *Shroyer v New Cingular Wireless Services, Inc.*, 622 F. 3d 1035 .......................................... 5

2    *United States v. Lockheed Missiles & Space Co., Inc.* 190 F. 3d 963............................... 12

3    *Vess v. Ciba-Geigy Corp.*, 317 F. 3d 1097 ..................................................................... 12

4    *Zeran v. America Online, Inc.*, 129 F. 3d 327 ................................................................... 11

**California Cases**

*Digerati Holdings, LLC v. Young Money Entertainment, LLC*, 194 Cal. App. 4th 873 ......... 14

*Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294 ........................................ 13

*Gallimore v. State Farm Fire & Casualty Ins. Co.*, 102 Cal. App. 4th 1388......................... 13

*Gilbert v. Sykes*, 147 Cal. App. 4th 13 ................................................................................. 13

*Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027......................................................... 14

*Rivera v. First DataBank, Inc.*, 187 Cal. App. 4th 709.......................................................... 13

*Scott v. Metabolife Internat., Inc.* 115 Cal. App. 4th 404 ..................................................... 13

*Wilbanks v. Wolk*, 121 Cal. App. 4th 883 ............................................................................. 13

**Federal Rules of Civil Procedure**

FRCP Rule 12.................................................................................................................... 1, 5

FRCP Rule 4....................................................................................................................... 4

FRCP Rule 8....................................................................................................................... 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

## I. STATEMENT OF ISSUES TO BE DECIDED

LAYER42.NET, INC. moves this Court to dismiss the action pursuant to FRCP Rule 12 (b)(6) because plaintiff DIONNE CHOYCE has failed to state a claim for copyright infringement; Layer42 is entitled to immunity to Choyce's cause of action for copyright infringement pursuant to 17 U.S.C. Section 512; and because Choyce is barred from recovering against LAYER42.NET, INC. on his state law defamation and libel claims pursuant to 47 U.S.C. Section 230.

Layer42 further moves this court to strike Choyce's action pursuant to California Code of Civil Procedure Section 425.16, California's statute concerning strategic lawsuits against public participation (anti-SLAPP).

## II. RELEVANT FACTS

### A. Layer42 And Its Business

Layer42.net, Inc. was founded in 1999, and incorporated in the State of California in 2002. Rubin Dec., ¶ 2. Layer42 provides datacenter, colocation, and network services to its commercial customers. Rubin Dec. ¶ 3. Layer42 leases physical space to customers in its climate-controlled server rooms, and provides customers with a dedicated power supply and connection to the Internet. *Id.* Layer42's customers supply their own server hardware to be maintained in Layer42's facility. *Id.* Layer42 has filed with the U.S. Copyright Office an Interim Designation of Agent To Receive Notification of Claimed Infringement. Rubin Dec. ¶ 8, Exh. A.

In March 2011, Layer42 entered a contract to provide cabinet colocation services to Cernio Technology Cooperative. Rubin Dec., ¶ 9. Layer42 provided space for Cernio's server hardware, and provided a dedicated power supply and connection to the Internet. *Id.* In February 2013, IO Cooperative, Inc. assumed responsibility for Layer42's contract with Cernio, and entered a separate contract for colocation services. Rubin Dec., ¶ 11. Again, IO provided its own server hardware, and Layer42 provided a dedicated power supply and connection to the Internet. *Id.*

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

On or about February 23, 2013, Layer42 received a DMCA Takedown Notice from attorney Dow Patten.[1]  Rubin Dec., ¶ 13, Exh. B.  Although the Notice suggested it was preceded by three earlier notices, the February 23 Notice was the first received by Layer42. Rubin Dec., ¶ 14.  The Notice alleged that two URLs found on the web site indybay.org contained a digital image file named "dionne_choyce.jpg," originally posted to Choyce's web site, choycelawfirm.com, and used on indybay.org without the owner's permission. Rubin Dec., Exh. B.  Upon determining that the alleged infringing activity was being carried out on servers belonging to IO, Layer42 forwarded the Notice to IO for appropriate response.  Rubin Dec., ¶ 15.  The image file was removed from the specified URLs in or around March 2013.  Rubin Dec., ¶ 16.

**B. SF Bay Area Independent Media Center (www.indybay.org)**

Defendant SF Bay Area Independent Media Center operates the web site www.indybay.org.  According to its web site, SF Bay Area IMC is "a non-commercial, democratic collective of bay area independent media makers and media outlets, and serves as the local organizing unit of the global Indymedia network.  Casas Dec., Exh. F. SF Bay Area IMC provides a forum for so-called "citizen journalism," where independent and anonymous users may post content pertaining to issues of local, regional, or global importance:

> The SF Bay Area IMC newswire operates on the principle of Open Publishing, an element essential to the global IMC network. Simply put, Open Publishing is to news and information what open source code is to software. In practice, the Open Publishing newswire allows anyone to instantaneously self-publish their work on http://bayarea.indymedia.org, a web site accessible from around the world.
>
> People are encouraged to "become the media," to use their own skills and abilities of observation, writing, and creativity in posting

---

[1] In certifying that the takedown notice is based on the good-faith belief that the use of the identified material Mr. Patten must certify that his analysis necessarily included consideration of the fair use doctrine found at 17 U.S.C. § 107 and applicable case law.  *Lenz v. Universal Music Group*, 572 F. Supp. 2d 1150 (CA N.D. 2008).

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2

text, analysis, videos, audio clips, photos and artwork directly to the website. The post is then viewable at the top of the Breaking newswire, and will move down the list as more people post news. Casas Dec., Exh. G.

## C. Allegations In Choyce's Complaint

Plaintiff, California-based attorney Dionne Choyce, filed his Complaint on April 23, 2013. Choyce alleges that named defendants Layer42, Cernio, and SF Bay Area Independent Media Center, and fictitious parties acted in concert as agents of one another in performing the deeds alleged in the Complaint. Complaint, ¶ 11 (Docket No. 1).

Choyce alleges that on or around April 25, 2012, Does 1 and 2 posted to indybay.org an article alleging that Choyce had embezzled from the homeless and may serve prison time. *Id*. at ¶¶ 16-18. Choyce further alleges that the April 25, 2012 article included a digital photo file depicting Mr. Choyce as shown on his law firm's web site. *Id*. at ¶ 17. Choyce did not attach a copy of the April 25, 2012 article as an exhibit to his Complaint, most likely because the digital image file was removed before the Complaint was filed.

Choyce further alleges that on or around May 24, 2012, Does 3 and 4 posted to indybay.org an article alleging that Choyce's law firm was to be evicted from its offices for failure to pay rent, and possibly also on account of the alleged embezzlement from the homeless. *Id*. at ¶¶ 19-21. Choyce alleges that the digital image file from his firm's web site was again used on the May 24, 2012 posting. *Id*. at ¶ 20. Again, Choyce did not attach a copy of the May 24, 2012 article as an exhibit to his Complaint, most likely because the digital image file was removed before the Complaint was filed.

Choyce accused all defendants of copyright infringement, demanding statutory damages, attorneys' fees, and costs under 17 U.S.C. § 504 (c) and17 U.S.C. §  505, respectively, and injunctive relief under 17 U.S.C. § 502 and 17 U.S.C. § 503.  Plaintiff does not allege that he has applied for or secured a certificate of registration in the image file, "dionne_choyce.jpg," cited in his Complaint.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
3

1    Choyce's Complaint goes on to allege state law-based causes of action for

2    defamation and libel, an arguably redundant claim.  Complaint, ¶¶ 26-72 (Docket No. 1).

3    Choyce alleges that defendants, including presumably Layer42, conspired to, and in fact,

4    did negligently, recklessly, and intentionally cause publications of defamation, or libel, or

5    libel per se, of and concerning Plaintiff, to third persons and to the community.  *Id.* at ¶¶ 28-

6    32, 61.  Choyce demands general, special, and punitive damages for these alleged acts of

7    defamation and libel.  *Id.* at ¶¶ 57-58, 70-72, prayer for relief, ¶¶ 2-3.

8

9    **D. Procedural History**

10    Choyce filed his Complaint on April 23, 2013, with an initial Case Management

11    Conference set for July 31, 2013.  Docket Nos. 1 and 3.  By July 29, 2013, when Choyce

12    had not served a single defendant, the Court issued an Order to Show Cause re imposition

13    of sanctions against Choyce for failure to timely file a Case Management Statement, and to

14    show cause why the Complaint should not be dismissed pursuant to Rule 4 (m).  Docket

15    No. 5.  Choyce served Layer42 on August 2, 2013.  Rubin Dec., ¶ 17, Docket No. 6.  On

16    August 22, Layer42's counsel served IO with a Notice of Breach, citing the allegedly

17    defamatory postings described in Choyce's Complaint.  Casas Dec. ¶ 2.  Plaintiff's counsel

18    stipulated to continue Layer42's deadline to respond to the Complaint while Layer42

19    attempted to resolve the matter with IO.  Casas Dec., Exh. A, Docket No. 7.

20    Choyce's attorney Dow Patten and Layer42's attorney Dan Casas appeared at the

21    continued August 28, 2013 Case Management Conference.  Casas Dec., ¶ 4.  The Court

22    vacated its order to show cause, even though Mr. Patten did not describe any specific

23    efforts to serve the remaining named defendants, Cernio and SF Bay Area IMC.  *Id.*,

24    Docket No. 8.  The Court continued the Case Management Conference to December 4,

25    2013, and granted Choyce an additional 90 days to serve the remaining defendants.  *Id.*

26    On September 5, Mr. Casas learned that indybay.org had removed the two articles

27    cited in the Complaint as a result of the Notice of Breach served on IO.  Casas Dec., ¶ 5,

28    Exh. B.  Counsel for Layer42 promptly informed Choyce's counsel, and requested that

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
4

1   Layer42 be dismissed from the action.  Casas Dec., ¶ 6, Exh. C.  Mr. Patten responded

2   almost a week later.  Casas Dec., ¶¶ 7-8, Exh. D and E.  Patten reported that Choyce

3   refused to dismiss Layer42, but instead demanded that Layer42 assist Choyce in serving

4   the remaining defendants, ostensibly in pursuit of a "global resolution."  Casas Dec., Exh.

5   E.  This motion followed.

6

7           III.      **LEGAL STANDARDS AND ANALYSIS**

8     **A. Legal Standard For Dismissal Under Rule 12 (b)(6)**

9           Before filing a responsive pleading, a defendant may file a motion asserting certain

10  affirmative defenses, and among them, the failure to state a claim upon which relief may be

11  granted.  Fed. R. Civ. P. 12 (b)(6).  A Rule 12(b)(6) motion challenges the legal sufficiency

12  of the claims stated in the complaint.  Dismissal pursuant to Rule 12 (b)(6) is proper where

13  the complaint fails to allege <u>either</u> (1) a cognizable legal theory; <u>or</u> (2) absence of sufficient

14  facts alleged under a cognizable legal theory.  *Shroyer v New Cingular Wireless Services,*

15  *Inc.*, 622 F. 3d 1035, 1041 (2010).

16          "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

17  detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

18  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

19  of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly,* 550 U.S.

20  544 (2007) (internal citations omitted).  Courts are not bound to accept as true allegations

21  that are legal conclusions couched as fact.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It

22  is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful

23  nature, that disentitles them to the presumption of truth.").

24          A plaintiff cannot object to dismissal under Rule 12 (b)(6) by citing a lack of

25  discovery.  When a plaintiff cannot state a claim under the lenient pleading standards of

26  Rule 8, "he is not entitled to discovery, cabined or otherwise."  *Ashcroft v. Iqbal*, 556 U.S. at

27  686.

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
5

**B. Choyce's Cause Of Action For Copyright Infringement Must Be Dismissed Since He Has Failed To Register His Alleged Copyright**

"Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), **no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim** has been made in accordance with this title... ." 17 U.S.C. § 411(a) (emphasis added).  Registration of a copyright is an element of an infringement claim.  *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.* 606 F. 3d 612, 615 (9th Cir. 2010), *citing Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

Nowhere in his Complaint does Choyce allege that he has applied to the U.S. Copyright Office to register his alleged copyright, or that a registration certificate has issued.  A June 2013 search of works registered with the U.S. Copyright Office turned up no hits for a visual work with Choyce's name, such as the file "dionne_choyce.jpg" identified as the "Copyrighted Work" in Paragraph 17 of the Complaint.  Casas Dec., ¶ 9.

Choyce has not alleged a cause of action for relief pursuant to 17 U.S.C. § 106A.  17 U.S.C. § 411(b), addressing the sufficiency of copyright registration certificates containing inaccurate information, is inapplicable here, since Choyce has not alleged the application for or issuance of any registration certificate, inaccurate or otherwise.

Because Choyce has not alleged and cannot prove an essential element of his copyright infringement claim, the Court should dismiss Choyce's cause of action for copyright infringement.

**C. Section 512 Of The Digital Millennium Copyright Act Shields Layer42 From Liability For Contributory Copyright Infringement**

Section 512 of the Digital Millennium Copyright Act provides four possible "safe harbor" defenses to a claim of copyright infringement: "Conduit" safe harbor (§ 512 (a));

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
6

"Caching" safe harbor (§ 512 (b)); "Hosting" safe harbor (§ 512 (c)); and "Information Location Tools" safe harbor (§ 512 (d)).

Of these, Layer42 is entitled to "conduit" safe harbor protection, the broadest protection available under Section 512, because Layer42 merely provides its customers with access to the Internet to conduct their own activities online.

**1.    Choyce's Infringement Action Against Layer42 Should Be Dismissed Because Layer42 Is Entitled To "Conduit" Safe Harbor Protection Under 17 USC § 512 (a)**

A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the provider's transmitting, routing, or providing connections for, material through a system or network controlled or operated by or for the service provider, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing, or providing connections, if--

(1) the transmission of the material was initiated by or at the direction of a person other than the service provider;

(2) the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without selection of the material by the service provider;

(3) the service provider does not select the recipients of the material except as an automatic response to the request of another person;

(4) no copy of the material made by the service provider in the course of such intermediate or transient storage is maintained on the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably necessary for the transmission, routing, or provision of connections; and

(5) the material is transmitted through the system or network without modification of its content.

17 U.S.C. § 512 (a).

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

"Section 512(a) provides a broad grant of immunity to service providers whose connection with the material is transient."  *Perfect 10 v. CCBill*, 488 F.3d 1102, 1116 (9th Cir. 2007).

For purposes of subsection (a), a "service provider" is "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received."  17 U.S.C. § 512 (k)(1).

### a.    Layer42 Is A "Service Provider" For Purposes Of Section 512(a) Safe Harbor Protection

Layer42 provides datacenter, colocation, and network services to its customers. Rubin Dec., ¶ 3.  Layer42 leases physical space to customers, to store their computer servers in a climate-controlled environment with a dedicated power supply and connection to the Internet.  *Id*.  Customers provide their own servers, and Layer42 ensures that the servers remain powered and connected to the Internet.  *Id*.

Layer42 provided or provides colocation services to named defendant Cernio and its successor, IO.  Rubin Dec., ¶¶ 9, 11.  Cernio and IO provided their own servers for colocation at Layer42's facility.  *Id*.  Layer42 provides an Internet connection to its customers, and does not modify the content of the material sent or received.  Rubin Dec., ¶ 4.

Layer42 is a "service provider" as defined in 17 U.S.C. § 512 (k)(1) for purposes of the "conduit" safe harbor from liability found at 17 U.S.C. § 512 (a).

### b.    Choyce Admits The Allegedly Infringing Material Was Transmitted By Doe Defendants and Not Layer42 (§ 512 (a)(1))

Choyce accurately alleges at Paragraphs 16-21 that anonymous defendants Does 1-4 posted to indybay.org the articles purportedly containing an unauthorized copy of Choyce's copyright protected work and allegedly defamatory content.  Layer42 did not

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
8

1    create or develop any information content that was posted to the Internet by Cernio, IO, or

2    their customers, such as SF Bay Area IMC.  Rubin Dec., ¶¶ 10, 12.

3

4               c.      **The Transmission Of The Allegedly Infringing Material**
                        **Was Carried Out Through An Automatic Technical**
5                       **Process (§ 512 (a)(2))**

6          Layer42 provides its customers with a connection to the Internet, and passively

7    transmits Internet traffic by automatic processes.  Rubin Dec., ¶¶ 4, 5.  Layer42 does not

8    select or control the content that its customers or their users transmit over the Internet

9    connection provided by Layer42.  Rubin Dec., ¶ 5.

10

11              d.      **Layer42 Does Not Select The Recipients Of Material**
                        **(§ 512 (a)(3)**
12

13         Layer42 provides its customers with unfettered access to the Internet as part of its

14   colocation services.  Rubin Dec., ¶¶ 4, 9, 11.  Traffic is routed to recipients by an automatic

15   process at the request of other users.  Rubin Dec., ¶ 5.

16

17              e.      **No Copy Of The Allegedly Infringing Material Is**
                        **Maintained On Layer42's Hardware Or Network**
18                      **(§ 512 (a)(4)**

19         Layer42 did not and has not maintained on its network any copy of the image file,

20   "dionne_choyce.jpg," identified in Choyce's Complaint.  Rubin Dec., ¶ 12.  Therefore, there

21   is no copy accessible to anyone, anticipated recipients or otherwise

22

23              f.      **The Allegedly Infringing Material Was Transmitted**
                        **Without Modification (§ 512 (a)(5))**
24

25         Layer42 did not and does not modify content transmitted through its customers'

26   servers via the Internet connection provided by Layer42.  Rubin Dec., ¶ 4.

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
9

g. **Choyce's Demand For Injunctive Relief Is Moot Because The Allegedly Infringing Content Has Been Removed**

Choyce demands a court order prohibiting the defendants from "further infringing Plaintiff's copyright," and ordering the defendants to destroy all copies of the allegedly copyright –protected work made in violation of Plaintiff's rights.  Complaint, ¶ 25 (Docket No. 1).

Choyce's demand for injunctive relief as to Layer42 fails for three reasons.  First, as discussed, Choyce fails to state a cause of action for copyright infringement because he has not registered or attempted to register a copyright in the identified work.  Second, the allegedly copyright-protected work was removed from the URLs specified in Choyce's Complaint before said pleading was filed, rendering Choyce's demand moot.  See Rubin Dec., ¶ 16.  Finally, Layer42 has never maintained on its system copies of the allegedly copyright-protected work.  Rubin Dec., ¶ 12.

Because Layer42 qualifies for "conduit" safe harbor protection under 17 U.S.C. § 512 (a), and because Choyce's demand for injunctive relief is moot under the circumstances, this Court should dismiss Choyce's cause of action for copyright infringement against Layer42.

**D. Section 230 Of The Communications Decency Act Is A Complete Defense To Choyce's State Law Defamation Causes Of Action Against Layer42**

Section 230 of the Communications Decency Act (CDA) states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.  *Id.* at § 230(e)(3).  For purposes of the statute, "interactive computer service" means "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, **including specifically a service or system that provides access to the Internet and**

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

1  such systems operated or services offered by libraries or educational institutions."  47

2  U.S.C. § 230 (f)(2) (emphasis added).  *See also Zeran v. America Online, Inc.*, 129 F. 3d

3  327, 333-334 (4th Cir. 1997) (section 230 forbids imposition of liability on service providers

4  with knowledge of defamatory content on their services); *Carafano v. Metrosplash.com*,

5  339 F. 3d 1119 (9th Cir.  2003) (Internet dating service immune from liability arising from

6  third party's submission of a false online dating profile); *Batzel v. Smith*, 333 F. 3d 1018

7  (9th Cir. 2003) (immunity upheld for website operator who distributed an allegedly

8  defamatory email to an online listserv).

9      Layer42 is a datacenter and colocation services company.  Rubin Dec., ¶ 2.  Its

10  customers contract with Layer42 to lease space for their networked servers in a climate-

11  controlled setting, a dedicated power supply with backup systems, and a connection to the

12  Internet.  *Id.*  Here, Layer42 provided colocation services to Cernio Technology

13  Cooperative beginning in March 2011, and later provided colocation services to Cernio's

14  successor, IO Cooperative, Inc.  *Id.* at ¶¶ 9, 11.  At no time did Layer42 create or develop

15  information posted to indybay.org.  *Id.* at ¶¶ 10, 12.  In short, Layer42 is an "interactive

16  computer service" for purposes of Section 230 of the CDA, and not a publisher or speaker

17  of any information under Section 230 (c)(1).

18      Because Choyce cannot establish that Layer42 is a publisher or speaker of any

19  alleged defamatory content, no liability may be imposed against Layer42 under California

20  law for any allegedly defamatory or libelous content formerly posted on indybay.org.

21      This court should dismiss Choyce's second and third causes of action against

22  Layer42 for defamation and libel.

23

24  **E. The Court Should Strike Choyce's State Law Claims Against Layer42 Pursuant To California's Anti-SLAPP Statute**

25

26      By refusing to dismiss his claims against Layer42 in favor of a "global resolution"

27  including defendants he has yet to serve, Choyce has revealed his lawsuit for what it is: an

28  effort to coerce immune service providers like Layer42 to suppress the free speech rights of

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

1    anonymous third persons.  California's special motion to strike strategic lawsuits against

2    public participation (anti-SLAPP) has been applied to state law causes of action in federal

3    courts.  *United States v. Lockheed Missiles & Space Co., Inc.* 190 F. 3d 963, 970-973 (9th

4    Cir. 1999); *see also Price v. Stossel*, 590 F. Supp. 2d 1262, 1266 (CA C.D. 2008), and

5    *Piping Rock Partners, Inc. v. David Lerner Associates, Inc.*, 2013 WL 2156279 (CA N.D.

6    2013).  The statute has also been applied to actions against allegedly defamatory

7    statements, such as Choyce's Complaint.  See *Piping Rock Partners, Inc.*, supra.

8         The Court should strike Choyce's defamation and libel causes of action against

9    Layer42 pursuant to California's anti-SLAPP statute, and award Layer42 reasonable

10   attorney's fees and costs to compensate for the cost of bringing this motion.

11        **1.   California's Anti-SLAPP Statute**

12        "A cause of action against a person arising from any act of that person in furtherance

13   of the person's right of petition or free speech under the United States Constitution or the

14   California Constitution in connection with a public issue shall be subject to a special motion

15   to strike, unless the court determines that the plaintiff has established that there is a

16   probability that the plaintiff will prevail on the claim."  Cal. Code of Civ. Proc. § 425.16(b)(1).

17        The trial court must engage in a two-party inquiry.  "First, a defendant must make an

18   initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the

19   defendant's rights of petition or free speech … Second, once the defendant has made a

20   prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of

21   prevailing on the challenged claims."  *Vess v. Ciba-Geigy Corp.*, 317 F. 3d 1097, 1110 (9th

22   Cir. 2010).  The plaintiff's burden is "comparable to that used on a motion for judgment as a

23   matter of law."  *Price v. Stossel*, 620 F. 3d 992, 1000 (9th. Cir. 2010).  "A defendant's anti-

24   SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the

25   claims or when no evidence of sufficient substantiality exists to support a judgment for the

26   plaintiff."  *Id.* at 1000 (citations and internal quotation marks omitted).

27        A prevailing defendant on a special motion to strike shall be entitled to recover his or

28   her attorney's fees and costs.  Cal Code of Civ. Proc. § 425.16(c)(1).

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

1

2       **2.      Layer42 Is A Proper Moving Party For A Special Motion To Strike**

3       Choyce alleges in conclusory fashion that Layer42 "conspired" with the other

4   defendants to make and publish allegedly defamatory and libelous statements about

5   Choyce.  See Complaint at ¶¶ 28-32, 61 (Docket No. 1).  Because Layer42 is exposed to

6   liability for the alleged acts of others, including Does 1-4, whom Choyce alleges posted the

7   allegedly defamatory and libelous statements online, Layer42 is entitled to present all

8   defenses that may be asserted by the other defendants, including the absent Does 1-4.

9

10      **3.      Because The Doe Defendants' News Articles Concern An Alleged Act
                Of Moral Turpitude By An Officer Of The Court, They Concern A**
11      **Matter Of Public Interest**

12      For purposes of the special motion to strike, an "act in furtherance of a person's right

13  of petition or free speech under the United States or California Constitution in connection

14  with a public issue includes "any written or oral statement or writing made in a place open

15  to the public or a public forum in connection with an issue of public interest."  Cal. Code of

16  Civ. Proc. § 425.16(e)(3).

17      "Defamation suits are a prime target of SLAPP motions."  *Scott v. Metabolife*

18  *Internat., Inc.* 115 Cal. App. 4th 404, 419 (2004), citing *Fox Searchlight Pictures, Inc. v.*

19  *Paladino*, 89 Cal. App. 4th 294, 305 (2001).  Defamation is among the "favored causes of

20  action in SLAPP suits."  *Wilbanks v. Wolk*, 121 Cal. App. 4th 883, 890 (2004); accord,

21  *Gallimore v. State Farm Fire & Casualty Ins. Co.*, 102 Cal. App. 4th 1388, 1400, fn. 9

22  (2002).

23      The question whether something is an issue of public interest must be construed

24  broadly.  *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 23, (2007); *Rivera v. First DataBank, Inc.*,

25  187 Cal. App. 4th 709, 716 (2010).  An " 'issue of public interest' " is " 'any issue in which

26  the public is interested.' "  *Id.* at 716, quoting *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App.

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

4th 1027, 1042 (2008). In this case, the State of California has declared a policy to protect the public from wrongful acts of those licensed to practice law within the State:

> Protection of the public shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount.

Cal. Bus. & Prof. Code § 6001.1.

An act of moral turpitude, regardless whether committed in the commission of professional activities, and whether the accused is ultimately convicted, is grounds in the State of California for professional discipline and disbarment:

> The commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension.

> If the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to disbarment or suspension from practice therefor.

Cal. Bus. & Prof. Code § 6106.

Choyce has alleged that the supposedly defamatory statements posted by Does 1-4 alleged that Choyce had been charged with committing a crime of moral turpitude. *See* Complaint at ¶ 63 (Docket No. 1). Because an alleged act of moral turpitude committed by members of the State Bar of California is an issue of public concern, Choyce's state law defamation and libel causes of action are susceptible to a special motion to strike pursuant to § 425.16.

### 4. Choyce Cannot Demonstrate A Reasonable Probability Of Success Against Layer42

A defendant can defeat a plaintiff's evidentiary showing on a special motion to strike where he can establish that as a matter of law, the plaintiff cannot prevail. *Digerati Holdings, LLC v. Young Money Entertainment, LLC*, 194 Cal. App. 4th 873, 884.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

1    It is immaterial for purposes of Choyce's claims against Layer42 whether the

2   accusations contained in the two articles posted by Does 1-4 are truthful.  CDA Section

3   230, discussed above, shields Layer42 from liability for Choyce's state law claims.  Not only

4   can Choyce not demonstrate a probability of success on the merits; he cannot prevail

5   against Layer42 as a matter of law.

6    Layer42 respectfully requests that the Court dismiss Choyce's state law claims

7   against Layer42, and award Layer42 attorney's fees and costs of bringing this special

8   motion to strike.

9

10                    **IV.    CONCLUSION**

11    Plaintiff Dionne Choyce has failed to state a claim for copyright infringement as to

12   Layer42, because he has failed to registered his alleged copyright, and because Section

13   512 (a) of the DMCA provides Layer42 a complete defense to Choyce's copyright

14   infringement claim.

15    Choyce has failed to state a claim for state law defamation and libel against Layer42

16   because Section 230 of the Communications Decency Act provides Layer42 a complete

17   defense to Choyce's state law claims.  Furthermore, this Court should strike Choyce's state

18   law claims against Layer42 pursuant to California's statute against strategic lawsuits

19   against public participation.

20    Layer42 respectfully requests that this Court dismiss all claims against Layer42, and

21   award attorney's fees and costs pursuant to California Code of Civil Procedure Section

22   425.16(c).

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: September 20, 2013

By _____/s/_____

    Daniel L. Casas, Esq.
    Anthony F. Basile, Esq.
    Attorneys for Defendant,
    LAYER42.NET, INC.

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
16