SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ., (SBN:135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE , an individual,<br><br>Plaintiff,<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,<br><br>Defendants. | **Case No.: 3:13-cv-01842-JST**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42.NET, INC.'S MOTION TO DISMISS**<br><br>**Date: October 31, 2013**<br>**Time: 2:00 p.m.**<br>**Location: Courtroom 9, 19th Floor, 350 Golden Gate Ave., San Francisco, CA** |

Plaintiff, DIONNE CHOYCE, through his counsel of record herein, hereby Opposes Defendant Layer42.Net, Inc.'s (“Layer 42”) Motion to Dismiss. This opposition is based on this Opposition and the Declarations of Dionne Choyce and Dow W. Patten in opposition. For the reasons set forth below, the Court should either (1) stay or deny the Motion pursuant to Fed. R. Civ. P. 56(d), (2) grant Plaintiff leave to amend and cure the defects alleged in the complaint as

well as allege a false light claim; (3) stay the ruling on the present motion until the United States Office of Copyright re-opens after the current Federal Government shutdown to allow for the perfection of Plaintiff' copyright claim; and/or (4) dismiss Plaintiff's copyright claim as to Defendant Layer 42 without prejudice until such time.

## I. FACTUAL BACKGROUND

Plaintiff brought the instant action against Defendants, SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC, ("Indybay") LAYER42.NET, INC., a.k.a. Layer 42, a.k.a. Layer 42 Network ("Layer 42"), and CERNIO TECHNOLOGY COOPERATIVE ("Cernio") because based upon the information available to Plaintiff, each of these defendants participated in the publishing of Plaintiff's visage from his website (choycelaw.com) on the "indybay.org" domain. Plaintiff's visage was appropriated from his law firm website and used in the context of false and defamatory statements about Plaintiff. (Dkt 1, ¶ ¶ 15-21).

Based upon the information available to Plaintiff at the time, through the use of the traceroute application, Plaintiff identified Layer 42 as the registered agent for service related to the to "indybay.org" domain. To date, Layer 42 is the only entity with a registered agent related to "indybay.org" for service of takedown notices under the Digital Millennium Copyright Act ("DMCA")(Patten Decl., ¶¶ 2, 3).

Plaintiff served DMCA takedown notices accordingly, commencing in September of 2012 and October 2012 (Patten Decl., ¶ 4). After repeated failures to have the content removed, Plaintiff sent a third DMCA takedown notice to Layer 42 on February 23, 2013. (Patten Decl., ¶ 5). All three notices were sent to the owner of Layer 42, Steve Rubin at the same fax number for all three pseudonyms of Layer 42 (Patten Decl., ¶6). Plaintiff received no responses whatsoever to these notices. *Id.*

Having received no response, Plaintiff filed the instant action. At the time of the filing of this action, Plaintiff could not tell who had posted, edited, formatted, or exercised control over the use of his visage on the indybay.org domain, who had control over the posting, editing, or

formatting of the text associated with it, or who exercised discretion as an Internet content provider with respect to the indybay.org pages. The only information Plaintiff had with respect to these providers other than confusing website claims was the information provided by the traceroute and whois applications and the registered agents for DMCA takedowns. (Patten Decl, ¶ 7).

To date, based upon the limited information provided by counsel for Defendant, Plaintiff has not been able to determine who amongst the Defendants (and IO Cooperative, a newly disclosed Defendant) created, published, had editorial control over the offending content. As a result, Plaintiff has no information, other than the self-serving and conclusory Declarations submitted in support of the motion regarding who is the creator of the offending content. As set forth in the Declaration of Dow W. Patten, Defendants have information, which if obtained through the discovery process, will establish whether Layer 42 has the limited role it asserts, or rather is liable as a content creator and provider, acting in concert with others. (Patten Decl., ¶¶ 8, 9).

Further, Defendant has chosen not to provide in support of its motion any of the alleged agreements between the revolving door of cooperatives and entities associated with the content on the indybay.org domain. Defendant alleges in conclusory fashion that its contracts do not allow it control over the content of the sites hosted within its walls[1]. Layer42 has filed the instant motion claiming that as a "service provider" it is immune from Plaintiff's lawsuit. Going outside the four corners of the Complaint and with no request for Judicial Notice, Defendant seeks summary adjudication of Plaintiff's claims. As set forth in the Declaration of Dow W. Patten, pursuant to Fed. R. Civ. P. 56(d) there is determinative discovery concerning the

---

1 Plaintiff objects to the declaration of Steve Rubin in support of the motion as lacking foundation and calling containing inadmissible hearsay. Rubin Decl., ¶ 11 states "in or about February, 2013" *Best Evidence, Hearsay (* Fed R. Evid. 801, 802) the contract containing the date is the best evidence of when IO assumed the contract. Rubin, ¶ 12 (Dkt # 9-2 ) *Lacks Foundation* (Fed. R. Evid. 602) The statement does not indicate how the declarant knows who IO's customers are; *Lacks personal knowledge.* (Fed R. Evid. 401, 402) The statement is not based upon personal knowledge nor explanation of how the declarant allegedly became aware of the alleged facts.

interrelationship of the parties responsible for creating the offending content, approving it, editing it, and publishing it on the Internet that cannot be resolved by unilateral declaration. (Patten Decl., ¶¶ 8, 9).

Submitted improperly in support of the present motion are email settlement communications between the parties. Casas Decl. Dkt #9-1, Exh. “E”) Conspicuously absent from this submission is Layer 42's counsel's prior mention of IO Cooperative, Inc. or the identification of that entity as Layer 42's client. *Id.* At the time the parties were engaged in settlement negotiations, Plaintiff offered an extension of time to bring all parties to the table for a global resolution. In light of those negotiations, Plaintiff withheld the processing of his application for registration of copyright on his visage displayed on his website, as to which the entire website is claimed to be copyrighted. (Patten Decl, ¶ 10).

Defendant filed its Motion to Dismiss on September 23, 2013. However, in light of the Federal Government shutdown, commencing October 1, 2013, and the attendant closing of the United States Office of Copyright, Plaintiff has been unable to further pursue registration of his copyrighted work. (Patten Decl., ¶ 11). As such, Plaintiff requests this motion be stayed until, at a minimum the United States Office of Copyright reopens and the registration of Plaintiff's copyright may proceed.

## II. LAW AND ARGUMENT

### A. Standard for Dismissal Under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." *Wash. Legal Found. v. Mass. Bar Found.,* 993 F.2d 962, 971 (1st Cir. 1993). However, mere legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950, 173 L. Ed. 2D 868 (2009).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. *Gagliardi v. Sullivan,*

513 F.3d 301, 305 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Twombly,* 550 U.S. at 559) (internal quotation marks omitted).

Generally, a motion to dismiss should be converted to a motion for summary judgment if a party submits, and the district court considers, materials outside the pleadings. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007). However, when resolving a motion to dismiss pursuant to Rule 12(b)(6), a court may consider, in addition to the allegations of the complaint, "(1) documents that the complaint incorporates by reference, (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.'" *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

Here, Defendant has submitted declarations outside the four corners of the Complaint and not referenced in the Complaint, and has not submitted a Request for Judicial Notice. As such, the motion is properly a Motion for Summary Judgment that must be denied or continued pursuant to Fed. R. Civ. P. 56(d).

**B. Effect of Plaintiff's First Amended Complaint on Layer42's Motion to Dismiss Plaintiff's Copyright Claim.**

The Copyright Act specifically provides, in part, that "no civil action for infringement of the copyright in any United States works shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a). *See also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 1241, 176 L. Ed. 2d 18 (2010) (Section 411(a)'s registration requirement is a precondition to filing a copyright infringement claim).

Courts are split over the interpretation of the pre-suit "registration" requirement set forth in § 411(a). *Patrick Collins, Inc. v. Doe*, 843 F. Supp. 2d 565, 568 (E.D. Pa. 2011). Some courts have taken an "application approach," under which a pending copyright registration application is sufficient to satisfy § 411(a); others have taken a "registration approach," under which a

certificate of registration issued by the Copyright Office is a prerequisite to suit. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615-16 (9th Cir. 2010) (collecting cases).

Here, Plaintiff would have proceeded with the copyright registration, but as a result of settlement negotiations Plaintiff held off on doing so (Patten Decl., ¶¶ 10, 11). In light of closure of the United States Office of Copyright on October 1, 2013, Plaintiff cannot proceed with registration of his copyright until that office is reopened by funding from Congress. *Id.*

The instant motion was filed on September 23, 2013, notifying Plaintiff for the first time the settlement negotiations between the parties had ceased. With the government closer of the Copyright Office on October 1, 2013, Plaintiff has not had adequate time to register the copyright.

Plaintiff will seek leave of Court to amend his complaint to allege registration, once that registration is not impeded by the closure of the Copyright Office. Furthermore, should the Court find that staying the present motion until the reopening and of the Copyright Office and the processing of the registration of Plaintiff's copyright, Plaintiff seeks leave of Court to amend his complaint to add a false light claim and/or a claim for unjust enrichment.

**C. To Determine Immunity Section 230 of the Communications Decency Act Would Require Impermissible Credibility Determinations.**

Section 230(c)(1) of the Communications Decency Act ("CDA") states that "[n]o provider or user of an interactive computer service shall be treated as a publisher or speaker of any information provided by another content provider." 47 U.S.C. § 230(c)(1). The CDA "provide[s] a robust immunity for internet service providers and websites, with courts adopting a relatively expansive definition of 'interactive computer service' and a relatively restrictive definition of 'information content provider.'" *Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1196 (N.D. Cal. 2009) (internal quotations omitted) (quoting *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003)). A website is liable for the unlawful content of online material only if the website contributes "materially . . . to its alleged unlawfulness." *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1167 (9th Cir. 2008) (en banc). To be more specific, section 230 immunity applies only when the content is not

provided by the service entity. This of course is a factual inquiry, which cannot be resolved by self-serving declarations based upon hearsay and not based upon first-hand knowledge.

Defamation sometimes imposes an "affirmative duty to remove a publication made by another" *Barnes v. Yahoo! Inc*., 570 F.3d 1096, 1103 (9th Cir. 2009). *See City of Chicago v. StubHub!, Inc.*, 624 F.3d 363, 366 (7th Cir. 2010) (holding that § 230(c)(1) does not create an immunity); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009) (same). In *Barnes*, a plaintiff brought a state negligence claim against a website for its failure to remove offensive postings that one of its employees told the plaintiff the website would remove. In determining that the negligence action relied on treating the website as a publisher, the Ninth Circuit explained "that publication involves reviewing, editing, and deciding whether to publish or withdraw from publication third-party content." *Id*. at 1102 (citation omitted). Because "removing content is something publishers do, . . . to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher of the content it failed to remove." *Id*. at 1103.[2]

In *Fair Hous. Council v. Roommates.com*, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008) the Ninth Circuit held that the grant of immunity applies only if the interactive computer service provider is not also an 'information content provider, which is defined as someone who is responsible, in whole or in part, for the creation or development of' the offending content. *Id.* Applied here, discovery will bear out what role Layer 42 played in the creating, reviewing, editing, or deciding whether to withdraw the offending conduct. (Patten Decl, ¶¶ 8, 9). Without this foundational information, the motion should be denied.

/ / /

/ / /

---

2 As another court has observed, when examining a plaintiff's claims through the lens of the CDA, courts must ask whether the alleged conduct "derives from the defendant's status or conduct as a publisher or speaker. If it does, [§] 230(c)(1) precludes liability." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009) (internal quotation marks omitted); *see also Zeran v. America Online, Inc*., 129 F.3d 327, 330 (4th Cir. 1997) ("[L]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions . . . are barred.").

**D. California's Anti-Slapp Statute Does Not Apply to Plaintiff's Claims.**

A SLAPP suit is one in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitutions. California's anti-SLAPP statute was "enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife*, 264 F.3d at 839; *see also United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970 (9th Cir. 1999) (legislature passed anti-SLAPP statute "in response to [its] concern about civil actions aimed at private citizens to deter or punish them for exercising their political or legal rights").

Specifically, California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it "arises from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). The California legislature has instructed that the statute should be "construed broadly." *Id.* § 425.16(a). Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court. *See Lockheed Missiles*, 190 F.3d at 970-73 (holding that there is no direct conflict between the Federal Rules and §§ 425.16(b) and (c), and that adopting California procedural rules serves the purposes of the *Erie* doctrine). *But see Metabolife*, 264 F.3d at 846 (because the discovery-limiting aspects of §§ 425.16(f) and (g)"collide with the discovery-allowing aspects of Rule 56, these aspects of subsections 425.16(f) and (g) cannot apply in federal court").

A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry. First, a defendant "must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." *Globetrotter Software*, 63 F. Supp. 2d at 1129; *see also Wilcox*, 27 Cal. App. 4th at 819-20. The defendant need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the plaintiff's "intentions are ultimately beside the point." *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67, 52 P.3d 685, 124 Cal. Rptr. 2d 507 (Cal. 2002).

In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech." *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal. App. 4Th 1228, 1244 (quoting *City of Cotati v. Cashman*, supra, 29 Cal.4th at p. 78.) "The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's activity that gives rise to his or her asserted liability and whether that activity constitutes protected speech or petitioning." (*Id*) (*quoting Navellier v. Sletten* (2002) 29 Cal.4th 82, 92.)

Here, the offending material does not involve matters of public interest or concern; at best, they allege private business transactions that have nothing to do with Defendant's practice of law. Indeed, the statements are made to embarrass, harass and annoy Plaintiff and are easily verifiable as false statements of fact (Choyce Decl, ¶¶ 4-21). As such Defendant has not met its burden that it likely to prevail.

Furthermore, when raised in Federal Court, the the anti-SLAPP motion must be read in light of the Federal Rules of Civil Procedure. "Where, as here, the process of discovery is not begun or is incomplete, the rule . . . is . . . : (1) If the motion pursuant to section 425.16 challenges the legal sufficiency of the complaint, and does not require the consideration of facts that are produced through the discovery process, then the issue is decided under the standards applicable to a motion to dismiss pursuant to Rule 12(b)(6) . . . [and] (2) If the motion challenges the factual basis of the plaintiff's case, and relies on declarations and affidavits produced through the discovery process, then the application of Rule 56 may require the motion to strike pursuant to section 425.16 be denied as premature." *Aeroplate Corp. v. Arch Ins. Co.*, 2006 U.S. Dist. LEXIS 82180, 2006 WL 3257487, at *5 (E.D. Cal. Nov. 8, 2006) (citing *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973 (C.D. Cal. 1999).

This is precisely the situation presented by the present motion. The declarations submitted in support are based upon hearsay: the declarants testify as to the nature of the written agreements between Layer 42 and the other entities in which it is involved. The issue of immunity cannot be decided on declarations alone, and the offending information is false and

readily verifiable as false. (Choyce Decl. ¶¶ 4-15). Without the benefit of discovery resolving the issue of immunity would be improper.

**III. CONCLUSION**

For the reasons set forth above, Plaintiff requests that the Court either (1) stay or deny the Motion pursuant to Fed. R. Civ. P. 56(d), (2) grant Plaintiff leave to amend and cure the defects alleged in the complaint as well as allege a false light claim; (3) stay the ruling on the present motion until the United States Office of Copyright re-opens after the current Federal Government shutdown to allow for the perfection of Plaintiff' copyright claim; and/or (4) dismiss Plaintiff's copyright claim as to Defendant Layer 42 without prejudice until such time.

Respectfully submitted, this 7th day of October, 2013

SMITH PATTEN

*/s/ Dow W. Patten*
DOW W. PATTEN
Attorneys for Plaintiff
DIONNE CHOYCE