```
1  SMITH PATTEN
   SPENCER F. SMITH, ESQ. (SBN: 236587)
2  DOW W. PATTEN, ESQ., (SBN:135931)
   353 Sacramento St., Suite 1120
3  San Francisco, California 94111
   Telephone (415) 402-0084
4  Facsimile (415) 520-0104

5  Attorneys for Plaintiff
   DIONNE CHOYCE
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE, an individual, | Case No.: 3:13-cv-01842-JST |
| Plaintiff, | DECLARATION OF DOW W. PATTEN IN OPPOSITION TO MOTION TO DISMISS |
| v. | |
| SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10, | Date: October 31, 2013
Time: 2:00 p.m.
Location: Courtroom 9, 19th Floor, 350 Golden Gate Ave., San Francisco, CA |
| Defendants. | |

I, Dow W. Patten, declare and state as follows:

1. I am counsel Plaintiff in the above-captioned action, and have personal knowledge of the facts set forth herein; if called as a witness I would testify competently thereto

DECLARATION OF DOW W. PATTEN                              Case No.: 3:13-cv-01842-JST

2. In August and September 2012, I used the traceroute application, to verify the Internet Protocol addresses between my computer and indybay.org domain, and I identified Layer 42 as the registered agent for service related to the to "indybay.org" domain.

3. After reviewing the list of agents for DMCA notices, I discovered that Layer 42 is the only entity with a registered agent related to "indybay.org" for service of takedown notices under the Digital Millenium Copyright Act ("DMCA")

4. On or about September 20 and October 2, 2012 I sent DMCA takedown notices to Steven Rubin of Layer 42 at the fax number listed on the agent for service of DMCA notices form. I received no response to those notices.

5. After multiple attempts to have the information taken down, I sent anther DMCA takedown to Steve Rubin at Layer 42.

6. All three notices were sent to the owner of Layer 42, Steve Rubin at the same fax number for all three pseudonyms of Layer 42.  I received.no responses whatsoever to these notices.

7. The only information Plaintiff had at the time of the filing of the lawsuit with respect to these providers aside from confusing information on web pages was the information provided by the traceroute and whois applications and the registered agents for DMCA takedowns..

8. The information Plaintiff seeks through discovery will be directed towards *inter alia* which entities have members in other entities, whether there is common ownership, control, notice, opportunity, and intent with the creation of the content hosted amongst several entities that are involved in publishing and creating the content on the indybay.org site. For example, Plaintiff will seek information concerning the contractual rights, oral or written cooperation agreements, shutoff switches, filtering and editing functionality, technical implementations of notice, cooperation with the NSA in providing access to information, marketing and cooperation

DECLARATION OF DOW W. PATTEN                                    Case No.:  3:13-cv-01842-JST

agreements, rights of first refusal and prior restraint, membership of the owners of the Layer 42 entities in any ov the various "cooperatives" or "collectives" that comprise Defendants and their a.k.a.s.; the alleged "assignment" or "assumption" of Cernio's contract by the newly identified "IO Cooperative, Inc.", the notices given by Layer 42 to such "cooperatives" or "collectives", the claims of a lack of receipt of DMCA takedown notices, the posting by owners of Layer 42 or its agents of content on indybay.org domain; the editing or exercising of editorial control over the content of the indybay.org domain; the financial arrangments amongst the parties, including incentive payments for content; the knowledge of prior infringing acts, and the knowledge of the parties' terms of service and contract rights.

9.  Answers to the foregoing discovery will likely uncover the factual elements necessary to either prove or disprove Defendant's factual assertions on its claim for immunity under the CDA, as such facts will demonstrate the degree to which Layer 42 controls the creation of the content on the indybay.org domain.  Without this information, Plaintiff cannot meaningfully oppose Defendant's self-serving and conclusory declarations submitted in support of its motion to dismiss.

10. At the time the parties were engaged in settlement negotiations, Plaintiff offered an extension of time to bring all parties to the table for a global resolution.  In light of those negotiations, Plaintiff withheld the processing of his application for registration of copyright on his visage displayed on his website, as to which the entire website is claimed to be copyrighted.

11. In light of the Federal Government shutdown, commencing October 1, 2013, and the attendant closing of the United States Office of Copyright, Plaintiff has been unable to further pursue registration of his copyrighted work.

DECLARATION OF DOW W. PATTEN                                       Case No.: 3:13-cv-01842-JST

1 | I declare under penalty of perjury of the laws of the United States of America that the foregoing
2 | is true and correct.
3 | Executed this 7th day of October, 2013 at San Francisco, California

                                                          */s/ Dow W. Patten*  
                                                               Declarant

DECLARATION OF DOW W. PATTEN                                Case No.:  3:13-cv-01842-JST