SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ., (SBN:135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE , an individual,<br><br>Plaintiff,<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association;  LAYER42.NET, INC., a California Corporation,  CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association,  and DOES 1-10,<br><br>Defendants. | Case No.:  3:13-cv-01842-JST<br><br>**PLAINTIFF'S NOTICE OF MOTION AND PARTIAL MOTION TO STRIKE DEFENDANT LAYER42.NET, INC.'S MOTION TO DISMISS (ANTI-SLAPP MOTION)**<br><br>Date:  November 12, 2013<br>Time: 2:00 p.m.<br>Location: Courtroom 9, 19th Floor, 350 Golden Gate Ave., San Francisco, CA |

**NOTICE OF MOTION AND MOTION**

NOTICE OF MOTION AND MOTION TO DEFENDANT LAYER42.NET, INC. AND TO THEIR ATTORNEYS OF RECORD,: PLEASE TAKE NOTICE that on November 19, 2013, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9 of this Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, before the Honorable Jon S.

1

Tigar, Plaintiff DIONNE CHOYCE, will and hereby does move this Court, pursuant to Fed. R. Civ. P. 12(f) for an order striking without leave to amend the following portions of Defendant's "Motion to Dismiss For Failure to State a Claim Upon Which Relief May be Granted/Special Motion to Strike (ANTI-SLAPP)" (Dkt # 9):

(1) Page 2, lines 10 and 11, "LAYER42.NET, INC. with further move the court to strike the action pursuant to California Code of Civil Procedure Section 425.16."

(2) Page 11, line 24 through Page 15, line 8 " E.

(3) Page 15, lines 17 through 22, commencing with the line "Furthermore, this Court should strike Choyce's state law claims against Layer42 pursuant to California's statute against strategic lawsuits against public participation."

The grounds for this motion are that the foregoing portions of Defendant's responsive pleading are impertinent and immaterial to the resolution of this matter as Defendants have failed to adhere to the requirements of Cal. Code. Civ. P. §425.16(f) by noticing the motion for hearing within 30 days.

Respectfully submitted, the 8th day of October, 2013.      SMITH PATTEN

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Dow W. Patten
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DOW W. PATTEN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DIONNE CHOYCE

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff DIONNE CHOYCE, through his counsel of record hereby submits the following Memorandum of Points and Authorities in Support of his Partial Motion to Strike Defendant Layer42.Net's Motion to Dismiss (Anti-SLAPP Motion). For the reasons set forth below, pursuant to Fed. R. Civ. P. 12(f), the Court should strike without leave to amend the portions of Defendant's "Motion to Dismiss For Failure to State a Claim Upon Which Relief May be Granted/Special Motion to Strike (ANTI-SLAPP)" (Dkt # 9) which refer to California's anti-SLAPP statute as such allegations are impertinent and immaterial as Defendant has failed to adhere to the requirements for filing and noticing the motion for hearing pursuant to Cal. Code. Civ. P. §425.16(f).

## I. INTRODUCTION

Defendant Layer42.Net, Inc. filed the instant motion on September 26, 2013, within the 60 day requirement of Cal. Code. Civ. P. §425.16(f). However, by noticing the motion for the ordinary 35 day minimum required by this Court's Local Rule 7-2(a), without seeking leave to shorten that time pursuant to L.R. 6-1 or 6-3, Defendant has ensured that its motion is non-compliant with the maximum 30 day notice of hearing required by Cal. Code. Civ. P. §425.16(f). These timelines are important, as the clock is running on the attorneys' fees provisions of the Anti-SLAPP statute in the interim.

## II. LAW AND ARGUMENT

### A. The Legal Standard for Motions to Strike

The Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," either on its own motion or on motion made by a party prior to responding to

a pleading. Fed. R. Civ. P. 12(f).   Plaintiff moves for an order striking the immaterial and impertinent matter from Defendant's Motion, and the Court is authorized to do so.  Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation and quotation marks omitted), rev'd on other grounds, 510 U.S. 517 (1994). Impertinent matters include "statements that do not pertain, and are not necessary, to the issues in question."  *Id*.

The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fogerty*, 984 F.2d at 1527 (citation and quotations omitted). According to the Ninth Circuit, a district court "could properly grant [a] motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." *Id*. At 1528.  As such, "[i]n the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action." *Brown v. Hain Celestial Grp., Inc.*, 2012 WL 6697670, at *4 (N.D. Cal. Dec. 22, 2012).  That is what Plaintiff requests in this matter:  streamline the pleading process by striking facially non-compliant requests for relief.

**B.     The Anti-SLAPP Allegations Are Impertinent and Immaterial and Should Be Stricken.**

Subheading "E" of Defendant's Motion purports to set forth a "Special Motion to Strike" pursuant to California Code of Civil Procedure §425.16.  Pursuant to that Code section, the Motion must be set for hearing no more than 30 days after service. (Cal. Code. Civ. P. §425.16(f).  Here, Defendant filed its motion on September 26, 2013, yet noticed the motion for hearing on October 31, 2013, 35 days after service.   Defendant made no effort to shorten the

time for hearing pursuant to Local Rules 6-1 and 6-3. Defendant made no showing that it contacted the Court's clerk for *ex parte* availability have the motion heard within the 30 day time frame. In short, Defendant did nothing to ensure that its Special Motion to Strike would be calendared within the time prescribed by Cal. Code. Civ. P. Section 425,16(f)[1].

In that attorneys fees potentially accrued during the pendency of an Anti-SLAPP motion, the timing of the hearing on the motion is mandatory, not permissive. Attorneys fees and costs shall be awarded to the prevailing party in anti-SLAPP motion matters, pursuant to section 128.5, if the trial court finds that the anti-SLAPP motion is frivolous or is solely intended to cause unnecessary delay. ( §425.16, subd. (c).) The reference to section 128.5 in section 425.16, subdivision (c) means a court must use the procedures and apply the substantive standards of section 128.5 in deciding whether to award attorney fees under the anti-SLAPP statute. [Citation.] (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199, fn. Omitted.)

The special motion to strike must be filed within 60 days of service and noticed for hearing no more than 30 days from filing. California Courts have held that the Anti-SLAPP timelines are strict. The anti-SLAPP statute provides that a motion "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." (Code Civ. Proc., § 425.16, subd. (f).) This 60-day period starts running from the most recent, amended complaint. (*Olsen v. Harbison* (2005) 134 Cal.App.4th 278, 283.) Despite the

---

1 The California Legislature amended section 425.16(f) on October 5, 2005, effective immediately on that date. (Stats.2005, ch. 535, §§ 1, 4.), Subdivision (f), was amended to focus on the clerk calendaring the motion: "The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing." *Id.* Defendant made no attempt to ensure that the motion was scheduled for hearing within 30 days, and the Clerk of Court Northern District of California is under no obligation to do so. The only logical conclusion is that a Defendant seeking to comply with CCP §425.16(f) must at least make an effort to shorten time to make sure its motion is heard according to the statute.

permissive-sounding language of this subsection, the Court of Appeal, in *Chitsazzadeh v. Kramer & Kaslow* (2011) 199 Cal.App.4th 676, upheld a trial court's discretion to refuse to hear the merits of an untimely motion. There, the defendants filed their anti-SLAPP motion some 113 days after being served with the complaint by substitute service, without seeking leave from the trial court to file a late motion. (*Id.* at pp. 680-681.) Plaintiff opposed and sought to strike the anti-SLAPP motion as untimely; the trial court agreed, resulting in the denial of the anti-SLAPP motion. (Id. at p. 679.)

### III. CONCLUSION

In that Defendant's Anti-SLAPP Motion was noticed for hearing on more than 30 days notice, the portion of Defendant's Motion to dismiss is impertinent and immaterial pursuant to Fed. R. Civ. P. Rule 12(f) and should be stricken.

Respectfully submitted, this 8th day of October, 2013  SMITH PATTEN

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Dow W. Patten*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DOW W. PATTEN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DIONNE CHOYCE

MOTION TO STRIKE　　　　　　　　　　　　　　　　　　　　　　Case No.: 3:13-cv-01842-JST