Daniel L. Casas, Esq. (SBN 116528)
dcasas@legalteam.com
Anthony F. Basile, Esq. (SBN 247409)
abasile@legalteam.com
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Defendant
LAYER42.NET, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| DIONNE CHOYCE, an individual, | Case No.: CV-13-01842 |
| Plaintiff | |
| v. | **REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED/SPECIAL MOTION TO STRIKE (ANTI-SLAPP)**<br>**[FRCP 12(b)(6)]**<br>**[Cal. Code of Civ. Proc. § 425.16]** |
| SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10, | |
| Defendants. | **Date: October 31, 2013**<br>**Time: 2:00pm**<br>**Courtroom: 9 (19th Floor)**<br><br>**Action Filed: April 23, 2013** |

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.   Page 1

## I.  INTRODUCTION

Everything needed to dismiss the Complaint is contained in that defective pleading. Plaintiff fails to state a cause of action for copyright infringement and pleads facts which establish Layer42's immunity to state law claims under the Communications Decency Act.

Layer42's special motion to strike was timely noticed and calendared under the Local Rules.  Once again, the Complaint provides the basis for the special motion by attempting to hold Layer42 liable for the acts of unknown defendants, and by pleading that fictitious defendants raised an issue of public concern in their Internet postings.  Layer42 has suffered the very harms California's anti-SLAPP statute is intended to prevent.

## II.  LEGAL STANDARDS AND ANALYSIS

### A. The Complaint's Defects Support Dismissal

Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to **and not excluded by the court**, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.
> Fed. R. Civ. P. 12(f) (emphasis added)

The facial defects of the Complaint are sufficient to grant the motion to dismiss and special motion to strike. In addition to Plaintiff's failing to register his copyright, additional information was presented to preserve Layer42's statutory defense under 17 U.S.C. § 512(a).  Although Choyce and his counsel have availed themselves of the opportunity to present extrinsic evidence, Layer42 respectfully requests that this Court consider this Motion **without** extrinsic evidence under the Rule 12(b)(6) standard.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.  Page 2

### B. Choyce Fails To State A Cause Of Action For Copyright Infringement

As Plaintiff admits, The Copyright Act requires preregistration or registration of the copyright before a civil action is instituted. 17 U.S.C. § 411(a). Choyce also admits he has not registered the alleged copyright. Opposition to Motion to Dismiss, 06:03-06 (Docket No. 10).

The registration requirement applied before and on April 23, 2013, when the Complaint was filed. It applied through August 2 when Layer42 was served. It applied through September 23 when this Motion was filed. Most important, this requirement applied for the entire week that passed from service of this Motion (giving Plaintiff notice of the defect) until the federal government shutdown began October 1. Plaintiff's contending that he "has not had adequate time to register the copyright" is unacceptable. See Opposition at 06:09-10 (Docket No. 10).

Registration is required. There is no registration. This Court should dismiss the copyright infringement claim for failure to state a claim upon which relief may be granted.

### C. The Complaint Pleads Sufficient Facts To Support Layer42's Defense Under the Communications Decency Act

The Northern District has repeatedly granted Rule 12(b)(6) motions to dismiss claims upon defendants' invoking the immunity provided by Section 230 of the Communications Decency Act. *See, e.g.*, *Evans v. Hewlett-Packard Co.*, 2013 WL 4426359 (N.D. CA, Aug. 15, 2013, Case No. C 13-02477, Alsup, J.) (District Court dismisses plaintiff's state law claims pursuant to the CDA); *Gavra v. Google, Inc.*, 2013 WL 3788241 (N.D. CA, Jul. 17, 2013, Case No. 5:12-CV-06547-PSG, Grewel, J.) (Defendant's motion to dismiss plaintiffs' state law claims for defamation, extortion, and breach of privacy granted pursuant to the CDA); *AF Holdings, LLC v. Doe*, 2012 WL 4747170 (N.D. CA, Oct. 3, 2012, 5:12-CV-02048-EJD, Davila, J.) (Defendant's motion to dismiss plaintiff's negligence claim is granted pursuant to the CDA); *Levitt v. Yelp!, Inc.* 2011 WL 5079526 (N.D. CA, Oct. 26, 2011, Case Nos. C-10-1321 EMC, C-10-2351 EMC, Chen, J.)

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.   Page 3

(Defendant's motion to dismiss plaintiffs' state law unfair competition claims granted pursuant to the CDA); *Holomaxx Technologies Corp. v. Yahoo! Inc.*, 2011 WL 3740827 (N.D. CA, Aug. 23, 2011, Case No. 10-CV-04926, Fogel, J.) (District Court grants defendant's motion to dismiss plaintiff's federal and state law causes of action). The *Yelp!* Decision, in particular, has been discussed with approval by noted Internet law and intellectual property law professor Eric Goldman:

> The beauty of 230(c)(1) is its simplicity.  It ends lawsuits cold on a 12(b)(6), and doesn't open the door for a myriad of messy, expensive and time-consuming factual considerations.
>
> Yelp Gets Complete Win In Advertiser "Extortion" Case – Levitt v. Yelp (October 26, 2011),
> http://blog.ericgoldman.org/archives/2011/10/yelp_gets_compl.htm

Plaintiff alleges that Layer42 "provides Internet connectivity, hosting, and infrastructure to co-Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA MEDIA, INC [sic] in furtherance of the website 'indybay.org[.]'" Complaint at Paragraph 8 (Docket No. 1).  This statement tracks closely with the CDA's definition of "interactive computer service."  See 47 U.S.C. § 230(f)(2) ("… any information … system … that provides or enables computer access by multiple users to a computer server… .").

From there, the factual allegations end, and the impermissible speculation begins, with Choyce's alleging that the defendants "conspired" to publish defamatory articles.  See, *e.g.*, Complaint, ¶¶ 28-32, 41-43, and 61.  Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  This Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 555.

Plaintiff offers <u>no facts</u> to support his allegation that Layer42 somehow contributed to the creation of the allegedly defamatory statements.  Accordingly, his state law defamation claims should be dismissed pursuant to the immunity granted by Section 230 of the Communications Decency Act.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.  Page 4

### D. Plaintiff Is Not Entitled To Discovery

The United States Supreme Court has rejected the notion that a plaintiff is entitled to discovery, however limited, in an attempt to salvage a defective complaint: "Because [plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).

Furthermore, there is no evidence to suggest that Choyce has even taken advantage of statutory discovery tools available <u>without filing a lawsuit</u>.  *See* 17 U.S.C. § 512(h) (permitting copyright holder to ask the clerk of court to issue a subpoena to a service provider to identify alleged infringers, to be served alongside a DMCA takedown notice).  Neither Choyce nor his counsel alleges that he attempted to serve a § 512(h) subpoena on Layer42 prior to filing suit in order to discover the identities of Does 1-4.  Although the email address of the indybay.org website administrator is publicly available, neither Choyce nor his attorney represents that he attempted to serve a DMCA takedown notice on the same email address, or attempted to serve a § 512(h) subpoena on indybay.org to identify the fictitious defendants.  Instead of incurring the time and expense of a proper pre-litigation investigation, Plaintiff took the cheap and easy path of naming and serving Layer42, the only named defendant with a registered agent for service of process.

The Court should not indulge Plaintiff's suggestion that he could resurrect a defective Complaint with the benefit of expensive and time-consuming discovery.

### E. Layer42's Special Motion To Strike Should Be Granted

#### 1. The Motion To Strike Is Timely Noticed And Calendared

Choyce has admitted that Layer42's special motion to strike was timely filed within 60 days of service of his Complaint.  *See* Choyce's Motion to Strike the Motion to Dismiss, 03:15-16 (Docket No. 12).  Otherwise, Choyce's motion to dismiss is improper and should be summarily dismissed.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.  Page 5

Rule 12(f) states:

> Motion to Strike.  The court may strike **from a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding **to the pleading** or, if a response is not allowed, within 21 days after being served with **the pleading**.
> Fed. R. Civ. P. 12(f) (emphases added)

Rule 7(a) defines "**pleadings**" as (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.  Fed. R. Civ. P. 7(a).

Layer42's motion to dismiss/special motion to strike is not a pleading as defined in Rule 7(a), and is therefore not subject to a Rule 12(f) motion to strike.

Furthermore, U.S. District Courts in California have considered the apparent discrepancy between California's anti-SLAPP statute and U.S. District Courts' local rules concerning the scheduling of motions.  These courts have concluded that the District Courts' local rules control.

California Code of Civil Procedure Section 425.16(f) states:

> The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper.  The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion **unless the docket conditions of the court require a later hearing**.
> Cal. Civ. Proc. Code § 425.16(f) (emphasis added)

> Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion.
> Civil Local Rule 7-2(a).

The U.S. District Court for the Central District of California has concluded that local rules that apply in a given district are "docket conditions" justifying a later hearing of a

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.  Page 6

special motion to strike. *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982 fn. 3 (CA C.D. 1999). The Northern District has approved of this reasoning, refusing to deny a motion to strike on account of scheduling a hearing more than thirty days from notice of the motion. *Ryan v. Editions Limited West, Inc.*, 2006 WL 3707894, *1 (CA N.D. 2006, No. C-06-4812 PVT).

The October 31 hearing date for Layer42's Motion was the first available law and motion hearing date at least 35 days from the September 23 notice date. *See* Civil Local Rule 7-2(a); *see also* Standing Order For All Civil Cases Before District Judge Jon S. Tigar, Section A ("Judge Tigar hears civil motions on Thursdays at 2:00 p.m., in Courtroom 9, 19th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California. Motions must be noticed for a hearing in accordance with Civil Local Rule 7….").

The special motion to strike was timely noticed and calendared.

### 2. Choyce's Complaint States Sufficient Allegations To Support The Special Motion To Strike

Once again, everything needed to rule on the special motion to strike is found in Choyce's complaint: (1) a cause of action arising from a person's exercise of the right of free speech; (2) a matter of public concern; and (3) no possibility that Choyce can prevail on his claim. The California legislature has instructed that the anti-SLAPP statute "shall be construed broadly." Cal. Civ. Proc. Code § 425.16(a).

The defendant need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the plaintiff's "intentions are ultimately beside the point." *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (Cal. 2002). Choyce chose to name Layer42 as a defendant in his state law defamation claims, citing no facts in support of that connection to the Doe defendants who allegedly posted the articles at issue. As a result, Layer42 is exposed to the very expense and abuse of the judicial process that California's anti-SLAPP statute was designed to prevent.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al. Page 7

1  Second, Plaintiff alleged that the articles accuse him of crimes of moral turpitude.
2  While this may allow Choyce to claim presumed damages for defamation *per se*, this
3  implicates a broader matter of public concern: the California public's interest, expressed
4  through its Legislature, in ensuring the integrity of the State Bar.  *See* Cal. Bus. & Prof.
5  Code §§ 6001.1, 6106.
6  Third, as addressed above, Section 230 of the CDA gives Layer42 immunity against
7  Choyce's state law claims.  Choyce cannot prevail, much less prove a probability that he
8  will prevail, on the state law claims against Layer42.  *See* Cal. Civ. Proc. Code §
9  425.16(b)(1).
10  As Choyce rightly points out, when a special motion to strike challenges the legal
11  sufficiency of the complaint, the motion is decided under the standards applicable to a
12  motion to dismiss pursuant to Rule 12(b)(6).  *Aeroplate Corp. v. Arch. Ins. Co.*, 2006 WL
13  3257487, *5 (E.D. CA Nov. 9, 2006) (*citing Rogers v. Home Shopping Network, Inc.*, 57
14  Supp. 2d 973, 983.  The defects of Choyce's Complaint are plain, and the Court need not
15  resort to extrinsic evidence to grant Layer42's special motion to strike.
16  This Court should grant Layer42's special motion to strike and award attorney's fees
17  and costs pursuant to Cal. Civ. Proc. Code § 425.16(c)(1).
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27
28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.  Page 8

### III. <u>CONCLUSION</u>

Plaintiff's Complaint is deficient on its face, and should be dismissed. The Complaint alleges facts supporting Layer42's immunity from state law claims under Section 230 of the Communications Act. The Court should strike Choyce's state law claims against Layer42 pursuant to California's statute against strategic lawsuits against public participation. Layer42 respectfully requests that this Court dismiss all claims against Layer42, and award attorney's fees and costs pursuant to California Code of Civil Procedure Section 425.16(c).

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: October 15, 2013            By ____/s/_____
                                                        Daniel L. Casas, Esq.
                                                        Anthony F. Basile, Esq.
                                                        Attorneys for Defendant,
                                                        LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

<u>Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss</u>
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.  Page 9

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the following documents were served upon the persons listed on this document at the addresses indicated by CM/ECF electronic notification or by enclosing the same in an envelope with postage fully paid and by depositing said envelope in a United States Post Office depository this 15th day of October, 2013.  I declare under penalty of perjury that the foregoing is true and correct.

**REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED/SPECIAL MOTION TO STRIKE (ANTI-SLAPP)**

*Attorneys for Plaintiff, Dionne Choyce*

Spencer F. Smith, Esq.
Dow W. Patten, Esq.
SMITH PATTEN
355 Sacramento St., Suite 1120
San Francisco, CA 94111
dow@smithpatten.com
spencer@smithpatten.com

Dated: October 15, 2013

/s/ Nicole Svoboda

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Proof of Service
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
1