1   Daniel L. Casas, Esq. (SBN 116528)
    *dcasas@legalteam.com*
2   Anthony F. Basile, Esq. (SBN 247409)
    *abasile@legalteam.com*
3   CASAS RILEY & SIMONIAN, LLP
    One First Street, Suite 2
4   Los Altos, CA 94022
    (650) 948-7200
5   (650) 948-7220 FAX

6   Attorneys for Defendant
    LAYER42.NET, INC.
7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO

11

12  DIONNE CHOYCE, an individual,          | Case No.: CV-13-01842

13              Plaintiff

14         v.                              | **OPPOSITION TO PLAINTIFF'S MOTION
                                             TO STRIKE LAYER42.NET'S SPECIAL
15  SF BAY AREA INDEPENDENT MEDIA            MOTION TO STRIKE (ANTI-SLAPP
    CENTER, aka IMC, SF BAY AREA, aka SF     MOTION)**
16  BAY AREA IMC, an unincorporated
    association; LAYER42.NET, INC., a
17  California Corporation; CERNIO          | **Date: November 14, 2013
    TECHNOLOGY COOPERATIVE, an               Time: 2:00pm
18  unincorporated association; and Does 1-10, Courtroom: 9 (19th Floor)**

19              Defendants.                 | **Trial Date:    TBD
20                                            Action Filed: April 23, 2013**

21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Opposition to Motion to Strike
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.  Page 1

## I.     INTRODUCTION

Layer42's special motion to strike was timely noticed and calendared under the Local Rules and applicable authorities.  Layer42 requests that Plaintiff's motion to strike be denied.

## II.     LEGAL STANDARDS AND ANALYSIS

### A. A Special Motion To Strike Is Not Subject To A Rule 12(f) Motion To Strike

Choyce has admitted that Layer42's special motion to strike was timely filed within 60 days of service of his Complaint.  *See* Choyce's Motion to Strike the Motion to Dismiss, 03:15-16 (Docket No. 12).  Otherwise, Choyce's motion to strike is improper and should be summarily dismissed.

Rule 12(f) states:

> Motion to Strike.  The court may strike **from a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding **to the pleading** or, if a response is not allowed, within 21 days after being served with **the pleading**.
> Fed. R. Civ. P. 12(f) (emphases added)

Rule 7(a) defines "**pleadings**" as (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.  Fed. R. Civ. P. 7(a).

Layer42's motion to dismiss/special motion to strike is not a pleading as defined in Rule 7(a), and is therefore not subject to a Rule 12(f) motion to strike.

### B. Layer42's Special Motion To Strike Is Timely Noticed And Calendared

Furthermore, U.S. District Courts in California have considered the apparent discrepancy between California's anti-SLAPP statute and U.S. District Courts' local rules

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

concerning the scheduling of motions.  These courts have concluded that the District Courts' local rules control.

California Code of Civil Procedure Section 425.16(f) states:

> The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper.  The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion **unless the docket conditions of the court require a later hearing**.
> Cal. Civ. Proc. Code § 425.16(f) (emphasis added)

> Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion.
> Civil Local Rule 7-2(a).

The U.S. District Court for the Central District of California has concluded that local rules that apply in a given district are "docket conditions" justifying a later hearing of a special motion to strike.  *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982 fn. 3 (CA C.D. 1999).  The Northern District has approved of this reasoning, refusing to deny a motion to strike on account of scheduling a hearing more than thirty days from notice of the motion.  *Ryan v. Editions Limited West, Inc.*, 2006 WL 3707894, *1 (CA N.D. 2006, No. C-06-4812 PVT).

The October 31 hearing date for Layer42's Motion was the first available law and motion hearing date at least 35 days from the September 23 notice date.  *See* Civil Local Rule 7-2(a); *see also* Standing Order For All Civil Cases Before District Judge Jon S. Tigar, Section A ("Judge Tigar hears civil motions on Thursdays at 2:00 p.m., in Courtroom 9, 19th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California.  Motions must be noticed for a hearing in accordance with Civil Local Rule 7….").

The special motion to strike was timely noticed and calendared.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Opposition to Motion to Strike
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.  Page 3

1

### III.     <u>CONCLUSION</u>

2

Layer42 respectfully requests that this Court dismiss Plaintiff's motion to strike.

3

4

5

Respectfully submitted,

6

CASAS RILEY & SIMONIAN, LLP

7

8

Dated: October 22, 2013                    By ____/s/_____

9

Daniel L. Casas, Esq.

Anthony F. Basile, Esq.

10

Attorneys for Defendant,

LAYER42.NET, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

<u>Layer42.Net, Inc.'s Opposition to Motion to Strike</u>
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.  Page 4

1

**CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that a true copy of the following documents were

3   served upon the persons listed on this document at the addresses indicated by CM/ECF

4   electronic notification or by enclosing the same in an envelope with postage fully paid and

5   by depositing said envelope in a United States Post Office depository this 22nd day of

6   October, 2013.  I declare under penalty of perjury that the foregoing is true and correct.

7   **OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LAYER42.NET'S SPECIAL
    MOTION TO STRIKE (ANTI-SLAPP MOTION)**

8

9   *Attorneys for Plaintiff, Dionne Choyce*

10  Spencer F. Smith, Esq.
    Dow W. Patten, Esq.

11  SMITH PATTEN
    355 Sacramento St., Suite 1120

12  San Francisco, CA 94111
    dow@smithpatten.com

13  spencer@smithpatten.com

14

15  Dated: October 22, 2013

16                                      /s/ Nicole Svoboda

17

18

19

20

21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200