SMITH PATTEN
SPENCER F. SMITH (SBN: 236587)
spencer@smithpatten.com
DOW W. PATTEN (SBN:135931)
dow@smithpatten.com
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE


Daniel L. Casas, Esq. (SBN 116528)
 dcasas@legalteam.com
Anthony F. Basile, Esq. (SBN 247409)
abasile@legalteam.com
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
Telephone (650) 948-7200
Facsimile (650) 948-7220

Attorneys for Defendant
LAYER42.NET, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE , an individual,<br><br>Plaintiff,<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association;  LAYER42.NET, INC., a California Corporation,  CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association,  and DOES 1-10,<br><br>Defendants. | Case No.:  3:13-cv-01842-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  December 4, 2013<br>Time: 2:00 p.m.<br>Location: Courtroom 9, 19th Floor, 350 Golden Gate Ave., San Francisco, CA |

1

Pursuant to Rule 16 and 26 of the Federal Rules of Civil Procedure and Northern District of California Civil Local Rule 16-9, and the Court's Standing Order, Plaintiff DIONNE CHOYCE, and Defendant LAYER42.NET, INC. ("LAYER42") respectfully submit this Joint Case Management Statement. The parties respectively request the Court adopt this Joint Case Management Statement as its Case Management Order. Counsel for Plaintiff and Defendant LAYER42 participated in a FRCP Rule 26(f) meeting on November 26, 2013.

**1. Jurisdiction and Service**

There currently exist no issues about the Court's jurisdiction over the claims in this matter or whether venue is proper. LAYER42 has not yet filed an answer. Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC, was served on October 31, 2013 (Dkt #18). Defendant CERNIO TECHNOLOGY COOPERATIVE has not been served.

**2. Facts**

**Plaintiff's position:**

This case arises out of the misappropriation of Plaintiff's copyrighted image on the Internet and the publishing of false and defamatory material concerning Plaintiff. Plaintiff attempted repeatedly to have the information removed; however, he was forced, despite the proper service of multiple take-down notices under the Digital Millennium Copyright Act to file suit.

**Defendant's position:** LAYER42 has not yet filed an answer, pending the outcome of its Motion to Dismiss and Anti-Slapp Motion. LAYER42 contends that it is not legally liable for the allegedly infringing and defamatory postings.

**3. Legal Issues**

**Plaintiff's position:** This is an action for Infringement of Copyright, Defamation, and Libel. A number of the legal issues *vis a vis* LAYER42 in this matter have been briefed by the

parties in LAYER42's Motion to Dismiss (Dkt #9).  Both that motion and Plaintiff's Motion to Strike (Dkt#12) are currently under submission after oral argument on November 14, 2013.  Plaintiff anticipates that the legal issues presented by this case will be narrowed by the Court's ruling on the aforementioned pending motions.

**Defendant's position:** LAYER42 agrees that a number of legal issues have been briefed by CHOYCE and LAYER42 in their respective motions pending before the Court.  LAYER42 reserves the right to plead additional legal theories as appropriate when and if required to file an answer to the Complaint.

**4. Motions**

LAYER42's Motion to Dismiss (Dkt #9) and Plaintiff's Motion to Strike (Dkt#12) are currently under submission after oral argument on November 14, 2013.  Plaintiff anticipates, depending upon discovery, the need for leave to amend his complaint to substitute IO Communications, Inc. as a DOE defendant as the successor in interest to Defendant CERNIO TECHNOLOGY COOPERATIVE, based upon the evidence submitted in support of LAYER42's Motion to Dismiss (Dkt #9).  The parties anticipate the filing of motions for summary judgment or summary adjudication of issues.  The parties reserve the right to file any necessary discovery-related, dispositive, and/or other pre-trial motions.

**5. Amendment of Pleadings**

Aside from the substitution set forth above, and should the Court grant leave to amend as part of its rulings on the pending motions, any incidental amendments, the parties do not currently anticipate further amendment.

**6. Evidence Preservation**

**Plaintiff's Position:**   Plaintiff hereby certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, has designated Dow W. Patten as the ESI Liaison pursuant to the Court's ESI guidelines, and has identified the range of

information systems of LAYER42 and the Defendants that are likely to contain discoverable and relevant information.  Defendant LAYER42 has not identified the specific systems at issue other than email servers containing electronic communications.  Plaintiff has requested that LAYER42 preserve, at a minimum, its routing table information, updates to servers running BIND, access logs to servers owned by the remaining Defendants, electronic communications amongst defendants, access logs by LAYER42 to any CERNIO or IO COMMUNICATIONS hardware, copies of written agreements amongst the Defendants.  At this early stage Plaintiff does not believe that all such information will be subject to discovery, but may contain relevant information and should be preserved to the extent such preservation does not pose an undue burden on LAYER42's ongoing operations.  Plaintiff has complied with the evidence preservation requirements set by the Court.

**Defendant's Position:**  Defendant disagrees that the electronically stored information described by Plaintiff above is discoverable in this case, as LAYER42 exercises no control whatsoever over the content of the information passing through its network or over the Internet.  In the event LAYER42 is required to make initial disclosures in this case, the documents to be produced will inform the permissible scope of discovery.  LAYER42 preserves evidence of its contractual relationship and communications with other parties and potential parties to the case.

**7. Disclosure**s

The parties will exchange initial disclosures on or before December 23, 2013, in the event LAYER42 remains a party to the action.

**8. Discovery**

**Plaintiff's position:**

The scope of discovery will encompass information related to the following: LAYER42's agreements and control over the hardware, software, connectivity, and content of the infringing and defamatory content.

Plaintiff believes that phasing discovery by allowing for a 4 month period of written and electronic discovery prior to the taking of depositions will reduce the costs and burdens in this matter, and may substantially narrow the issues for trial.  Plaintiff does not believe any changes to the limits on written discovery and depositions set forth the Federal Rules of Civil Procedures are necessary or appropriate.   Plaintiff is agreeable to a stipulated protective order based upon the Northern District's Model for Standard Litigation, with no attorneys-eyes-only provisions.

**Defendant's Position:**

In addition to Plaintiff's representation, LAYER42 contends the scope of discovery will encompass information related to Plaintiff's prima facie case and claims for damages under all causes of action.  The scope of discovery will ultimately depend on the parties to the action, and issues that survive the pleadings phase.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

There are no related cases or proceedings.

**11. Relief**

Plaintiff seeks general damages and special damages and injunctive relief.  Plaintiff seeks statutory damages, attorney's fees, interest, costs of suit, and punitive damages.

Defendant contends that Plaintiff is not entitled to any recovery or relief.

**12. Settlement and ADR**

The parties have not yet engaged in any ADR efforts.  Plaintiff is amenable to panel mediation only.  Defendant has not determined what ADR process it prefers.

/ / /

/ / /

**13. Consent to Magistrate Judge For All Purposes**

Plaintiff and LAYER42 have declined to have a magistrate judge assigned for all purposes. The parties do not consent to assignment to a magistrate judge for all further proceedings, including trial and entry of judgment.

**14. Other References**

The parties have concluded that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties may stipulate to some undisputed facts; however, no issues are appropriate for narrowing at this time. The parties reserve the right to bring suitable recommendations to narrow the issues to the Court's attention at a later time.

**16. Expedited Trial Procedure**

The parties have concluded that this case is not appropriate for Expedited Trial Procedure.

**17. Scheduling**

Plaintiff proposes the following schedule:

A. Completion of Non-Expert Discovery: September 28, 2014;

B. Last Day To Hear Dispositive Motions: October 16, 2014;

C. Last Day To Designate Experts And Produce Expert Reports: November 20, 2014;

D. Last Day To Designate Rebuttal Experts And Produce Supp. Reports: December 3, 2014;

E. Completion Of Expert Discovery: January 3, 2015;

F. Trial Date: February 24, 2015.

Defendant proposes the following schedule:

LAYER42 does not take a position on scheduling in light of the pending motions before the Court, as well as the unresolved issue of which defendants will ultimately be parties to the action.

**18. Trial**

Plaintiff has requested trial by jury.  Plaintiff estimates a trial length of 4 days.

**19. Disclosure of Non-party Interested Entities or Persons**

Defendant has not filed its Certification of Interested Entities or Persons, as it has not answered.

**20. Other Matters**

The parties have no additional matters at this time.

Respectfully submitted,

Dated: November 27, 2013                          SMITH PATTEN

                                                                                  /s/
                                               SPENCER F. SMITH
                                               DOW W. PATTEN

Dated: November 27, 2013                          CASAS RILEY & SIMONIAN LLP

                                                                                  /s/
                                               DANIEL L. CASAS
                                             ANTHONY F. BASILE