Roger Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
Leila Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
Katherine Harrison (CA State Bar No. 285561)
katherine.harrison@bryancave.com
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:     (415) 675-3400
Facsimile:     (415) 675-3434

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIONNE CHOYCE,<br><br>          Plaintiff,<br><br>     v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,<br><br>          Defendants. | Case No. CV 13 1842 JST<br><br>**MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT** |

1    Defendant SF Bay Area Independent Media Center ("Indybay"), through its undersigned
2 counsel, moves for a 30-day extension of time, to and including January 6, 2014, in which to
3 answer or otherwise respond to the complaint in this action.  In support of its motion, and as
4 detailed in the Declaration of Leila Knox filed herewith ("Knox Decl."), Indybay respectfully
5 states as follows:

6    1.    This action was commenced when Plaintiff filed his lawsuit with this Court on
7 April 23, 2013, naming SF Bay Area Independent Media Center as one of three named defendants.

8    2.    According to the Court's docket sheet, Plaintiff made no attempt to serve Indybay
9 for more than six months.

10    3.    On November 14, 2013, Indybay's counsel checked the Court's docket in this
11 action and noticed that a proof of service had been filed by Plaintiff.  According to the proof of
12 service, service on Indybay was attempted at 2940 16th Street in San Francisco on October 31,
13 2013, a location where Indybay has a mail drop but does not maintain any offices.  The process
14 server's declaration included in the proof of service said the complaint was left with an individual
15 named Ben Terrall, who is not affiliated nor employed with Indybay.  The complaint was
16 subsequently mailed to the 2940 16th Street address as well, but without identifying to whom the
17 package had been mailed.  Both copies of the complaint were apparently deposited in Indybay's
18 mail drop, and both included a form that would permit Defendant to waive service of process.
19 However, as required under Federal Rule of Civil Procedure 4(d)(1), Plaintiff's attorney did not
20 include a request for waiver of service, as the request form attached to the complaint was not filled
21 in.  Knox Decl., ¶¶ 2,3.

22    4.    Since the complaint was not properly served on an officer or agent of Indybay, and
23 Indybay checks the mail drop infrequently, Indybay was unaware Plaintiff had attempted to serve
24 it until its counsel checked the Court's docket on November 14.  After a representative from
25 Indybay was informed by counsel of the contents of the proof of service, he checked and found
26 two copies of the complaint in the mail drop.  Knox Decl., ¶ 4.

27    5.    Between November 27 and December 2, Indybay's counsel made several attempts
28 to work with Plaintiff's counsel on the service defect, offering to waive service of process if

1 Plaintiff's counsel would send a completed request for waiver of service, or, alternatively, offering
2 to appear on the merits if Plaintiff's counsel would stipulate to a 30-day extension of time to
3 answer or otherwise respond to the complaint, up to and including January 6, 2014.  Knox Decl., ¶
4 6. This date was calculated using the date that Plaintiff's counsel presumptively mailed the
5 complaint to Indybay – October 31, 2013 – and a response date by Defendant of December 5,
6 2013, if service had indeed been effective (which Indybay does not believe to be the case).  Knox
7 Decl., ¶¶ 7,8.

8       6. To date, Plaintiff's counsel has declined to provide a completed request for waiver,
9 or to stipulate to an extension of time to respond on the merits.  Rather than fight over service,
10 Indybay instead determined that it would seek a 30-day extension of time to answer or otherwise
11 respond to the complaint directly from the Court.  Plaintiff's counsel has not responded to
12 Indybay's question as to whether Plaintiff opposes this motion.  Knox Decl., ¶¶ 7, 8.

13       7. The requested extension of time is not made for the purpose of delay, and will not
14 prejudice the interests of any party in this case.  Rather, the extension of time will give Defendant,
15 who, up until November 14, 2013, was not aware that any attempts at service had been made, time
16 to formulate a response to Plaintiff's complaint that addresses its merits in an attempt to seek an
17 early resolution of this case.

18       WHEREFORE, Defendant SF Bay Area Independent Media Center respectfully requests
19 that this Court enter an order granting it an additional 30 days, to and including January 6, 2014,
20 within which to answer or otherwise respond to Plaintiff's complaint.

Dated:    December 2, 2013              Respectfully submitted,

**BRYAN CAVE LLP**


_/s/_
Leila Knox

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER