Roger R. Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
Leila C. Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
Katherine Harrison (CA State Bar No. 285561)
katherine.harrison@bryancave.com
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIONNE CHOYCE,<br><br>Plaintiff,<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,<br><br>Defendants. | Case No. CV 13 1842 JST<br><br>**DECLARATION OF LEILA KNOX IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT** |

I, Leila Knox, declares as follows:

1. I am an attorney duly licensed to practice law in the State of California, and I am an associate with the law firm of Bryan Cave LLP, attorneys for Defendant SF Bay Area Independent Media Center ("Indybay"). I make this declaration of my own personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.

2. On November 14, 2013, I checked the docket in the above-captioned action and noticed that a proof of service had been filed that same day claiming that Indybay had been served with service of process on October 31, 2013. The proof of service stated that service had been attempted at 2940 16th Street in San Francisco. Indybay used to maintain a small office at this location, but has not rented space there for many years. Indybay does have a mail drop at this address, which it checks infrequently. Indybay otherwise has no personnel or other presence at this location.

3. The declaration attached to the proof of service stated that the complaint had been served on Ben Terrall, a "person … apparently in charge of the office or usual place of business of the person served." The declaration further stated that Mr. Terrall was "informed … of the general nature of the papers." Mr. Terrall is neither employed nor affiliated with Indybay, and is not authorized to accept service on its behalf. I subsequently spoke with Mr. Terrall by phone, and learned that Mr. Terrall had informed the process server that Indybay no longer had an office at that location but did have a mail drop. Mr. Terrall also said that contrary to what is stated in the declaration, he had not been told by the process server that he was being given legal papers. Mr. Terrall informed me he simply signed for the papers and then placed them in Indybay's mailbox.

4. After I informed a representative of Indybay of the contents of the November 14 proof of service, he checked the mail drop at the 2940 16th Street location and found two copies of the complaint, one in an opened envelope that had been mailed to the address, but that did not have Indybay's name on it, and one that was not in an envelope.

5. Rather than fight over service, Indybay is willing to waive service under Federal Rule of Civil Procedure 4(d). However, upon reviewing the waiver of service, I noticed that the request for waiver of service, which immediately precedes the waiver of service itself, was not completed by Plaintiff's counsel, as required by Federal Rule of Civil Procedure 4(d)(1).

6. Given this deficiency, I called Dow Patten, one of the attorneys for Plaintiff, in an attempt to cure this defect, and to let Plaintiff's counsel know that Indybay was willing to appear in this action. I requested that Mr. Patten either send Indybay a completed request for waiver of service of process or stipulate to a 30-day extension of time for Indybay to respond to the

1  complaint.  Instead, Mr. Patten requested that I send him a letter explaining why I believed service
2  was ineffective.

3      7.    Although I have complied with Mr. Patten's request for more information, he has
4  yet to agree to either of our proposals for resolving the disagreement over the purported service.
5  Instead, in a series of emails and letters exchanged through this evening, he continues to request
6  information about Indybay.

7      8.    Since it does not appear that Plaintiff would agree to either of Indybay's requests
8  in connection with service of the complaint, I informed Mr. Patten today by email that Indybay
9  would move the court for an extension of time to respond to the complaint, and asked whether his
10 client intended to oppose this motion.  As of the time of this filing, Mr. Patten had not responded
11 to my request.  A true and correct copy of my email to Mr. Patten is attached as Exhibit D.

12     9.    Indybay will be prejudiced if is not given an extension of time to respond to the
13 complaint since it intends to address the merits of Plaintiff's complaint in an anti-SLAPP motion
14 to strike and motion to dismiss.  Although the Court today granted the motions to dismiss and
15 strike of co-defendant Layer42.net, Inc., we will need additional time to prepare Indybay's brief
16 and evidence explaining why the court's ruling applies equally to Indybay.  We do not foresee that
17 an extension of time will have any effect on scheduling or other time considerations related to this
18 case, especially in light of the Court's ruling today granting Layer42's motions.

19     I declare under penalty of perjury under the laws of the State of California that the
20 foregoing is true and correct.  Executed this 2nd day of December, 2013.

                                /s/
                            Leila Knox