Daniel L. Casas, Esq. (SBN 116528)
dcasas@legalteam.com
Anthony F. Basile, Esq. (SBN 247409)
abasile@legalteam.com
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Defendant
LAYER42.NET, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10,<br><br>Defendants. | Case No.: CV-13-01842<br><br>**NOTICE OF MOTION AND MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING ORDER ON SPECIAL MOTION TO STRIKE**<br><br>**[Cal. Code of Civ. Proc. § 425.16]**<br>**[Local Rule 54-5]**<br><br>**Date: January 23, 2014**<br>**Time: 2:00pm**<br>**Courtroom: 9 (19th Floor)**<br><br>**Action Filed: April 23, 2013** |

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
1

**TO PLAINTIFF DIONNE CHOYCE AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on **January 23, 2014 at 2:00pm**, or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, defendant LAYER42.NET, INC. will move the Court for recovery of attorney's fees pursuant to California Code of Civil Procedure Section 425.16(c)(1) after this Court granted LAYER42.NET, INC.'s motion to specially strike and concluded that LAYER42.NET, INC. is entitled to recover fees and costs.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Daniel L. Casas, Esq., filed herewith, and the pleadings and papers filed in this action.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: December 16, 2013    By _____**/s/**_____
　　　　　　　　　　　　　　　　Daniel L. Casas, Esq.
　　　　　　　　　　　　　　　　Anthony F. Basile, Esq.
　　　　　　　　　　　　　　　　Attorneys for Defendant,
　　　　　　　　　　　　　　　　LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2

## I. STATEMENT OF ISSUES TO BE DECIDED

LAYER42.NET, INC. (Layer42) moves this Court for an award of attorney's fees pursuant to California Code of Civil Procedure Section 425.16(c)(1) and Local Rule 54-5, after the Court granted Layer42's special motion to strike and declared Layer42 the prevailing party for the purpose of this Motion.

## II. RELEVANT FACTS

### A. Procedural History

Choyce filed his Complaint on April 23, 2013, with an initial Case Management Conference set for July 31, 2013. ECF Nos. 1 and 3. By July 29, 2013, when Choyce had not served a single defendant, the Court issued an Order to Show Cause re imposition of sanctions against Choyce for failure to timely file a Case Management Statement, and to show cause why the Complaint should not be dismissed pursuant to Rule 4(m). ECF No. 5. Choyce served Layer42 on August 2, 2013. ECF No. 6.

Layer42 filed its motion to dismiss and special motion to strike on September 23, 2012. ECF No. 9. Choyce opposed the motions, and filed a motion to strike Layer42's special motion to strike. ECF Nos. 10, 11, 12. Layer42 replied in support of its motions, and opposed Choyce's motion to strike. ECF Nos. 14 and 15. Choyce did not file a reply in support of his motion to strike.

This Court heard argument from counsel on November 14, 2013, and took the matter under submission. ECF No. 19. On December 2, 2013, the Court entered its Order Denying Plaintiff's Motion to Strike; Granting in Part and Denying in Part Defendant's Motion to Dismiss; and Granting Defendant's Motion to Specially Strike. ECF No. 22. The Court concluded that the gravamen of Plaintiff's state law defamation claims connected to a matter of public interest, and the facts alleged against Layer42 failed to state a claim for defamation or libel. *Id.* at 13:26-14:02, 15:17-19. The Court specially struck Choyce's state law defamation and libel claims against Layer42 pursuant to California's anti-SLAPP statute (Code of Civil Procedure § 425.16), and expressly held that Layer42 is entitled to

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
3

1 recover attorney's fees and costs incurred in moving to strike the claims on which it
2 prevailed.  ECF No. 22 at 15:20-16:05.

### III.  LEGAL STANDARDS AND ANALYSIS

**A. Recovery of Attorney's Fees To Prevailing Defendant On An Anti-SLAPP Motion**

California Code of Civil Procedure Section 425.16(c)(1) states, in relevant part, "Except as provided in paragraph (2) [pertaining to actions brought under California's Government Code, irrelevant here], in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs… ."

It is well-settled that an award of attorney's fees and costs to a successful anti-SLAPP movant is <u>mandatory</u>.  *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1181 (C.D. Cal. 2008), citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

"The statute [§425.16] is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself from a baseless lawsuit."  *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (2002).  "If a defendant [in federal court] makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) <u>except that the attorney's fee provision of § 425.16(c) applies</u>."  *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (emphasis added).

"[A]bsent circumstances rendering an award unjust, the fee should ordinarily include compensation for all hours reasonably spent, including those relating solely to [obtaining] the fee [award]."  *Serrano v. Unruh*, 32 Cal. 3d 621, 624 (1982) (applying California Code of Civil Procedure § 1021.5, concerning attorneys' fees for a public interest issue).  A prevailing defendant is entitled to recover attorney's fees and costs incurred in moving to strike the claims on which they prevailed, but not fees and costs incurred in moving to strike the remaining claims.  *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001).  "The reasonableness of attorney fees is within the discretion of the trial court, to be

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
4

determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved." *Wilkerson*, 99 Cal. App. 4th at 448.

### B. The Reasonable Lodestar Amount of Fees Is $29,829.50

A trial court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of time spent and reasonable hourly compensation of each attorney involved in the presentation of the case." *Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1321 (2008).

Layer42 has submitted documented billing records showing 67.3 attorney hours related to the successful motion to dismiss and motion to strike, totaling $22,329.50 in attorney's fees.  Casas Dec., Exh. A.  These records show that Layer42 employed its resources judiciously.  Only one attorney attended the hearing on the motion.  By a ratio of more than two-to-one, work on the motion was performed by an associate attorney at a lower hourly rate than the supervising partner.  To prepare for the motion, defense counsel was required to familiarize itself with the relationship among the three separate defendants to the action, as well as research relevant statutory and case law.  Layer42 brought its motion only after its attempts at informal resolution proved unsuccessful.  In short, the fees charged are "reasonable" according to the factors articulated in *Wilkerson, supra*.

Counsel estimates that an additional $7,500 in attorney fees will be incurred in preparing and arguing this Motion for fees, bringing the lodestar total to $29,829.50.  Casas Dec., ¶ 11.

### C. The Lodestar Amount Should Be Adjusted By No More Than One-Third

After determining the lodestar figure, the Court must next consider whether that figure should be adjusted based on various relevant factors, including a plaintiff's limited success in the litigation. *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 343 (2006).  A prevailing party is generally not entitled to recover fees incurred in moving to

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
5

strike claims on which it was not successful. *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th at 1020.

Here, Layer42 prevailed in its request for dismissal of <u>all</u> claims against it. Plaintiff's copyright infringement claim was dismissed for failure to state a claim under Rule 12(b)(6), and his state law claims for defamation and libel were specially stricken under Section 425.16. Although the Court granted Choyce leave to amend his Complaint, the Court placed limits on that grant while noting the practical difficulties Choyce will face in amending his claims. For instance, since Choyce did not register the copyright in the digital image file at issue in the Complaint until well after the Complaint was filed, Choyce may not seek statutory damages or attorney's fees in any amended copyright infringement claim.[1] ECF No. 22, 5:12-6:01. As to the state law claims, the Court noted that the only facts alleged as to Layer42 actually supported its presumed immunity, and cautioned that amended state law claims would be susceptible to yet another anti-SLAPP motion. *Id.*, 15:14-19, 17:08-13.

Though it succeeded in having all claims against it dismissed, Layer42 recognizes that Choyce's copyright infringement claim was not susceptible to a special motion to strike under California's anti-SLAPP statute, and that the Court may therefore determine Layer42 cannot recover fees incurred in bringing its motion to dismiss under Rule 12(b)(6). Therefore, if the Court determines it must adjust the lodestar amount in light of this limitation, Layer42 respectfully proposes that the lodestar amount be adjusted by no more than one-third, since the state law claims specially struck under the anti-SLAPP statute comprise two-thirds of Choyce's claims against Layer42.

The Court noted in its Order that the purportedly defamatory statements alleged in the Complaint present a combination of matters of public and private concern, only the

---

[1] Since the image file was removed from the online articles months ago, Choyce faces difficulty in stating a claim for actual damages.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
6

former of which are susceptible to a special motion to strike under California's anti-SLAPP statute. The Court concluded, however, that the gravamen of plaintiff's causes of action referred to matters of public concern, and cited authorities confirming collateral references to unprotected activity should not obviate application of the anti-SLAPP statute to the complaint. See, e.g., *Ramona Unified Sch. Dist. v. Tsiknas*, 13 Cal. App. 4th 510, 519-20 (2005); see also *Club Members For An Honest Election v. Sierra Club*, 45 Cal. 4th 309, 319 (2008) (citing *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 188 (2003)) ("[t]he 'principal thrust or gravamen' test has been used to determine whether an action fits within the scope of the anti-SLAPP protection provided by section 425.16 when a pleading contains allegations referring to both protected and unprotected activity"). The presence of statements of private concern in the alleged defamatory statements did not affect the analysis of the claim for purposes of the special motion to strike.

Because the gravamen of Choyce's defamation and libel causes of action pertain to matters of public concern, Layer42 submits that no adjustment to the lodestar amount is necessary to reflect the inclusion of matters of private concern in one of the two allegedly defamatory articles.

### IV. CONCLUSION

Layer42.Net, Inc. respectfully requests that this Court award attorney's fees of $29,829.50, or any other amount this Court believes to be just, following Layer42's successful special motion to strike Plaintiff's claims under California's anti-SLAPP statute.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: December 16, 2013      By _____**/s/**_____
                                Daniel L. Casas, Esq.
                                Anthony F. Basile, Esq.
                                Attorneys for Defendant,
                                LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
7