1 | SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
2 | DOW W. PATTEN, ESQ., (SBN:135931)
353 Sacramento St., Suite 1120
3 | San Francisco, California 94111
Telephone (415) 402-0084
4 | Facsimile (415) 520-0104

5 | Attorneys for Plaintiff
DIONNE CHOYCE

6

7 | IN THE UNITED STATES DISTRICT COURT

8 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 | DIONNE CHOYCE , an individual,                  ) **Case No.:  13-cv-01842-JST**

11 |                                                 ) **FIRST AMENDED COMPLAINT FOR**
                                                    ) **DAMAGES AND INJUNCTIVE RELIEF**
12 |                    Plaintiff,                   )

13 |           v.                                    ) **(1) INFRINGEMENT OF COPYRIGHT**
                                                    )
14 |                                                 ) **(2) DEFAMATION**
                                                    )
15 | SF BAY AREA INDEPENDENT MEDIA                   ) **(3) DEFAMATION**
     CENTER, a.k.a. IMC, SF BAY AREA, a.k.a.         )
16 | SF BAY AREA IMC; an unincorporated              ) **(4) LIBEL**
     association;  LAYER42.NET, INC., a              )
17 | California Corporation,  CERNIO                 )
     TECHNOLOGY COOPERATIVE, an                      )
18 | unincorporated association,  and DOES 1-10,     ) **JURY TRIAL DEMANDED**
                                                    )
19 |                                                 )
                                                    )
20 |                                                 )
                                                    )
21 |                    Defendants.                  )
                                                    )
22 |                                                 )

23 | _____

24 |         COMES NOW, Plaintiff DIONNE CHOYCE ("CHOYCE") to complain against the

25 | named Defendants, and each of them, as follows:

26 | **JURISDICTION AND VENUE**

27 | 1.      This is a civil action seeking damages and injunctive relief for copyright infringement

28 | under the copyright laws of the United States (17 U.S.C. § 101 et seq.). This Court has

1

jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).  The Court has pendent jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this Court because the acts complained of occurred in the Northern District of California, the parties are all residents of and within the Northern District of California, and Plaintiff has been damaged in excess of the jurisdictional amount of this Court.

## INTRODUCTION

5.      This is an action for damages and injunctive relief for Copyright Infringement, Defamation, and Libel.  This action arises out of events involving Plaintiff and Defendants.

## THE PARTIES

6.      Plaintiff CHOYCE is an attorney, licensed to practice law in the State of California, and a former prosecutor, and Deputy District Attorney for the County of Alameda.  Plaintiff CHOYCE actively engages in the practice of law,  through his firm, The Choyce Law Firm.

7.      Upon information and belief, Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC is an unincorporated association located and operating in the County of San Francisco,  within the Northern District of California, which sponsors and operates the independent media website "indybay.org".

8.      Upon information and belief, Defendant LAYER42.NET, INC., is a California Corporation,  with its principal place of business in Santa Clara County California within the Northern District of California, which provides Internet connectivity, hosting, and infrastructure to co-Defendant  SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC in furtherance of the website "indybay.org"

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   Case No. 13-cv-01842-JST

9.      Upon information and belief, Defendant CERNIO TECHNOLOGY COOPERATIVE is an unincorporated association, operating in the Northern District of California in the city of Santa Rosa, California, which, in conjunction with co-Defendant LAYER42.NET, INC., which provides Internet connectivity, hosting, and infrastructure to co-Defendant  SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC in furtherance of the website "indybay.org".

10.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein, and that Plaintiff's injuries were proximately caused by such aforementioned defendants.

11.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants was acting as the partner, agent, servant, and employee of each remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants, and that each defendant is responsible for the occurrences, acts and omissions of each other defendant complained of herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.     Plaintiff CHOYCE was admitted to the State Bar of California in 2001, and has been an active member of the California bar since that time through the date of this complaint, with no record of discipline.

3

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

13.    Plaintiff CHOYCE has built a law firm from the ground up, with offices in Oakland, San Mateo, Sacramento, and Fairfield, California.  offers and advertises legal services to the public through his website, "choycelawfirm.com".

14.    Plaintiff CHOYCE has invested substantial time, effort, and money in the building of his on-line reputation, including his website and the domain "choycelawfirm.com", and in promoting and optimizing the site and its links to enhance the website's ranking in searches for legal services.

15.    As part of the offering and advertising of legal services through his website, Plaintiff CHOYCE places original images and graphics on the website, including original images and likenesses of Plaintiff CHOYCE, including digital files named "choyce.jpg" .

16.    On or about April 25, 2012, Defendants DOES 1 and 2 posted and/or created a web page to and/or on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" a page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time", located at the following uniform resource locator:

         http://www.indybay.org/newsitems/2012/04/25/18712101.php

17.    On or about April 25, 2012, Defendants DOES 1 and 2 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time", the a graphic image of Plaintiff CHOYCE used by Plaintiff CHOYCE on his law firm's website, entitled "dionne_choyce.jpg" (the "Copyrighted Work").

4

18.    On or about April 25, 2012, Defendants DOES 1 and 2 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time",  the following text, "The Federal Complaint that was filed against Jubilee Restoration has been stepped up to another level as the alleged Criminal Ringleader Dionne Choyce has had charges filed against him as a conspirator after his brother Reverend Gordon Choyce passed away. Mr. Choyce had no comment as his offices were contacted in Fairfield, however, if convicted he could face a total of 17 years in prison. Dionne choyce had the complaint served on him by the Department of justice on May 13, 2009,"  all of which is demonstrably false and readily verifiable as false.

19.    On or about May 24, 2012, Defendants DOES 3 and 4 posted and/or created a web page to and/or on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" a page, story, or posting entitled, "The Choyce Law Firm evicted from building", located at the following uniform resource locator:

        http://www.indybay.org/newsitems/2012/05/24/18714071.php

20.    On or about  May 24, 2012, Defendants DOES 3 and 4 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "The Choyce Law Firm evicted from building", the a graphic image of Plaintiff CHOYCE used by Plaintiff CHOYCE on his law firm's website, entitled "dionne_choyce.jpg".

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   Case No. 13-cv-01842-JST

21.     On or about May 24, 2012, Defendants DOES 3 and 4 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "The Choyce Law Firm evicted from building",  the following text, "As consumers get fed up with non-payment, so do Landlords. This time it was a landlord who read an article about Mr. Dionne Choyce an Attorney who embezzled from the Homeless. He went based on principle after Mr. Choyce and the Choyce Law firm failed to pay 2 months of rent. Many in the community applauded the eviction. One concerned citizen stated that Mr. Choyce has been dooping us for years. It is about time he received a dose of his medicine.

The Choyce Law Firm, a firm that preys on lower income DUI cases and chief general counsel for Jubilee Restoration, a Berkeley non profit housing organization who was declared by the department of Justice (see link) to be a organized crime that ripped off homeless people has fell prey to financial hardship leading his firm to be evicted at their current location. Although Mr. Choyce had no comment when we reached his firm, the landlord stated he did it for the 99% that Mr Choyce has ripped off. Many see the Landlord as a hero and actually feel that he has restored dignity to many individuals who were ripped off by Mr. Choyce.  We will be back for a part 2 tomorrow with video coverage at the location which has been given 48 hours. As I caught news cameras driving by, it was shocking to see many protesting in front of the Choyce Law Firm in Fairfield."  all of which is demonstrably false and readily verifiable as false.

## FIRST CLAIM
## INFRINGEMENT OF COPYRIGHT

### (Alleged Against All Defendants)

20.     As a first, separate and distinct cause of action, Plaintiff complains of Defendants, and each of them, and for a claim alleges:

6

21.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Work and to distribute the Copyrighted Work to the public.

22.     Without the permission or consent of Plaintiff, Defendants have used the Copyrighted Work, and distribute the Copyrighted Work to the public, and/or to make the Copyrighted Work available for distribution to others.   In doing so, Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright.

23.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

24.     As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement of the Copyrighted Work. Plaintiff further is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

25.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright, and ordering Defendants to destroy all copies of the Copyrighted Work made in violation of Plaintiff's exclusive rights.

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   Case No. 13-cv-01842-JST

**SECOND CLAIM**

**DEFAMATION**

**(Alleged Against DEFENDANTS LAYER42.NET, INC., CERNIO TECHNOLOGY COOPERATIVE, SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC, and DOES1-10)**

26.    As a second, separate and distinct claim, Plaintiff complains of Defendant Layer42.Net Inc., Cernio Technology Cooperative, Indymedia, and Does 1-10s, and each of them, and for a claim alleges:

27.    Plaintiff incorporates by reference herein each and every factual allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

28.    Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement:  "The Choyce Law Firm evicted from building".

29.    These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE's law firm had been evicted from its offices.

30.    These false statements of fact expressly state that Plaintiff CHOYCE was dishonest and unethical because he had been evicted from his office, all of which were demonstrably false and easily and readily verifiable as false.

31.    While the precise dates of these publications are not known to Plaintiff, except as herein alleged, the posting of the false statement concerning Plaintiff CHOYCE's law firm being evicted from its offices on the Indybay.org website as of May 24, 2012 and continued to be published as of the date of the filing of the original Complaint in this matter.

32.    These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them.

8

33.     Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were and continue to be, foreseeably published and republished by Defendants, their agents, employees, and recipients in the community.

34.     Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

35.     During the above-described time-frame, Defendants, and each of them, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, members of the general public who used browsers to visit the following uniform resource locator

http://www.indybay.org/newsitems/2012/05/24/18714071.php

from May 24, 2012 through at least the filing of the original Complaint in this matter.

36.     The defamatory publications consisted of written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§ 45, 45a and 46(3)(5)) with the meaning and/or substance: that Plaintiff was charged with a crime; that Plaintiff had embezzled from the homeless; that Plaintiff had been served with criminal charges as a co-conspirator; that Plaintiff's law firm had been evicted from its offices.

37.     The foregoing false statements made by Defendants were further libelous and defamatory in that the likeness and image of Plaintiff CHOYCE were unlawfully published in conjunction with the false statements.

38.     The foregoing false statements made by Defendants were further libelous and defamatory per se in that they imputed, reference to Plaintiff's profession that have a natural tendency to lessen the profits of Plaintiff's business.

39.      Plaintiff is informed, believes that these false and defamatory statements will continue to be published by Defendants, and each of them, and will be foreseeably republished by their

9

recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

40.   The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced persons and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

41.   Defendants' defamatory publications against Plaintiff referenced above are untrue.

42.   The above defamatory statements on their face are and were understood as assertions of fact, and not as opinion.

43.   Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

44.   The false and defamatory publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, and to cause his business to become unprofitable.

45.   Each of these publications by Defendants, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements.

46.   The Defendants published these statements knowing them to be false, unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no

10

need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

47.     The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, his profession, and his law practice. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

48.     As a direct and proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

49.     Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights.

57.     All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

58.     Defendant's defamatory publications were a substantial factor in causing Plaintiff harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court, as set forth below.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

# THIRD CLAIM

## DEFAMATION

### (Alleged Against Defendants DOES 1-10)

59.     Plaintiff incorporates by reference herein each and every factual allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.     Plaintiff is informed and believes Defendants DOES 1-10, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that Plaintiff "embezzled from the homeless."

61.     Plaintiff is informed and believes Defendants DOES 1-10, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that Plaintiff "may serve prison time."

62.     Plaintiff is informed and believes Defendants DOES 1-10, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that "Criminal Ringleader Dionne Choyce has had charges filed against him as a conspirator after his brother Reverend Gordon Choyce passed away".

63.     Plaintiff is informed and believes Defendants DOES 1-10, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and

12

defamatory statements included express and implied statement: that Plaintiff, "if convicted he could face a total of 17 years in prison."

64.     These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE had been charged with a crime.

65.     These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE had embezzled money from the homeless.

66.     These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE's law firm had been evicted from its offices.

67.     These false statements of fact expressly state that Plaintiff CHOYCE was dishonest and unethical because he faced criminal charges, embezzled from the homeless and had been evicted from his office, all of which were demonstrably false and easily and readily verifiable as false.

68.     While the precise dates of these publications are not known to Plaintiff, except as herein alleged, the posting of the false statement concerning Plaintiff CHOYCE's law firm being evicted from its offices on the Indybay.org website as of May 24, 2012 and continues to be published as of the date of this Complaint.

69.     These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants DOES 1-10.

70.     Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants DOES 1-10, were and continue to be, foreseeably published and republished by Defendants, their agents, employees, and recipients in the community.

71.     Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

72.     During the above-described time-frame, Defendants DOES 1-10, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, members of the general public who used browsers to visit the following uniform resource locator

   http://www.indybay.org/newsitems/2012/04/25/18712101.php

from April 25, 2012 to present.

73.     The defamatory publications consisted of written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§ 45, 45a and 46(3)(5)) with the meaning and/or substance: that Plaintiff was charged with a crime; that Plaintiff had embezzled from the homeless; that Plaintiff had been served with criminal charges as a co-conspirator; that Plaintiff's law firm had been evicted from its offices.

74.     The foregoing false statements made by Defendants DOES 1-10 were further libelous and defamatory in that the likeness and image of Plaintiff CHOYCE were unlawfully published in conjunction with the false statements.

75.     The foregoing false statements made by Defendants DOES 1-10 were further libelous and defamatory per se in that they imputed, reference to Plaintiff's profession that have a natural tendency to lessen the profits of Plaintiff's business, and if true, would render Plaintiff unfit to engage in his chose profession, the practice of law.

14

76.     Plaintiff is informed, believes that these false and defamatory per se statements will continue to be published by Defendants DOES 1-10, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

77.     The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced persons and other members of the community who are known to Defendants DOES 1-10, but unknown to Plaintiff at this time.

78.     None of Defendants DOES 1-10's defamatory publications against Plaintiff referenced above are true.

79.     The above defamatory statements on their face are and were understood as assertions of fact, and not as opinion.

80.     Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants DOES 1-10, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

81.     Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants DOES 1-10, to cause further damage to

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

Plaintiff's professional and personal reputation, and to cause his business to become unprofitable.

82.     Each of these publications by Defendants DOES 1-10, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements.

83.     The Defendants DOES 1-10 published these statements knowing them to be false, unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants DOES 1-10, to be negligent to such a degree as to be reckless. In fact, not only did Defendants DOES 1-10, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants DOES 1-10, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

84.     The above complained-of publications by Defendants DOES 1-10, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, his profession, and his law practice. Defendants DOES 1-10, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

85.     As a direct and proximate result of the publication and republication of these defamatory statements by Defendants DOES 1-10, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant

16

economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

86.     Defendants DOES 1-10, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights.

87.     All actions of Defendants DOES 1-10, their agents and employees, herein alleged were known, ratified and approved by the Defendants DOES 1-10. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants DOES 1-10, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

88.     Defendants DOES 1-10's defamatory publications were a substantial factor in causing Plaintiff harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court, as set forth below.

## FOURTH CLAIM
## LIBEL

### (Alleged Against Defendants DOES 1-10)

89.     As a third, separate and distinct claim, Plaintiff complains of Defendants DOES 1-10 and for a claim alleges:

90.     Plaintiff incorporates by reference herein each and every factual allegation contained in paragraphs 1 through 88, inclusive, as though fully set forth herein.

91.     Plaintiff is informed and believes Defendants DOES 1-10 by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused external written publications of libel, and libel per se, of and concerning Plaintiff, to third persons and to the

17

community. These false and libelous statements were express: the publication on the Indybay.org website identifying Plaintiff CHOYCE by name and by infringing copyrighted image as one being charged with a crime; as one that had embezzled from the homeless; one that had been served with criminal charges as a co-conspirator; and whose  law firm had been evicted from its offices.

92.    These and other similar false statements expressly and impliedly conveyed that Plaintiff had actually engaged in criminal conduct, had been charged with criminal conduct, had been served with criminal process, and been evicted from his law office.

93.    The libelous publication consisted of written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and libelous statements on its website (in violation of Civil Code §§ 45, 45a and 46(3)(5)) with the meaning and/or substance: that Plaintiff had been charged with a crime of moral turpitude; Plaintiff had embezzled from the homeless; Plaintiff that had been served with criminal charges as a co-conspirator; and Plaintiff's law firm had been evicted from its offices. These and similar statements published by Defendants DOES 1-10 expressly and impliedly asserted that Plaintiff was dishonest and unethical because he had been charged with a crime of moral turpitude, been served with process as a co-conspirator, had embezzled from the homeless, and had his law firm evicted from its offices.

94.    The libelous meaning of all of the above-described false and libelous statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants DOES 1-10 but unknown to Plaintiff at this time.

95.    None of Defendants' libelous publications against Plaintiff referenced above are true.

96.    The above libelous statements were understood as assertions of fact, and not as opinion.

97.    Each of these false libelous publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made

with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants DOES 1-10 to cause further damage to Plaintiff's professional and personal reputation, and to cause him to be shunned by potential clients, deny the libelous statements to existing clients and colleagues, and to expend substantial sums in regaining his on-line reputation.

98.     Each of these publications by Defendants DOES 1-10 were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants, published these statements knowing them to be false, unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants DOES 1-10 to be negligent to such a degree as to be reckless. In fact, not only did Defendants DOES 1-10 have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false.

99.     The above complained-of publications by Defendants DOES 1-10 were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment and employability. Defendants DOES 1-10 published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

100.    As a proximate result of the publication and republication of these defamatory statements by Defendants DOES 1-10 Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

101.    Defendants DOES 1-10 committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights. All actions of Defendants DOES 1-10 their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants DOES 1-10 for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

102. Defendants' libelous publications were a substantial factor in causing Plaintiff harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court, as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For an injunction prohibiting Defendants from continuing the publication of false, defamatory, and libelous content;

2. For general and special damages for in amounts according to proof and in no event in an amount less than the jurisdictional limit of this Court;

3. For punitive damages in an amount sufficient to punish Defendants and deter unlawful conduct in the future;

4. For attorney's fees as provided by law;

5. For interest as provided by law;

6. For costs of suit herein;

7. For such other and further relief as the Court deems fair and just.

**JURY DEMAND**

Plaintiff hereby demands trial by jury of all matters so triable.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   Case No. 13-cv-01842-JST

Dated: December 23, 2013                    SMITH PATTEN


                                              _/s/ Dow W. Patten_
                                            DOW W. PATTEN
                                            Attorneys for Plaintiff
                                            DIONNE CHOYCE