1  SMITH PATTEN
   SPENCER F. SMITH, ESQ. (SBN: 236587)
2  DOW W. PATTEN, ESQ., (SBN:135931)
   353 Sacramento St., Suite 1120
3  San Francisco, California 94111
   Telephone (415) 402-0084
4  Facsimile (415) 520-0104

5  Attorneys for Plaintiff
   DIONNE CHOYCE

6

7                IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 DIONNE CHOYCE , an individual,        )  Case No.:  3:13-cv-01842-JST
                                         )
11                                       )  PLAINTIFF'S OPPOSITION TO
                                         )  DEFENDANT'S MOTION FOR
12              Plaintiff,               )  ATTORNEYS' FEES
                                         )
13                                       )
         v.                              )
14                                       )
                                         )
15 SF BAY AREA INDEPENDENT MEDIA         )  Date:  JANUARY 23, 2013
   CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. )  Time:  2:30 P.M.
16 SF BAY AREA IMC; an unincorporated    )  Location: Courtroom 9, 19th Floor, 350
17 association;  LAYER42.NET, INC., a    )  Golden Gate Ave., San Francisco, CA
   California Corporation,  CERNIO       )
18 TECHNOLOGY COOPERATIVE, an            )
   unincorporated association,  and DOES 1-10, )
19                                       )
20                                       )
                                         )
21              Defendants.              )
                                         )
22 ─────────────────────────────────────)

23

24

25

26

27

28

Plaintiff, Dionne Choyce, through his counsel of record herein hereby submits the following Opposition to Defendant's Motion for Attorneys' Fees.  For the reasons set forth below, the Court should deny the Motion, and in the alternative award only those fees actually attributable to the allegations stricken from the Complaint.

## I.  LAW AND ARGUMENT

### A.  Pursuant to Controlling Authority Defendant Is Not Entitled to Fees On The Initial Complaint Because The Court Correctly Granted Plaintiff Leave to Amend.

When a Court grants Plaintiff leave to amend after granting an anti-SLAPP motion, such a ruling forecloses a fee award on Plaintiff's initial complaint. *See Martin v. Inland Empire Utilities Agency California* 198 Cal. App. 4th 611 (2011) (the trial court's granting of defendants' anti-SLAPP motion with leave to amend was the functional equivalent of a denial), *Nguyen-Lam v. Cao* (2009) 171 Cal.App.4th 858, 871-872 (an order granting motion to strike with leave to amend effectively denied motion to strike because plaintiff's evidence demonstrated a probability of prevailing under the second prong), and *Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1156 (C.D. Cal. 2010) (precluding attorney's fees award after leave to amend was granted). The Court in *Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1156 (C.D. Cal. 2010) ("*Brown*") stated in relevant part:

> EA's "success," however, was relative. True, EA had its motion to strike all of the claims "granted," but at the same time, the Court's Order negated the import of that decision by allowing Brown the chance to re-allege all of those same claims against EA, an opportunity of which he quickly availed himself. It is that practical-based consideration which lies at the core of determining whether a party "prevails" under section 425.16. On this point, Brown is indeed correct that the posture of the case changed hardly at all following the resolution of EA's first motion to strike. Nonetheless, EA seeks to tout its "technical" victory as the equivalent of a full-scale dismissal. This is precisely the proposition that the court in *Mann* rejected.

1

The Defendant in *Brown* argued that

> if, as the Ninth Circuit has suggested [in Verizon], a district court must give leave to amend when it grants a special motion to strike an initial complaint, and if, as [Brown] contends, a defendant who prevails on an anti-SLAPP motion cannot recover fees if the court gives leave to amend, then when could a . . . defendant recover fees for an initial anti-SLAPP motion? Under [Brown]'s interpretation of the statute, the answer may be "never." But this is not—and should not be—the law . . . .

The Court in *Brown* stated:

> The Ninth Circuit answered the rhetorical question posed by EA in *Verizon*. The court noted that, should a plaintiff refuse to re-assert the state law claims in its amended complaint as a result of the bringing of the initial special motion to strike, then the purposes of the state statute would still be served, thereby obviating the need to award fees otherwise available in the anti-SLAPP statute. *See Verizon*, 377 F.3d at 1091 ("[T]he purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint."). With regard to the present situation, where the plaintiff re-alleges the same state claims in its amended complaint, the Ninth Circuit likewise observed that "the anti-SLAPP remedies remain available to defendants." *Id.* EA, however, would have this Court not only award the fees and costs it incurred in successfully dismissing any state law claims contained in the amended complaint but also retroactively award it the fees and costs it incurred with respect to the earlier initial complaint. The Ninth Circuit has foreclosed this result. The Ninth Circuit made this point clear in a later decision, characterizing this portion from its Verizon decision as standing for the proposition that "a first amended complaint" remained "subject to anti-SLAPP remedies," including the provision of fees and costs . . . .

*Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1156-1157 (C.D. Cal. 2010), *citing Verizon Delaware, Inc. v. Covad Communications Co.* (9th Cir. 2004) 377 F.3d 1081, 1091 and *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009).  Later that year the Ninth Circuit in *Greensprings Baptist Christian Fellowship Trust v. Cilley*, 629 F.3d 1064, 1068-1069 (9th Cir. Cal. 2010) held that the grant of an anti-SLAPP motion with leave to amend is not made with the expectation that it will be the final word on the applicability of the statute.

## B.     Defendant is Not Entitled to Fees Because The Court Struck No Claims.

In support of its motion Defendant has cited no cases which hold that a party is entitled to an award of fees under Cal.Code. Civ. Proc. §425.16 where no claims have been dismissed from

the complaint by virtue of the Special Motion to Strike.   Plaintiff is aware of no authorities

which so hold.   Although the Court's Order indicates that Defendant obtained some benefit from

bringing the Special Motion to Strike, the Court did not strike any claims of the complaint;

rather, the Court directed its Order towards allegations of the complaint.   As a general

proposition, a prevailing party is generally not entitled to recover fees incurred in moving to

strike claims on which it was not successful. *ComputerXpress, Inc. v. Jackson*, (2001)93 Cal.

App. 4th 993, 1020.

Indeed, nothing of consequence occurred as a result of the Special Motion to Strike, as all

claims from the Complaint were properly pleaded in the First Amended Complaint.  A mandatory

fee award under the SLAPP statutes can be denied where the SLAPP motion accomplishes

nothing of practical consequence. (*Morrow v. Los Angeles Unified School Dist.*, 149 Cal.App.4th

1424, 1446 (2007); *Endres v. Moran* (2006) 135 Cal.App.4th 952, 955; *Mann v. Quality Old

Time Service, Inc.* (2006) 139 Cal.App.4th 328, 340) That is what happened in the recent case of

*Cho v. Chang* Case No. B239719 (2d Dist., Div. 4 Sept. 6, 2013) (partially published; fee

discussion not published*)*: after striking the allegations involving protected activity, cross-

complainant was still able to proceed with both of his defamation/emotional distress claims, with

cross-defendant only striking allegations protected by the litigation privilege. The lower court did

not abuse its discretion in concluding "the ruling had produced nothing of consequence." *Id.*

## C.   The "Billing Records" Submitted Do Not Permit Adequate Review of the Work Allegedly Performed.

An award of attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145

(9th Cir. 2001). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded

from a fee award, and charges that are not properly billable to a client are not properly billable to

the opposing party. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2D 40

3

(1983).  In order for Defendant to meet its burden, Defendant must submit admissible evidence that permit the Court to adequately determine whether the fees claimed are reasonable.  *Id.* 461 U.S. at 437 fn 12.   The court also may properly reduce compensation on account of any failure to maintain appropriate time records. *Id.* 461 U.S. at 438, fn. 13.   Layer42.net, Inc.'s submission does not meet this burden.

Layer42.net, Inc.'s heavily redacted[1] billing records allegedly show 67.3 attorney hours it now claims are related to its motion to dismiss and motion to strike, totaling $22,329.50 in attorney's fees. *(*Casas Decl., Exhibit "A" (Dkt#25-1)).  As set forth below, Defendant's counsel characterized less than four thousand dollars ($4,000.00) of this time in the time entries as applicable to the Special Motion to Strike.   These redacted records do not provide the evidentiary support necessary to demonstrate the reasonableness of the fee.

First, there are **no totals** on any of the "billing records".  This is indicia of unreliability, indicating that these documents do not comprise the actual invoices for services rendered. Second, there is no indication on any of the alleged billing records as to which timekeeper performed which purported service, another indicia of unreliability.  Although the Casas Declaration provides hourly rates for three separate individuals, **the records themselves do not identify any timekeepers**, leaving both Plaintiff and the Court to speculate and guess as to which timekeeper performed which service.  Third, the number and extent of the redactions do not permit the Court nor Plaintiff to determine how much time went into the preparation of other items not attributable to the Special Motion to Strike; e.g., Defendant's 12(b) motion.   This is especially crucial where Defendant mixed and block-billed time for its 12 page 12(b) motion with its 3 page Special Motion to Strike.

---

1  Only 3 of the approximately 50 redactions are made on the basis of attorney/client privilege. Because Defendant's counsel has block-redacted, the actual number of redactions spanning numerous entries and numerous days may be far in excess of the total estimate of 50.

4

By obscuring time entries by redaction and block billing, Defendant's counsel is precluding a review of contemporaneous records that are germane to any objective evaluation of the records submitted.   For example, preparing a report to the client concerning a completely redacted subject matter cannot be deemed related to any research nor drafting of the Special Motion to Strike.   Accordingly, the unidentified timekeeper's time on 09/12/13 in the amount of $413.00 must be stricken.   More striking evidence of unreliability is to be found in comparing the sworn statement of Mr. Casas as to the hours of time each attorney billed with the "billing records" submitted as Exhibit "A" to the declaration.   As detailed below, **the numbers simply do not add up.**

The only timekeeper listed in the sworn Declaration of Daniel Casas as having a billing rate of $315.00 per hour is "Sam K. Kiamanesh" who allegedly only billed at total of 20 minutes of time related to the entire Anti-SLAPP motion (Casas Decl., ¶4).   The problem for Defendant is that many more hours are billed by that timekeeper or at that rate:  Taking the first time entry, and assuming that the time entry was performed by a single person, the 08/2/13 entry for 0.9 hours was billed for a total of $283.50.    The billing rate for the unidentified timekeeper is therefore $315.00.   The next time entry 8/7/13 for 0.3 hours of "attention to motion to dismiss lawsuit based on federal statutes; draft e-mail to client regarding service of process" is charged a $94.50, which yields an hourly rate of $315.00.    Similarly, one of the time entries for 8/16/13, "Attention to e-mail from Plaintiff's counsel regarding prior take down notices; attention to notice; attention to defenses" is for 0.7 hours for a total of $220.50, which yields an hourly rate of $315.00.  Someone at Defendant's firm billing the rate of $315.00 per hour worked at least 1.9 hours, or more than six times what the sworn Declaration of Mr. Casas states.

5

These discrepancies are not mere typos, they are indications that the documents are not what they purport to be and are not credible evidence of the time expended in support of the Special Motion to Strike.   Trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not. (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1324–1325; *Bell v. Vista Unified School Dist.*, (2000) 82 Cal.App. 4th 672, 689.  *See also Ellis v. Toshiba America Information Systems, Inc.*, (2013) 218 Cal. App. 4th 853 (Cal. App. 2d Dist.) (Court decided that attorney's time records were not credible nor usable to calculate a lodestar).

Admissible evidentiary facts are required for declarations. Fed. R. Evid. 602, 701. *See generally Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966) ("The Court has discretion to disregard those facts which would not be admissible in evidence, and to rely on those facts which are competent evidence.")  The Court should disregard the Casas Declaration in its entirety and the purported "billing records" attached as Exhibit "A" thereto.

### D.    The Face of The "Billing Records" Attributes a Maximum of  $11,725.75 To The Special Motion to Strike.

Taken at face value, only half of the time requested by the present motion is even arguably related to the research, drafting, and argument of the Special Motion to Strike. Defendant claims that the entries on Exhibit "A" to the Casas Declaration are all "time  . . . that attorneys at CRS spent related to Layer42's successful special motion to strike . ." (Casas Decl. , ¶2).  The timing and descriptors used for the "billing records" demonstrate that at least half of the unredacted entries are for services completely unrelated to the Special Motion to Strike.

Prior to September 12, 2013 no mention is made in any of the "billing records" attached to the Casas Declaration of a "Special Motion to Strike" or "Anti-SLAPP".  On September 12, 2013, counsel begins its research by reviewing the anti-SLAPP motion filed in the Striesand

6

litigation and reviewing information about copyright legislation apparently transmitted by

Defendant indybay or indybay's attorneys to an unidentified timekeeper.   As such, the only

items which reference the special motion to strike or Anti-SLAPP motion are as follows:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 09/12/13 | 0.4 | $118.00; | 09/16/13 | 2.9 | $855.50 | 09/17/13 | 0.3 | $88.50 |
| 09/17/13 | 0.4 | $118.00; | 09/17/13 | 2.5 | $737.50 | 09/18/13 | 1.5 | 442.50 |
| 09/18/13 | 1.0 | $295.00; | 09/18/13 | 5.5 | $1,622.50; | 09/19/13 | 1.5 | $442.00 |
| 09/19/13 | 0.2 | $59.00; | 09/19/13 | 0.3 | $88.50 | 09/20/13 | 0.6 | $177.00 |
| 09/24/13 | 0.2 | $59.00; | 09/25/13 | 0.2 | $59.00 | 09/25/13 | 2.5 | $737.50 |
| 09/25/13 | 0.3 | $88.50; | 09/25/13 | 1.5 | $442.50 | 10/08/13 | 1.0 | $295.00 |
| 10/08/13 | 0.2 | $59.00; | 10/08/13 | 0.2 | $59.00; | 10/08/13 | 0.4 | $118.00 |
| 10/08/13 | 0.3 | $88.50; | 10/09/13 | 2.5 | $737.50; | 10/10/13 | 0.75 | $311.25 |
| 10/10/13 | 1.4 | $581.25; | 10/13/13 | 1.5 | $442.50; | 10/15/13 | 1.5 | $662.50 |
| 10/15/13 | 0.4 | $118.00; | 11/14/13 | 4.25 | $1,763.75; | 11/14/13 | 0.4 | $118.00 |

TOTAL:          $11,725.75

From Defendant's own submission, the foregoing amounts are the only amounts its

attorneys attributed to the Motions filed on September 23, 2013, which includes the Special

Motion to Strike or Anti-SLAPP motion.

**E.      Of the $11,725.75 Attributed By Defendant's Counsel to the Special Motion to Strike ("SMTS"), $8,494.00 Is Either Block-Billed or Is Clearly Mixed With Non-SMTS Work.**

Block-billing has been held to obscure "the nature of some of the work claimed," thereby

damaging counsel's credibility.  Block billing, while not objectionable *per se*, can exacerbate the

vagueness of a fee request.  *Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1324-

1325 (Cal. App. 4th Dist. 2008)  Ultimately, the burden of proving entitlement to fees rests on

the moving party. ComputerXpress, *supra*, 93 Cal.App.4th at p. 1020.  The following entries are

block-billed for more than one task.

| | | | |
|---|---|---|---|
| 09/17/13 | 0.3 | $88.50 | Declaration for both Motion to Dismiss and SMTS |
| 09/17/13 | 0.4 | $118.00 | Research for both Motion to Dismiss and SMTS. |
| 09/17/13 | 2.5 | $737.50 | Drafting of both Motion to Dismiss and SMTS |

7

| | | | |
|---|---|---|---|
| 09/18/13 | 1.5 | $442.50 | Drafting Declaration for both Motion to Dismiss and SMTS |
| 09/18/13 | 1.0 | $295.00 | Drafting Declaration for both Motion to Dismiss and SMTS |
| 09/18/13 | 5.5 | $1,622.50 | Drafting "memorandum of points and authorities" for both Motion to Dismiss and Special Motion to strike. |
| 09/19/13 | 1.5 | $442.00 | Further preparation for both Motion to Dismiss and SMTS |
| 09/19/13 | 0.2 | $59.00 | Email to client re declaration for both Motion to Dismiss and SMTS. |
| 09/19/13 | 0.3 | $88.50 | Prepare Draft Proposed Order for both Motion to Dismiss and SMTS |
| 09/20/13 | 0.6 | $177.00 | Finalize Motion for both Motion to Dismiss and SMTS |
| 09/24/13 | 0.2 | $59.00 | Review fax from opposing counsel for both Motion to Dismiss and SMTS |
| 09/25/13 | 0.3 | $88.50 | Conference with counsel for both Motion to Dismiss and SMTS |
| 10/08/13 | 1.0 | $295.00 | Review of opposition for both Motion to Dismiss and SMTS |
| 10/08/13 | 0.2 | $59.00 | Review of declaration for both Motion to Dismiss and SMTS |
| 10/08/13 | 0.2 | $59.00 | Attention to status of Copyright Office. |
| 10/09/13 | 2.5 | $737.50 | Draft reply brief for both Motion to Dismiss and SMTS |
| 10/10/13 | 1.4 | $581.25 | "Work on Draft Reply brief". |
| 10/10/13 | 1.5 | $442.50 | Further prepare reply brief for both Motion to Dismiss and SMTS |
| 10/15/13 | 1.5 | $662.50 | Finalize "Reply Brief". |
| 10/15/13 | 0.4 | $118.00 | Finalize "Reply Brief". |
| 11/14/13 | 4.25 | $1,763.75 | Attendance at Motion Hearing for both Motion to Dismiss and SMTS |
| TOTAL | | $8,494.00 | |

Defendant's Counsel's billing system or its entries, to the extent that it is discernible, has failed to

differentiate between Defendant's 12-page Motion to Dismiss (Fed. R. Civ. P. 12(b)) and the 3-

8

page Special Motion to Strike.   When Defendant's own submission makes it impossible to unravel its billing statements in sufficient detail to determine what time is allocated toward the Special Motion to Strike and what time is spent on other items in the litigation, the Court is left to speculate.

When the Special Motion to Strike comprises slightly more than three (3) pages out of a fifteen(15) page memorandum, by page count, the anti-SLAPP motion comprised roughly one-fifth (1/5) of the motion filed by the Defendant on September 23, 2013.   As the only objective metric that might possibly be associated with the the present motion for fees, applying that ratio to the mixed time set forth above ($8,494.00 x 0.20)  yields a total of $1,698.80.

| | |
|---|---|
| Time attributed by billing entries solely to SMTS: | $3,231.75 |
| Mixed/Block-Billed Time (Both Motion to Dismiss and SMTS) | $8,494.00 |
| One-Fifth of Mixed Time | $1,698.80 |
| TOTAL:  (Time attributed to SMTS  Plus One-Fifth of Mixed Time): | $4,930.55 |

The above calculation, however, is grasping at straws, as Defendant has missed the opportunity to present clear billing records that state how much time it spent on preparing and arguing its Special Motion to Strike.   Defendant's records are redacted, block-billed, padded[2] and do not match the sworn declaration of counsel.   In this instance, where the Court and Plaintiff are required to speculate as to who performed the work and how much of the work was attributable

---

2   The status of service of process has no bearing on Defendant's special motion to to strike; accordingly, the entries related to "service of process" are unreasonably included in the total (08/07/13, 08/08/13; 08/12/13; 08/13/13; 08/15/13).   Correspondence, research and so-called attention to line items concerning takedown notices has no bearing upon Defendant's Special Motion to Strike; accordingly, the entries related to "takedown notice" are unreasonably included in the total fees (8/15/13; 8/16/13; 09/09/13).   A defendant may recover fees and costs only for the motion to strike, not the entire litigation. (*S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 381; *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1383).

OPPOSITION TO MOTION FOR ATTORNEYS' FEES          Case No.:  3:13-cv-01842-JST

to the Special Motion to Strike, the Court should exercise its discretion to deny the motion *in toto.*

## II.    CONCLUSION

Controlling Ninth Circuit case law does not permit the granting of attorneys' fees where an anti-SLAPP motion does not result in the dismissal of claims.    That is the case here, where Plaintiff has filed an Amended Complaint according to the Court's Order.  As a result, very little of practical significance was gained by Defendant's motion, and fees should be denied on that basis alone.

In the alternative, should the Court determine that it can award fees here, the Court cannot reasonably determine, based upon the Declaration of Mr. Casas and the heavily redacted "Exhibit A" attached thereto, what specific attorney performed what specific service as a part of this litigation.   The "billing records" are not invoices; they contain no totals;  they are primarily redactions, are rife with block-billing, and are internally inconsistent with the sworn declaration of Mr. Casas.  Based upon these inconsistencies and resulting obscurity of the submission, the Court should deny the motion for fees.

Should the Court determine that there is some rationale basis in the submission of counsel for determining who performed what service and that its was reasonably related to the three-page Special Motion to Strike, the Court must adjust any such lodestar dramatically downward based upon the limited number of claims, the fact that no discovery has taken place,  the brevity of the complaint, and the relative lack of complexity to this litigation.

Respectfully submitted, this 30th day of December, 2013          SMITH PATTEN

*/s/  Dow W. Patten*
Dow W. Patten
Spencer Smith
Attorneys for Plaintiff
Dionne Choyce

10