Daniel L. Casas, Esq. (SBN 116528)
dcasas@legalteam.com
Anthony F. Basile, Esq. (SBN 247409)
abasile@legalteam.com
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Defendant
LAYER42.NET, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10,<br><br>Defendants. | Case No.: CV-13-01842<br><br>**REPLY IN SUPPORT OF MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING ORDER ON SPECIAL MOTION TO STRIKE**<br><br>**[Cal. Code of Civ. Proc. § 425.16]**<br>**[Local Rule 54-5]**<br><br>**Date: January 23, 2014**<br>**Time: 2:00pm**<br>**Courtroom: 9 (19th Floor)**<br><br>**Action Filed: April 23, 2013** |

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply ISO Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
1

## I. INTRODUCITON

This Court ruled that Layer42 prevailed in its special motion to strike Plaintiff's state law claims and is entitled to recover its attorney's fees. That the Court granted Plaintiff Choyce leave to amend his Complaint is no bar to Layer42's recovery, made evident by Plaintiff's repetitive First Amended Complaint. Layer42 has provided this Court with more evidence than is necessary to grant an award, and has requested a modest award consistent with the mixed claims presented in the original Complaint.

Layer42 respectfully requests that this Court grant its motion for attorney's fees.

## II. LEGAL STANDARDS AND ANALYSIS

### A. This Court Ruled Layer42 Is Entitled To An Award Of Attorney's Fees

In its December 1 Order, the Court ruled that Layer42 prevailed in its special motion to strike Plaintiff's state law claims. ECF No. 22, 18:02-05. The Court also ruled that Layer42 is entitled to recover attorney's fees and costs incurred in bringing its successful special motion to strike. Id. at 15:27-16:05. Plaintiff fails to acknowledge this simple reality.

### B. Leave To Amend Did Not Affect The Attorney's Fees Award

A motion for an award of fees must be filed and served within 14 days of the entry of judgment by the District Court. Local Rule 54-5(a). For purposes of this Rule, "judgment" includes "any order from which an appeal lies." Fed. R. Civ. P. 54(a).

"In analyzing whether an order 'conclusively determined the disputed question,' the [U.S.] Supreme Court has distinguished two types of non-final orders: those that are 'inherently tentative' and those that 'although technically amendable, are made with the expectation that they will be the final word on the subject addressed.'" Greensprings Baptist Christian Fellowship Trust v. Cilley, 629 F.3d 1064, 1068 (9th Cir. 2010), citing Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277 (1988).

The Court's December 1 Order awarding fees to Layer42 made clear that it expected the Order to be "the final word" on Plaintiff's state law claims against Layer42.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply ISO Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2

The Court noted that the only facts alleged against Layer42 in the Complaint establish Layer42's "presumptive immunity" to Plaintiff's defamation claims. ECF No. 22 at 15:14-17. Although the Court granted leave to amend under Rule 15's policy favoring liberal amendment (Id. at 17:02-13), the Court warned Plaintiff that an amended complaint would itself be subject to yet another anti-SLAPP motion. Plaintiff did not heed the warning, as will be more fully discussed in Layer42's special motion to strike the First Amended Complaint. The defamation claim against Layer42 in the First Amended Complaint is substantially <u>identical</u> to that defamation claim alleged in the original complaint, with <u>no new facts</u> alleged to overcome Layer42's "presumptive immunity." See, e.g., ECF No. 1 (Complaint) at paragraph 8 (02:21-26), cf. ECF No. 26 (First Amended Complaint) at paragraph 8 (02:21-26); ECF No. 1 at paragraphs 26-58 (07:26-12:58), cf. ECF No. 26 at paragraphs 26-58 (08:01-11:28). This is precisely the harassment the California Legislature intended to discourage in passing its anti-SLAPP statute, and the type of frivolous amended pleading this Court intended to prevent in awarding attorney's fees to Layer42.

### C. Layer42's Fee Request Is Reasonable

A motion for fees must be supported by a statement of the services performed by each person for whose fees are claimed along with a summary of the time spent by each person and the manner in which records were maintained. Local Rule 54-5(b)(2). Layer42 has gone beyond these minimal requirements by offering counsel's billing invoices in this matter. Layer42 has made no claim for fees incurred on matters unrelated to the preparation of its successful special motion to strike. Furthermore, Layer42 candidly acknowledged that the lodestar figure included all fees incurred in preparing the motion to dismiss/special motion to strike, and that the lodestar figure may be revised downward in the Court's discretion.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply ISO Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
3

Layer42 is not demanding a windfall.  It asks this Court for nothing more than what the Court has already granted: an award of reasonable fees incurred in successfully defeating Plaintiff's state law claims.

### III. CONCLUSION

Layer42.Net, Inc. respectfully requests that this Court award attorney's fees of $29,829.50, or any other amount this Court believes to be just, following Layer42's successful special motion to strike Plaintiff's claims under California's anti-SLAPP statute.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: January 6, 2014        By _____**/s/**_____
Daniel L. Casas, Esq.
Anthony F. Basile, Esq.
Attorneys for Defendant,
LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply ISO Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
4

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the following documents were served upon the persons listed on this document at the addresses indicated by CM/ECF electronic notification or by enclosing the same in an envelope with postage fully paid and by depositing said envelope in a United States Post Office depository this 6th day of January, 2014.  I declare under penalty of perjury that the foregoing is true and correct.

1. **REPLY IN SUPPORT OF MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING ORDER ON SPECIAL MOTION TO STRIKE**

*Attorneys for Plaintiff, Dionne Choyce*

Dow W. Patten, Esq.
SMITH PATTEN
355 Sacramento St., Suite 1120
San Francisco, CA 94111
dow@smithpatten.com

*Attorneys for SF Bay Area Independent Media Center*

Leila Christine Knox
Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105
leila.knox@bryancave.com

Dated: January 6, 2014

　　　　　　　　　　　　　　　　　/s/ Nicole Svoboda

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Proof of Service
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
1