Daniel L. Casas, Esq. (SBN 116528)
Anthony F. Basile, Esq. (SBN 247409)
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Defendant
LAYER42.NET, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>  Plaintiff<br><br>  v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10,<br><br>  Defendants. | Case No.: CV-13-01842<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED/SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S FIRST AMENDED COMPLAINT [FRCP 12(b)(6)]**<br>**[Cal. Code of Civ. Proc. § 425.16]**<br><br>Date: February 13, 2014<br>Time: 2:00pm<br>Courtroom: 9 (19th Floor)<br><br>Action Filed: April 23, 2013 |

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
1

**TO PLAINTIFF DIONNE CHOYCE AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on **February 13, 2014 at 2:00pm**, or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, defendant LAYER42.NET, INC. will move the Court to dismiss the action pursuant to FRCP 12(b)(6) because plaintiff's first amended complaint fails to state a claim upon which relief can be granted, and because plaintiff is barred from recovering against LAYER42.NET, INC. on his state law defamation claims pursuant to 47 USC 230.

LAYER42.NET, INC. will further move the court to dismiss the action pursuant to California Code of Civil Procedure Section 425.16 et seq.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, filed herewith, and the pleadings and papers filed in this action.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: January 6, 2014         By _____/s/_____
                               Daniel L. Casas, Esq.
                               Anthony F. Basile, Esq.
                               Attorneys for Defendant,
                               LAYER42.NET, INC.

### I.   STATEMENT OF ISSUES TO BE DECIDED

Should the Court dismiss Plaintiff's federal claim for copyright infringement in his First Amended Complaint, pursuant to FRCP Rule 12 (b)(6), because plaintiff DIONNE CHOYCE has failed to state a claim for copyright infringement?

Should the Court strike Plaintiff's state law claim for defamation against Layer42 pursuant to California Code of Civil Procedure Section 425.16, California's statute concerning strategic lawsuits against public participation (anti-SLAPP)?

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2

## II. PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff Choyce filed his Complaint on April 23, 2013.  ECF No. 1.

By order last December, the Court denied Plaintiff's motion to strike, and granted in part Layer42's motion to dismiss and its special motion to strike.  ECF No. 22.   Plaintiff filed his First Amended Complaint on December 23, 2013.  ECF No. 26.  This second motion to dismiss/special motion to strike follows.

As earlier alleged in the original Complaint, Choyce alleges on information and belief that Layer42 is a California corporation which provides Internet connectivity, housing, and infrastructure to co-Defendant SF Bay Area IMC in furtherance of the web site "indybay.org."  ECF No. 26, ¶ 8; cf. ECF No. 1, ¶ 8.  In a word-for-word recreation from his original Complaint, Choyce again accuses Layer42 of copyright infringement, and again seeks statutory damages and attorney's fees.  ECF No. 26, ¶¶ 20-25; cf. ECF No. 1, ¶¶ 20-25.

## III. LEGAL STANDARDS AND ANALYSIS

### A. Copyright Infringement Claim

#### 1. Legal Standard For Dismissal Under Rule 12 (b)(6)

Before filing a responsive pleading, a defendant may file a motion asserting certain affirmative defenses, and among them, the failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12 (b)(6).  A Rule 12(b)(6) motion challenges the legal sufficiency of the claims stated in the complaint.  Dismissal pursuant to Rule 12 (b)(6) is proper where the complaint fails to allege <u>either</u> (1) a cognizable legal theory; <u>or</u> (2) absence of sufficient facts alleged under a cognizable legal theory.  *Shroyer v New Cingular Wireless Services, Inc.*, 622 F. 3d 1035, 1041 (2010).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
3

of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (internal citations omitted). Courts are not bound to accept as true allegations that are legal conclusions couched as fact. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

A plaintiff cannot object to dismissal under Rule 12 (b)(6) by citing a lack of discovery. When a plaintiff cannot state a claim under the lenient pleading standards of Rule 8, "he is not entitled to discovery, cabined or otherwise." Ashcroft v. Iqbal, 556 U.S. at 686.

### 2. The First Amended Complaint Fails To Allege Registration For The Alleged Copyright And Seeks Statutory Damages And Attorney's Fees In Violation of This Court's Order

Plaintiff disregarded this Court's Order granting leave to amend his Complaint. The cause of action for copyright infringement in the First Amended Complaint is an exact copy of that found in the original Complaint, and accordingly includes the same defects and omissions.

"Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), **no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim** has been made in accordance with this title… ." 17 U.S.C. § 411(a) (emphasis added). Registration of a copyright is an element of an infringement claim. Cosmetic Ideas, Inc. v. IAC/Interactivecorp. 606 F. 3d 612, 615 (9th Cir. 2010), citing Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010).

Plaintiff's First Amended Complaint contains no allegation that Plaintiff applied for or registered a copyright in the digital file "choyce.jpg." This alone is a fatal defect in Plaintiff's cause of action for copyright infringement.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
4

Plaintiff's First Amended Complaint **alleges no facts** – on information and belief or otherwise - which suggest that Layer42 in any way contributed to any act of alleged copyright infringement.

This Court noted in its Order granting Layer42's first motion to dismiss that Plaintiff may not claim statutory damages and attorney's fees for infringement of a copyright commenced after first publication of the work and before the effective date of its registration. ECF No. 22, 05:12-06:01, citing 17 U.S.C. § 412. This Court ordered that, should Plaintiff amend his Complaint, "Plaintiff may not seek those remedies [statutory damages and attorney's fees] for copyright infringement in any amended complaint. ECF No. 22, 05:20-06:01. Plaintiff completely disregarded the Court's order on this issue. See ECF No. 26, ¶ 24.

The Court should dismiss Plaintiff's defective copyright infringement claim.

**B. Section 230 Of The Communications Decency Act Is A Complete Defense To Choyce's State Law Defamation Causes Of Action Against Layer42**

Section 230 of the Communications Decency Act (CDA) states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section. *Id.* at § 230(e)(3). For purposes of the statute, "interactive computer service" means "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, **including specifically a service or system that provides access to the Internet** and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230 (f)(2) (emphasis added). See also Zeran v. America Online, Inc., 129 F. 3d 327, 333-334 (4th Cir. 1997) (section 230 forbids imposition of liability on service providers with knowledge of defamatory content on their services); Carafano v. Metrosplash.com, 339 F. 3d 1119 (9th Cir. 2003) (Internet dating service immune from liability arising from third party's submission of a false online dating profile); Batzel v. Smith, 333 F. 3d 1018

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
5

(9th Cir. 2003) (immunity upheld for website operator who distributed an allegedly defamatory email to an online listserv).

The only factual allegation concerning Layer42 in the entire First Amended Complaint is Plaintiff's contention that Layer42 provides Internet connectivity, hosting, and infrastructure to co-Defendant SF Bay Area IMC in furtherance of the website "indybay.org." ECF No. 26, ¶ 8. As noted by this Court in its December Order, "That allegation [recreated word-for-word in the First Amended Complaint) does nothing to establish Layer42's liability; in fact, all it does is establish its presumptive immunity." ECF No. 22, 15:16-17.

Because Choyce cannot establish that Layer42 is a publisher or speaker of any alleged defamatory content, no liability may be imposed against Layer42 under California law for any allegedly defamatory content formerly posted on indybay.org.

This court should dismiss Choyce's second cause of action against Layer42 for defamation.

### C. This Court Should Specially Strike Plaintiff's State Law Claim Against Layer42 For Defamation[1]

#### 1. Legal Standard For California's Special Motion To Strike

When a plaintiff is granted leave to amend claims stricken under California's anti-SLAPP statute, the newly amended complaint is itself subject to yet another anti-SLAPP motion. See, e.g., <u>Gressett v. Contra Costa Cnty.</u>, No. 12-cv-3798-EMC, 2013 WL 2156278 at *35 (N.D. Cal. May 17, 2013); see also ECF No. 22, 17:08-13. Plaintiff's First Amended Complaint once again asserts a defamation claim against Layer42 in violation of California's statute against strategic lawsuits against public participation.

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution

---

[1]/ Plaintiff chose to exclude Layer42 from its state law claim for libel in the First Amended Complaint. ECF No. 26.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
6

> in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
> Cal. Code of Civ. Proc. § 425.16(b)(1).

The trial court must engage in a two-party inquiry. "First, a defendant must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech … Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." Vess v. Ciba-Geigy Corp., 317 F. 3d 1097, 1110 (9th Cir. 2010). The plaintiff's burden is "comparable to that used on a motion for judgment as a matter of law." Price v. Stossel, 620 F. 3d 992, 1000 (9th. Cir. 2010). "A defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality exists to support a judgment for the plaintiff." Id. at 1000 (citations and internal quotation marks omitted).

A prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. Cal Code of Civ. Proc. § 425.16(c)(1).

### 2. First Prong: A Matter Of Public Interest

For purposes of the special motion to strike, an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue includes "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." Cal. Code of Civ. Proc. § 425.16(e)(3).

"Defamation suits are a prime target of SLAPP motions." Scott v. Metabolife Internat., Inc., 115 Cal. App. 4th 404, 419 (2004), citing Fox Searchlight Pictures, Inc. v. Paladino, 89 Cal. App. 4th 294, 305 (2001). Defamation is among the "favored causes of action in SLAPP suits." Wilbanks v. Wolk, 121 Cal. App. 4th 883, 890 (2004); accord, Gallimore v. State Farm Fire & Casualty Ins. Co., 102 Cal. App. 4th 1388, 1400, fn. 9 (2002).

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
7

The question whether something is an issue of public interest must be construed broadly.  <u>Gilbert v. Sykes</u>, 147 Cal. App. 4th 13, 23, (2007); <u>Rivera v. First DataBank, Inc.</u>, 187 Cal. App. 4th 709, 716 (2010).  An " 'issue of public interest' " is " 'any issue in which the public is interested.' "  *Id.* at 716, quoting <u>Nygard, Inc. v. Uusi-Kerttula</u>, 159 Cal. App. 4th 1027, 1042 (2008).  "Under California law, statements warning consumers of fraudulent or deceptive business practices constitute a topic of widespread public interest, so long as they are provided in the context of information helpful to consumers."  <u>Makaeff v. Trump University, LLC</u>, 715 F. 3d 254, 262 (9th Cir. 2013).

In this case, the State of California has declared a policy to protect the public from wrongful acts of those licensed to practice law within the State:

> Protection of the public shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions.  Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount.

Cal. Bus. & Prof. Code § 6001.1.

An act of moral turpitude, regardless whether committed in the commission of professional activities, and whether the accused is ultimately convicted, is grounds in the State of California for professional discipline and disbarment:

> The commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension.
>
> If the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to disbarment or suspension from practice therefor.

Cal. Bus. & Prof. Code § 6106.

Plaintiff's cause of action for defamation against Layer42 in the First Amended Complaint incorporates by reference paragraphs 1 through 25 of that pleading, including paragraphs 16-21, which republish in their entirety the April 25, 2012 indybay.org article accusing Plaintiff of embezzlement, and the May 24, 2012 companion piece alleging that Plaintiff and his law firm had been evicted from their offices, which the landlord "did [ ] for

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
8

the 99% that Mr. Choyce has ripped off." Plaintiff's defamation claim separately refers to the embezzlement allegation and criminal charges at paragraph 36 (incorrectly numbered, page 9). Plaintiff alleges that the supposedly false statements about him were "defamatory per se in that they imputed, [sic] reference to Plaintiff's profession that have a natural tendency to lessen the profits of Plaintiff's business." ECF No. 26, ¶ 38 (incorrectly numbered, page 9).

In evaluating whether the May 24, 2012 publication involved matters of public concern, this Court earlier ruled that the gravamen of Plaintiff's state law claims arise from statements connected to a matter of public interest. ECF No. 22, 13:13-14:02. Once again, Plaintiff's defamation claim in the First Amended Complaint incorporates all of the factual statements against Plaintiff which implicate the public's interest in acts of moral turpitude committed by members of the California bar.

Plaintiff's defamation cause of action involves a matter of public concern, and this Court should again specially strike the defamation claim against Layer42.

### 3. Second Prong: Reasonable Probability Of Success Against Layer42

A defendant can defeat a plaintiff's evidentiary showing on a special motion to strike where he can establish that as a matter of law, the plaintiff cannot prevail. <u>Digerati Holdings, LLC v. Young Money Entertainment, LLC</u>, 194 Cal. App. 4th 873, 884.

It is immaterial for purposes of Choyce's claims against Layer42 whether the accusations contained in the two articles posted by Does 1-4 are truthful. CDA Section 230, discussed above, shields Layer42 from liability for Choyce's state law claims. As this Court noted, the only facts alleged against Layer42 support its presumptive immunity from Plaintiff's claims. Not only can Choyce not demonstrate a probability of success on the merits; he cannot prevail against Layer42 as a matter of law.

Layer42 respectfully requests that the Court dismiss Choyce's state law claims against Layer42, and award Layer42 attorney's fees and costs of bringing this special motion to strike.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
9

## IV.   **CONCLUSION**

By filing the First Amended Complaint with this Court, Plaintiff Dionne Choyce and his counsel have certified that the pleading is not being offered for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1).  Plaintiff's First Amended Complaint, seeking damages the Court expressly ruled Choyce is not entitled to and effectively republishing previously stricken claims, suggests otherwise.

The Court should dismiss the copyright infringement claim, and specially strike the state law defamation claim against Layer42.  Layer42 requests an award of attorney's fees pursuant to California Code of Civil Procedure Section 425.16(c).

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: January 6, 2014                    By _____/s/_____
                                                    Daniel L. Casas, Esq.
                                                    Anthony F. Basile, Esq.
                                                    Attorneys for Defendant,
                                                    LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
10