1  Roger Myers (CA State Bar No. 146164)
   roger.myers@bryancave.com
2  Leila Knox (CA State Bar No. 245999)
   leila.knox@bryancave.com
3  Katherine Harrison (CA State Bar No. 285561)
   katherine.harrison@bryancave.com
4  **BRYAN CAVE LLP**
   560 Mission Street, 25th Floor
5  San Francisco, CA  94105-2994
   Telephone:      (415) 675-3400
6  Facsimile:      (415) 675-3434

7  Attorneys for Defendant
   SF BAY AREA INDEPENDENT MEDIA CENTER

8

9              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
10                SAN FRANCISCO DIVISION

11

12 DIONNE CHOYCE,                          Case No. CV-13-1842-JST

13          Plaintiff,                     **NOTICE OF MOTIONS AND MOTIONS OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND TO SPECIALLY STRIKE PLAINTIFF'S STATE LAW CAUSES OF ACTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE 425.16 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**

14      v.

15 SF BAY AREA INDEPENDENT MEDIA
   CENTER, a.k.a. IMC, SF BAY AREA, a.k.a.
16 SF BAY AREA IMC; an unincorporated
   association; LAYER42.NET, INC., a California
17 Corporation, CERNIO TECHNOLOGY
   COOPERATIVE, an unincorporated
18 association, and DOES 1-10,

19          Defendants.

20                                         Hearing Date: February 13, 2014
                                           Time:         2 p.m.
21                                         Judge:        Hon. Jon S. Tigar
                                           Courtroom:    9
22

23                                         Documents Filed Herewith:

24                                         (1) Declaration of David Morse;
                                           (2) Request for Judicial Notice; and
25                                         (3) Proposed Order

26

27

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

## NOTICE OF MOTIONS AND MOTIONS TO DISMISS AND STRIKE

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 13, 2014, at 2 p.m., or as soon thereafter as counsel may be heard, in Courtroom 9 of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, Defendant SF Bay Area Independent Media Center ("Indybay") will and hereby does move for an order dismissing with prejudice the First Amended Complaint of Plaintiff Dionne Choyce under Federal Rule of Civil Procedure 12(b)(6) on the ground that both causes of action alleged against Indybay fail to state claims upon which relief may be granted.

PLEASE TAKE FURTHER NOTICE that Defendant Indybay also will and herby does specially move to strike Plaintiff's state law cause of action against Indybay – and for an award of attorneys' fees and costs – pursuant to Code of Civil Procedures § 425.16 on the ground that the claim arises out of Indybay's acts in furtherance of its constitutionally protected free speech on a public issue and Plaintiff has not and cannot show a probability of prevailing because the claim is barred by Section 230 of  the Communications Decency Act ("CDA"), 47 U.S.C. § 230.

These motions are based on this Notice; on the Memorandum of Points and Authorities that follows; on the Declaration of David Morse, Request for Judicial Notice and [Proposed] Order filed herewith; on the pleadings and records in this action; on such arguments as may be presented at the hearing; and on any other matters as may come before the Court prior to disposition.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Should the Court dismiss Plaintiff's copyright claim with prejudice because it fails to comply with the  Court's instructions to cure the deficiencies identified in the Court's prior Order (and also fails to allege facts showing Plaintiff owns the copyright in the photograph)?

2.      Should the Court retain jurisdiction to dismiss Plaintiff's defamation claim against Indybay because it is barred as a matter of federal law by the federal immunity in Section 230 and to protect federal constitutional rights from the chilling effect of further litigation?

3.      Should the Court strike Plaintiff's defamation claim under the anti-SLAPP statute because (a) the topic of the post at issue concerns a public issue and/or matter of public interest and (b) Plaintiff cannot show a probability of prevailing since the claim is barred by Section 230?

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

## MEMORANDUM OF POINTS AND AUTHORITIES

Although this is Indybay's first substantive pleading, it does not write on a blank slate. This Court previously granted the motions of co-defendant Layer42.net to strike Plaintiff's state law claims under California's anti-SLAPP statute and to dismiss Plaintiff's copyright claim. In allowing leave to amend, the Court told Plaintiff what he "must" allege, and refrain from alleging, in any amended complaint. Order of Dec. 2 at 18 (Dkt. 22) ("Order"). "Failure to comply with this order," the Court warned, "will result in dismissal with prejudice of the federal claim." *Id.*

Plaintiff's First Amended Complaint ("FAC") blatantly fails to comply with the Order. In his federal claim, he did ***not*** allege that "he has now applied for a copyright registration," as the Court required, ***nor*** "restrict[ed] his asserted remedies" to those available for alleged infringement predating a registration. *Id.* at 18. Indeed, Plaintiff again failed to allege one of the most basic of facts required for a copyright claim – *i.e.*, that he even owns the copyright in a photograph he apparently did not take. Plaintiff's copyright claim therefore should be dismissed with prejudice.

His state law claim against Indybay should suffer the same fate. As the FAC alleges, the content at issue was created and posted not by Indybay but by third parties (the Doe Defendants), and thus Plaintiff's claim is barred as a matter of law under Section 230 of the CDA, which provides website hosts like Indybay a federal immunity from state law liability based on content posted by third parties. 47 U.S.C. § 230; Order at 14-15. Plaintiff's defamation claim is also again subject to an anti-SLAPP motion because the general topic of the post concerned alleged "unethical" conduct by an attorney, FAC, ¶ 30 – a clear matter of public interest, Order at 12; *Doe v. Gangland Prods.*, 730 F.3d 946, 955-56 (9th Cir. 2013) (reversing district court ruling that anti-SLAPP statute did not apply where "general topic" of report concerned matter of public interest even if specific reference to plaintiff did not) – and because a post about an eviction is a writing in connection with a judicial proceeding under Code of Civil Procedure § 425.16(e)(2). Accordingly, to prevent "the mere pendency of the action [from] chill[ing] the exercise of First Amendment rights," the defamation claim should be dismissed and stricken. *Barger v. Playboy Enters.*, 564 F. Supp. 1151, 1154 (N.D. Cal. 1983) (quoting *Franchise Realty Interstate Corp. v. San Francisco Local Jt. Exec. Bd. of Culinary Workers*, 542 F.2d 1076, 1082-83 (9th Cir. 1976)).

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant SF Bay Area Independent Media Center, also known as Indybay, is a collective, or unincorporated association, of individuals who operate indybay.org, an "open publishing" website where members of the public may post news and items of interest from around the Bay Area and the world.  Decl. of D. Morse, ¶ 3.[1]  Most of the content on the site is posted by users, and while the collective can edit the posts it rarely does.  *Id.*, ¶¶ 3, 8.  The collective may delete posts upon notice of a problem, but lacks resources to investigate disputes of fact.  *Id.*, ¶ 8.

In March 2013, Indybay received a notice from co-defendant Layer42.net that Plaintiff had submitted a demand under the Digital Millennium Copyright Act to remove a photograph of Plaintiff from two news items posted to Indybay nearly a year earlier, on April 25 and May 24, 2012. *Id.*, ¶ 11.  Indybay removed the photo.  *Id.*

Nevertheless, Plaintiff filed suit in April 2013.  But Indybay was not aware of any attempt to serve it until Plaintiff filed a proof of service in November (Dkt. 18).[2]  Although not properly served, Indybay agreed to respond to the complaint (Dkt. 23).  That same day, the Court granted Layer42's motion to strike Plaintiff's state law claims and to dismiss his federal claim (Dkt. 22).

On Decembers 23, Plaintiff filed his First Amended Complaint (Dkt. 26).  As Plaintiff alleges, both the April 25 and May 24 items about Plaintiff were posted by third-party users.  FAC, ¶¶ 16-21; Morse Decl., ¶ 9.   Members of Indybay's collective did not participate in creating or posting the items, and did not edit them for content or even grammar.  Morse Decl., ¶¶ 9-10.

Plaintiff's FAC contains a copyright claim that repeats verbatim the copyright claim the Court dismissed.  It also alleges three state law claims, only one of which – the second cause of action – is against Indybay.[3]  That claim alleges the May 24 post defamed Plaintiff by accusing him of being "dishonest and unethical because he had been evicted from his office."  FAC, ¶ 30.

---

[1] On a motion to strike, courts consider affidavits as well as pleadings.  *Doe*, 730 F.3d at 953.

[2] Even before Plaintiff served Indybay, the two posts had been removed from Indybay's website. Morse Decl., ¶ 12.  That removal resulted from threats by Layer42 that it would disconnect Indybay's servers – causing the entire website to go dark – unless Indybay removed the posts.  *Id.*

[3] The other two claims are against the Doe Defendants who posted the April 25 and May 24 items.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

**I.**

**PLAINTIFF'S FAC SHOWS THAT BOTH OF HIS CLAIMS
AGAINST INDYBAY ARE BARRED AS A MATTER OF FEDERAL LAW
AND THEREFORE BOTH CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). As the Court's prior ruling explained, defendants could not be liable for copyright infringement as the claim was alleged, yet Plaintiff did not correct the fatal flaw identified by the Court nor allege facts required to show standing to sue. *See Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005) (en banc). On the facts alleged in the state law claim, the only reasonable inference is that Indybay could not be liable as a matter of federal law under 47 U.S.C. § 230. To protect federal constitutional rights – which Section 230 was enacted to safeguard – from "the potential chilling effect of a baseless defamation suit," Plaintiff's defamation claim should also be dismissed. *Barger*, 564 F. Supp. at 1156 (following *Franchise Realty*, 542 F.2d at 1083).

**A.     Plaintiff's Failure To Comply With The Court's Order Requires Dismissal Of His
Copyright Claim, As Does His Failure To Allege He Owns A Copyright In The Work**

Beyond infringement, there are two prerequisites to a copyright claim, one procedural and one substantive. Procedurally, the plaintiff must have at least applied to register a copyright in the work. Order at 5 (citing 17 U.S.C. § 411(a) and *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010)). Substantively, "[t]o be entitled to sue for copyright infringement, the plaintiff must be the legal or beneficial owner of an exclusive right under a copyright." *Silvers*, 402 F.3d at 884 (citing 17 U.S.C. § 501(b)); *see Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1165 (C.D. Cal. 2002) ("To prove copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of a protectable expression by the defendant.") (following *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987)).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

In his original complaint, Plaintiff did not allege that he had even applied for a registration. The Court therefore held that the "complaint must be dismissed," Order at 5, and Plaintiff could amend *only* "if he alleges that he has now applied for a copyright." *Id.* at 18. Moreover, because a registration at this point would come too late to qualify for statutory damages or attorney's fees, *id.* at 5 (citing 17 U.S.C. § 412 and *Cosmetic Ideas*, 606 F.3d at 619), the Court also ordered that Plaintiff "must" in any amended complaint refrain from seeking those remedies. *Id.* at 18.

Disregarding these instructions, Plaintiff's amended complaint does *not* allege he has applied for a copyright registration and does *not* "restrict his asserted remedies to those … available for infringement alleged to have occurred before … registration." *Id.* Rather, the FAC continues to claim "Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) … and attorney's fees and costs pursuant to … § 505." FAC, ¶ 24. Plaintiff's "[f]ailure to comply" with the Court's instructions should "result in dismissal with prejudice" of this claim. Order at 18.

That result is also required by Plaintiff's failure to allege any facts showing he owns a copyright in the photograph. Even where a plaintiff applies for a registration, if he has "no ownership interest" – *i.e.*, does not own one of the exclusive rights granted by 17 U.S.C. § 106 – he has "no standing to sue." *Silvers*, 402 F.3d at 890. The exclusive rights in a photograph are owned by the photographer unless it was a work made for hire. *Aalmuhammed v. Lee*, 202 F.3d 1227, 1232-33 (9th Cir. 2000) ("the photographer [is] the author") (citing *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61 (1884)); 17 U.S.C. § 201(a)-(b) ("Copyright in a work protected under this title vests initially in the author or authors of the work ....  In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title.").  Plaintiff does not allege he took the "graphic image of [himself] … used … on his law firm's website," FAC, ¶¶ 17, nor that it was a work made for hire.

While an exclusive right may be assigned to the plaintiff – which would allow the plaintiff to sue for infringement of that right committed after the assignment, *Silvers*, 402 F.3d at 885 – Plaintiff here does not allege any such assignment.  Consequently, his FAC should be dismissed for this additional reason, as well.  *See id.* at 883, 890 (reversing district court decision denying motion to dismiss copyright claim where the alleged assignment was legally invalid).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

**B.      Plaintiff's Own Allegation That Third Parties Created And Posted The Content To Indybay's Website Requires Dismissal Of His Defamation Claim Under Section 230**

After dismissing Plaintiff's original copyright claim, the Court declined to address his state law claims because, "'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine … point toward declining to exercise jurisdiction over the remaining state-law claims.'"  Order at 7 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  However, "this statement does not establish a mandatory rule to be applied inflexibly in all cases," *Carnegie-Mellon*, 484 U.S. at 350 n.7, and Plaintiff's lone state law claim against Indybay is an exception because the factors identified by the Supreme Court – "judicial economy, convenience, fairness and comity," *id.* – all support retaining jurisdiction to dismiss Plaintiff's defamation claim since it is barred as a matter of *federal law* and "First Amendment interests are seriously implicated." *Lewis v. Time, Inc.*, 83 F.R.D. 455, 461 (E.D. Cal. 1979) (denying motion to remand defamation claim despite attempted joinder of non-diverse defendants), *dismissal on merits aff'd*, 710 F.2d 549 (9th Cir. 1983).

As the Court observed in its prior ruling, "[d]ismissal" under Ruler 12(b)(6) is "proper where the complaint alleges facts that demonstrate that the [claim] is barred as a matter of law."  Order at 4 (citing, e.g., *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In this case, Plaintiff's FAC alleges the May 24 post was "posted and/or created" by "Defendants DOES 3 and 4" to a website "managed" by Indybay.  FAC, ¶¶ 19-21, 28, 31.  Plaintiff's own FAC thus alleges the two prerequisites for a defendant to be shielded from liability by Section 230 of the CDA:  (1) that Indybay is a "provider or user of an interactive computer service" protected by Section 230; *see, e.g.,* Order at 15 (noting "the many cases in which courts held that a website host was shielded from liability by Section 230") (citing, e.g., *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1125 (9th Cir. 2003)); and (2) that the May 24 post that forms the basis of Plaintiff's claim was "'provided by another content provider.'"  *Id.* at 14 (quoting 47 U.S.C. § 230(c)(1)).[4]

---

[4]  The conclusory allegation that Indybay "sponsors" indybay.org, FAC, ¶ 7, cannot mean Indybay endorses content in light of the website's disclaimer: "Opinions are those of the contributors and are not necessarily endorsed by the SF Bay Area IMC."  Req. for Jud. Not., Exh. A; Morse Decl., ¶ 3.  Even if it did endorse, that does not mean Indybay "'creat[ed]' or 'develop[ed]'" the content, as required to lose Section 230 immunity.  *Batzel v. Smith*, 333 F.3d 1018, 1031 (9th Cir. 2003).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1   Consequently, unlike the typical pendant state law claims that remain after dismissal of the

2   federal claim, judicial economy, comity and convenience all favor ruling on the motion to dismiss

3   Plaintiff's defamation claim.  The parties have already briefed and the Court has already addressed

4   Section 230 in the context of the facts alleged, while a state court would require new briefing,

5   research and a hearing on these issues.  And ruling on this motion turns not on any issue of state

6   law best left to the state courts to address, but rather on application of a federal statutory immunity

7   in Section 230 that the California Supreme Court has recognized presents a "'federal question'" on

8   which state courts should follow federal courts' "'numerous and consistent'" interpretations of the

9   statute.  *Barrett v. Rosenthal*, 40 Cal. 4th 33, 58 (2006) (citation omitted).

10   As for the fairness factor identified in *Carnegie-Mellon*, it also strongly supports retaining

11   jurisdiction to dismiss the defamation claim.  Section 230 was enacted to prevent defamation

12   litigation from chilling First Amendment rights on the Internet.  *See id.* at 56-57 (citing, e.g.,

13   *Carafano*, 339 F.3d at 1123-24).  As the Ninth Circuit has recognized, the "expense" and "threat

14   of harassing litigation" poses a "danger that the mere pendency of the action will chill the exercise

15   of First Amendment rights." *Franchise Realty*, 542 F.2d at 1083.  That is certainly true of

16   defamation claims.  *Barrett*, 40 Cal. 4th at 57 ("Any investigation of a potentially defamatory

17   Internet posting is thus a daunting and expensive challenge.  For that reason, we have observed

18   that even when a defamation claim is 'clearly nonmeritorious,' the threat of liability 'ultimately

19   chills the free exercise of expression.'") (quoting *Baker v. Los Angeles Herald Examiner*, 42 Cal.

20   3d 254, 268 (1986)); *see Barger*, 564 F. Supp. at 1156.  Unlike other state law claims that do not

21   implicate federal constitutional rights, First Amendment concerns dictate that, in defamation

22   claims, "the early termination of [the] lawsuit is highly desirable."  *Baker*, 42 Cal. 3d at 269

23   (quotation omitted); *see Franchise Realty*, 542 F.2d at 1083-84; *Barger*, 564 F. Supp. at 1154-56.

24   As federal courts have "a duty to … protect rights arising under the Federal Constitution," and the

25   "Supreme Court has required [courts] to apply 'sensitive tools' in resolving First Amendment

26   questions," *Lewis*, 83 F.R.D. at 462 & n.6 (quoting *Speiser v. Randall*, 357 U.S. 513, 525 (1958)),

27   it would be unfair to Indybay – and the First Amendment rights at stake – if the Court did not

28   retain jurisdiction and dismiss the claim, especially since it is barred as a matter of federal law.

## II.

**AS THE COURT RECOGNIZED, THE ANTI-SLAPP STATUTE IS AN APPROPRIATE VEHICLE FOR EARLY DISPOSAL OF MERITLESS LAWSUITS LIKE THIS ONE, AND PLAINTIFF CANNOT MEET HIS BURDEN OF PROVING A PROBABILITY OF PREVAILING FOR THE REASON IDENTIFIED IN THE COURT'S PRIOR ORDER**

As the Court recognized in granting Layer42's special motion to strike the state law claims in the initial complaint, California's anti-SLAPP statute is an appropriate mechanism for disposing of claims like those in this case. *Kearney v. Foley & Lardner, LLP*, 582 F.3d 896, 907 (9th Cir. 2009) ("The anti-SLAPP statute establishes a procedure to expose and dismiss meritless and harassing claims that seek to chill the exercise of petitioning or free speech rights in connection with a public issue."). Just as the Court struck Plaintiff's libel and defamation claims against Layer42 because, as an internet service provider, it was immune under Section 230 from claims based on content posted by third parties, Order at 14-15, it should strike Plaintiff's defamation claim against Indybay based on content posted by third parties on its website. *See, e.g., Gavra v. Google Inc.*, 2013 U.S. Dist. LEXIS 100127, *4 (N.D. Cal. July 17, 2013) ("[t]he CDA 'provide[s] a robust immunity for internet service providers and websites'") (quoting *Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1196 (N.D. Cal. 2009) (quoting *Carafano*, 339 F.3d at 1123). As explained below, Plaintiff cannot avoid this result by limiting his claim to the May 24 post.

**A.    The Statute Protects A Post On A Topic Of Public Interest Or A Judicial Proceeding**

To be protected by the anti-SLAPP statute, Indybay need only show Plaintiff's defamation claim arose out of activity that falls into one of the categories in § 425.16(e)(1)-(4). Order at 10 n.4. The Court found Plaintiff's initial defamation claim was covered by subsection (e)(3) because it arose out of the April 25 and May 24 postings to a website in connection with an issue of public interest about alleged attorney misconduct. *Id.* at 11-12 & 16 n.7; *see Barrett*, 40 Cal. 4th at 41 nn. 3-4 (hosting "[w]eb sites accessible to the public" is protected activity under the anti-SLAPP statute); *see generally Reno v. ACLU*, 521 U.S. 844 (1997). Limiting the claim to the May 24 post cannot change that result because it falls within (e)(2) as a writing in connection with an issue under review by a judicial body – *i.e.*, an eviction – as well as (e)(3) and (e)(4) as constitutionally protected speech activity "in connection with a public issue or an issue of public interest."

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1    Taking the latter first, the Ninth Circuit has instructed that courts "***must*** construe 'public

2    issue or issue of public interest' in section 425.16(e)(4) broadly in light of the statute's stated

3    purpose to encourage participation in matters of public importance or consequence." *Hilton v.*

4    *Hallmark Cards*, 599 F.3d 894, 906 (9th Cir. 2010) (emphasis added). Thus only the "broad" or

5    "general topic" of the May 24 post need concern a matter of public interest. *Doe*, 730 F.3d at 955-

6    56 (reversing district court's ruling to the contrary) (quotation omitted). Although the headline of

7    the May 24 post mentions the eviction of Plaintiff's law firm, the broad topic of the post continues

8    to be Plaintiff's alleged unethical conduct, as the Court noted, Order at 13-14 & n.6, and Plaintiff

9    alleges. FAC, ¶ 30 ("These false statements … expressly state Plaintiff CHOYCE was ***dishonest***

10   ***and unethical*** because he had been evicted from his office ….") (emphasis added). Given the

11   "'widespread general recognition … that the conduct of the bar is a matter of general public

12   interest and concern,'" *Lathrop v. Donohue*, 367 U.S. 820, 832 (1961) (citation omitted), the May

13   24 post clearly concerned a matter of public interest. Order at 12 (noting the "level of public

14   interest in the conduct of an attorney" is "appropriately higher" than many other professions).[5]

15   Even if the statement about the eviction could be considered alone, however, it falls within

16   subsection (e)(2) because evictions in California can only be achieved through legal proceedings

17   outlined in Code of Civil Procedure §§ 1161-1179; *Childs v. Eltinge*, 29 Cal. App. 3d 843, 853

18   (1973) ("unlawful detainer statutes" are "in lieu of … common law rights and remedies"). Since

19   unlawful detainer proceedings fall within the scope of subsection (e)(1), *Drawsand v. F.F. Props.*,

20   866 F. Supp. 2d 1110, 1128 (N.D. Cal. 2011), a news item about an eviction is within (e)(2) and

21   Indybay "need not separately demonstrate the statement also concerns an issue of public

22   significance." *Clark v. Mazgani*, 170 Cal. App. 4th 1281, 1286 (2009); *see Lafayette Morehouse,*

23   *Inc. v. Chronicle Pub. Co.*, 37 Cal. App. 4th 855, 863 (1995) (article about official proceedings is

24   a "writing[s] made in connection with an issue under consideration or review" in the proceedings).

---

26   [5] *See also, e.g., Chaker v. Mateo*, 209 Cal. App. 4th 1138, 1146 (2012) (having "little difficulty" finding "statements posted to [a web site] about [plaintiff's] character and business practices"

27   were "of public interest"); *Integrated Healthcare Holdings, Inc. v. Fitzgibbons*, 140 Cal. App. 4th 515, 519, 523 (2006) (reversing ruling that anti-SLAPP statute did not apply to "e-mail message

28   … questioning the financial condition of plaintiff").

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

**B.**   **Plaintiff Has No Probability Of Prevailing Because Indybay Is Immune Under § 230**

As the Court recognized in its earlier Order, immunity under Section 230 is quite robust, shielding from liability "interactive website[s]" that provide online forums on which third-party users may post content.  Order at 15; *see, e.g., Carafano*, 339 F.3d at 1123 ("[Section] 230(c) provides broad immunity for publishing content provided primarily by third parties").

Indybay's website is just such a forum, and the only role Indybay played with respect to the post at issue was to provide the online space through which the author could share it.  Morse Decl., ¶ 3.  Indybay  had no involvement in the creation or development of the May 24 post and, as is typical with respect to third-party content posted on its website, did not edit it.  *Id.*, ¶¶ 8- 9.  All Indybay does, after items are posted, is decide whether they should be reclassified as local or global news.  *Id.*,  ¶¶ 7, 10.  Since "a third party willingly provide[s] the essential published content," Indybay "receives full immunity regardless of the … selection process." *Carafano*, 339 F.3d at 1124.  As the Court recognized in granting Layer42's motion to strike, where, as here, a defendant is immune under Section 230, Plaintiff cannot carry his burden under the anti-SLAPP statute of showing a probability of prevailing and his claim must be stricken.  Order at 14-15.

## CONCLUSION

For the foregoing reasons, Defendant Indybay respectfully requests the Court grant its motion to dismiss both claims against it, grant its special motion to strike the state law claim against it and award it attorneys' fees and costs under Code of Civil Procedure § 425.16(c).[6]

Dated: January 9, 2014                        Respectfully submitted,

                                              **BRYAN CAVE LLP**


                                              By:  _____/s/_____
                                                        Leila Knox


                                              Attorneys for Defendant
                                              SF BAY AREA INDEPENDENT MEDIA CENTER

---

[6]  Granting the motion to dismiss does not moot the motion to strike because of the availability of attorneys' fees and other protections under the anti-SLAPP statute.  *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999); *Robinson v. Alameda County*, 875 F. Supp. 2d 1029, 1050 (N.D. Cal. 2012).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994