SMITH PATTEN
SPENCER SMITH, ESQ. (SBN:236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for
DIONNE CHOYCE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE, an individual<br><br>    Plaintiff,<br><br>  vs.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a Califonia Corporation. CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,<br><br><br>    Defendants. | CASE NO. 3:13-cv-01842-JST<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42.NET, INC.'S MOTION TO DISMISS/SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  February 13, 2014<br>Time:  2:00 p.m.<br>Location: Courtroom 9, 19th Floor, 350 Golden Gate Ave., San Francisco, CA |

1  Plaintiff, DIONNE CHOYCE, through his counsel of record herein, hereby Opposes

2  Defendant Layer42.Net, Inc.'s ("Layer 42") Motion to Dismiss. For the reasons set forth below,

3  the Court should grant Plaintiff leave to amend to cure the deficiencies alleged in the First

4  Amended Complaint and should deny Defendant Layer 42's Special Motion to Strike (Anti-

5  SLAPP).

6  **I.     INTRODUCTION**

7  Plaintiff Dionne Choyce has been an attorney since 2001.  In approximately May of

8  2012, Plaintiff, became aware of defamatory statements about him on the web site  "indbay.org."

9  Specifically, the author of the defamatory statements falsely alleged that Plaintiff "may serve

10  prison time for embezzling from the homeless",  and the "Choyce Law Firm was being evicted

11  from its offices for non-payment."   Posted alongside with the defamatory statements was a

12  picture of Plaintiff which was misappropriated from Plaintiff's Law Firm website.  Over the next

13  several months Plaintiff attempted to have the false statements removed from the web site.

14  Specifically, in August and September 2012, Plaintiff used a traceroute application to

15  verify the Internet Protocol address between Plaintiff's computer and the indybay.org domain and

16  identified that Layer 42 as the agent for service related to the "indybay.org" domain. (*see* Dkt

17  #10-1, ¶ 2.) After reviewing the list of agents for DMCA notices, Plaintiff discovered that Layer

18  42 was the only entity with a registered agent related to "indybay.org" for service of takedown

19  notices under the Digital Millennium Copyright Act ("DMCA").  (*see* Dkt # 10-1,  ¶ 3.)   On

20  September 20, 2012, October 2, 2012, and February 22, 2013, Plaintiff sent Digital Millennium

21  Copyright Act ("DMCA") takedown notices to Layer 42. (*see* Dkt # 10-1,  ¶ 4-5.) On February

22  23, 2013, Plaintiff also sent a Notice of Infringing Material to the CEO of Cernio Technology

23  Cooperative.

24  Plaintiff received no response from any of these notices prior to filing the lawsuit with

25  respect to all the named Defendants.  (*see* Dkt # 10-1,  ¶¶ 6-7.)  On April 23, 2013, Plaintiff filed

26  his Complaint in the Northern District of California, alleging three causes of action against all

27  Defendants for; (1) copyright infringement; (2) defamation; and (3) libel. (Dkt # 1.)   Thereafter,

28

1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS          3:13-cv-01842-JST

1    Layer42 took undisclosed steps, consistent with its contracts, agreements, and understandings

2    with the other Defendants, and removed portions of the words and images.

3           On September 23, 2013, Defendant Layer 42 filed a Motion To Dismiss For Failure to

4    State a Claim Upon Which Relief may be Granted/Special Motion to Strike (Anti-SLAPP). (Dkt

5    # 9.) On October 23, 2013, U.S. Copyright Office registered Plaintiff's copyright for the work

6    entitled "Dionne Choyce Portrait." (Dkt # 17.)

7           On December 2, 2013, the Court issued an order granting Plaintiff leave to amend the

8    operative complaint with respect to Plaintiff's claims for Copyright Infringement and Defamation

9    claims against Defendant Layer 42. (Dkt # 22.) Specifically, the Court ruled that the defamation

10   and libel claims based upon the statements related to embezzlement and prosecution for

11   embezzlement were a matter of public concern and should be stricken from the complaint. (*Id*. at

12   18:3-5.) The Court also ruled that "[t]he allegation that the Plaintiff's law firm was being evicted

13   from its office space does not appear to relate to a matter of public interest, and Layer42.net

14   provides no argument why it does."   Therefore, the Court ruled that to the extent that Plaintiff

15   bases his defamation and libel claims on the statement that Plaintiff's firm was evicted for

16   nonpayment of rent, those statements are not vulnerable to an anti-SLAPP motion. (*Id*. at 813:8-

17   12.)

18          The Court  granted Plaintiff leave to file an amended complaint re-asserting his copyright

19   claim, to allege that he applied for a copyright. *(Id*. at 18:6-9.)  The Court ordered Plaintiff to file

20   a First Amended Complaint within twenty-one days of its Order. (*Id*.)

21          On December 16, 2013, Defendant Layer 42 filed a Motion for Attorney Fees following

22   the Court's Order on Special Motion to Strike, requesting $29,829.50 in fees. (Dkt # 25.)

23   Plaintiff's opposition to this motion was due on December 30, 2013 during the holidays and

24   seven days after Plaintiff was to file his First Amended Complaint. (Dkt # 25.) Plaintiff amended

25   his complaint focusing exclusively on the portion of the complaint relating to anti-SLAPP

26   rulings. Plaintiff inadvertently failed to amend the facts regarding the copyright portion of

27   Plaintiff's complaint.  On January 6, 2014, Defendant Layer 42 filed a second Motion to Dismiss

28   and a Motion to Strike (Anti-SLAPP) Plaintiff's First Amended Complaint. (Dkt #29.)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS                    3:13-cv-01842-JST

## II.     LAW AND ARGUMENT

"In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines whether a complaint "contain[s] sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). In applying this plausibility standard, the pleading must be construed in the light most favorable to the party opposing the motion, resolving all doubts in the pleader's favor. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S. Ct. 1848 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

### A.     Plaintiff's Harmless Error In Failing To Amend Facts Relating To Plaintiff's Copyright Claim Should Not Result in Dismissal

#### 1.     Plaintiff's Disclosure of Copyright to the Court

Plaintiff disclosed to the Court and to Defendant that he applied for and obtained a Copyright, yet Plaintiff inadvertently did not put the specifics of his efforts to obtain a copyright in the First Amended Complaint.

Plaintiff's copyright claim arises from conduct which occurred in the spring of 2012. As detailed in the First Amended Complaint as part of the offering and advertising of legal services through his website, Plaintiff  places original images and graphics on the website, including original images and likenesses of Plaintiff including digital files named "choyce.jpg." (Dkt # 26, ¶ 15.) In April and May 2012, a graphic image of Plaintiff used by Plaintiff on his law firm's website, entitled "dionne_choyce.jpg", a.k.a. the Copyrighted work  was portrayed on the website entitled "indybag.org." (Dkt # 26, ¶ ¶ 17;20.)  Accordingly, without the permission or consent of Plaintiff, Defendants have used the Copyrighted Work, and distribute the Copyrighted Work to the public, and/or to made the Copyrighted Work available for distribution to others. (Dkt # 26, ¶ 22.)

As detailed in Plaintiff's Opposition to Defendant Layer 42's first motion to dismiss, Plaintiff was unable, at that time, to further pursue registration of his copyrighted work due to the Federal Government shutdown commencing on October 1, 2013 and the attendant closing of the

3

United States Office of Copyright. (Dkt # 10, p. 4.) However, as detailed in the Supplemental Declaration of Dow W. Patten filed on November 7, 2013, Plaintiff disclosed to the Court and to Defendants that the U.S. Copyright Office registered Plaintiff's copyright on October 23, 2013 for the work entitled "Dionne Choyce Portrait." (Dkt # 17.) Furthermore, Plaintiff disclosed that the portrait was the same image referred to in the Complaint as "dionne.choyce.jpg" and is the same images referenced in Plaintiff's multiple DMCA takedown notices issued prior to this litigation. (Dkt # 17.) Accordingly, Defendant Layer 42 was and is aware of the date of the registration of Plaintiff's copyright and the content of the copyright.

### 2. Plaintiff's Proposed Second Amended Complaint Demonstrates That Amendment of The Copyright Claim Would Not Be Futile.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings "only with the opposing party's written consent or the court's leave" and that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2). This rule should be applied with "extreme liberality" in favor of allowing amendments in the early stages of a case. *See Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). A court should consider four factors in determining whether to grant leave to amend: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991). Delay alone is not sufficient grounds for denying leave to amend. *Id.* The consideration of prejudice to the opposing party is the most important factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the "touchstone of the inquiry under Rule 15(a)"). Absent prejudice, or a strong showing of any of the remaining factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* "'Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion' to deny leave to amend." *Pend Oreille*, 926 F.2d at 1511-1512 (citing *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973)).

Plaintiff seeks leave to amend to file a Second Amended Complaint to properly allege the date of Plaintiff's copyright registration as well as to remove claims for statutory damages and

attorney's fees for infringement of a copyright commenced after first publication of the work and before the effective date of its registration. Specifically, as described above, Plaintiff obtained confirmation of the registration of his copyright in the work entitled "Dionne Choyce Portrait" and this portrait is the same image as the image referred to in the First Amended Complaint on October 23, 2013. Plaintiff disclosed this registration information to the Court and Defendants on November 7, 2013. (Dkt # 17.) These factual allegations are alleged in paragraph 24 of the proposed Second Amended Complaint. (Attached hereto as  Exh "A".)

Moreover, Plaintiff can allege facts to establish Layer 42's liability for Plaintiff's second claim for defamation. In Plaintiff's original opposition to Defendant Layer 42, Plaintiff alleged that Section 230 of the CDA immunity does not apply when the service provider itself is responsible for creating and developing content. (citing *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009)).  The Court's December 2, 2013 order noted that the only factual allegations in the Plaintiff's complaint that related specifically to Layer42 is the allegation that it provides internet hosting, connectivity, and infrastructure and this did not establish Layer42's liability rather it established presumptive immunity. In Defendant Layer 42's motion for attorney's fees, Defendant Layer 42 attached its billing records which evidences communications regarding the removal of articles and settlement through dismissal of the case.(*see* Dkt # 25-1.) Specifically, on September 9, 2013, Defendant Layer 42, had internal communications regarding "take down of offending content  and dismissal demand of Choyce" and then transmitted correspondence to Plaintiff's counsel regarding the same. (Dkt # 25-1, p. 16.)  These facts support and  demonstrate the degree to which Layer 42 controls the creation of the content on the indybay.org domain and further evidence that Layer 42 has, and had, the ability to control and monitor the development of content on the indybay.org domain. These factual allegations are alleged in paragraphs 36-38 of the proposed Second Amended Complaint. (Attached hereto as Exh "A".)

///

///

5

### 3. Controlling Ninth Circuit Authority Supports The Copyright Claim Being Decided On The Merits.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citation and internal quotation marks omitted). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)(citation and internal quotation marks omitted).

For the reasons set forth below, these factors weigh in favor of Plaintiff being granted leave to amend his Complaint.

#### i. *Expeditious resolution of litigation and the Court's need to manage its docket*

The public's interest in expeditious resolution of litigation and the court's need to manage its docket, relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending."*Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). While it is true that these factors have weighed in favor of dismissal in other matters, *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002)("The public's interest in expeditious resolution of litigation always favors dismissal . . . [and] [i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . ."), this non-compliance,as detailed above it was not done in bad faith.

This matter was filed on April 23, 2013, (Dkt # 1), thereafter the Defendant Layer 42 filed a motion to dismiss on September 23, 2013. (Dkt # 9.) The hearing on this motion was conducted on November 14, 2013, (Dkt # 19), and the Court issued its order on December 2, 2013. (Dkt # 22.) Accordingly, this was the first such order issued by the Court and Plaintiff did not fail to timely file his First Amended Complaint in the proscribed time set by the Court's

order. There has not been routine non-compliance in this matter; rather, this is the first instance of any such conduct and was due to inadvertent oversight and not intentional. Accordingly, these factors should weigh in favor of non-dismissal of Plaintiff's claims.

### ii.      *Prejudice to Defendants*

The third factor, the risk of prejudice to the defendant, relates to "the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991 (9th Cir. 1999). In the instant action, Plaintiff's failure to comply with the Court's order regarding amending Plaintiff's facts with respect to Plaintiff's copyright infringement and defamation liability, was not done in bad faith or with intention. Rather, Plaintiff's failure to comply with the Court's order was the result of oversight. Plaintiff's First Amended Complaint was timely filed on the date set by the Court and this is the first instance of any deficiencies in adhering to the Court's order. Additionally, attached hereto as Exhibit "A" is Plaintiff's proposed Second Amended Complaint curing these deficiencies thereby reducing any further delay.   Therefore, this factor should weigh in favor of non-dismissal of Plaintiff's claims.

### iii.      *Public Policy Favoring Disposition of Cases on their Merits*

The fourth factor concerns the public policy favoring disposition of cases on their merits, which "strongly counsels against dismissal." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). This matter should be decided on the merits of the case not on inadvertent oversights. As evidenced by the proposed Second Amended Complaint, Plaintiff can cure the deficiencies detailed in the Court's December 2, 2013 order regarding the Copyright. Therefore, this factor weighs in favor of not dismissing Plaintiff's defamation and copyright claims and should go forward to be decided on the merits of the case.

### iv.      *Less Drastic Alternatives*

Finally, the fifth factor pertains to the availability of less drastic alternatives. "These less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  As evidenced by the proposed Second Amended Complaint, Plaintiff can cure the deficiencies detailed in the Court's December 2, 2013 order. Therefore, this factor

7

weighs in favor of not dismissing Plaintiff's copyright and defamation claims as there is the availability of less drastic alternatives.

**B.    Plaintiff's Defamation Claim Against Defendant Layer 42 Is Not Vulnerable To An Anti-SLAPP Motion**

A SLAPP suit is one in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitutions. California's anti-SLAPP statute was "enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l., Inc. v. Wornick*, 264 F.3d 832 , 839 (9th Cir.2001) ; *see also United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970 (9th Cir. 1999) (legislature passed anti-SLAPP statute "in response  to [its] concern about civil actions aimed at private citizens to deter or punish them for exercising their political or legal rights")

A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry. First, a defendant "must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1128 (N.D. Cal. 1999) Second, once the defendant has made a prima facie showing, "the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Globetrotter Software*, 63 F. Supp. 2d at 1129. If "the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim," the motion to strike must be denied. Cal Civ. Proc. Code § 425.16(b)(1).

**1.    Defendant Fails to Make An Initial *Prima Facie* Showing That Plaintiff's Second Claim for Defamation Arises From An Act In Furtherance Of Layer 42's Rights of Petition or Free Speech**

In the Court's December 2, 2013 order, it noted that "[t]he allegation that the Plaintiff's law firm was being evicted from its office space does not appear to relate to a matter of public interest . . . [t]herefore, to the extent that Plaintiff base his defamation and libel claims on the statement that Plaintiff's firm was evicted for nonpayment of rent, those statements are not vulnerable to an anti-SLAPP motion. (Dkt # 22, p. 13:8-12.) Accordingly, Plaintiff amended his

complaint to allege two causes of action for defamation, the Second Claim against all named Defendants and the Third Claim against unnamed Doe Defendants. (Dkt # 26.)

In the Second Claim, defamation alleged against, *inter alia*, Defendant Layer 42, Plaintiff states that "Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, did negligently, recklessly, and intentionally cause publications of defamation of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements include express and implied statement: 'The Choyce Law Firm evicted from building'." (Dkt # 26, ¶ 28.) The First Amended Complaint further alleges that "these and other similar false statements expressly and impliedly stated that Plaintiff's law firm had been evicted from its offices and that these false statements expressly state that Plaintiff was dishonest and unethical because he had been evicted from his office, all of which are demonstrably false and easily and readily verifiably false. (Dkt # 26, ¶¶29-30.) The references to protected activity should not subject this claim to the anti-SLAPP statute. *See Martinez v. Metabolife Internat., Inc.*, 113 Cal. App. 4th 181, 188 (Cal. App. 4th Dist. 2003). ("When the allegations referring to arguably protected activity are only incidental to a claim based essentially on nonprotected activity, collateral allusions to protected activity should not subject the claim to the anti-SLAPP statute.") In *Metabolife*, the court noted that the Defendant's commercial speech which was protected activity, although mentioned in the complaint, was largely unrelated to and entirely distinct from the wrongful, injury-causing conduct by the defendant on which the plaintiffs' claims were premised. *Id.* Similarly, here, it is clear that the defamation claim against Defendant Layer 42 is based upon the statement that Plaintiff's firm was evicted for nonpayment of rent, a separate and distinct statement from those regarding any embezzlement allegations.

The Third Claim alleged against Does 1-10, and not Layer 42, are based upon false defamatory statements regarding embezzlement, prison time, criminal charges and eviction. (*see* Dkt # 26, ¶¶ 60-67.) Therefore, it is clear that the gravamen or thrust of Plaintiff's Second Claim against Defendant Layer 42 is based upon the false statement regarding 'The Choyce Law Firm evicted from building' a separate and distinct claim from the embezzlement, prison time and criminal records alleged in the third claim against Does 1-10. (Dkt # 26, ¶ 28.) The Court noted

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS                3:13-cv-01842-JST

in the December 2, 2013 order that a defamation claim based upon the non-payment of rent resulting in eviction was not vulnerable to an anti-SLAPP suit.  (*see* Dkt # 22, p. 13:8-12.) Accordingly, Defendant Layer 42 has failed to make an initial prima facie showing Plaintiff's claim for defamation against Layer 42 arises from an act in furtherance of the Defendant's rights of petition or free speech and the Court should deny Layer 42's special Motion to Strike.

## III.    CONCLUSION

Based on the foregoing, Plaintiff requests the Court grant Plaintiff leave to file a Second Amended Complaint to fully cure the deficiencies identified by the Court in its December 2, 2013 order and deny Defendant Layer 42's special Motion to Strike (Anti-SLAPP) Plaintiff's First Amended Complaint.

Dated: January 21, 2014                          Respectfully Submitted,
                                                 SMITH PATTEN


                                                   */s/  Dow W. Patten*
                                                 Dow W. Patten, Esq.
                                                 Spencer F. Smith, Esq.
                                                 Attorneys for Plaintiff Choyce

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS                    3:13-cv-01842-JST