1  SMITH PATTEN
   SPENCER SMITH, ESQ. (SBN:236587)
2  DOW W. PATTEN, ESQ. (SBN: 135931)
   353 Sacramento St., Suite 1120
3  San Francisco, California 94111
   Telephone (415) 402-0084
4  Facsimile (415) 520-0104

5  Attorneys for
   DIONNE CHOYCE

6

7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
   DIONNE CHOYCE, an individual        )   CASE NO. 3:13-cv-01842-JST
10                                     )
                                       )
11                                     )   **PLAINTIFF'S OPPOSITION TO**
         Plaintiff,                    )   **DEFENDANT SF BAY AREA**
12                                     )   **INDEPENDENT MEDIA CENTER**
                                       )   **MOTION TO DISMISS PLAINTIFF'S**
13       vs.                           )   **FIRST AMENDED COMPLAINT**
                                       )   **PURSUANT TO FEDERAL RULE OF**
14                                     )   **CIVIL PROCEDURE 12(B)(6) AND TO**
                                       )   **SPECIALLY STRIKE PLAINTIFF'S**
15 SF BAY AREA INDEPENDENT MEDIA       )   **STATE LAW CAUSES OF ACTION**
   CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. ) **PURSUANT TO CALIFORNIA CODE OF**
16 SF BAY AREA IMC; an unincorporated  )   **CIVIL PROCEDURE 425.16 AND**
   association; LAYER42.NET, INC., a   )   **MEMORANDUM OF POINTS AND**
17 California Corporation. CERNIO      )   **AUTHORITIES IN SUPPORT OF SAME**
   TECHNOLOGY COOPERATIVE, an          )
18 unincorporated association, and DOES 1-10, )
                                       )   Date:      February 13, 2014
19                                     )   Time:      2:00 p.m.
                                       )   Location:  Courtroom 9, 19th Floor, 350
20       Defendants.                   )              Golden Gate Ave., San Francisco,
                                       )              CA
21                                     )
                                       )
22 _____     )

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS   Case No. 13-cv-01842-JST

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. RELEVANT PROCEDURAL BACKGROUND ................................................................3

III. LAW AND ARGUMENT ..................................................................................................4

    A. Standard For Dismissal Under Rule 12(B)(6) .........................................................4

    B. Plaintiff's Copyright Claim is Sufficiently Plead, and an Amendment Would Not Be Futile ..................................................................................................5

    C. Defendant Indybay Fails To Qualify For Immunity Under Section 230 Of The Communications Decency Act ...........................................................................6

    D. California's Anti-SLAPP Statute Does Not Apply To Plaintiff's Second Claim Alleged Against Defendant Indybay .............................................................8

IV. CONCLUSION .................................................................................................................11

i

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS     3:13-cv-01842-JST

# TABLE OF AUTHORITIES

*Aalmuhammed v. Lee*,
202 F.3d 1227 (9th Cir. 2000)..................................................................................................5

*Aeroplate Corp. v. Arch Ins. Co.*,
2006 U.S. Dist. LEXIS 82180, 2006 WL 3257487, at *5 (E.D. Cal. Nov. 8, 2006)..................11

*Aik Cheong Neo v. Marina Bros., Inc.*,
2009 U.S. Dist. LEXIS 69475 (N.D. Cal. 2009).......................................................................6

*Ashcroft v. Iqbal*,
129 S.Ct. 1949 (2009)..............................................................................................................4

*Barrett v. Rosenthal*,
40 Cal. 4Th 33  (Cal. 2006).....................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................................4

*Broam v. Bogan*,
320 F.3d 1023 (9th Cir. 2003).................................................................................................4

*Burrow-Giles Lithographic Co. v. Sarony*,
111 U.S. 53 (1884)...................................................................................................................5

*Clark v. Mazgani*,
170 Cal. App. 4th 1281 Cal. Rptr. 3D 24 (2009)...................................................................10

*Del Monte Dunes at Monterey, Ltd. v. City of Monterey*,
920 F.2d 1496 (9th Cir. 1990).................................................................................................4

*Doe v. Gangland Prods.*,
730 F.3d 946 (9th Cir. 2013)...................................................................................................9

*Fair Housing Council of San Fernando Valley v. Roommates.com,
LLC*, 521 F.3d 1157 (9th Cir. 2008).......................................................................................6

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 L. Ed. 2D 358 (1991).........................................................................................5

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
63 F. Supp. 2d 1127 (N.D. Cal. 1999).....................................................................................8

*Hospital Bldg. Co. v. Rex Hospital Trustees*,
425 U.S. 738 (1976).................................................................................................................4

*Jenkins v. McKeithen*,
395 U.S. 411 (1969)..................................................................................................4

*Jones v. Neven*,
399 Fed. Appx. 203 (9th Cir. 2010)..........................................................................4

*Lafayette Morehouse, Inc. v. Chronicle Pub. Co*,
37 Cal. App. 4Th 855 (1995)..................................................................................10

*Lanthrop v. Donohue*,
367 U.S. 820 (1961)..................................................................................................9

*Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*,
634 F.2d 1188, 1193 (9th Cir. 1980).......................................................................4

*Rogers v. Home Shopping Network, Inc.*,
57 F. Supp. 2d 973 (C.D. Cal. 1999).......................................................................1

*Santa Monica Rent Control Bd. v. Pearl Street,
LLC* (2003) 109 Cal.App.4th.................................................................................10

*Silvers v. Sony Pictures Entm't, Inc.*,
402 F.3d 881 (9th Cir. 2005)...................................................................................5

**FEDERAL STATUTES**

F.R.C.P. 12(b)(6)................................................................................................1,4,11

F.R.C.P. 15(a................................................................................................................6

F.R.C.P. 56(D).............................................................................................................4

Fed. R. Evid. 602.....................................................................................................1,2

Fed. R. Evid. 401, 402.............................................................................................1,2

Fed. R. Evid. 801, 802................................................................................................3

Fed. R. Evid. 1001, 1002........................................................................................1,2

U.S.C § 510(b).............................................................................................................5

17 U.S.C. § 410(c).......................................................................................................6

47 U.S.C. § 230(c)(1)..............................................................................................6,7

**STATE STATUTES**

Code of Civil Procedure §§ 1161-1179.................................................................10

Code Civ. Proc., § 425.16...................................................................................10,11

1  Plaintiff, DIONNE CHOYCE, ("Plaintiff Choyce" or "Plaintiff") through his counsel of record herein, hereby Opposes Defendant SF Bay Area Independent Media Center's ("Defendant Indybay" or "Indybay") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Special Motion to Strike. For the reasons set forth below, the Court should grant Plaintiff leave to amend to cure the deficiencies alleged in the First Amended Complaint and should deny Defendant Indybay's Special Motion to Strike (Anti-SLAPP).

## I. INTRODUCTION

Plaintiff Choyce has been a successful attorney in the state of California since 2001. (Dkt # 26, First Amended Complaint ("FAC"), ¶ 12.) In approximately May of 2012, he became aware of defamatory statements about him on the web site "indbay.org" when a potential client inquired about false information on the indybay.org website. (Dkt # 11, Choyce Decl., ¶ 3.) In order to respond to the defamation and misappropriation of his image, Plaintiff Choyce used the means at his disposal to investigate and have the defamatory content taken down. Specifically, using the email address for the "site administrator" of indybay.org Plaintiff requested that the false information be removed from the website. (*Id*.) Plaintiff Choyce never received a response from Indybay to his request. (*Id.*) After engaging attorneys to issue takedown demands to no avail, and a lawsuit, the information was eventually removed by Defendant Layer 42.

Defendant Indybay is a self-described "collective" which in addition to publishing, edits posts on its website. (Dkt # 31, Def. Indybay Motion to Dismiss ("MTD"), p. 3:5-7.)   Exercising that control of this nature over content on the indybay.org domain, Indybay eventually removed Plaintiff's copyrighted portrait located on at least two separate pages after Plaintiff engaged counsel and filed suit. (*Id.* at 11.) Defendant Indybay further admits that it was told by Cernio Technology Cooperative that co-defendant Layer 42 had received a Digital Millennium Copyright Act take-down demand from Plaintiff. (Morse Decl., ¶11.)[1]

---

[1] Plaintiff objects to the Declaration of David Morse ("Morse") in its entirety as it lacks foundation (Fed. R. Evid. 602) and Personal Knowledge (Fed. R. Evid. 401, 402) as ¶ 1 fails to allege his role in the "collective", how the declarant came to know the facts set forth in the declaration, if he has any authority to speak on behalf of the "collective" and it is vague and ambiguous as to being a "member of a collective."
Morse ¶ 2: Best Evidence Rule (Fed. R. Evid. 1001, 1002) to the extent that the statements attempt to testify as to the content of the contract which is took over from Cernio Technology

However, absent from Indybay's moving papers, is any agreement between itself and the other named Defendants, how it exercises the control of its editorial cooperative-within-a-cooperative, any user agreement or any alleged "Publish to Indybay" form for the posts at issue which would identify the DOE Defendants in this matter.

Faced with this intentional obscurity and lack of attribution, the FAC, and proposed Second Amended Complaint all allege that the named Defendants along with DOE Defendants 1-10, conduct business by conspiring to shield each other from any liability by obfuscating the

---

Cooperative.

Morse ¶ 3: Vague and ambiguous, lacks foundation, (Fed. R. Evid.602) and lacks personal knowledge (Fed. R. Evid. 401, 402) as to the statement "most of the content on the Indybay website is contributed by third-party users."

Morse ¶ 6: Lacks foundation (Fed. R. Evid. 602), lacks personal knowledge (Fed. R. Evid. 401, 402) and is an improper self-serving statement as to "Indybay does not solicit or encourage any particular type of content." Best Evidence Rule (Fed. R. Evid. 1001, 1002) to the extent that the statements attempt to testify as to the content of a user agreement and/or policies and procedures for users.

Morse ¶ 7: Vague and ambiguous, lacks foundation, (Fed. R. Evid.602) and lacks personal knowledge (Fed. R. Evid. 401, 402) as to the phrase "editorial collective" as there is nothing to ascertain what distinguishes this collective from the previously mentioned collectives in paragraphs 2 and 5. Best Evidence Rule (Fed. R. Evid. 1001, 1002) to the extent that the statements attempt to testify as to the content of its policies and procedures and or guidelines for the "editorial collective."

Morse ¶ 8: Vague and ambiguous, lacks foundation, (Fed. R. Evid.602) and lacks personal knowledge (Fed. R. Evid. 401, 402) as to the phrases "collective" and "lacks resources to investigate disputes of fact." Best Evidence Rule (Fed. R. Evid. 1001, 1002) to the extent that the statements attempt to testify as to the content of its policies and procedures and or guidelines for the "collective."

Morse ¶ 9: Vague and ambiguous, lacks foundation, (Fed. R. Evid.602) and lacks personal knowledge (Fed. R. Evid. 401, 402) as to the entire paragraph. Best Evidence Rule (Fed. R. Evid. 1001, 1002) to the extent that the statements attempt to testify as to who authored the posts without providing the "Publish to Indybay" form, if any, connected to these posts.

Morse ¶ 10: Vague and ambiguous, lacks foundation, (Fed. R. Evid.602) and lacks personal knowledge (Fed. R. Evid. 401, 402) as to the statement that "none of the members of the editorial collective made any changes" to the April and May 2012 posts. Morse fails to identify how he ascertained this information. Best Evidence Rule (Fed. R. Evid. 1001, 1002) to the extent that the statements attempt to testify as to who authored the posts without providing the "Publish to Indybay" form, if any, connected to these posts.

Morse ¶ 11: Inadmissible Hearsay (Fed. R. Evid. 801, 802); lacks foundation, (Fed. R. Evid.602) and lacks personal knowledge (Fed. R. Evid. 401, 402) as to the statement "Indybay was told by Cernio Technology Cooperative that co-defendant Layer42 had received a Digital Millennium Copyright Act take-down demand from Plaintiff." Lacks Foundation (Fed. R. Evid 602) as to the the statement "Indybay promptly removed the photo from both posts."

2

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS                          3:13-cv-01842-JST

relationship between the Defendants and the identities of the persons infringing copyright and engaging in defamation. Accordingly, Plaintiff has alleged plausible claims for relief, Defendant cannot establish §230 immunity from suit, and the motion must be denied.

## II. RELEVANT PROCEDURAL BACKGROUND

Plaintiff brought the instant action against Defendants, Indybay, Layer 42, Cernio Technology Cooperative ("Cernio") and Does 1-10, on April 23, 2013. (Dkt # 1.) On October 23, 2013, U.S. Copyright Office registered Plaintiff's copyright for the work entitled "Dionne Choyce Portrait." (Dkt # 17.) On October 31, 2013, Plaintiff's process server hand served Defendant Indybay at the address listed in the "Donate" form on the indybay.org website. (Patten Decl., ¶ 2.) The Complaint was also mailed through a third party processes server on November 5, 2013. (Patten Decl., ¶ 2.)

On December 2, 2013, the Court issued an order granting Plaintiff leave to amend the operative complaint with respect to Plaintiff's claims for Copyright Infringement and Defamation against Defendant Layer 42. (Dkt # 22.) Defendant Indybay's counsel, after reviewing the Court's December 2, 2013 order, informed Plaintiff that if Plaintiff moved forward with the suit against Indybay, then Indybay, like Layer 42, would file an anti-SLAPP suit. (Patten Decl., ¶ 3.) Plaintiff's counsel responded by informing Indybay that Plaintiff was more than willing to meet and confer with Indybay regarding its defenses and that Plaintiff did not wish to pursue any claims against any party who was not responsible for defaming Plaintiff. (*Id.*) Plaintiff's counsel informed Defendant Indybay's counsel that if it had information that would suggest that Indybay was not a collective, that the authors of the defamatory articles are not part of the collective, and who at Indybay reviewed Plaintiff's numerous requests to have the posts taken down then Plaintiff would review the information and meet and confer concerning the narrowing of issues and the identification of Doe Defendants in this matter. (*Id.*)

---

Morse ¶ 12: Inadmissible Hearsay (Fed. R. Evid. 801, 802) as to the statement regarding threats by Layer42 further there is no time specified by the Morse declaration in connection to these statements.

3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS         3:13-cv-01842-JST

Plaintiff received no response to this last letter, instead, after Plaintiff agreed not to oppose Defendant Indybay's request for an extension of time to answer, on January 9, 2014, Indybay filed its motion to dismiss and special motion to strike.

### III. LAW AND ARGUMENT

#### A. Standard for Dismissal Under Rule 12(b)(6).

"In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines whether a complaint "contain[s] sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). In applying this plausibility standard, the pleading must be construed in the light most favorable to the party opposing the motion, resolving all doubts in the pleader's favor. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S. Ct. 1848 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)

If matters outside the pleadings are submitted and considered by the court, the motion to dismiss under Rule 12(b)(6) is treated as one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b); *Del Monte Dunes at Monterey, Ltd. v. City of Monterey,* 920 F.2d 1496, 1507-08 (9th Cir. 1990).

Defendant Indybay submitted, in conjunction with its 12(b)(6) motion to dismiss, the declaration of David Morse, which goes well beyond the four corners of the complaint, and a Request for Judicial Notice which attaches a nine page document for consideration by the Court. If the Court considers these matters, which are outside of the pleadings, the motion is converted to a Motion for Summary Judgment and determination on the pleadings must be stayed until Plaintiff has had the opportunity to conduct discovery necessary to oppose summary judgment pursuant to Federal Rule of Civil Procedure 56(d). *see Jones v. Neven*, 399 Fed. Appx. 203, 204-205 (9th Cir. 2010); *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980) ("Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment.")

B. **Plaintiff's Copyright Claim is Sufficiently Plead, and an Amendment Would Not Be Futile.**

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Defendant IndyBay alleges that Plaintiff failed to properly plead that he is the owner of a valid copyright.  This argument is baseless based on even a cursory review of the Complaint, FAC and proposed SAC.

Defendant IndyBay alleges that Plaintiff's complaint contains insufficient allegations to support standing to sue under the Copyright Act, citing *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005)  *Silvers* is readily distinguishable from the instant action as it involved an accrued assignment. In *Silvers*, the court was faced with whether an assignee who held an accrued claim for copyright infringement could institute an action for infringement. *Id*. The assignee wrote a script for a made for television movie and the assignor assigned her all right, title, and interest in any claims against the company with respect to the screenplay. *Id*. The court in *Silvers* held that "the bare assignment of an accrued cause of action is impermissible under 17 U.S.C § 510(b). *Id*. At 890. In contrast to *Silver,* Plaintiff's complaint alleges absolute ownership.

IndyBay's citations to  *Aalmuhammed v. Lee*, 202 F.3d 1227, 1232-33 (9th Cir. 2000) and *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61 (1884) are also unavailing.  Neither case stands for the proposition that "work for hire" is the *sine qua non* of Rule 8 pleading for the purpose of a copyright infringement claim.  In the alternative, if the Court determines that the claim requires such detailed provenance to meet the plausibility standards set forth in *Iqbal*, leave to amend should be granted to so state.

Furthermore, the present motion is Defendant Indybay's first responsive pleading in this matter therefore,  an amendment to allege any additional factual allegations in this matter would not prejudice any defendant. As detailed in the Supplemental Declaration of Dow W. Patten, filed on November 7, 2011, on October 23, 2013 the United States Copyright Office issued Plaintiff a copyright registration for the work entitled "Dionne Choyce Portrait" being the same image referenced to as "dionne_choyce.jpg" (*see* Dkt # 37-1, Exh. "A".)  Copyright registration is

prima facie evidence of ownership. 17 U.S.C. § 410(c); *Aik Cheong Neo v. Marina Bros., Inc.*, 2009 U.S. Dist. LEXIS 69475 (N.D. Cal. 2009). Accordingly, Plaintiff respectfully requests that the Court, pursuant to Federal Rule of Civil Procedure 15(a) to grant Plaintiff Choyce leave to amend to cure any alleged deficiencies in the First Amended Complaint, with respect to Plaintiff's copyright claim against Defendant Indybay.

### C. Defendant Indybay Fails To Qualify For Immunity Under Section 230 Of The Communications Decency Act

As an initial matter, the Court's December 2, 2013 Order addressed Layer 42's arguments concerning immunity. Accordingly, Indybay must establish that it is shielded from liability under Section 230 of the Communications Decency Act ("CDA") for the defamation alleged in the First Amended Complaint.

Section 230(c)(1) of the Communications Decency Act ("CDA") provides that "[n]o provider or user of an interactive computer service shall be treated as a publisher or speaker of any information provided by another content provider." 47 U.S.C. § 230(c)(1). A website is liable for the unlawful content of online material only if the website contributes "materially . . . to its alleged unlawfulness." *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1167 (9th Cir. 2008) (en banc). For purposes of the present motion, Plaintiff's complaint, as set forth below, sets forth sufficient facts to demonstrate that Defendant Indybay— as a separate Defendant or as acting through one or more of its "collective members" sued as DOES—is much more than a passive infrastructure provider.

As alleged in the First Amended Complaint, "Plaintiff is informed and believes Defendants, and each of them, by the herein described acts, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements include [the] express and implied statement: "The Choyce Law Firm evicted from building." (Dkt # 26, ¶ 28.), and "Plaintiff is informed and believes Defendants DOES 1-10, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. . . ." (*Id.,* ¶60).

1       These allegations of conspiracy and concerted action flow directly from Defendant Indybay's chosen business form and methodology. The Morse Declaration, although improper, confirms that Indybay continues to obscure its membership, its rules, its editorial board, its editorial policies, its agreements, and essentially everything about it; thereby leaving persons damaged by defamatory content on indybay.org with only one option: hire attorneys and bring a lawsuit.

      As pointed out by Indybay, Plaintiff alleges in the FAC that the May 24 post was "posted and/or created" by Defendants DOES 3 and 4" to a website "managed" by Indybay. (Dkt # 26, FAC ¶¶ 19-21, 31.) Moreover, Plaintiff has alleged that Defendant Indybay "sponsors and operates" the website wherein the challenged statements appeared. (Dkt # 26, FAC ¶ 7.) As stated in the concurring opinion in *Barrett v. Rosenthal*, there is no §230 immunity if the "user" is in a conspiracy with the "information content provider" providing the information. *Barrett v. Rosenthal*, 40 Cal. 4th 33, 63 (Cal. 2006). The First Amended Complaint's allegations of conspiracy and concert of action as to the DOE members of the "collective" and as to Defendant Indybay as the "collective", are based upon the facts, information, and belief available to Plaintiff at the time of the filing.

      Indybay, for its part, has pointed to nothing in the allegations of the First Amended Complaint that qualifies it as the type of passive infrastructure provider which routinely obtain §230 immunity. Similarly, the Declaration of the alleged "collective" member Mr. Morse (to which Plaintiff specifically objects) provides even more support for a finding that no Section 230 immunity can attach to a "collective" that operates in near total obscurity.

      As detailed above, prior to filing the First Amended Complaint, Plaintiff sought the removal of the defamatory content by Defendant Indybay, by identifying the individuals who posted and/or created the content alleged in the above referenced paragraphs. Defendant Indybay refused to provide any such information to assist Plaintiff in removing the defamatory statements. Defendant Indybay, alleges in its moving papers that most, but not all content contained on the indybay.org website is provided by third party users thereby evidencing that Indybay is more than an internet service provider. (Dkt # 31, p. 3:5-6.)

The assertion contained in Indybay's moving papers that it can identify its members and/or users by name and e-mail address begs the question of why it did not do so when Plaintiff attempted to informally resolve the issue, nor at any time since.  Apparently, Indybay can readily identify the DOE defendants, but has chosen not to do so in order to shield itself, its members, its collective-within-a-collective editorial body, or other Defendants[2].

### D. California's Anti-SLAPP Statute Does Not Apply To Plaintiff's Second Claim Alleged Against Defendant Indybay.

The Complaint, First Amended Complaint and Proposed Second Amended Complaint all allege that Plaintiff was defamed on two grounds:  (1) allegations of criminal wrongdoing; i.e., embezzlement, and (2) allegations that Plaintiff's law firm was evicted from its long-time office. The Court's December 2, 2013 Order made clear that the first ground, criminal wrongdoing, is a matter of public concern for purposes of Anti-SLAPP analysis.  The Court noted that no showing of public concern had been made related to the eviction allegation (Dkt #22).

A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry. First, a defendant "must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1128 (N.D. Cal. 1999) Second, once the defendant has made a prima facie showing, "the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Globetrotter Software*, 63 F. Supp. 2d at 1129.

Defendant Indybay alleges that Plaintiff's defamation claim, as alleged in the First Amended Complaint, is vulnerable to an anti-SLAPP motion because it falls within subsection (e)(2) as a writing in connection with an issue under review by a judicial body as well as (e)(3) and (e)(4) as constitutionally protected speech activity "in connection with a public issue or an issue of public interest." (Dkt # 31, MTD p. 8:25-28.)   This argument is unpersuasive and insufficient to invoke the draconian remedies of the Anti-SLAPP statute.

---

2  Should the Court rule that §230 immunity applies, Plaintiff specifically requests the Court grant Plaintiff leave to amend to file its proposed Second Amended Complaint to incorporate these newly discovered facts.

1    As alleged in the First Amended Complaint, Plaintiff's second claim for defamation
2 against Defendant Layer 42, Defendant Indybay, Defendant Cernio and Does 1-10, is based upon
3 the false and defamatory statement, "The Choyce Law Firm evicted from building." (Dkt # 26,
4 FAC ¶ 28.) This is the title of May 24 posting. Indybay claims that Plaintiff is alleging that all
5 the content in the May 24, 2012 post relates to Plaintiff's claim for defamation against Indybay
6 and therefore the broad topic of the May 24 post continues to be Plaintiff's alleged unethical
7 conduct. (Dkt # 31, p. 9:6-9.) This flies in the face of the text of the actual posting which focuses
8 on an alleged (and patently false) non-payment of rent.

9    Furthermore, Defendant cites to *Doe v. Gangland Prods.*, 730 F.3d 946, 955-56 (9th Cir.
10 2013) to support its position that Plaintiff's second claim for defamation is subject to an anti-
11 SLAPP motion. (Dkt # 31, p. 2:18-21; p. 9:4-5.) In *Doe*, the court was faced with a television
12 broadcast regarding gang violence and murder. The district court initially determined that the
13 defendant had to show that including the plaintiff's identity in the television program was 'in
14 connection with a public issue or an issue of public interest.' *Doe*, 730 F.3d at 955. The Ninth
15 Circuit reversed, holding that defendants' acts in furtherance of their right of free speech were in
16 connection with issues of public interest of gang violence and murder. *Id*. at 957.

17    *Doe* is distinguishable from the facts presented here: the "Evicted" title of the May 24
18 post is the gravamen and thrust of Plaintiff's second cause of action alleged against, *inter alia*,
19 Indybay. (Dkt # 26, FAC ¶ 28.) This is further evidenced by Plaintiff's third claim which alleges
20 defamation only against Doe Defendants 1-10, for the statements regarding content concerning
21 embezzlement from the homeless, the filing of criminal charges, and prison time. Accordingly,
22 there are separate and distinct claims for defamation based upon subject matter.[3]

23    Defendant further alleges that if the statement about eviction could be considered alone, it
24 would fall within subsection (e)(2) because evictions in California can only be achieved through

---

3  Defendant cites to *Lanthrop v. Donohue*, 367 U.S. 820, 832 (1961), to support its position that this false defamatory statement regarding Plaintiff being evicted is a matter of public concern. *Lanthrop v. Donohue*, dealt with a matter of integration of the bar in Wisconsin and related mandatory payment and the statement concerning public interest was in reference to the court's examination of the existing procedures governing admission, discipline of lawyers and the prevention of the unauthorized practice of the law. *Id*.

legal proceedings outlined in Code of Civil Procedure §§ 1161-1179 for an unlawful detainer action. Self-help evictions occur every day in California, whether or not they are permitted under the law. The May 24 posting which is the subject of the First Claim does not reference any unlawful detainer action or proceedings. The Court should reject outright this attempt conjure a public interest component to the "Eviction" posting.

      Defendant's citation to *Lafayette Morehouse* is completely inapposite, as *Lafayette* involved a pending legislative matter. (*Lafayette Morehouse, supra*, 37 Cal. App. 4th at p. 863.) The court found the challenged statements fell within section 425.16, subdivision (e)(2) because they concerned a matter ***that was pending before a legislative body***. (emphasis added) (37 Cal. App. 4th at pp. 862-863.) No such matter was pending before a legislative body in the instant action.

      Defendant's citation to *Clark v. Mazgani*, 170 Cal. App. 4th 1281, 1286, 89 Cal. Rptr. 3D 24 (2009) is similarly off-base. . In *Clark,* a tenant sued the landlord for fraud and unlawful eviction, and failure to pay relocation expenses. *Id.* The landlord responded with a special motion to strike Code Civ. Proc., § 425.16 arguing the tenant's complaint arose from the landlord's acts or statements in furtherance of her constitutional rights. *Id*. The court in *Clark* noted that the plaintiff's complaint was not premised on the defendant's protected activities of initiating or prosecuting the unlawful detainer action, but on the plaintiff's removal of the apartment from the rental market and fraudulent eviction of plaintiff for the purpose of installing a family member who never moved in. *Id*. at 1286. The court in *Clark* noted that "[t]erminating a tenancy or removing a property from the rental market are not activities taken in furtherance of the constitutional rights of petition or free speech." *Id*. at 1286-87; quoting (*Marlin, supra*, 154 Cal.App.4th at p. 161; see *Santa Monica Rent Control Bd. v. Pearl Street, LLC* (2003) 109 Cal.App.4th 1308, 1318. The court in *Clark* found that the defendant could not sustain an anti-SLAPP motion on these grounds as the conduct alleged in the complaint was not based on protected activities of initiating or prosecuting the unlawful detainer action. *Id*. at 1290.

      Similarly here, the false and defamatory statement, made with respect to the second claim for defamation, makes no reference to any official proceeding. In fact, no such legal/judicial

1 proceeding ever occurred. (Dkt # 11, Choyce Decl., ¶ 8-10.) Additionally, the Court noted that with respect to Layer 42, any defamation claim based upon statements of Plaintiff's firm being evicted for nonpayment of rent are not vulnerable to an anti-SLAPP motion. (Dkt # 22, p. 13:10-12.) Accordingly, Indybay cannot establish that the false and defamatory statement alleged in the second cause of action is in connection with an issue of public interest nor that it is a writing in connection with an issue under review by a judicial body and the Court should deny Indybay's special motion to strike.

Furthermore, as the Court has previously noted, the the anti-SLAPP motion must be read in light of the Federal Rules of Civil Procedure. "Where, as here, the process of discovery is not begun or is incomplete, the rule . . . is . . . : (1) If the motion pursuant to section 425.16 challenges the legal sufficiency of the complaint, and does not require the consideration of facts that are produced through the discovery process, then the issue is decided under the standards applicable to a motion to dismiss pursuant to Rule 12(b)(6) . . . [and] (2) If the motion challenges the factual basis of the plaintiff's case, and relies on declarations and affidavits produced through the discovery process, then the application of Rule 56 may require the motion to strike pursuant to section 425.16 be denied as premature." *Aeroplate Corp. v. Arch Ins. Co.*, 2006 U.S. Dist. LEXIS 82180, 2006 WL 3257487, at *5 (E.D. Cal. Nov. 8, 2006) (citing *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973 (C.D. Cal. 1999).

This is precisely the situation presented by the present motion. The declarations submitted in support are based upon hearsay, impermissible legal conclusions and lack foundation: the declarants testify as to the nature of the written agreements between Indybay and the other entities in which it is involved and the degree of control over the content of postings, yet fail to provide any documentary evidence to support these assertions. The issue of immunity cannot be decided on declarations alone, and the offending information is false and readily verifiable as false. (Dkt # 11, Choyce Decl. ¶¶ 4-15). Without the benefit of discovery resolving the issue of immunity would be improper.

IV.   **CONCLUSION**

Based on the foregoing, Plaintiff requests the Court deny the motion in its entirety. In the alternative, Plaintiff requests that the court grant (1) Plaintiff leave to file a Second Amended Complaint to fully cure any alleged deficiencies; (2) if the Court considers Indybay's declarations and exhibits, thereby transforming this action into a Summary Judgment Motion, permit Plaintiff to conduct discovery necessary to oppose summary judgment pursuant to Federal Rule of Civil Procedure 56(d); and (3) deny Defendant Indybay's special motion to strike.

Respectfully submitted, this 23rd day of January, 2014

SMITH PATTEN

_____
Dow W. Patten, Esq.
Spencer F. Smith, Esq.
Attorneys for Plaintiff Choyce