Daniel L. Casas, Esq. (SBN 116528)
Anthony F. Basile, Esq. (SBN 247409)
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Defendant
LAYER42.NET, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10,<br><br>Defendants. | Case No.: CV-13-01842<br><br>**REPLY IN SUPPORT OF LAYER42's MOTION TO DISMISS/SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT**<br>**[FRCP 12(b)(6)]**<br>**[Cal. Code of Civ. Proc. § 425.16]**<br><br>Date: February 13, 2014<br>Time: 2:00pm<br>Courtroom: 9 (19th Floor)<br><br>Action Filed: April 23, 2013 |

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss/Special Motion to Strike FAC
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
1

## I. INTRODUCTION

Plaintiff offers no excuse for his failing to comply with the Court's order concerning the amendment of his copyright claim. The claim should be dismissed with prejudice for that reason alone.

Plaintiff's defamation claim is subject to a special motion to strike because it involves a matter of public concern. Section 230(c)(2) of the Communications Decency Act protects Layer42 from liability for its good faith efforts to remove the online content Plaintiff found objectionable.

## II. ADDITIONAL RELEVANT FACTS

Plaintiff suggests Layer42 timed the filing of its motion for attorney fees to require Plaintiff's filing an opposition during the holiday season. ECF No. 37 at 02:21-24. In fact, the motion for fees was filed consistent with the local rules, and Layer42 offered Plaintiff an extension of time beyond the holiday season for the parties to respond to the various filings. Casas Dec., ¶¶ 3-6, Exh. B. Plaintiff never responded to the offer. *Id.* at ¶ 7.

## III. LEGAL ANALYSIS

A. Copyright Infringement Claim

### 1. Choyce Violated This Court's Order, and His Federal Claim Should Be Dismissed

The Court made clear that Plaintiff was required to amend his copyright claim in any amended complaint, and that "[f]ailure to comply with this order will result in dismissal with prejudice of the federal claim." ECF No. 22 at 05:18-06:01, 16:07-17:01, 18:06-09, 18:15.

Plaintiff filed his First Amended Complaint exactly 21 days later as required by the Order. *Id.* at 18:14. Plaintiff's First Amended Complaint attempted to revise his state law claims to survive challenge. Though Plaintiff four times claims that his wholesale failure to amend his federal copyright claim was "inadvertent," neither he nor counsel offers any explanation for their negligence.

The Court should fulfill its December 2 Order and dismiss the copyright claim with prejudice.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss/Special Motion to Strike FAC
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2

### 2. Leave To Amend Should Also Be Denied On The Merits

All four factors articulated by the Ninth Circuit in *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F. 2d 1502 (9th Cir. 1991) militate against this Court giving Plaintiff yet another opportunity to amend his complaint.

#### a. Undue Delay

The elements of a prima facie case for copyright infringement are straightforward and have not recently changed.  Plaintiff offers no explanation for his failing to meet the minimal requirements in his original Complaint, much less his First Amended Complaint, nor his failing to attempt to register the alleged copyright until after Layer42 filed its first motion to dismiss.  Having offered no explanation for failing to conform his First Amended Complaint with the requirements of this Court's earlier order, Plaintiff's proposed Second Amended Complaint is itself defective, and Plaintiff would no doubt request yet another opportunity to amend.  Meanwhile, the cloud of litigation hangs over the named defendants, and expenses continue to accrue, all while the image file and articles Plaintiff objects to have been removed from the Internet for months.

#### b. Bad Faith

As discussed above, the Court gave Plaintiff an opportunity to amend his copyright claim under very specific conditions, and warned that failing to satisfy those conditions would result in dismissal of the claim with prejudice.  Choyce offers no excuse for failing to satisfy those conditions.

#### c. The Copyright Claim In The First Amended Complaint Is Defective, And The Proposed Second Amended Complaint Remains Defective (Futility)

Both the First and proposed Second Amended Complaints fail to state a claim for copyright infringement.  Plaintiff never alleges that he is the undisputed owner of the alleged copyright-protected work, "choyce.jpg."  Though not contained in any of the pleadings, Plaintiff has sworn separately that he was not the author of the image file at

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss/Special Motion to Strike FAC
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
3

1 issue. ECF No. 11 (Choyce Declaration), ¶ 2 ("When I started my own practice as an
2 attorney in or about 2005, *I had a professional photograph taken of me* for use on my
3 website, a digital version of which is entitled "dionne_choyce.jpg"[1]. [sic] (emphasis added)).
4 Copyright in a protectable work originally vests in the author – here, the professional third
5 party photographer who allegedly took Choyce's photograph. See 17 U.S.C. § 201(a)
6 ("Copyright in a work protected under this title vests initially in the author or authors of the
7 work… .").

8 Since Choyce admits he did not create the work of authorship, he could possibly be
9 the owner of the copyright if the work was a work made for hire. A "work made for hire" is a
10 work prepared by an employee within the course of his or her employment, or a specially
11 commissioned work if the parties expressly agree in a written instrument signed by them
12 that the work shall be considered a work made for hire." See 17 U.S.C. § 101. Choyce has
13 never alleged that the photograph was taken by an employee within the course of his or her
14 employment. Choyce has never alleged that the photograph was specially commissioned,
15 and has never alleged the execution of a written agreement confirming that the photograph
16 was a work made for hire as defined in the Copyright Act. Nor has Choyce alleged that the
17 author subsequently transferred any rights to Choyce by written instrument. See 17 U.S.C.
18 § 204.

19 Plaintiff's registration certificate, thus far omitted from all pleadings, contains no
20 recital that rights to the work – again, admittedly created by a third party – were transferred
21 to Choyce at any point in time. ECF No. 17. Though Plaintiff argues that the late-filed
22 copyright registration of an unidentified image file creates a presumption of his ownership
23 of the mark (ECF No. 40 at 09:28-10:01), that presumption attaches only where the
24 registration is made "before or within five years after first publication of the work." 17

---

[1] The name of the alleged copyright-protected work at issue changes in the several documents filed by Plaintiff, including sometimes within a single document. See, e.g., ECF No. 1 (referring to "choyce.jpg" and "dionne_choyce.jpg"); ECF No. 11 ("dionne_choyce.jpg"); ECF No. 26 (again referring to both "choyce.jpg" and "dionne_choyce.jpg"); ECF No. 37 ("choyce.jpg" and "dionne_choyce.jpg"); ECF No. 37-1 ("choyce.jpg"

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss/Special Motion to Strike FAC
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
4

1  U.S.C. § 410(c).  Plaintiff doesn't come close to earning this presumption, having registered
2  the work <u>almost nine years</u> after the claimed first publication (January 1, 2005, per the
3  registration certificate), and several months into this litigation.[2]  Even if the presumption
4  attached, "the evidentiary weight to be accorded the certificate of a registration made
5  thereafter shall be within the discretion of the court."  17 U.S.C. § 410(c).

        **d.    The Defendants Continue To Be Prejudiced By This Vexatious Litigation**

Plaintiff admits that when the court considers granting leave to amend, prejudice to the opposing parties is the most important factor.  *Eminence Capital, LLC v. Aspeon, Inc.* 316 F.3d 1048, 1052 (9th Cir. 2003).

Nine months after filing his initial complaint, Plaintiff still cannot state a claim.  In the meantime, defendant Layer42, and more recently, Indybay, have incurred and continue to incur the costs to defend against Choyce's defective claims.  Granting yet another opportunity to amend–after expressly warning that failing to amend the first time would result in dismissal–would result in nothing more than further harassment and expense to the named defendants.

Plaintiff abused the liberality of pleadings afforded by Rule 15 and squandered the opportunity to amend provided by this Court's order.  Plaintiff's First Amended Complaint should be dismissed with prejudice.

**B. This Court Should Specially Strike Plaintiff's State Law Claim Against Layer42 For Defamation**

        **1.    Choyce's Defamation Cause Of Action Implicates The Public Interest**

In spite of a strained reading of the May 24, 2012 anonymous posting, this Court's Order granting Layer42's first anti-SLAPP motion, and his own First Amended Complaint,

---

and "dionne_choyce.jpg").  Neither image file has been included in any of the pleadings or other filings in this case.

[2] Plaintiff has never explained his failure to register prior to commencing this action.  His repeated reference to the 2013 government shutdown as an excuse for additional delay is unavailing, as the Copyright Office accepted electronic applications for registration throughout the shutdown for later processing.  Casas Dec., Exh. A.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

<u>Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss/Special Motion to Strike FAC</u>
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
5

Plaintiff's latest defamation claim against Layer42 again implicates the public's interest in the integrity of its legal system, rendering the claim susceptible to another anti-SLAPP motion.

Courts "must construe 'public issue or issue of public interest' in Section 425.16(e)(4) broadly in light of the statute's stated purpose to encourage participation in matters of public importance or consequence." *Hilton v. Hallmark Cards*, 599 F.3d 894, 906 (9th. Cir. 2010).

Though Plaintiff attempts to limit his defamation claim to the bare statement, "The Choyce Law Firm evicted from building," the May 24, 2012 posting explains the reasons for that alleged eviction. Those reasons adequately raised the public issue of Mr. Choyce's alleged moral turpitude:

- "As consumers get fed up with non-payment, so do Landlords. This time it was a landlord who read an article about Mr. Dionne Choyce as Attorney **who embezzled from the Homeless**."
- "One concerned citizen stated that **Mr. Choyce has been dooping [sic] us for years**."
- "The Choyce Law Firm, **a firm that preys on lower income DUI cases and chief general counsel for Jubilee Restoration, a Berkeley non profit housing organization who [sic] was declared by the department of Justice (see link) to be a [sic] organized crime that ripped off homeless people** has fell [sic] prey to financial hardship leading his firm to be evicted at their current location."
- "Many see the Landlord as a hero and actually feel that he has restored dignity to **many individuals who were ripped off by Mr. Choyce**."

ECF No. 26, ¶ 21, 06:01-23.

These allegations of moral turpitude and dishonesty are inextricably linked to the allegation that Choyce's law firm was being evicted from its office, and potentially constitute grounds for disbarment. Cal. Bus. & Prof. Code §§ 6001.1, 6106. Plaintiff admits that the

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss/Special Motion to Strike FAC
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
6

post raises an issue of public concern, alleging in his First Amended Complaint that the allegedly defamatory remarks suggest that he was "charged with a crime; that Plaintiff had embezzled from the homeless; that Plaintiff had been served with criminal charges as a co-conspirator; that Plaintiff's law firm had been evicted from its offices." ECF No. 26, ¶ 36, 09:14-20.

Furthermore, Choyce's defamation cause of action against Layer42 incorporates by reference the entirety of both the April 25, 2012 and May 24, 2012 posts, which this Court already concluded constitute a matter of public concern. ECF No. 22, 13:13 – 23.

### 2. Subsections (c)(1) and (c)(2) Section 230 Of The Communications Decency Act Provide A Complete Defense To Choyce's State Law Defamation Causes Of Action Against Layer42

In a particularly craven attempt to maintain his defamation cause of action against Layer42, Plaintiff now tries to hold Layer42's good faith settlement efforts against it, arguing that Layer42's requests to have the postings removed demonstrate that Layer42 is not entitled to the protections of the Communications Decency Act. See, e.g. ECF No. 37 at 05:08-26. Congress long ago anticipated such an argument, and protected providers of interactive computer services from liability for good faith efforts to appease vexatious litigants:

> No provider or user of an interactive computer service shall be held liable on account of:
>
> (A) Any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, **harassing, or otherwise objectionable, whether or not such material is constitutionally protected**; or
>
> (B) Any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1) [sic].
>
> 47 U.S.C. § 230(c)(2) (emphasis added)

This is precisely what occurred in this case. Though under no legal duty to do so, and in an effort to placate Plaintiff, Layer42 sought the removal of the April and May 2012 anonymous articles from the Internet. ECF No. 9-1, ¶ 2. The articles were so removed,

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss/Special Motion to Strike FAC
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
7

1 and Layer42, then the only defendant served in the case, asked that Choyce dismiss his
2 claims.  *Id.*, Exh. C and D.  Though Plaintiff's litigation objectives had ostensibly been
3 fulfilled, he refused to release Layer42 unless and until Layer42 acted as his *de facto*
4 private investigator and process server, assisting Plaintiff with serving process on co-
5 defendants Cernio and Indybay months after Plaintiff filed his Complaint.  *Id.* at Exh. E.

6   This Court previously held that Layer42 has demonstrated a probability of prevailing
7 over Plaintiff's state law claims by application of Section 230(c)(1).  ECF No. 22 at 15:14-
8 17.  Section 230(c)(2) likewise shields Layer42 from liability for its good faith efforts to
9 satisfy Plaintiff's demands.

## IV. CONCLUSION

Plaintiff flagrantly violated this Court's Order with no valid excuse, and his copyright claim should be dismissed with prejudice for that reason alone.  Plaintiff has failed to demonstrate any grounds for this Court to grant leave to further amend his First Amended Complaint.

Plaintiff's state law defamation claim is again susceptible to Layer42's special motion to strike.  His cause of action for defamation implicates matters of public concern, and Plaintiff cannot prevail on the claim against Layer42.

This litigation should end.  Layer42 respectfully requests that this Court dismiss Plaintiff's claims with prejudice, grant Layer42's anti-SLAPP motion, and award Layer42's its reasonable attorney fees per CCP § 425.16(c).

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: January 28, 2014            By ____/s/_____
                                      Daniel L. Casas, Esq.
                                      Anthony F. Basile, Esq.
                                      Attorneys for Defendant,
                                      LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Reply In Support of Motion to Dismiss/Special Motion to Strike FAC
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
8