United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE,<br><br>    Plaintiff,<br><br>    v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, et al.,<br><br>    Defendants. | Case No. 13-cv-01842-JST<br><br>**ORDER GRANTING IN PART AND DENYING PART MOTIONS TO DISMISS, DENYING ANTI-SLAPP MOTIONS WITHOUT PREJUDICE**<br><br>Re: ECF Nos. 29, 30 |

## I.   INTRODUCTION

Plaintiff Dionne Choyce ("Plaintiff") has brought a cause of action for copyright infringement under the federal Copyright Act, 17 U.S.C. § 101, *et seq.*, and state-law causes of action for defamation and libel. First Amended Complaint ("FAC"), ECF No. 26. Before the Court are two separate motions by two Defendants: SF Bay Area Independent Media Center ("Indybay") and Layer42.net, Inc. ("Layer42") (collectively, the "Moving Defendants"). In both motions, the Moving Defendants move the Court to dismiss all claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and separately move the Court to specially strike the state-law claims pursuant to California's Anti-SLAPP ("Strategic Lawsuit Against Political Participation") statute, Cal. Code Civ. Proc. § 425.16. The matter came for hearing on March 27, 2014.

## II. BACKGROUND

### A. Factual Background[1]

Plaintiff Dionne Choyce is a lawyer at The Choyce Law Firm. FAC ¶ 6. Defendant SF Bay Area Independent Media Center ("Indybay") operates an independent media website, indybay.org ("Indybay"), in the County of San Francisco. FAC ¶ 7. Defendant Layer42, a California corporation, provides internet connectivity, hosting, and infrastructure to Indybay "in furtherance of" the Indybay website. FAC ¶ 8. Defendant Cernio Technology Cooperation ("Cernio"), an unincorporated association operating in Santa Rosa, California, provides similar services as co-defendant Layer42 "in furtherance of" the Indybay website. FAC ¶ 9.

Plaintiff alleges that, on or around April 25, 2012, unknown Doe Defendants posted a webpage on Indybay with the title "Attorney Dionne choyce who embezzled from homeless may serve prison time." FAC ¶ 16. Within this webpage, Defendants or persons associated with Defendants included a graphic image of Plaintiff entitled "dionne_choyce.jpg," which was taken from his firm's website. FAC ¶ 17. The postings contained additional content indicting that Plaintiff was being prosecuted by the U.S. Department of Justice. FAC ¶ 18.

On or around May 24, 2012, other Doe Defendants posted another webpage on Indybay with the title "The Choyce Law Firm evicted from building." FAC ¶ 19. This webpage used the same graphic image as used in the prior webpage. FAC ¶ 20. The May 24 content claimed that Plaintiff's firm was being evicted from its office for failure to pay two months of rent, and also indicated that the firm's landlord was acting in part in response to Plaintiff's "embezzlement."

---

[1] On a motion to dismiss, the Court generally considers only the allegations of the complaint, in the light most favorable to the plaintiff. Indybay requests that the Court also take judicial notice of a printout of content that purportedly appears on the indybay website, including the statement that "[o]pinions are those of the contributors and are not necessarily endorsed by the SF Bay Area IMC." ECF No. 33. Plaintiff opposes this request. The printout is relevant only to the defamation claim, over which the Court will not exercise jurisdiction, and so the Court DENIES the request. The printout's accuracy is also "subject to reasonable dispute." Moreover, even if the Court did take notice of the statement on the website, it would have little effect on the disposition of the state-law claim, since it would demonstrate only what the website *says* about Indybay's editorial policy rather than what that policy actually *is*. Indybay has also submitted a declaration from David Morse, which is relevant only to the Anti-SLAPP Motion. Plaintiff objects to that declaration also. The court need not, and will not, consider the Morse Declaration.

FAC ¶ 21. The content also claimed that the eviction was applauded by many in the "community" whom Choyce had victimized. Id.

Plaintiff asserts that the content on both webpages is false. FAC ¶¶ 18, 21. Plaintiff argues that the use of Plaintiff's firm website photo constitutes copyright infringement, and the content on both webpages constitutes defamation and libel. FAC ¶ 5.

### B.  Procedural History

Plaintiff filed the initial complaint in this action in April 2013. Complaint for Damages and Injunctive Relief ("Initial Compl."), ECF No. 1. In the complaint, he brought causes of action for copyright infringement, defamation, and libel against Defendants Indybay, Layer42, Cernio, and Does 1-10. Id.

Layer42, then the only answering Defendant, moved to dismiss all the claims against it, and brought an anti-SLAPP Motion to strike Plaintiff's defamation and libel claims. ECF No. 9. The Court dismissed Plaintiff's copyright claim without prejudice, since Plaintiff failed to allege that he had registered his copyright in the image or even that he had submitted a completed application that had been received by the Copyright Office. Order Denying Plaintiff's Motion to Strike, Granting in Part and Denying in Part Defendant's Motion to Dismiss and Granting Defendant's Motion to Specially Strike ("Previous Order") 5:1-11, , 2013 WL 6234628, 2013 U.S. Dist. LEXIS 169813 (citing 17 U.S.C. § 411(a)) ("no civil action for infringement of the copyright in any United States work shall be instituted until pre-registration or registration of the copyright claim has been made in accordance with this title"). The Court granted "Plaintiff leave to file an amended complaint re-asserting his copyright claim, if he alleges that he has now applied for a copyright," and further ordered that Plaintiff "must in any such complaint restrict his asserted remedies to those which are available for infringement alleged to have occurred before the copyright holder applied for a copyright." Previous Order 18:6-9, 2013 WL 6234628, at *11, 2013 U.S. Dist. LEXIS 169813, 35. The Court warned that "[f]ailure to comply with this order will result in dismissal with prejudice of the federal claim." Id. 18:15, 2013 WL 6234628, at *12, 2013 U.S. Dist. LEXIS 169813, 36.

Since the only potential jurisdiction the Court might exercise over the state law claims was

3

supplemental jurisdiction, after dismissing the sole federal claim without prejudice, the Court stated that it would "not address Plaintiff's state law claims on a 12(b)(6) motion." Previous Order 7:13, 2013 WL 6234628, at *4, 2013 U.S. Dist. LEXIS 169813, 13.  However, the Court stated that it would "reach those claims insofar as Defendant is entitled to consideration of its anti-SLAPP motion." Id. 7:13-15, 2013 WL 6234628, at *11, 2013 U.S. Dist. LEXIS 169813, 13.  The Court went on to conclude that, under the Anti-SLAPP statute, Layer42 was entitled to strike the state-law claims insofar as they related to the allegation that Plaintiff had embezzled from clients.

Plaintiff filed the FAC in December 2013.  As his first cause of action, he re-asserted his copyright complaint against all Defendants, but again failed to allege that he had applied for a copyright.  FAC ¶¶ 20-25.  He brought a second cause of action for defamation against Layer42, Cernio, Indybay and Does 1-10, restricting his allegations to relate only to the May 24 posting.  FAC ¶¶ 26-58.  His third cause of action for defamation is brought against Does 1-10 for both the May 24 and April 25 postings.  FAC ¶¶ 59-88.  The fourth of cause of action, also only against Does 1-10, is for libel.  FAC ¶¶ 89-102.

Indybay has subsequently appeared in this action, filing one of the two instant motions to dismiss and to strike.

### C.    Jurisdiction

The Court has jurisdiction over the copyright infringement claim pursuant to 28 U.S.C. §§ 1331 & 1338(a).

### D.    Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

For purposes of a motion to dismiss, "all allegations of material fact are taken as true and

construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a pleading must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. Id. at 556.

### III. ANALYSIS

#### A. Federal Copyright Claim

The FAC, like its predecessor, fails to allege that Plaintiff applied for a copyright in the allegedly copyrighted image. The FAC must be dismissed again for this reason. In his opposition, Plaintiff has attached a Proposed Second Amended Complaint ("PSAC"), in which he finally alleges that he has applied for a copyright, and limits his asserted remedies to those available for post-infringement registration, as the Court previously ordered. Exh. A to Plaintiff's Opposition to Defendant Layer42.net, Inc.'s Motion to Dismiss ("Opp. to Layer42"), ECF Nos. 37 & 37-1. The question is whether the Court should provide a second opportunity to amend by allowing Plaintiff to file the PSAC.

In deciding whether to grant leave to amend, a court must "consider '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.'" Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v. United States, 90 F.3d 351, 355 (9th Cir. 1996) (quoting Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "[T]he district court's discretion is particularly broad where a plaintiff has previously amended the complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

Plaintiff makes an unconvincing attempt to blame his adversary for his failure to amend, arguing that Layer42 filed a request for attorney's fees which required opposition over the holiday season, and this task apparently distracted Plaintiff's counsel from adding an allegation to the FAC that Plaintiff had applied for a copyright. Opp. to Layer42 2:21-28. This argument is particularly

1  unpersuasive given the fact that Layer42's counsel offered a stipulation to Plaintiff's counsel to
2  alter the deadlines to avoid the holiday season, and received no response. Declaration of Daniel L.
3  Casas ¶ 6, and Exh. C thereto, ECF Nos. 41-1. Plaintiff acknowledges that the failure to amend
4  was due to "oversight" on his part. Opp. to Layer42 7:9-10.

Dismissal with prejudice might be justified as a sanction for failing to follow the Court's previous order, since the Court finds that the need to control the pace of its docket and the need for timely resolution of litigation weigh in favor of dismissal, Plaintiff's excuse for failure to follow the Court's order is insubstantial, and the Court put Plaintiff specifically on notice that his failure to follow the Court's order would result in dismissal with prejudice. Cf. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (affirming dismissal with prejudice when plaintiff provided only a "paltry excuse for his default on the judge's order"). Denial of leave to amend might also be justified given the undue delay and the fact that the Court previously granted leave to amend. See Allen, 911 F.2d at 374 (indicating dismissal with prejudice would be justified even in the absence of a 'futility' finding where "the movant presented no new facts . . . and provided no satisfactory explanation for his failure to fully develop his contentions originally").

Denial of leave to amend under Rule 15 is also appropriate here because further leave to amend would be futile. Even if the Court were to consider the PSAC, it would not salvage Plaintiff's copyright claim. A copyright infringement plaintiff "bears the burden of proving copyright ownership." Fleischer Studios, Inc. v. A.V.E.L.A., Inc., 654 F.3d 958, 962 (9th Cir. 2011). The PSAC makes the conclusory legal conclusion that "[a]mong the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Work and to distribute the Copyrighted Work to the public." ¶ 23. But this legal assertion is not a well-pled factual allegation whose truth the Court must accept at the pleading stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"Under the copyright laws, the registration of a copyright certificate constitutes prima facie evidence of the validity of a copyright in a judicial proceeding *commenced within five years of the copyright's first publication*." Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d

1140, 1144 (9th Cir. 2003) (emphasis added) (quoting Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir. 1997) (citing 17 U.S.C. § 410(c)). The PSAC alleges that the Copyright Office issued Plaintiff a registered copyright in the image on October 23, 2013, after the first motion to dismiss in this action. PSAC ¶ 24. Since Plaintiff has used the image in his marketing since 2005, Declaration of Dionne Choyce ("Choyce Decl.") ¶ 2, ECF No. 11, he cannot avail himself of this *prima facie* presumption.

The PSAC therefore must contain additional well-pled factual allegations from which it is plausible to conclude that Plaintiff himself owns a valid copyright in the photographic image. But, as Plaintiff's counsel acknowledged at oral argument, and as Plaintiff himself has testified in a sworn declaration, the image was not created *by* Plaintiff; it is an image *of* Plaintiff. Choyce Decl. ¶ 2. It was taken by a professional photographer. Id. Therefore, any copyright in the image "vests initially in the author or authors of the work," 17 U.S.C. § 201(a), which would be the photographer of the image, not Plaintiff. See generally Aalmuhammed v. Lee, 202 F.3d 1227, 1231-32 (9th Cir. 2000). Even if the Court gave Plaintiff leave to file the PSAC, it would still fail to state a claim for copyright infringement, rendering leave to amend futile.

Nonetheless, out of an abundance of caution, the Court has further considered the possibility that Plaintiff might be able to finally plead a viable copyright claim if given a *fourth* opportunity to do so.

Faced with Indybay's arguments that he is not the author of the image, Plaintiff stated in his opposition brief that, if the PSAC also fails to state a claim for copyright infringement, further "leave to amend should be granted" to allege facts that state a claim. Plaintiff's Opposition to Indybay's Motion 5:22-23, ECF No. 40. But in his brief, Plaintiff does not even hint at what facts he would plead in a *Second* Proposed Second Amended Complaint that would salvage his claim. He provides no explanation of how he owns the rights to the image. He does not state that he acquired the rights from the original photographer, and neither does he explain that the work was made for hire. And he does not explain how he could have a valid registration in an image he did not author, since the certificate of registration he obtained in the copyright states that he, himself, is the "author." Exh. A to Supplemental Declaration of Dow Patten, ECF No. 17.

In <u>Salameh v. Tarsadia Hotel</u>, "Plaintiffs' counsel represented to the district court that he knew additional facts that could solve the deficiencies in the complaint, but counsel never proffered these facts to the court." 726 F.3d 1124, 1133 (9th Cir. 2013) <u>cert. denied</u>, 13-763, 2014 WL 684134 (U.S. Feb. 24, 2014). "A plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when prior opportunity to amend had been given." <u>Id.</u>

But – again, out of an abundance of caution – at oral argument the Court gave Plaintiff's counsel a second opportunity to explain why the Court should give him a fourth opportunity to re-plead. Plaintiff's counsel explained that the image was, contrary to the certificate of registration Plaintiff obtained, actually a "work made for hire," and that Plaintiff will at some point apply to the Copyright Office to correct his certificate. But a work made for hire is, with exceptions not here relevant, "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101. For this category to apply, the photographer must be a regular employee rather than an independent contractor or a specially commissioned photographer. <u>Marco v. Accent Pub. Co., Inc.</u>, 969 F.2d 1547, 1550-53 (3d Cir. 1992). It simply is not plausible to infer that when Plaintiff "started [his] own practice as an attorney in or about 2005," and "had a professional photograph taken of [him]," he employed a professional photographer as a member of his regular staff. Choyce Decl. ¶ 2.

This action has been pending for nearly a year, and Plaintiff has yet to plead a valid federal cause of action in any of his proposed complaints, or explain how he might at any point in the foreseeable future. Given the numerous opportunities Plaintiff has had to state a claim of copyright infringement, and Plaintiff's failure to explain to the Court how the copyright claim might be rendered plausible on further amendment, the Court concludes that further leave to amend would be futile. Since there has been unjustified and undue delay, because the Court previously granted leave to amend, and because the Court needs to control the pace of its docket, further leave to amend will not be provided. The copyright claim is dismissed with prejudice.

### B. Supplemental Jurisdiction Over Defamation Claim

The only jurisdiction the Court might exercise over the state-law defamation claim is

supplemental jurisdiction, pendent from the sole federal claim that the Court has again dismissed, this time with prejudice. The Court previously explicitly declined to exercise supplemental jurisdiction over the state-law claims, but stated that it would "reach those claims insofar as [Layer42] is entitled to consideration of its Anti-SLAPP Motion. Previous Order 7:6-15, 2013 WL 6234628, at *4, 2013 U.S. Dist. LEXIS 169813, 13 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n.7 (1988) ("Cohill") ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").

In this motion, Layer42 continues to urge the Court to reach, and dismiss, the state-law claims, but does not specifically argue that the factors governing supplemental jurisdiction weigh in favor of the Court doing so. Indybay, on the other hand, argues that the Court should exercise supplemental jurisdiction over the defamation claim, since both Moving Defendants are moving to dismiss on the grounds that they are immune from liability under Section 230 of the federal Communications Decency Act ("CDA"). Therefore, Indybay argues that since the parties have already briefed, and the Court has already addressed, Section 230 in the context of the facts alleged, and because the Court's ruling would hinge on application of federal rather than state law, all four Cohill factors weigh in favor of supplemental jurisdiction even in the absence of a federal cause of action.

Indybay made persuasive arguments in its papers and at the hearing. However, the arguments only apply to the extent the Court does, in fact, find that this action may not proceed past the pleading stage for the reason of CDA immunity. If the Court does not reach that conclusion, the Court will be left proceeding with litigation between California parties in which the only causes of action are California defamation and libel law. For that reason, the Court again will not exercise supplemental jurisdiction over the state-law claims in this action. The Motions to Dismiss are denied without prejudice insofar as they are brought against the state-law claims.

### 3. Anti-SLAPP Motion

In its Previous Order, the Court declined to exercise supplemental jurisdiction over the

9

state-law claims, but then said it would "reach those claims insofar as Defendant is entitled to consideration of its anti-SLAPP motion," and then proceeded to address the merits of Layer42's Anti-SLAPP Motion. Previous Order 7:13-14, 2013 WL 6234628, at *4, 2013 U.S. Dist. LEXIS 169813, 13. The Court has reconsidered that determination. When a court has diversity jurisdiction over a state-law claim, the Anti-SLAPP Motion is recognized as a substantive element of the state law a federal court is bound to apply. U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 973 (9th Cir. 1999); see also Batzel v. Smith, 333 F.3d 1018, 1025-26 (9th Cir. 2003) (federal courts sitting in diversity "recognize[] the protection of the anti-SLAPP statute as a substantive immunity from suit"). But where, as here, the Court has declined to exercise jurisdiction over state-law claims, defendants have no presumptive right to have Anti-SLAPP Motions heard by a federal court. Therefore, the Court will deny both Defendants' Anti-SLAPP Motions without prejudice towards Defendants raising them in any future state-court proceeding.

The Court also VACATES the portion of its Previous Order addressing Defendants' Anti-SLAPP Motion. Previous Order 7:16-16:5, 2013 WL 6234628, at *4-10, 2013 U.S. Dist. LEXIS 169813, 13-33.

### IV. CONCLUSION

Defendants' motions are GRANTED IN PART and DENIED IN PART. Plaintiff's copyright cause of action is DISMISSED WITH PREJUDICE. The Court will not exercise jurisdiction over the defamation and libel claims in this action, and so Defendant's motion to dismiss those claims, and to specially strike those claims pursuant to the anti-SLAPP statute, are dismissed without prejudice towards Defendants re-making them in any state-court proceeding.

Defendants shall submit a proposed order of judgment consistent with this order. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 2, 2014

                                        JON S. TIGAR
                                        United States District Judge