1   Roger Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
2   Leila Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
3   Jessica Mar (CA State Bar No. 293304)
jessica.mar@bryancave.com
4   **BRYAN CAVE LLP**
560 Mission Street, 25th Floor
5   San Francisco, CA  94105-2994
Telephone:     (415) 675-3400
6   Facsimile:     (415) 675-3434

7   Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

8

9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14   DIONNE CHOYCE,                          Case No. CV-13-1842-JST

15          Plaintiff,                        Hearing Date: August 21, 2014
                                              Time:          2 p.m.
16       v.                                   Judge:         Hon. Jon S. Tigar
                                              Courtroom:     9
17   SF BAY AREA INDEPENDENT MEDIA
     CENTER, a.k.a. IMC, SF BAY AREA, a.k.a.  Documents Filed Herewith:
18   SF BAY AREA IMC; an unincorporated
     association; LAYER42.NET, INC., a California  (1) Declaration of Leila Knox;
19   Corporation, CERNIO TECHNOLOGY          (2) Declaration of Roger Myers;
     COOPERATIVE, an unincorporated          (3) Proposed Order
20   association, and DOES 1-10,

21          Defendants.

22

23            **NOTICE OF MOTION AND MOTION FOR AWARD
           OF ATTORNEYS' FEES PURSUANT TO 17 U.S.C. § 505 AND
24        MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

25

26

27

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

205374.3
MPA IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES                    CASE NO. CV-13-1842-JST

1   TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on August 21, 2014, at 2 p.m., or as soon thereafter as

3   counsel may be heard, in Courtroom 9 of the above-entitled court, located at 450 Golden Gate

4   Ave., San Francisco, Defendant SF Bay Area Independent Media Center ("Indybay") will and

5   hereby does move for an order granting Indybay its attorneys' fees and costs in connection with its

6   successful defense of Plaintiff Dionne Choyce's claim for copyright infringement.

7         This motion is based on this Notice; on the Memorandum of Points and Authorities that

8   follows; on the Declaration of Leila Knox, Declaration of Roger Myers and [Proposed] Order filed

9   herewith; on the pleadings and records in this action; on such arguments as may be presented at

10  the hearing; and on any other matters as may come before the Court prior to disposition.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

205374.3                                    ii

1

**TABLE OF CONTENTS**

2
<u>Page</u>

3  MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

4  STATEMENT OF FACTS .......................................................................................................... 1

5          A.      Layer42's Motion To Dismiss ........................................................................ 2

6          B.      Plaintiff Attempts To Serve Indybay .............................................................. 2

7          C.      Plaintiff's First Amended Complaint .............................................................. 3

8          D.      Court Dismisses Copyright Claim With Prejudice .......................................... 4

9  I.      INDYBAY SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS
          INCURRED IN SUCCESSFULLY DEFENDING AGAINST PLAINTIFF'S
10        BASELESS CLAIM AND IN FURTHERANCE OF THE PURPOSES OF THE
          COPYRIGHT ACT .............................................................................................. 4

11         A.      Indybay Is Undoubtedly The "Prevailing Party" ............................................ 5

12         B.      Plaintiff's Copyright Claim Was Objectively Unreasonable And Frivolous ......... 6

13         C.      A Fee Award Will Also Promote Both Compensation And Deterrence ............... 8

14 II.     THE AMOUNT OF ATTORNEYS' FEES BEING SOUGHT IS REASONABLE ......... 9

15         A.      Counsel for Indybay Expended A Reasonable Number Of Hours ..................... 11

16         B.      Counsel Are Skilled Copyright Litigators Who Understood The Nature And
                   Quantity Of Work Necessary To Effectively Defend Against Plaintiff's Claim . 12
17
           C.      Defense Counsel's Rates Are Reasonable .......................................................... 12
18
           D.      Courts Have Awarded Comparable Fees In Similar Copyright Cases ................. 13
19
           E.      Indybay Should Also Be Awarded Its "Full Costs" ........................................... 14
20

21 CONCLUSION ............................................................................................................................. 14

22

23

24

25

26

27

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

205374.3

MPA IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES                    CASE NO. CV-13-1842-JST

1

# TABLE OF AUTHORITIES

**Cases**

2

3  *Asis Internet Servs. v. Optin Global, Inc.*,
     2010 WL 2035327 (N.D. Cal. 2010) ................................................................................. 8, 9

4  *Blum v. Stenson*,
     465 U.S. 886 (1984) ............................................................................................................... 11

5  *Budget Cinema, Inc. v. Watertower Associates*,
     81 F.3d 729 (7th Cir. 1996) ................................................................................................... 8

6
   *City of Burlington v. Dague*,
7    505 U.S. 557 (1992) ............................................................................................................... 11

   *Coles v. Wonder*,
8    283 F.3d 798 (6th Cir. 2002) ................................................................................................. 11

9  *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*,
     606 F.3d 612 (9th Cir. 2010) .................................................................................................. 7

10 *Dennis v. Chang*,
     611 F.2d 1302 (9th Cir. 1980) ............................................................................................... 12

11
   *Discovery Commn'cs v. Animal Planet, Inc.*,
12   172 F. Supp. 2d 1282 (C.D. Cal. 2001) ................................................................................ 12

   *Doran v. Corte Madera Inn Best W.*,
13   360 F. Supp. 2d 1057 (N.D. Cal. 2005) ................................................................................ 12

14 *DuckHole Inc. v. NBCUniversal Media LLC*,
     2013 WL 5797204 (C.D. Cal. 2013) ................................................................................ 10, 16

15 *Earth Flag Ltd. v. Alamo Flag Co.*,
     154 F. Supp. 2d 663 (S.D.N.Y. 2011) ................................................................................... 11

16
   *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*,
17   122 F.3d 1211 (9th Cir. 1997) ............................................................................................ 9, 11

   *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996) ......................................................... 1, 5

18 *Fogerty v. Fantasy, Inc.*,
19   510 U.S. 517 (1994) ....................................................................................................... 1, 5, 8, 10

   *Gilbert v. New Line Productions, Inc.*,
20   490 Fed. Appx. 34 (9th Cir. 2012) ...................................................................................... 6, 7

21 *Goldberg v. Cameron*,
     2011 WL 3515899 (N.D. Cal. 2011) ................................................................................... 1, 15

22 *Hensley v. Eckerhart*,
     461 U.S. 424 (1983) ................................................................................................................. 5

23
   *Historical Research v. Cabral*,
24   80 F.3d 377 (9th Cir. 1996) ..................................................................................................... 5

   *Identity Arts v. Best Buy Enter. Serv., Inc.*,
25   2007 U.S. Dist. LEXIS 32060 (N.D. Cal. April 18, 2007) ................................................... 14

26 *In re Bluetooth Headset Products Liab. Litig.*,
     654 F.3d 935 (9th Cir. 2011) ................................................................................................. 12

27 *In re Nucorp Energy*,
     764 F.2d 655 (9th Cir. 1985) ................................................................................................. 13

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

MPA IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES                    CASE NO. CV-13-1842-JST

*Kerr v. Screen Extras Guild, Inc.*,
   526 F.2d 67 (9th Cir. 1975) ..................................................................................................... 12

*Klamath Siskiyou Wildlands Ctr. v. United States BLM*,
   589 F.3d 1027 (9th Cir. 2009) ................................................................................................... 6

*Kourtis v. Cameron*,
   358 F. App'x 863 (9th Cir. 2009) ............................................................................................. 7

*Lawrence v. Sony Pictures Entm't, Inc.*,
   534 F. App'x 651 (9th Cir. 2013) ........................................................................................... 11

*Lexar Homes, Inc. v. Port*,
   2013 WL 6498293 (E.D. Wash. 2013) ............................................................................... 10, 17

*Lieb v. Topstone Industries, Inc.*,
   788 F.2d 151 (3rd Cir. 1986) .................................................................................................... 8

*Love v. Associated Newspapers, Ltd.*,
   611 F.3d 601 (9th Cir. 2010) ..................................................................................................... 9

*Mag Jewelry Co. v. Cherokee, Inc.*,
   496 F.3d 108 (1st Cir. 2007) .................................................................................................... 10

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*,
   81 F.3d 881 (9th Cir. 1996) ........................................................................................... 1, 6, 9, 16

*Morgenstein v. ABC, Inc.*,
   27 Media L. Rep. 1350, 1998 U.S. Dist. LEXIS 14994 (N.D. Cal. Sept. 11, 1998) ................... 14

*Pyatt v. Raymond*,
   2012 WL 1668248 (S.D.N.Y. 2012)................................................................................... 16, 17

*Religious Tech. Ctr. v. Lerma*,
   908 F. Supp. 1362 (E.D. Va. 1995) ......................................................................................... 10

*Rosenfeld v. United States DOJ*,
   904 F.Supp.2d 988 (N.D. Cal. 2012)................................................................................... 15, 16

*Ryan v. Editions Ltd. W., Inc.*,
   2012 WL 6599798 (N.D. Cal. 2012) ........................................................................................ 11

*Salinas v. Wachovia Mortgage*,
   2011 WL 5513456 (E.D. Cal. 2011)........................................................................................... 6

*Scott v. Meyer*,
   2010 WL 2569286 (C.D. Cal. 2010) ........................................................................................ 10

*Shepard v. Miler*,
   January 12, 2012 Order, No. Civ. 2:10-1863 WBS JFM (E.D. Cal. 2012)................................ 14

*Silvers v. Sony Pictures Entm't, Inc.*,
   402 F.2d 8814 (9th Cir. 2005) ................................................................................................... 7

*Sofa Entm't, Inc. v. Dodger Prods.*,
   709 F.3d 1273 (9th Cir. 2013) ................................................................................................... 7

*Stern v. Does*,
   978 F. Supp. 2d 1031, 1052 (C.D. Cal. 2011) ........................................................................... 9

*Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253,
   1257 (9th Cir. 2006) ................................................................................................................ 17

*Twentieth Century Fox Film Corp. v. Entertainment Distrib.*,
   429 F.3d 869 (9th Cir. 2005) ................................................................................................... 16

205374.3                                          iii

**Statutes**

17 U.S.C. § 411(a)..................................................................................................................... 6

17 U.S.C. § 501(b) ..................................................................................................................... 6

28 U.S.C. § 1920 ...................................................................................................................... 14

42 U.S.C. § 1988 ...................................................................................................................... 10

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

205374.3                                                    iv

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2          The Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), firmly established

3    that a prevailing defendant in a copyright lawsuit is just as entitled to attorneys' fees as a

4    prevailing plaintiff under 17 U.S.C. § 505.  Where an award is sought by a successful defendant,

5    and where the plaintiff's lawsuit was, by the four corners of the lawsuit itself, objectively

6    unreasonable, there is a compelling interest in both deterring future lawsuits and compensating a

7    defendant forced to expend time and resources fending off a meritless lawsuit.  This is such a case.

8    Plaintiff filed a lawsuit over a photograph that he didn't take asking for relief that he was not

9    entitled to – both of which he could have figured out had he performed basic legal research into

10   the procedural and legal requirements for bringing a lawsuit for copyright infringement.  *See*

11   *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 885 (9th Cir. 1996)

12   (awarding fees to successful defendant where plaintiff did not have standing to sue for copyright

13   infringement).  "An award of fees in this case would deter other plaintiffs from bringing meritless,

14   objectively unreasonable claims," *Goldberg v.* Cameron, 2011 WL 3515899, *6 (N.D. Cal. 2011),

15   thereby furthering the purpose of the Copyright Act.  *Maljack Prods., Inc.*, 81 F.3d at 890-91.  For

16   this and other reasons, as explained in more detail below, Indybay respectfully requests that the

17   Court grants its motion for attorneys' fees and costs in full.

18          **STATEMENT OF FACTS**

19          This litigation stems from content posted to Indybay's website, www.indybay.org.

20   Plaintiff alleged in both his original Complaint and his First Amended Complaint ("FAC") that

21   unknown Doe defendants posted two allegedly defamatory articles on the Indybay website that

22   each included a "professional photograph taken of [Plaintiff] for use on [his] website" that was

23   allegedly taken from "[Plaintiff's] law firm's website."  Decl. of Dionne Choyce In Opposition to

24   Layer 42's Motion to Dismiss ("Choyce Decl."), ¶ 2, Dkt. 11; Complaint, ¶¶ 15, 17, 20, Dkt. 1;

25   FAC, ¶¶ 15, 17, 20, Dkt. 26.

26          Plaintiff initially filed suit for copyright infringement and defamation against defendants

27   Layer42.net, Inc. ("Layer42"), Cernio Technology Cooperative ("Cernio") and Indybay on April

28   23, 2013, Dkt. 1, but waited until August 23, 2013 to file a certificate of service with the court, in

205374.3

MPA IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES                                      CASE NO. CV-13-1842-JST

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1    which Plaintiff claims he served Layer42 with the Complaint on August 2, 2013. Dkt. 6. Plaintiff

2    did not, at this time, serve the other two defendants in the case.

3         **A.    Layer42's Motion To Dismiss**

4         On September 23, 2013, Layer42 filed a motion to dismiss the copyright claim, pointing

5    out that Plaintiff had failed to allege in his complaint that he had registered the copyrighted work –

6    a prerequisite to bringing a lawsuit for infringement. Dec. 2, 2013 Order at 4-5 ("Dec. 2013

7    Order"), Dkt. 22. While this motion was pending, Plaintiff's attorney filed a supplemental

8    declaration in support of Plaintiff's opposition to Layer42's motion to dismiss, attaching a

9    Certificate of Registration issued by the Copyright Office, with an effective date of registration of

10   October 23, 2013, in which Plaintiff claimed to be the author of "Dionne Choyce Attorney

11   Portrait," and listing as the first date of publication January 1, 2005. Dkt. 17 & Exh. A.

12        The Court granted Layer42's motion to dismiss the copyright claim, but generously gave

13   Plaintiff leave to amend to allege that he had applied for a copyright registration for the work at

14   issue. Dec. 2013 Order at 5. The Court also ordered that Plaintiff remove any request for

15   statutory damages or attorneys' fees given it was undisputed that "Plaintiff did not possess a

16   registered copyright – and had not even applied for a copyright registration – within three months

17   after the time of the alleged infringement." *Id*. The Court warned that "[f]ailure to comply with

18   this order will result in dismissal with prejudice of the federal claim." *Id.*

19        **B.    Plaintiff Attempts To Serve Indybay**

20        Shortly before the Court issued its December 2013 Order, counsel for Indybay learned,

21   from a review of the docket, that Plaintiff had attempted to serve Indybay with the complaint at an

22   office located in San Francisco that Indybay uses as a mail drop. Knox Decl., ¶ 3. Although

23   Indybay believed Plaintiff's attempted service was ineffective,[1] it agreed to appear if Plaintiff

24   would agree to a 30-day extension of time to respond. *Id*. When Plaintiff's counsel would not

25

26

---

27   [1] Service was ineffective because the complaint was served at a location where Indybay does not

28   maintain an office and was given to an individual who is in no way affiliated with Indybay. Knox
     Decl., ¶ 3.

205374.3                                      2

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1    agree, Indybay was compelled to request this relief from the Court, which the Court granted.  Dkt.

2    23, 24.

3            **C.**      **Plaintiff's First Amended Complaint**

4          On December 23, 2014, Plaintiff filed his FAC.  Dkt. 26.  Contrary to the Court's

5    instructions, Plaintiff repeated verbatim the copyright claim the Court previously dismissed,

6    including a request for statutory damages and attorneys' fees, but excluding any allegation of

7    registration of the work at issue.  Compare FAC, ¶¶ 20-25 with Complaint, ¶¶ 20-25.  Layer42 and

8    Indybay separately moved to dismiss Plaintiff's copyright claim with prejudice given Plaintiff's

9    disregard for the Court's instructions.  Dkt. 29, 31.  Indybay also brought to the Court's attention

10   the fact that Plaintiff had not even alleged ownership of the work at issue, and therefore did not

11   have standing to sue.  Dkt. 31 at 4-5.

12         In response to Layer42's motion, Plaintiff made "an unconvincing attempt to blame his

13   adversary for his failure to amend, arguing that Layer42 filed a request for attorney's fees which

14   required opposition over the holiday season, and this task apparently distracted Plaintiff's counsel

15   from adding an allegation to the FAC that Plaintiff had applied for a copyright."  June 2, 2014

16   Order at 5 ("June 2014 Order"), Dkt. 54.  In an attempt to salvage his copyright claim, Plaintiff

17   submitted a Proposed Second Amended Complaint ("PSAC") with his opposition to Layer42's

18   motion to dismiss, in which he alleged that he had registered the copyrighted work and removed

19   claims for statutory damages and attorneys' fees.  Dkt. 37-1.

20         In responding to Indybay's motion to dismiss, in particular its argument that Plaintiff had

21   not even alleged he owned the work at issue, Plaintiff made no attempt in his opposition or at oral

22   argument to articulate facts that would give the Court any indication he actually had standing to

23   sue.  Rather, he simply recited the Copyright Act, stating "Copyright Registration is prima facie

24   evidence of ownership."  Dkt. 40 at 5-6.  At oral argument, he told the Court the photograph was a

25   work made for hire, which the Court later noted would require Plaintiff to have a "photographer"

26   as a "regular employee rather than an independent contractor or a specially commissioned

27   photographer" – something that was unlikely for a small law firm.  June 2014 Order at 8.

28

205374.3

3

**D.   Court Dismisses Copyright Claim With Prejudice**

The Court, citing among other things Plaintiff's repeated failure to provide any "explanation of how he owns the rights to the image," dismissed Plaintiff's copyright claim as to both Layer42 and Indybay, this time without leave to amend. *Id.* at 7.  As the Court recognized, the FAC had to be dismissed because Plaintiff had again failed to allege he had even applied to register a copyright in the photograph, *id.* at 5, the PSAC also failed to state a claim – both because Plaintiff's registration could not constitute prima facie evidence of the validity of his copyright as a matter of law (since more than five years had elapsed between the date of first publication and registration) and because any allegation that Plaintiff authored the photograph was contradicted by his own sworn statements in the case, *id.* at 6-7 – and Plaintiff had articulated no facts justifying "a *fourth* opportunity" to plead his claim.  *Id.* (emphasis in original).  As the Court observed, the case had been pending for nearly a year and in all that time, "Plaintiff has yet to plead a valid federal cause of action in any of his proposed complaints, or explain how he might at any point in the foreseeable future.  Given the numerous opportunities Plaintiff had to state a claim for copyright infringement, and Plaintiff's failure to explain to the Court how the copyright claim might be rendered plausible on further amendment, the Court concludes that further leave to amend would be futile."  *Id.*

**I.**

**INDYBAY SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS INCURRED IN SUCCESSFULLY DEFENDING AGAINST PLAINTIFF'S BASELESS CLAIM AND IN FURTHERANCE OF THE PURPOSES OF THE COPYRIGHT ACT**

Under the cost-shifting provision of the Copyright Act, courts may award prevailing parties their full costs, including attorneys' fees.  17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.").

Because "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement," courts must not hold a prevailing defendant to a more

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1  stringent standard when considering a fee award than that applicable to a prevailing plaintiff.

2  *Fogerty*, 510 U.S. at 527, 534-35. "[D]istrict courts may freely award fees, as long as they treat

3  prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's

4  objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996). "'[E]xceptional

5  circumstances' are not a prerequisite for an award of attorney's fees." *Id.*

6  "'There is no precise rule or formula for making these determinations,' but instead

7  equitable discretion should be exercised 'in light of the considerations [the Court] ha[s]

8  identified.'" *Fogerty*, 510 U.S. at 534 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37

9  (1983)). Consistent with the principles set forth in *Fogerty*, the Ninth Circuit has instructed that

10  such considerations include, but might not be limited to, the degree of success obtained;

11  frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in

12  the case); and the need in particular circumstances to advance considerations of compensation and

13  deterrence. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558-59 (9th Cir. 1996). Not all of these factors

14  need to be met for the Court to issue a fee award. Above all, the factors used to guide the Court's

15  discretion in awarding fees in copyright cases must be "faithful to the purposes of the Copyright

16  Act." *Id.*, 510 U.S. at 535 n.19.

17  Here, all relevant considerations weigh in favor of a fee award for Indybay. From the get-

18  go, Plaintiff acted recklessly and without regard to the requirements of the Copyright Act for

19  bringing a lawsuit for infringement. Plaintiff then neglected to follow the Court's instructions.

20  Even when faced with the reality that he did not have standing to sue for infringement, he

21  continued to press on, offering the argument that the photograph was a work made for hire in a

22  cursory and inadequate fashion, hoping that the Court would allow Plaintiff an opportunity to

23  amend yet again to allege the requisite ownership. As the Court correctly recognized, this simply

24  was something Plaintiff never could do from the start.

25      **A.**     **Indybay Is Undoubtedly The "Prevailing Party"**

26  There is no question that Indybay is the prevailing party. *Klamath Siskiyou Wildlands Ctr.*

27  *v. United States BLM*, 589 F.3d 1027, 1030 (9th Cir. 2009) ("The term 'prevailing party … means

28  'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.")

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

MPA IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES     CASE NO. CV-13-1842-JST

1  (citations omitted).  Indybay successfully defended against Plaintiff's copyright claim, with the

2  Court granting all the relief requested as to that claim and entering judgment in favor of Indybay.

3        As the prevailing party on a motion to dismiss with prejudice, "Defendant … is entitled to

4  attorneys' fees." *Salinas v. Wachovia Mortgage*, 2011 WL 5513456, *2 (E.D. Cal. 2011); *see also*

5  *Gilbert v. New Line Productions, Inc.*, 490 Fed. Appx. 34, 37 (9th Cir. 2012) (attorneys' fees

6  appropriate where defendant "achieved complete success on the merits and [Plaintiff's] claims

7  were objectively unreasonable"); *Maljack Prods., Inc.*, 81 F.3d at 890 (affirming award to

8  defendant who "obtained total success in defending against … copyright claims" by winning

9  summary judgment).

10        **B.**    **Plaintiff's Copyright Claim Was Objectively Unreasonable And Frivolous**

11        From the beginning, Plaintiff lacked standing to bring a claim for copyright infringement

12  over the work at issue – something Plaintiff, who is an attorney, could have easily figured out had

13  he reviewed horn book copyright law.  *See*, *e.g.*, 17 U.S.C. § 411(a) and *Cosmetic Ideas, Inc. v.*

14  *IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010) (setting forth procedural requirement of

15  registration); *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (citing 17

16  U.S.C. § 501(b)) (setting forth substantive requirement that plaintiff be the legal or beneficial

17  owner of an exclusive right in order to sue for copyright infringement).  Plaintiff knew he did not

18  take the photograph, as he admitted as much in an earlier declaration.  *See* Choyce Decl., ¶ 2, Dkt.

19  11 ("I had a professional photograph taken of me for use on my website").  A quick review of a

20  practice guide would have informed Plaintiff that meant he was not the author of the photograph,

21  but he nonetheless erroneously identified himself as "author" on his copyright registration.  Dkt.

22  17.  When the error of that assertion was brought to his attention in Indybay's motion to dismiss,

23  Plaintiff did not attempt to cure the defect but instead first attempted to rely on an argument (*i.e.*,

24  the prima facie validity of his registration) that was untenable because his registration was

25  untimely, and then sought to advance an argument (that the photograph was a work made for hire)

26  for which he offered not a single shred of evidence.

27        Consequently, Plaintiff's copyright claim was objectively unreasonable because he should

28  have known that his suit was unlikely to succeed.  *Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

MPA IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES      CASE NO. CV-13-1842-JST

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1  1273 (9th Cir. 2013) (affirming trial court's award of attorney's fees to defendant where plaintiffs

2  should have known that the chances of their success were slim and legally objectively

3  unreasonable); *Kourtis v. Cameron*, 358 F. App'x 863 (9th Cir. 2009) (finding the district court

4  properly awarded attorneys' fees to defendant because plaintiff pursued a copyright claim for five

5  years that was almost identical to a claim that was previously denied with no new evidentiary

6  basis); *Gilbert*, 490 Fed. Appx. at 37 (district court did not abuse its discretion by awarding

7  attorney fees and costs to defendant in copyright infringement action where plaintiff's legal claims

8  were objectively unreasonable.).

9       Indeed, while both factual and legal unreasonableness are not required to award a

10  prevailing defendant its fees, another factor favoring an award of fees here is that Plaintiff's

11  copyright claim was objectively unreasonable "'both in the factual and in the legal components of

12  the case.'" *Fogerty*, 510 U.S. at 534 n.19 (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151,

13  156 (3rd Cir. 1986)).  Not only did Plaintiff fail to comply with the threshold standing

14  requirements of the Copyright Act – i.e. applying for a registration before filing suit – he also

15  failed to put forth any evidence showing he had standing to sue, demonstrating both legal and

16  factual objective unreasonableness.

17       Even giving Plaintiff the benefit of the doubt that he "may not have acted out of bad faith

18  in initiating litigation against [Indybay], [he] at least acted unreasonably. …[Plaintiff] …

19  continued to litigate even as [he] … turned up no evidence in support of [his] claims against

20  [Indybay]." *Asis Internet Servs. v. Optin Global, Inc.*, 2010 WL 2035327, *4 (N.D. Cal. 2010);

21  *accord Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729, 732 (7th Cir. 1996) (even if

22  the Court finds "little indication of actual bad faith on the part of [Plaintiff], the record

23  demonstrates quite clearly that [Plaintiff's] case against [Indybay] was objectively unreasonable,

24  both factually and legally.").  Plaintiff filed his complaint without having alleged registration of

25  his copyright in the photo.  June 2014 Order at 3.  Even after he did register his copyright, he

26  failed, once again, to make that allegation in his complaint, and in any case, did not have "any

27  ownership interest in [the photo's] copyright." *Budget Cinema, Inc.*, 81 F.3d at 732.  Despite

28  numerous opportunities over the course of nearly a year to explain to the Court facts that could

1    "salvage his claim," Plaintiff failed, in both of his complaints as well as his proposed second

2    amended complaint, to "plead a valid federal cause of action … or explain how he might [do so] at

3    any point in the foreseeable future."  June 2014 Order at 8.

4           Indybay should therefore be awarded its fees for defending against a claim for which

5    Plaintiff had no standing to bring in the first place.  *See, e.g.*, *Entertainment Research Group, Inc.*

6    *v. Genesis Creative Group, Inc*., 122 F.3d 1211, 1229 (9th Cir. 1997) (awarding fees to defendant

7    "since it was 'objectively unreasonable' for [plaintiff] to have maintained [certain] claims for

8    almost three years without any evidentiary basis").

9           **C.      A Fee Award Will Also Promote Both Compensation And Deterrence**

10          In determining whether to award attorneys' fees, the Court also considers whether an

11   award for defendants would "advance considerations of compensation and deterrence."  *Love v.*

12   *Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010) (affirming award of attorneys'

13   fees for successful defense against copyright claim that was "fatally flawed from the outset"

14   because, *inter alia*, plaintiff "did not hold the copyrights at issue"); *Maljack Prods.*, 81 F.3d at 890

15   ("We consider that an award of fees may deter baseless suits."); *Stern v. Does*, 978 F. Supp. 2d

16   1031, 1052 (C.D. Cal. 2011) (awarding fees to defendant in order to discourage "frivolous

17   lawsuits," particularly where such award "would not erode the value of copyright protection").

18          Awarding attorneys' fees to Indybay in this case would "advance[] the interests of

19   compensation to the extent that [it has been] forced to defend itself against groundless claims."

20   *Asis Internet Servs.*, 2010 WL 2035327 at *4.  "[A]n award of reasonable attorneys' fees is [also]

21   appropriate and [should be] granted" to deter this Plaintiff, and other would-be plaintiffs, from

22   instituting claims that are unreasonable and not "well-grounded in fact and law" for the purpose of

23   "stifling … criticism."  *Religious Tech. Ctr. v. Lerma*, 908 F. Supp. 1362, 1368 (E.D. Va. 1995).

24   By deterring such lawsuits and compensating defendants who successfully litigate against them,

25   such an award "vindicat[es] the overriding purpose of the Copyright Act" by continuing to

26   encourage the production of original works and the hosting of websites where such works may be

27   posted.  *Mag Jewelry Co. v. Cherokee, Inc*., 496 F.3d 108, 122-24 (1st Cir. 2007) (reversing

28   district court's denial of award of attorneys' fees where plaintiff "must have known early on that

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

1  its infringement claim was tenuous, yet it managed to prolong the litigation by obscuring the

2  clarity of the underlying facts," because "'[d]efendants who seek to advance a variety of

3  meritorious copyright defenses should be encouraged to litigate them to the same extent that

4  plaintiffs are encouraged to litigate meritorious claims of infringement'") (quoting *Fogerty*, 510

5  U.S. at 527)) (additional quotations and citations omitted).

6       In this case, there is the additional factor that "[d]efendants were forced to defend against

7  plaintiff's claims even after pointing out the fatal flaws from which h[is] lawsuit suffered." *Scott v.*

8  *Meyer,* 2010 WL 2569286, *3 (C.D. Cal. 2010).  Not only was "Plaintiff's lawsuit … objectively

9  unreasonable," *DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, *4 (C.D. Cal.

10  2013), but "Plaintiff was a sophisticated party," and thus compensation is necessary for the dual

11  purpose of both "[d]eterring non-meritorious lawsuits … and compensating parties that must

12  defend themselves against meritless claims" both of which are "laudable ends."  *Scott,* 2010 WL

13  2569286, *3.  In short, "there is reason for an award of costs and fees so as to deter this Plaintiff,

14  and other similarly situated plaintiffs, from instituting claims void of facts supporting them and

15  litigating without adequate research based on a cost/benefit analysis that tells such plaintiffs that

16  they can score big if they win and that there will be no adverse consequences if they lose." *Lexar*

17  *Homes, Inc. v. Port*, 2013 WL 6498293 (E.D. Wash. 2013) (*citing Earth Flag Ltd. v. Alamo Flag*

18  *Co.,* 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2011)); *accord Coles v. Wonder*, 283 F.3d 798, 803 (6th

19  Cir. 2002) ("An award in this case will deter would-be plaintiffs from bringing equally meritless

20  lawsuits against other artists.  Awarding attorney fees against a party without an objectively

21  reasonable claim will send a message that such plaintiffs, in the hopes of achieving a settlement,

22  should not force other songwriters to unnecessarily spend hundreds of thousands of dollars to

23  defend themselves.).

24       **II.**

25  **THE AMOUNT OF ATTORNEYS' FEES BEING SOUGHT IS REASONABLE**

26       All fees reasonably incurred in defending against a copyright claim are recoverable by a

27  party entitled to an attorneys' fees award. *Entertainment Research Group*, 122 F.3d at 1230.  The

28  lodestar method – multiplying the number of hours reasonably expended by the reasonable hourly

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

1    rate – is the approach used for setting fees under a federal fee-shifting statute such as § 505 of the

2    Copyright Act.  *See*, *e.g.*, *Lawrence v. Sony Pictures Entm't, Inc.*, 534 F. App'x 651, 654 (9th Cir.

3    2013) (affirming use of lodestar method in copyright cases); *City of Burlington v. Dague*, 505 U.S.

4    557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our

5    fee-shifting jurisprudence.").  "The resulting figure is presumptively reasonable." *Ryan v.*

6    *Editions Ltd. W., Inc.*, 2012 WL 6599798 (N.D. Cal. 2012).  This formulation applies even where,

7    as here, the attorneys seeking fees charged nothing for their services.  *See*, *e.g.*, *Blum v. Stenson*,

8    465 U.S. 886 (1984) (litigant represented by legal aid society entitled to attorney fee award under

9    42 U.S.C. § 1988).  As the Ninth Circuit has held, "[a]n award of attorneys' fees under the

10   [Copyright Act] is not to be denied because counsel provided its legal representation without

11   charge."  *Dennis v. Chang*, 611 F.2d 1302, 1305 n.4 (9th Cir. 1980).

12        To establish a "presumptively reasonable" lodestar figure, the party seeking fees should

13   provide (1) billing summaries, (2) counsel's hourly rate, and (3) evidence that the rate is

14   reasonable for an attorney of like skill and experience.  *Discovery Commn'cs v. Animal Planet,*

15   *Inc.*, 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001).  Once this figure is determined, the lodestar

16   may then be adjusted upward or downward by the court based on relevant factors.  *In re Bluetooth*

17   *Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (internal citations omitted).

18        The relevant factors guiding the Court's award of attorney's fees include: (1) the time and

19   labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to

20   perform the legal service properly; (4) the preclusion of other employment by the attorney due to

21   acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time

22   limitations imposed by the client or the circumstances; (8) the amount involved and the results

23   obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of

24   the case; (11) the nature and length of the professional relationship with the client; and (12)

25   awards in similar cases.  *Doran v. Corte Madera Inn Best W.*, 360 F. Supp. 2d 1057, 1060-61

26   (N.D. Cal. 2005) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)).

27        In this case, the lodestar figure through judgment on just the copyright claim was

28   $26,002for the following tasks:

205374.3                                   10

MPA IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES                           CASE NO. CV-13-1842-JST

| TASK | TIMEKEEPER | HOURS | FEES |
|---|---|---|---|
| Motion to Dismiss Copyright Claim | Roger Myers, Partner: | 19.4 | $10,561.00 |
| | Leila Knox, Associate: | 24.0 | $10,320.00 |
| | | 1.7 | $561.00 |
| | Katherine Harrison, Associate: | 1.6 | $432.00 |
| | Joel Rayala, Paralegal: | | ($21,874) |
| Hearing | Leila Knox, Associate: | 9.6 | $4,128.00 |
| **Totals:** | | **Hours: 56.3** | **Fees: $26,002** |

As reflected in the billing records submitted with this motion, none of these fees overlap those expended in connection with the anti-SLAPP motion. Knox Decl., ¶ 5 & Exhs. A & B. Nor do they reflect the full extent of fees to which Indybay is entitled. For example, Indybay does not seek fees relating to the ineffective service of the complaint or tasks related to submitting the proposed order of judgment to the court following the June 2014 Order. Knox Decl., ¶ 10.

Indybay also should be awarded fees for this motion. *In re Nucorp Energy*, 764 F.2d 655, 660 (9th Cir. 1985) ("statutory fee award provisions should be read as authorizing compensation for time spent litigating fee awards"). Through the filing of this motion, Indybay's fees for seeking fees were $16,700. Knox Decl., ¶ 7 & Exh. B.

### A.     Counsel for Indybay Expended A Reasonable Number Of Hours

Plaintiff could have cut his losses and avoided attorneys' fees for Indybay's defense of the copyright claim by dropping that cause of action altogether following the Court's December 2013 Order, which was clear in its directive that Plaintiff only return to the Court under certain circumstances. December 2014 Order at 5-6, 16-17. Yet Plaintiff forced Indybay to jump into this case and defend against the unreasonable copyright claim, thereby necessitating attorney time and effort to conduct the appropriate research and prepare Indybay's motion to dismiss. Knox Decl., ¶ 7.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1

**B.      Counsel Are Skilled Copyright Litigators Who Understood The Nature And Quantity Of Work Necessary To Effectively Defend Against Plaintiff's Claim**

2

3      Indybay's counsel regularly defends publications, authors and others that are frequently the

4   target of copyright infringement claims.  Mr. Myers has practiced media and copyright law for

5   nearly 25 years, has been named a Super Lawyer and one of the Leading Lawyers in Media Law

6   by Chambers & Partners, has taught media law, and has received awards for his representation of

7   free speech rights.  Myers Decl., ¶ 2.  Mr. Myers has successfully defended numerous copyright

8   infringement lawsuits against media and other clients, including *Shepard v. Miler*, January 12,

9   2012 Order, No. Civ. 2:10-1863 WBS JFM (E.D. Cal. 2012) (granting motion for summary

10   judgment for book publisher and author after plaintiff failed to oppose same in connection with

11   copyright claim); *Identity Arts v. Best Buy Enter. Serv., Inc.*, 2007 U.S. Dist. LEXIS 32060 (N.D.

12   Cal. April 18, 2007) (granting motion for judgment on the pleadings for lack of substantial

13   similarity); and *Morgenstein v. ABC, Inc.*, 27 Media L. Rep. 1350, 1998 U.S. Dist. LEXIS 14994

14   (N.D. Cal. Sept. 11, 1998) (granting motion to dismiss on fair use grounds).  Myers Decl., ¶ 3.

15      Ms. Knox has practiced media and intellectual property law for the past seven years,

16   including working with Mr. Myers on the *Shepard* copyright case, among others.  Knox Decl., ¶

17   11.  Ms. Knox has been named a Rising Star by Super Lawyers magazine in First Amendment

18   law.  *Id.*  Ms. Mar is a first-year attorney who works with Mr. Myers, Ms. Knox and others in

19   Bryan Cave's IP practice group on various media matters.  Knox Decl., ¶ 12.  Likewise, Ms.

20   Harrison is a second-year attorney who worked with Mr. Myers and Ms. Knox on various media

21   law and IP matters before departing Bryan Cave in June.  *Id.*  Based on all of this experience,

22   Indybay's counsel was well-positioned to quickly dispose of the copyright infringement claim, and

23   ultimately succeeded in persuading the Court to do so.

24      **C.      Defense Counsel's Rates Are Reasonable**

25      The hourly rates of the defense team are reasonable.  Namely, Mr. Myers' rate is $545, Ms.

26   Knox's rate is $430;[2] Ms. Mar's rate is $355; Ms. Harrison's rate was $330; paralegal Joel

27   ---
[2] This was Ms. Knox's standard rate in 2013.  Even though it was raised to $480 in 2014, for
28   purposes of this motion, Indybay is only requesting fees at the 2013 rate of $430 per hour.

---

MPA IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES                          CASE NO. CV-13-1842-JST

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1  Rayala's rate is $270; and paralegal Yvonne Herron's rate is $ 250.  Knox Decl., ¶ 13; Myers

2  Decl., ¶ 4.  In 2013, Mr. Myers' hourly rate was $525.  Myers Decl., ¶ 4.  These numbers are

3  comparable to rates charged by attorneys in the San Francisco region.  Knox Decl., ¶14; Myers

4  Decl., ¶ 4; *Rosenfeld v. United States DOJ*, 904 F. Supp. 2d 988, 1001-02 (N.D. Cal. 2012) ($550

5  per hour was reasonable for San Francisco attorney representing plaintiff in successful Freedom of

6  Information Act case; in general, a California attorney with 21 years of experience could

7  command between $495 and $785 per hour, and an attorney with 28 years of experience could

8  command between $640 and $875 per hour); *Goldberg v. Cameron*, 2011 WL 3515899, *7 (N.D.

9  Cal. 2011) (in finding plaintiff's copyright infringement claims objectively unreasonable and

10  awarding fees to prevailing defendants, court found that hourly rates ranging from $275 to $550,

11  including the increases in hourly rates during the course of the case, were reasonable for defense

12  of a copyright infringement action in California; the court also noted that hourly rates in the $600-

13  $900 range were not uncommon in California for attorneys specializing in intellectual property

14  litigation).  Also in 2012, first-year associates in California were typically billed at between $225-

15  395 per hour, and an attorney with upwards of ten years of experience could command as much as

16  $600 per hour.  *Rosenfeld*, 904 F. Supp. 2d at 1002.  Given this authority, it is undisputed that for

17  the San Francisco legal market, counsel's rates are well below market and therefore reasonable.

18  **D.    Courts Have Awarded Comparable Fees In Similar Copyright Cases**

19  Courts in this circuit have recently awarded fees in similar or greater amounts in copyright

20  infringement cases.  *DuckHole, Inc.,* 2013 WL 5797204, *6 (awarding $65,781 in attorneys' fees

21  to defendants for copyright infringement case after court granted motion to dismiss); *Maljack*

22  *Prods., Inc. v. GoodTimes Home Video Corp.,* 81 F.3d 881, 890 (9th Cir. 1996) (affirming district

23  court's award of $162,175.04 after granting summary judgment).  Similarly, a district court in New

24  York recently awarded $84,375 in attorneys' fees plus costs to defendants in a copyright

25  infringement case who prevailed at the motion to dismiss stage.  *Pyatt v. Raymond*, 2012 WL

26  1668248, *8 (S.D.N.Y. 2012) (awarding $84,375 total in attorneys' fees to prevailing defendants

27  prevailing on motion to dismiss copyright claim, $28,125 to each set of three defendants).

28

205374.3                                        13
MPA IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES                    CASE NO. CV-13-1842-JST

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1     **E.     Indybay Should Also Be Awarded Its "Full Costs"**

2     The Copyright Act provides courts with discretion to award parties their full costs.  17

3 U.S.C. § 505.  Costs recoverable under the Copyright Act go beyond the categories of taxable

4 costs set forth in 28 U.S.C. § 1920.  *Twentieth Century Fox Film Corp. v. Entertainment Distrib.*,

5 429 F.3d 869, 885 (9th Cir. 2005) ("[T]here can be no other import to the phrase 'full costs' within

6 § 505. Construing § 505 as limiting the costs that may be awarded to any particular subset of

7 taxable costs effectively reads the word 'full' out of the statute. ... Thus, we hold that district

8 courts may award otherwise non-taxable costs, including those that lie outside the scope of § 1920,

9 under § 505.").  Reasonable costs and expenses are those that "would normally be charged to a fee

10 paying client."  *Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.,*

11 460 F.3d 1253, 1257 (9th Cir. 2006).

12     Indybay respectfully requests $824.11 in costs, which include the cost of photocopies,

13 postage, printing, travel costs, courier charges, PACER charges and Westlaw research.  Knox

14 Decl., ¶ 8; Exh. D; *Lexar Homes, Inc.*, 2013 WL 6498293, *8 (awarding $1,447.70 in costs to

15 successful defendants for photocopies, legal research, travel, process service fees, transcript fees,

16 and postage); *Pyatt v. Raymond*, 2012 WL 1668248 (S.D.N.Y. 2012) (awarding a total of $2,785

17 in costs to three groups of defendants defeating copyright claim at motion to dismiss stage).

18                              **CONCLUSION**

19     For all these reasons, Indybay respectfully requests that the Court grants its motion for

20 attorneys' fees and costs in the amount requested and any additional amount required for a reply

21 brief and/or hearing on this motion.

22 Dated: July 2, 2014                    Respectfully submitted,

23                                        **BRYAN CAVE LLP**

24                                        By:  ____/s/_____

25                                             Leila Knox

26                                        Attorneys for Defendant
                                          SF BAY AREA INDEPENDENT MEDIA CENTER

27

28