Roger Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
Leila Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
Jessica Mar (CA State Bar No. 293304)
jessica.mar@bryancave.com
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:     (415) 675-3400
Facsimile:      (415) 675-3434

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIONNE CHOYCE<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,<br><br>　　　　　　　Defendants. | CASE NO. CV-13-1842-JST<br><br>**DECLARATION OF LEILA KNOX IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO 17 U.S.C. § 505** |

　　　　I, Leila Knox, declare:

　　　　1.　　　I am an attorney duly licensed to practice law in the State of California and in the U.S. District Court for the Northern District of California and am an associate with the law firm Bryan Cave LLP, attorneys for defendants SF Bay Area Independent Media Center ("Indybay").  I make this declaration of my own personal knowledge, including my knowledge of the firm's files

---

relating to this action. If called as a witness, I could and would testify competently to the facts stated herein.

**INDYBAY'S EFFORTS TO MEET AND CONFER ON FEES AND COSTS**

2. Prior to filing this motion, as required under Local Rule 54-5(b), I contacted counsel for Plaintiff, Dow Patten, to meet and confer regarding attorneys' fees and costs so as to avoid the necessity of filing this motion. Following two attempts to reach Mr. Patten by phone on Thursday, June 26, and Friday, June 27, 2014, I emailed Mr. Patten the following Monday, June 30, to discuss the possibility of stipulating to attorneys' fees. Mr. Patten at first indicated that his client was willing to stipulate to attorneys' fees, and I therefore prepared a draft stipulation and proposed order, which I emailed to Mr. Patten and his partner, Spencer Smith, first thing on Tuesday, July 1. Mr. Patten thereafter indicated that he had misread my email and requested further information regarding the fees and costs that Indybay was requesting. I told Mr. Patten, by email, that he could come by our offices in San Francisco to review the billing summaries showing the time spent on the copyright portion of this matter. After a request from Mr. Smith that I email the billing summaries, I called opposing counsel to find out if Plaintiff was, in principle at least, willing to stipulate to fees. Even though Mr. Patten was unwilling to give me this assurance, I nonetheless emailed opposing counsel a summary of fees and costs on Tuesday afternoon in an attempt to avoid motion practice. I heard nothing further from Plaintiff's counsel regarding the potential for stipulating to fees and costs, and therefore filed this motion.

**PLAINTIFF'S ATTEMPTED SERVICE OF THE COMPLAINT ON INDYBAY**

3. Indybay appeared in this case following Plaintiff's attempt to serve Indybay late last year. According to the docket in the above-captioned action, the original Complaint was filed in the Northern District on April 23, 2013; however, it was not until nearly seven months later – on November 14, 2013 – that I became aware that Plaintiff Dionne Choyce ("Plaintiff") had attempted to serve Indybay. On that date, I checked the docket and noticed that a proof of service had been filed that same day claiming that Indybay had been served with service of process on October 31, 2013. I believed that this attempted service was ineffective, primarily because the complaint was delivered to an address where Indybay maintains only a mail drop, but no offices, and was left with an individual who was not affiliated with Indybay and was not authorized to

accept service on its behalf. But in the spirit of cooperation, I attempted to work with opposing counsel to appear in the case and answer the Complaint. However, after several attempts to come to an agreement with opposing counsel for a 30-day extension of time to answer the complaint, Indybay was forced to seek the same relief from the Court, which it granted.

**INDYBAY'S MOTION TO DISMISS THE COPYRIGHT CLAIM**

4. I filed on behalf of my client a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and a Special Motion to Strike Plaintiff's State Law Causes of Action pursuant to California Code of Civil Procedure § 425.16. On June 2, 2014, the court granted Indybay's motion to dismiss as to the copyright claim, and entered its judgment with respect to the same on June 18, 2014. Dkt. 54, 58.

5. The time my colleagues and I spent defending against Plaintiff's copyright claim and in preparing the instant fee motion through the end of June 2014 is set forth in the spreadsheets attached hereto as Exhibits A, B and C. Indybay is seeking fees for preparation of the motion to dismiss the copyright claim; time spent preparing for and attending the hearing on the motion; and time spent on this fees motion.

6. Because this case was taken on a pro bono basis, invoices were not prepared and sent to the client for payment. However, each timekeeper who worked on this matter recorded his or her time in the firm's timekeeping database, from which the spreadsheet summarizing the reasonable hours spent is extracted. Since Indybay is only seeking fees related to its successful defense of the copyright claim, as well as fees for bringing this motion, Exhibits A and B reflect only time spent on those aspects of the case.

**FEES AND COSTS SUMMARY**

7. The following shows the breakdown of time spent by each timekeeper on each of the three categories for which Indybay is seeking fees, and as described in more detail in Exhibits A, B and C:

///
///
///

| TASK | TIMEKEEPER | HOURS | FEES |
|---|---|---|---|
| Motion to Dismiss Copyright Claim | Roger Myers, Partner: | 19.4 | $10,561.00 |
| | Leila Knox, Associate: | 24.0 | $10,320.00 |
| | Katherine Harrison, Associate: | 1.7 | $561.00 |
| | Joel Rayala, Paralegal: | 1.6 | $432.00 |
| | | | ($21,874) |
| Hearing | Leila Knox, Associate: | 9.6 | $4,128.00 |
| Fees | Roger Myers, Partner: | 5.0 | $1,253.50 |
| | Leila Knox, Associate: | 19.1 | $8,213.00 |
| | Jessica Mar, Associate: | 17.7 | $6,283.50 |
| | Yvonne Herron, Paralegal: | 3.8 | $950.00 |
| | | | ($16,700) |
| **Totals:** | | **Hours: 99.2** | **Fees: $ 42,702** |

8. In addition, Indybay is seeking reimbursement of $824.11 in costs for copies and PDFs, postage, printing, courier services, computerized legal research, PACER fees and travel in connection with defense of the copyright claim, as described in the spreadsheet attached as Exhibit D.

9. For this declaration, I reviewed the time records for accuracy, reasonableness and the exercise of billing judgment. I believe all of the time reflected in these records is accurate and reasonably related to the defense against Plaintiff's copyright claim and establishing Indybay's entitlement to fees and costs under 17 U.S.C. § 505.

10. Indybay is not seeking all fees to which it may be entitled. For example, Indybay is not seeking fees relating to the service dispute described above in Paragraph 2, which consumed at least 10 hours of attorney time and reflects a total of $4,300 in fees that Indybay could seek to recover. Likewise, following the Court's June 2, 2014 Order granting Indybay's motion to dismiss the copyright claim, a total of 5.6 hours of attorney time and $4,325 in fees was spent drafting and circulating the proposed order of judgment to the other parties in this case, as well as

4

1 performing other tasks related to the issuance of the Court's Order, none of which Indybay seeks
2 fees. Furthermore, Indybay is not requesting fees for time spent by Mr. Myers in connection with
3 preparation for the motion for attorneys' fees.

4     11.    I have practiced media and intellectual property law since graduating from UC
5 Hastings College of the Law in 2006. I hold a B.A. in technical journalism, with minors in
6 sociology and political science, from Colorado State University. I have been named a Rising Star
7 by Super Lawyers magazine in First Amendment law from 2010-2014. Prior to this case, I
8 worked on several other copyright matters, including successfully defending a book publisher and
9 author against a copyright infringement claim in *Shepard v. Miler*, January 12, 2012 Order, No.
10 Civ. 2:10-1863 WBS JFM (E.D. Cal. 2012), together with Roger Myers.

11     12.    Jessica Mar is a first-year attorney and graduate of UC Berkeley School of Law
12 who works with me and others in Bryan Cave's IP practice group on various media matters.
13 Katherine Harrison practiced in Bryan Cave's IP group for two years following her graduation
14 from UC Irvine School of Law before she departed the firm earlier this month.

15     13.    The amounts listed on the chart and records included in Exhibits B, C and D are
16 calculated from rates that are much lower than what attorneys of comparable experience in larger
17 firms charge, especially in intellectual property litigation. My regular rate is currently $480 per
18 hour, and in 2013 it was $430 per hour. However, for purposes of this fees motion, Indybay is
19 only requesting an hourly rate of $430 for work done by me in both 2013 and 2014. Ms. Mar's
20 current hourly rate is $355 (she did not work on this matter in 2013). Ms. Harrison's hourly rate
21 in 2013 was $330 (Indybay is not requesting fees related to work she did on this matter in 2014,
22 since the bulk of that work was in connection with the defamation claim). Yvonne Herron, one of
23 the two paralegals who worked on this case, is currently billed at $250 per hour, and the other
24 paralegal, Joel Rayala, is billed at $270 per hour. Indybay is not seeking fees for either paralegal
25 for any work done on this matter in 2013.

26 ///
27 ///
28 ///

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1   14.     Based on my knowledge of hourly rates charged by comparably sized firms in San
2   Francisco, the rates described in Paragraph 13 are reasonable for attorneys with similar skills and
3   experience.
4        I declare under penalty of perjury that the foregoing is true and correct.
5   DATED: July 2, 2014

                                                    /s/
6                                               Leila Knox

# EXHIBIT A

**FEES INCURRED PREPARING MOTION TO DISMISS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 12/09/13 | Leila C. Knox | 0.6 | 430 | 258 | Begin drafting motion to dismiss |
| 12/12/13 | Leila C. Knox | 0.2 | 430 | 86 | Email with R.R. Myers regarding briefing scheduling. |
| 12/13/13 | Leila C. Knox | 0.6 | 430 | 258 | Continue drafting motion to dismiss. |
| 12/16/13 | Leila C. Knox | 1 | 430 | 430 | Continue drafting motion to dismiss. |
| 12/17/13 | Leila C. Knox | 0.7 | 430 | 301 | Continue drafting motion to dismiss. |
| 12/18/13 | Leila C. Knox | 2 | 430 | 860 | Continue drafting motion to dismiss plaintiff's complaint; phone call and emails with R.R. Myers regarding same. |
| 12/27/13 | Roger R. Myers | 0.3 | 525 | 157.5 | Review first amended complaint and compare to court ruling on Layer42 motion to dismiss; review L. Knox draft MPA in support of motion to dismiss; analyze and outline issues; telephone conference with L. Knox re same, status and strategy in light of amended complaint. |
| 12/28/13 | Roger R. Myers | 0.3 | 525 | 157.5 | Revising MPA in support of motion to dismiss. |
| 12/30/13 | therine M. Harris | 1.7 | 330 | 561 | Locate cases providing that an individual must be the copyright owner in order to sue for copyright infringement. |
| 12/30/13 | Leila C. Knox | 1.4 | 430 | 602 | Research copyright ownership requirement for filing complaint; incorporate findings into brief. |
| 01/06/14 | Leila C. Knox | 2.10 | 430 | 903.00 | Research copyright, cases relevant to motion to dismiss; review R.R. Meyers' draft of introduction, briefing on motion to dismiss. |
| 01/06/14 | Roger R. Myers | 1.50 | 545 | 817.50 | Research for and revising motions to dismiss; email and conference with L. Knox re same and supporting papers. |
| 01/07/14 | Roger R. Myers | 1.30 | 545 | 708.50 | Research for and revising motions to dismiss; instruct L. Knox re additional research for same; review L. Knox research and conference with L. Knox re same. |

**FEES INCURRED PREPARING MOTION TO DISMISS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 01/07/14 | Leila C. Knox | 1.4 | 430 | 602 | Research regarding ownership of copyright and dismissal of claims; emails with R.R. Myers regarding same; further editing of brief in prepration for filing. |
| 01/08/14 | Joel R. Rayala | 0.8 | 270 | 216 | Review and verify cases cited in notice of motions and motions of defendant to dismiss plaintiff's first amended complaint. |
| 01/08/14 | Leila C. Knox | 1.40 | 430 | 602.00 | Office conference and emails with R.R. Myers regarding brief; review and edit MPA, proposed order; review local rules. |
| 01/09/14 | Roger R. Myers | 1.10 | 545 | 599.50 | Revise and edit Motion, MPA; final edits of Motion, MPA, and Proposed Order. |
| 01/09/14 | Leila C. Knox | 1.10 | 430 | 473.00 | Finalize, motion to dismiss and supporting papers for filing; instruct assistant regarding filing of motions; review standing orders, local rules regarding courtesy copies; instruct assistant regarding same. |
| 01/20/14 | Leila C. Knox | 0.5 | 430 | 215 | Review previous statement filed by plaintiff; find and print cases cited in opening brief; instruct assistant regarding same. |
| 01/23/14 | Roger R. Myers | 0.9 | 545 | 490.5 | email exchange with J. Righettini re plaintiff's copyright registration and research re same (.80); review plaintiff's opposition to Indybay motions to dismiss (.10). |
| 01/23/14 | Leila C. Knox | 0.7 | 430 | 301 | Begin drafting reply to opposition to motion to dismiss; review copyright cases pertaining to works for hire, requirements related to same. |
| 01/24/14 | Roger R. Myers | 2 | 545 | 1090 | Research re copyright claim; email exchange with J. Righettini and L. Knox re same; conference with L. Knox re reply for motion to dismiss copyright claim. |
| 01/25/14 | Roger R. Myers | 4 | 545 | 2180 | Review L. Knox draft section for reply re copyright claim; review cited cases and additional research re same; email exchange |

**FEES INCURRED PREPARING MOTION TO DISMISS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| | | | | | with L. Knox and J. Righettini re same and research. |
| 01/25/14 | Leila C. Knox | 2 | 430 | 860 | Review copyright cases; further drafting of reply to oppsition; phone call with R.R. Myers regarding further briefing, strategy. |
| 01/26/14 | Leila C. Knox | 1.3 | 430 | 559 | Continue drafting reply to opposition to motion to dismiss. |
| 01/27/14 | Leila C. Knox | 2.50 | 430 | 1,075.00 | Continue drafting reply to opposition to motion to dismiss; office conference with R.R. Myers regarding same |
| 01/27/14 | Roger R. Myers | 5 | 545 | 2725 | Legal and factual research re plaintiff's photograph and registration; revise section of reply re copyright claim (5.0). |
| 01/28/14 | Leila C. Knox | 2 | 430 | 860 | Continue drafting reply to opposition to motion to dismiss; further research regarding copyright. |
| 01/30/14 | Leila C. Knox | 2.50 | 430 | 1,075.00 | Final preparations, proofing for filing; instruct assistant regarding same. |
| 01/30/14 | Roger R. Myers | 3.00 | 545 | 1,635.00 | Draft introduction to reply; revise and edit reply; final edit and prepare filing. |
| 01/30/14 | Joel R. Rayala | 0.8 | 270 | 216 | Review and verify cases facts cited in reply in support of defendant's motion to dismiss first amended complaint. |
| | **TOTALS** | **46.7** | | **$21,874.00** | |

# EXHIBIT B

**EXHIBIT B**

**FEES INCURRED RELATED TO HEARING ON MOTION TO DISMISS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 03/04/14 | Leila C. Knox | 1 | 430 | 430 | Review cases in preparation for hearing on motion to dismiss. |
| 03/11/14 | Leila C. Knox | 1.1 | 430 | 473 | Prepare for hearing on motion to dismiss. |
| 03/13/14 | Leila C. Knox | 0.5 | 430 | 215 | Prepare for hearing on motion to dismiss. |
| 03/19/14 | Leila C. Knox | 2 | 430 | 860 | Prepare for hearing on motion to dismiss. |
| 03/20/14 | Leila C. Knox | 0.5 | 430 | 215 | Prepare for hearing on motion to dismiss. |
| 03/21/14 | Leila C. Knox | 0.5 | 430 | 215 | Prepare for hearing on motion to dismiss. |
| 03/23/14 | Leila C. Knox | 2 | 430 | 860 | Prepare for hearing on motion to dismiss in connection with copyright claim. |
| 03/25/14 | Leila C. Knox | 2 | 430 | 860 | Prepare for hearing on motion to dismiss; moot court with J.E. Mar, R.R. Myers, K.M. Harrison; further preparation for same. |
| **TOTALS** | | **9.6** | | **$4,128.00** | |

# EXHIBIT C

**FEES INCURRED PREPARING MOTION FOR ATTORNEY FEES AND COSTS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 6/10/2014 | Jessica E. Mar | 0.50 | 355 | 177.50 | Conference with L.C. Knox regarding research for points and authorities in support of motion for attorneys' fees (.2); research for same (.3). |
| 6/11/2014 | Jessica E. Mar | 2.10 | 355 | 745.50 | Edit memorandum of points and authorities in support of motion for award of attorney's fees; legal research for same. |
| 6/11/2014 | Roger R. Myers | 0.30 | 545 | 163.50 | Review update re attorneys' fees motion, MPA and evidence in support; email to L. Knox re same. |
| 6/16/2014 | Jessica E. Mar | 2.90 | 355 | 1029.50 | Case law research for motion for attorneys' fees; Conference with L.C. Knox regarding same. |
| 6/17/2014 | Jessica E. Mar | 3.70 | 355 | 1313.50 | Revise and edit motion for attorneys' fees; legal research for same. |
| 6/20/2014 | Jessica E. Mar | 0.60 | 355 | 213.00 | Draft declaration of R. Myers in support of motion for attorneys' fees. |
| 6/20/2014 | Leila C. Knox | 2.00 | 430 | 860.00 | Further editing to brief in support of motion for attorneys' fees. |
| 6/23/2014 | Jessica E. Mar | 2.10 | 355 | 745.50 | Draft declarations for R. Myers and L. Knox in support of motion for attorney fees. |
| 6/23/2014 | Jessica E. Mar | 0.70 | 355 | 248.50 | Conference with R.R.Myers and L.C. Knox regarding motion for attorney fees and cots on copyright claim. |
| 6/23/2014 | Leila C. Knox | 5 | 430 | 2,150.00 | Review R.R. Myers edits to draft motion for attorneys' fees; office conference with R.R. Myers regarding same; research regarding declarations, billing records; review L.C. Knox and R.R. Myers' declarations; review and compile billing records; further drafting and editing to MPA. |
| 6/23/2014 | Roger R. Myers | 2 | 545 | 1,090.00 | Review and revise draft MPA in support of fee motion; edit redline and email same to L. Knox and J. Mar; meeting with L. Knox and J. Mar to discuss same; review follow up research from both with L. Knox and J. Mar for MPA. |

**FEES INCURRED PREPARING MOTION FOR ATTORNEY FEES AND COSTS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 6/24/2014 | Leila C. Knox | 6 | 430 | 2,580.00 | Continue drafting motion for attorneys' fees; revise declarations; instruct paralegal regarding billing records; office conference with J.E. Mar regarding additional research on fees motions; review local rules regarding motion practice, motions for attorneys' fees; review attorneys' fees totals; emails with R.R. Myers regarding same. |
| 6/24/2014 | Jessica E. Mar | 0.7 | 355 | 248.5 | Prepare fees and time summary for motion for attorney fees motion. |
| 6/24/2014 | Jessica E. Mar | 0.7 | 355 | 248.5 | Legal research for motion for attorneys' fees. |
| 6/24/2014 | Jessica E. Mar | 0.3 | 355 | 106.5 | Legal research for motion for attorney fees. |
| 6/24/2014 | Yvonne C. Herron | 1.9 | 250 | 475 | Prepare spreadsheet of costs, breaking costs down into categories to be used as an exhibit to the Declaration of Leila Knox in support of Motion for Award of Attorney Fee's. |
| 6/25/2014 | Leila C. Knox | 3.8 | 430 | 1,634.00 | Continue drafting and editing memorandum for motion on attorneys' fees; revise and edit declarations in support of same; emails with J.E. Mar, R.R. Myers regarding memorandum, declarations; instruct Y. Herron regarding calculations of costs and fees. |
| 6/26/2014 | Jessica E. Mar | 0.8 | 355 | 284 | Draft proposed order awarding attorneys' fees and costs. |
| 6/26/2014 | Leila C. Knox | 2.3 | 430 | 989.00 | Office conference with J.E. Mar, Y. Herron regarding fees totals; emails with R.R. Myers regarding same; instruct Y. Herron regarding same; continue editing, revising draft MPA and declarations on fees motion; attempt to reach opposing counsel to meet and confer regarding motion for attorneys' fees; further office conference with and instruction to J.E. Mar regarding fees. |
| 6/26/2014 | Yvonne C. Herron | 1.9 | 250 | 475 | Update costs spreadsheet. |
| 6/27/2014 | Jessica E. Mar | 2.4 | 355 | 852 | Review itemized costs records, remove costs not associate with copyright claim to prepare exhibit for memorandum of costs. |

## FEES INCURRED PREPARING MOTION FOR ATTORNEY FEES AND COSTS

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 6/27/2014 | Jessica E. Mar | 0.2 | 355 | 71 | Conference with L.C. Knox regarding updates to memorandum of costs for exhibit to include for motion for attorney fees. |
| | **TOTALS** | **42.9** | | **$16,700.00** | |

# EXHIBIT D

## EXHIBIT D

## COSTS

| | |
|---|---|
| Courier Fees: | $ 51.98 |
| Pacer Fees: | $ 24.87 |
| Postage Fees: | 2.46 |
| Printing Fees: | $ 65.40 |
| Transcript: | $ 18.90 |
| Travel Fees: | $ 27.00 |
| Westlaw Research: | <u>$ 633.50</u> |
| **TOTAL:** | **$ 824.11** |