Daniel L. Casas, Esq. (SBN 116528)
dcasas@legalteam.com
Anthony F. Basile, Esq. (SBN 247409)
abasile@legalteam.com
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Defendant
LAYER42.NET, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10,<br><br>Defendants. | Case No.: CV-13-01842<br><br>**NOTICE OF MOTION AND MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM**<br><br>[17 U.S.C. § 505]<br>[Local Rule 54-5]<br><br>**Date: September 4, 2014**<br>**Time: 2:00pm**<br>**Courtroom: 9, 19th Floor**<br><br>**Action Filed: April 23, 2013** |

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
1

**TO PLAINTIFF DIONNE CHOYCE AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on **September 4, 2014 at 2:00pm**, or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, defendant LAYER42.NET, INC. will move the Court for recovery of attorney's fees pursuant to 17 U.S.C. § 505 and Local Rules of Court Rule 54-4 after this Court granted LAYER42.NET, INC.'s motion to dismiss plaintiff DIONNE CHOYCE's cause of action for copyright infringement and entered judgment dismissing with prejudice Choyce's cause of action for copyright infringement.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Daniel L. Casas, Esq., filed herewith, and the pleadings and papers filed in this action.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: July 2, 2014         By _____/s/_____
                              Daniel L. Casas, Esq.
                              Anthony F. Basile, Esq.
                              Attorneys for Defendant,
                              LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2

## I.     STATEMENT OF ISSUES TO BE DECIDED

LAYER42.NET, INC. (Layer42) moves this Court for an award of attorney's fees pursuant to 17 U.S.C. § 505 and Local Rule 54-5, after the Court granted Layer42's motion to dismiss Plaintiff's copyright infringement claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and after the Court entered Judgment dismissing Plaintiff's copyright infringement claim with prejudice.

## II.     RELEVANT FACTS

### A. Procedural History

Choyce filed his Complaint on April 23, 2013, with an initial Case Management Conference set for July 31, 2013.  ECF Nos. 1 and 3.  By July 29, 2013, when Choyce had not served a single defendant, the Court issued an Order to Show Cause re imposition of sanctions against Choyce for failure to timely file a Case Management Statement, and to show cause why the Complaint should not be dismissed pursuant to Rule 4(m).  ECF No. 5.  Choyce served Layer42 on August 2, 2013.  ECF No. 6.

Layer42 filed its first motion to dismiss and special motion to strike on September 23, 2012.  ECF No. 9.  Choyce opposed the motions, and filed a motion to strike Layer42's special motion to strike.  ECF Nos. 10, 11, 12.  Layer42 replied in support of its motions, and opposed Choyce's motion to strike.  ECF Nos. 14 and 15.  Choyce did not file a reply in support of his motion to strike.

This Court heard argument from counsel on November 14, 2013, and took the matter under submission.  ECF No. 19.  On December 2, 2013, the Court entered its Order Denying Plaintiff's Motion to Strike; Granting in Part and Denying in Part Defendant's Motion to Dismiss; and Granting Defendant's Motion to Specially Strike.  ECF No. 22.

Choyce filed his First Amended Complaint on December 23.  ECF No. 26.  Defendants Layer42 and SF Bay Area Independent Media Center (IndyBay) filed separate motions to dismiss and special motions to strike.  ECF Nos. 29, 31.  This Court heard argument on these motions on March 27, 2014.  ECF No. 51.  On June 2, 2014, this Court

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
3

filed its Order granting in part and denying in part defendants' motions to dismiss and special motions to strike.  ECF No. 54.  The Court found that plaintiff's copyright infringement claim must be dismissed due to Choyce's failure to allege ownership of the allegedly copyright-protected image, and because further leave to amend would be futile. *Id.* at 05:10-11, 06-16-08:26.  Having dismissed the federal copyright infringement cause of action, the Court declined to exercise supplemental jurisdiction over Choyce's state law claims, and denied the motions to dismiss as to those claims.  *Id.* at 08:27-09:26.  The Court reconsidered its previous order reaching Layer42's special motion to strike, and vacated that portion of its previous order addressing Layer42's Anti-SLAPP motion without prejudice to defendants bringing a similar special motion to strike in any subsequent state-court proceeding.  *Id.* at 09:27-16.

### III.   LEGAL STANDARDS AND ANALYSIS

**A. Layer42 Is Entitled To Recover Attorney's Fees After Prevailing On Plaintiff's Copyright Infringement Claim**

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
> 17 U.S.C. § 505.

Prevailing plaintiffs and prevailing defendants must be treated alike for purposes of awarding attorney's fees under Section 505.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534; see also *Halicki Films, LLC v. Sanderson Sales & Marketing*, 547 F. 3d 1213, 1230 (9th Cir. 2008).  A trial court considering a motion for an award of attorney's fees may consider factors including (1) frivolousness, (2) motivation, (3) objective unreasonableness, and (4) the need to advance considerations of compensation and deterrence.  *Fogerty, Id.* at 535, fn. 19 (1994).  "[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty, Id.* at 527.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
4

### 1. Layer42's Motion for Fees is Timely

A motion for an award of fees must be filed and served within 14 days of the entry of judgment by the District Court. Local Rule 54-5(a). Counsel must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees. *Id.*

This Court entered judgment on June 18, 2014, dismissing with prejudice Choyce's copyright infringement cause of action. ECF No. 58. This motion is therefore timely, as it is brought within 14 days of June 18, 2014.

Layer42 has also satisfied Local Rule 54-5's meet and confer requirement, communicating extensively with plaintiff counsel for the purpose of resolving disputes relating to the claim for attorney's fees. Casas Dec., ¶¶ 13-14.

### 2. Layer42 Is The Prevailing Party Because Choyce's Copyright Infringement Claim Was Frivolous and Harassing

This Court has repeatedly found that Choyce not only failed to state a cause of action against Layer42 for copyright infringement, but that his claim was "futile" because he would be incapable of alleging ownership of the work in question. See, e.g., ECF No. 22 at 05:08-11 (Plaintiff failed to allege registration of his alleged copyright); ECF No. 54 at 05:10-11 (Plaintiff again fails to allege registration of the alleged copyright), 07:04-06 (Plaintiff is not entitled to the statutory presumption of validity in his late-filed copyright registration certificate); 07:08-10 (Plaintiff admitted in a sworn declaration that he did not create the image at issue); 07:24-28 (Plaintiff failed to allege how he acquired rights in the image at issue, notwithstanding the representation on his late-filed registration certificate that he is the "author"). These findings make clear that Choyce never could state a valid claim for copyright infringement, and support the inference that he alleged the copyright claim for the purpose of bringing his state law claims before a federal court and bludgeoning the defendants into removing the online content he found offensive.

Because Plaintiff's cause of action for copyright infringement was futile, Layer42 is the prevailing party as to that claim.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
5

**B. The Reasonable Lodestar Amount of Fees Is $57,278.50**

To determine a "reasonable" attorney fee, district courts generally start by calculating the "lodestar" amount, or the number of hours reasonably worked times a reasonable hourly rate. See *Hensley v. Eckherhart*, 461 U.S. 424, 433-437 (1983); *City of Burlington v. Dague*, 505 U.S. 557, 561 (1992); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-553 (2010). There is a "strong presumption" that the lodestar represents the "reasonable" fee. *City of Burlington*, 505 U.S. at 561. A party advocating departure from the lodestar figure bears the burden of of establishing that adjustment is necessary to determine a reasonable fee. *Id.* at 561.

The amount of a reasonable attorney fee is "committed to the sound discretion of the trial judge." *Perdue, supra*, 559 U.S. at 558.

Layer42 has submitted documented billing records showing 152.3 attorney hours related to the successful motions to dismiss, totaling $49,778.50 in attorney's fees. Casas Dec., ¶ 4, Exh. A. These records show that Layer42 employed its resources judiciously. By a ratio of nearly two-to-one, work on the motions was performed by associate attorneys at a lower hourly rate than the supervising partner. To prepare for the motions, defense counsel was required to familiarize itself with the relationship among the three separate defendants to the action, as well as research relevant statutory and case law. Consistent with this Court's February 3 Order Vacating Motion Hearing, a relatively inexperienced attorney presented oral argument to the Court in support of Layer42's motion to dismiss the First Amended Complaint after co-defendant IndyBay requested a hearing. See ECF No. 43. Layer42 brought its motions only after its attempts at informal resolution proved unsuccessful. In short, the fees charged are reasonable.

Counsel estimates that an additional $7,500 in attorney fees will be incurred in preparing and arguing this Motion for fees, bringing the lodestar total to $57,278.50. Casas Dec., ¶ 12.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
6

## IV. CONCLUSION

Layer42.Net, Inc. respectfully requests that this Court award attorney's fees of $57,278.50, or any other amount this Court believes to be just, following Layer42's successful motion to dismiss Choyce's cause of action for copyright infringement.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: July 2, 2014                    By _____/s/_____
                                         Daniel L. Casas, Esq.
                                         Anthony F. Basile, Esq.
                                         Attorneys for Defendant,
                                         LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
7