SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone: (415) 402-0084
Facsimile: (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10.<br><br>Defendants. | Case No.: CV-13-01842-JST<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM**<br><br>Date: September 4, 2014<br>Time: 2:00 PM<br>Judge: Hon. Jon S. Tigar |

## TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... i

**TABLE OF AUTHORITIES** .......... ii

**I. INTRODUCTION** .......... 1

**II. FACTUAL BACKGROUND** .......... 1

**III. LAW & ARGUMENT** .......... 4

- **A. The Standard for Shifting Attorneys' Fees In Copyright Cases** .......... 4
- **B. Layer42 Is Not A Prevailing Party And Cannot Recover Attorney's Fees** .......... 5
- **C. Assuming *Arguendo* Defendant Is A Prevailing Party The Court Should Exercise Discretion and Not Shift Defendants' Attorneys' Fees to Plaintiff** .......... 7
- **D. Assuming *Arguendo* Defendant is Entitled To Attorney's Fees The Court Cannot Determine Based On The Records Presented Whether The Attorneys' Fees Requested Are Reasonable** .......... 11
  - **1. Rates** .......... 12
  - **2. Hours** .......... 12
  - **3. Fees on Fees Are Prohibited** .......... 14

**IV. CONCLUSION** .......... 15

## TABLE OF AUTHORITIES

**Federal Cases**

*Alyeska Pipeline Co. v. Wilderness Society*
421 U.S. 240 (1975)....5

*Berkla v. Corel Corp.*
302 F.3d 909 (9th Cir. 2002)....5

*Blum v. Stenson*
465 U.S. 886 (1984)....12

*Buckhannon Bd. & Care Home v. W.V. Dept. of Health & Human Res.*
532 U.S. 598 (2001)....6

*Christopher & Banks Corp. v. Dillard's Inc.*
805 F.Supp.2d 693 (S.D. Iowa 2011)....6, 7, 8

*Davis v. City & Cnty. of S.F.*
976 F.2d 1536 (9th Cir. 1992)....12

*Domingo Cambeiro Prof'l Corp. v. Advent*
2000 U.S. App. LEXIS 3652 (9th Cir. Mar. 7, 2000)....5

*Edwards v. Nat'l Business Factors, Inc.*
897 F. Supp. 458 (D. Nev. 1995)....13

*Fantasy, Inc. v. Fogerty*
94 F.3d 553 (9th Cir. 1996)....8

*Farrar v. Hobby*
506 U.S. 103 (1992)....7

*Fischer v. SJB-P.D. Inc.*
214 F.3d 1115 (9th Cir. 2000)....7

*Fogerty v. Fantasy, Inc.*
510 U.S. 517 (1994)....1, 5, 6, 7, 9, 11

*Gates v. Deukmejian*
987 F.2d 1392 (9th Cir. 1992)....13

*Halicki Films, LLC v. Sanderson Sales & Mktg.*
547 F.3d 1213 (9th Cir. 2008)....7

*Hensley v. Eckerhart*

461 U.S. 424 (1983)....................................................................................11, 12, 13

*Hosting v. Fiks*
2010 U.S. Dist. LEXIS 5644 (N.D. Cal. Jan. 4, 2010)....................................................11

*Identity Arts v. Best Buy Enter.*
2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008).......................................13, 15

*I.T. v. Dep't of Educ.*
2014 U.S. Dist. LEXIS 60127 (D. Haw. Feb. 27, 2014)..................................................12

*Jackson v. Axton*
25 F.3d 884 (9th Cir. 1994)...........................................................................................7

*Jordan v. Multnomah Cnty.*
815 F.2d 1258 (9th Cir. 1987)......................................................................................12

*Kerr v. Screen Extras Guild, Inc.*
526 F.2d 67 (9th Cir. 1975)..........................................................................................12

*Mattel, Inc. v. MGA Entm't, Inc.*
705 F.3d 1108 (9th Cir. 2013)......................................................................................11

*Matthew Bender & Co. v. W. Publ'g Co.*
240 F.3d 116 (2d Cir. 2001).........................................................................................10

*Mitek Holdings, Inc. v. Arce Eng'g Co.*
198 F.3d 840 (11th Cir. 1999)......................................................................................10

*Morales v. City of San Rafael*
96 F.3d 359 (9th Cir. 1996)..........................................................................................12

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*
483 U.S. 711, 728 (1987)..............................................................................................12

*RBC Nice Bearings, Inc. v. SKF USA Inc.*
No. 06-cv-1880, 2011 U.S. Dist. LEXIS 141801, 2011 WL 6140919 (D. Conn. 2011).....7

*Re-Creation v. Ty, Inc.*
1994 U.S. Dist. LEXIS 1312 (D. Or. Jan. 31, 1994)........................................................8

*Sealy, Inc. v. Easy Living, Inc.*
743 F.2d 1378 (9th Cir.1984)........................................................................................15

*Skranak v. Castenada*
425 F.3d 1213 (9th Cir. 2005)........................................................................................5

*Sofa Entm't, Inc. v. Dodger Prods.*

709 F.3d 1273 (9th Cir. 2013)....11

*Thoroughbred Software Int'l, Inc. v. Dice Corp.*
488 F.3d 352 (6th Cir. 2007)....5

*Traditional Cat Ass'n v. Gilbreath*
340 F.3d 829 (9th Cir. 2003)....13

*United States v. Texas*
507 U.S. 529 (1993)....5

*Virgin Records Am., Inc. v. Thompson*
512 F.3d 724 (5th Cir. 2008)....10

*Warner Bros., Inc. v. Dae Rim Trading, Inc.*
877 F.2d 1120 (2d Cir. 1989)....5, 6, 9

*Warren v. Colvin*
744 F.3d 841 (2d Cir. 2014)....6

*Webb v. Ada County*
285 F.3d 829 (9th Cir. 2002)....12

*Yankee Candle Co. v. Bridgewater Candle Co., LLC*
140 F.Supp.2d 111 (D.Mass. 2001)....9

**Statutes**

17 U.S.C. § 505....1, 5

17 U.S.C. § 411(a)....9

**Federal Rules**

Fed. R. Civ. P 11(b)(1)....8

Fed. R. Civ. P 11(c)(2)-(3)....8

**Secondary Sources**

4-14 Melville B. Nimmer & David Nimmer,
NIMMER ON COPYRIGHT § 14.10[B][3] (2011)....6

Plaintiff Dionne Choyce ("Plaintiff" or "Mr. Choyce"), by and through his undersigned counsel, hereby opposes Defendant Layer42.Net, Inc.'s ("Defendant" or "Layer42") Motion for Recovery of Attorney's Fees Following Dismissal of Plaintiff's Copyright Infringement Claim.

## I. INTRODUCTION

Defendant Layer42 made no attempt herein to argue that the use of Plaintiff's portrait was either lawful or appropriate in any fashion. Instead, Layer42 argued that Plaintiff could not enforce the protections of the Copyright Act. The Court dismissed the copyright claim without leave to amend. 17 U.S.C. § 505 only allows for attorney's fees to be awarded to a prevailing party. Defendant is not a prevailing party, since the copyright claim was dismissed at the pleading stage and there has been no change in the "legal status" of the parties. Furthermore, even if Defendant is considered a prevailing party, the court should not exercise its discretion to award fees based on the controlling factors established in *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994).

## II. FACTUAL BACKGROUND

Two things are clear from the factual history of this case: Plaintiff exhausted all available means short of litigation to have defamatory material and his copyrighted portrait removed from the Internet, and Defendants worked in concert to avoid service of process on all parties and triangulate the formal litigation to obtain attorneys' fees[1].

Plaintiff Dionne Choyce has been a practicing attorney since 2001. (Dkt #26, First Amended Complaint ("FAC", ¶ 12). In or around April and May of 2012, defamatory statements were posted on the web site "indbay.org" concerning Plaintiff, along with Plaintiff's portrait, copied directly from his firm's website. ("FAC", ¶ 16-21). Specifically, the author falsely alleged

1 This is Layer42's second attempt to obtain attorneys' fees for the same work. (Dkt#31, p. 10)

that Plaintiff "may serve prison time for embezzling from the homeless," and that the "Choyce Law Firm was being evicted from its offices for non-payment." (*Id*.)

Over the next several months, Plaintiff attempted to have the material taken down by directly contacting the site. Plaintiff sent emails to the "site administrator" of indybay.org requesting that the false information be removed. (Dkt # 11, Choyce Decl. ¶ 3). Receiving no response, Plaintiff engaged counsel. An investigation verified the Internet Protocol address of indybay.org domain and its associated connections to the Internet. (Dkt # 10-1, ¶ 2). This investigation revealed that Layer 42.net was at a minimum providing the connectivity and Internet connection related to the "indybay.org" domain. (*Id*.)

Plaintiff discovered that Layer 42.net was the only entity associated with the indybay.org domain with a registered agent for service of takedown notices under the Digital Millennium Copyright Act ("DMCA"). (*Id*. at ¶ 3). On September 20, 2012, October 2, 2012, and February 22, 2013, Plaintiff sent DMCA takedown notices to Layer 42 in an attempt to resolve the matter. (*Id*. at ¶4-5). The notices were faxed to Steven Rubin, President of Layer24.net, the registered DMCA takedown notice agent. (*Id.*) Plaintiff also sent a Notice of Infringing Material to the CEO of Cernio Technology Cooperative, the apparent middle-man between Layer42.net and indybay.org.(*Id.)*

Plaintiff received *no* response to any of these notices. (Dkt # 10-1, ¶ 6-7) Out of options, on April 23, 2013, Plaintiff filed his complaint. (Dkt #1) Plaintiff named Defendant Layer42 as a party to complaint because, based upon the information available to Plaintiff, Layer42 participated in the publishing of the webpage.

The Court is well aware of the difficulty Plaintiff had in serving the complaint in this matter on all Defendants. The first Defendant to be successfully served was Layer42. In order to facilitate a global resolution as to the removal of the offending material—the crux of this

lawsuit—Plaintiff granted an extension of time to Defendant Layer42 to respond to the complaint. (Dkt #7)

On August 15, 2013, Defendant confirmed that it had received the DMCA takedown notices and Plaintiff's complaint. (Declaration of Dow W. Patten, Exhibit “A”) On August 20, 2013, counsel for Defendant Layer42, Daniel Casas stated in an email that Layer42 does not control the posting or removing of content. (Patten Decl, Exhibit “B”)

On September 5, 2013, Defendant informed Plaintiff that Defendant Indybay had removed the two articles at issue in this action. (Patten Decl, Exhibit “C”) Plaintiff requested that all parties come to the table for a global settlement to ensure that the defamatory material and Plaintiff's visage would not be posted in the future. (Patten Decl, Exhibit “D”) Plaintiff requested assistance from Layer42 in contacting the other named Defendants so that they could be served, participate in a global settlement, and the issue could be resolved. (*Id.*) Documents filed by Layer42 demonstrate that counsel for Indybay and Layer42 were in communication before the filing of the lawsuit, and were well aware of Plaintiff's claims and did everything they could to avoid service of the complaint on the remaining Defendants. (Dkt # 32, Declaration of David Morse, ¶ 11)

Layer42.net did not respond to Plaintiff's offer of a global resolution of this matter, and did not respond to Plaintiff's request for assistance in bringing the other parties to the table. (Patten Decl., ¶ 5) Instead, Layer42 filed an Anti-SLAPP Motion and a Motion to Dismiss under FRCP 12(b)(6) on September 23, 2013. (Dkt #9)

On October 23, 2013, Plaintiff received confirmation that the image containing his visage, “Dionne Choyce Portrait” was registered with the U.S. Copyright Office. (Dkt #17). On December 2, 2013, the Court issued an order granting Plaintiff leave to amend with respect to

Plaintiff's copyright claim. (Dkt #22) On December 23, 2013, Plaintiff filed his First Amended Complaint. (Dkt # 26)

Plaintiff finally effectuated service on indybay.org on November 14, 2013. (Dkt # 18) On January 6, 2014, Defendant Layer42 filed its second motion to dismiss and another Anti-SLAPP Motion. (Dkt #29) On January 9, 2014, Defendant Indybay.org filed its motion to dismiss and an Anti-SLAPP Motion (Dkt # 31).

The Court ruled on Defendants' 12(b)(6) motions, holding that Plaintiff did not state a claim under the Copyright Act, and denied leave to amend. The Court specifically did not reach the merits of the case, and no discovery was ever conducted into Defendants' respective roles in the publishing, editing, and eventual removal of the offending and infringing material. (Dkt #54, Order of June 2, 2014)

Prior to the filing of the instant motion, counsel for Defendant Layer42 offered, and Plaintiff agreed, to dismiss all remaining state law claims in this matter, and that Layer42 would not seek fees of any kind. (Patten Decl, Exhibit "E") On June 27, 2014, Plaintiff's counsel informed Defendant that he would confer with Plaintiff and respond to him on Monday, June 30, 2014.*(Id.)* Defendant's counsel responded that he would "talk to you on Monday". (*Id.*) After conferring with Plaintiff, Plaintiff's counsel confirmed in email that an agreement had been reached and asked Layer42's counsel to prepare a written agreement memorializing the settlement. (Patten Decl, ¶ 7). Plaintiff's counsel called Layer42's counsel, but had to leave a voicemail message, stating that an agreement had been reached, and requesting a return call. (*Id.*) Layer42's counsel never returned that call, prepared no written settlement agreement, and instead filed the present motion. (*Id.*)

## III. LAW & ARGUMENT

### A. The Standard for Shifting Attorneys' Fees In Copyright Cases.

Unless Congress provides otherwise, parties are to bear their own attorney's fees. *Fogerty,* 510 U.S. at 533, citing *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247-262 (1975) (*superseded* on other grounds by by 42 U.S.C. § 1988). Statutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar principals. *Skranak v. Castenada*, 425 F.3d 1213, 1220 (9th Cir. 2005), citing *United States v. Texas,* 507 U.S. 529, 534 (1993).

There is no entitlement to an attorney's fee in copyright claims. 17 U.S.C. § 505. Pursuant to 17 U.S.C. § 505, a district court may—in its discretion—award attorney's fees to *a "prevailing party"* in a copyright infringement case:

> In any civil action under this title, the court *in its discretion may* allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court *may* also award a reasonable attorney's fee to the prevailing party as part of the costs.

(emphasis added). "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised." *Domingo Cambeiro Prof'l Corp. v. Advent*, 2000 U.S. App. LEXIS 3652 at *4 (9th Cir. Mar. 7, 2000), (citing *Fogerty,* 510 U.S. at 534).

**B. Layer42 Is Not A Prevailing Party And Cannot Recover Attorney's Fees**

In order to recover attorney's fees, the Defendant must be a "prevailing party." 17 U.S.C. Section 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002), (citing *Fogerty*, 510 U.S. at 534).

"In copyright infringement cases, '[g]enerally, the prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing the suit.'" *Thoroughbred Software Int'l, Inc. v. Dice Corp*., 488 F.3d 352, 362 (6th Cir. 2007) (citing *Warner Bros., Inc. v. Dae Rim Trading, Inc*., 877 F.2d 1120, 1126 (2d Cir. 1989)). "[A] party's success on a claim that is purely technical or de minimis does not qualify him as a

prevailing party." 4-14 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.10[B][3] (2011), (quoting *Warner Bros.*, 877 F.2d at 1126); see *Christopher & Banks Corp. v. Dillard's Inc.,* 805 F.Supp.2d 693, 697 (S.D. Iowa 2011) (holding that defendant was not a "prevailing party" for purposes of Section 505 when the court's dismissal did not mark a clear change in the legal relationship between the parties inuring to defendant's benefit.)

Here, the Court's ruling that Plaintiff failed under FRCP 12(b)(6) to allege facts sufficient to state an infringement claim is nothing more than a *de minimis* victory on a technical point. As such, there is nothing on which to prevail. Indeed, the only relief available to Plaintiff, given the date of registration, was injunctive relief to prohibit future unauthorized use of the portrait. Given Defendants' apparent efforts to remove the portrait after the filing of the lawsuit, even that injunctive relief appears to have been mooted for the present. See, *Buckhannon Bd. & Care Home v. W.V. Dept. of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L. Ed. 2D 855 (2001) (*abrogated in part by statute* as stated in *Warren v. Colvin*, 744 F.3d 841 (2d Cir. N.Y. 2014)) ("a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change… and is clearly insufficient to alter the clear meaning of 'prevailing party' in the fee-shifting statutes.")

The Court's Order of dismissal and Judgment did not make Defendants Layer42 and Indybay prevailing parties on the copyright claim. In order for a litigant to be a prevailing party for purposes of attorneys' fees, there must be a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home*, 532 U.S. 598 at 605. As the Supreme Court has noted, "[n]o material alteration of the legal relationship between the parties occurs until" one of the parties "becomes entitled to enforce a judgment, consent decree, or settlement

against the defendant." *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1118 (9th Cir. Cal. 2000) citing *Farrar v. Hobby,* 506 U.S. 103, 113 (1992).

Applying this test, at least one district court has held that a litigant who successfully obtains a dismissal of a claim on preclusion grounds is not a "prevailing party" within the meaning of the fee-shifting statutes, because a *res judicata* dismissal is not judgment on the merits that changes the legal status of the parties. *See, RBC Nice Bearings, Inc. v. SKF USA Inc.*, No. 06-cv-1880, 2011 U.S. Dist. LEXIS 141801, 2011 WL 6140919, at *1 (D. Conn. 2011).

In the present matter, the Court made no ruling on the merits of Plaintiff's claims and thus made no change to the legal status of the parties. This is not a significant change in the legal relationship of the parties. *RBC Nice Bearings, Inc.,* 2011 U.S. Dist. LEXIS 141801 at *1; *Christopher & Banks Corp.,* 805 F.Supp.2d 693. Therefore, Defendant was not a prevailing party for purposes of the shifting attorney's fees under the Copyright Act.

**C. Assuming *Arguendo* Defendant Is A Prevailing Party, The Court Should Exercise Discretion and Not Shift Defendants' Attorneys' Fees to Plaintiff.**

"The Copyright Act allows - but does not require - courts to award fees to prevailing parties" *Christopher & Banks Corp.*, 805 F.Supp.2d at 697 (defendants must show "compelling reason" why Court should exercise its discretion to grant them fees). In determining whether to award a prevailing defendant attorneys' fees, the court should consider the following factors: (1) defendant's degree of success obtained on the claim, (2) the frivolousness of plaintiff's claim, (3) the objective reasonableness of plaintiff's factual and legal arguments, (4) plaintiff's motivation in bringing the lawsuit, and (5) the need for compensation and deterrence. *Jackson v. Axton,* 25 F.3d 884, 890 (9th Cir. 1994), (citing *Fogerty,* 510 U.S. at 534); *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008). These factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act..." *Fogerty,* 510 U.S. at 534; see also *Warner Bros*., 877 F.2d at 1127 ("[F]ees need not be awarded if the

award would not vindicate [the] underlying statutory policies...") As set forth below, the *Fogerty* factors weigh against a shifting of fees in this case.

A party's degree of success in a lawsuit should be considered in determining whether to award attorneys' fees. This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense. *See Fantasy, Inc. v. Fogerty,* 94 F.3d 553 (9th Cir. 1996). Defendants should not be awarded fees where Defendants "have not litigated any defenses on its merits; rather, they have simply pointed out a...pleading error." *Christopher & Banks Corp.,* 805 F.Supp.2d at 698 ("Defendants have not pointed to and the Court is not aware of anything in the Copyright Act or in the case law that suggests that Section 505 is meant to punish such errors."). Here, Defendants did not litigate any defense on its merits and only argued that Plaintiff did not plead sufficient facts to establish that he had a valid Copyright registration.

Defendant has not demonstrated that Plaintiff's copyright infringement is "harassing" (Dkt. # 61, 5:23-26) and points to no evidence which would support such characterization. Further, Rule 11 of the Federal Rules of Civil Procedure requires that "a pleading […] is not being presented for any improper purpose, such as to harass." Fed. R. Civ. P 11(b)(1). A party may move for sanctions, or the Court may *sua sponte* order a party or law firm to show cause. Fed. R. Civ. P 11(c)(2)-(3). Despite Layer42's assertion that Mr. Choyce's copyright infringement claim was an attempt at forum shopping, neither Defendant nor the Court ever raised the specter of Rule 11 sanctions. In fact, Defendant's own billing records reveal that Defendant researched sanctions under Rule 11, but apparently decided not to bring such a motion. (Dkt #61-1, Exhibit "A") As such, Plaintiff's ultimately unsuccessful pleading cannot justify attorney's fees on the basis that it was "harassing." See *Re-Creation v. Ty, Inc.*, 1994 U.S. Dist. LEXIS 1312 at *8-9 (D. Or. Jan. 31, 1994) (holding that plaintiff's amended complaint was

neither frivolous nor harassing for purposes of Rule 11 even though it failed to satisfy the deposit and registration requirements of 17 U.S.C. § 411(a)).

Parties are improperly motivated if they do not have "a good faith intent to protect a valid interest, but rather a desire to discourage and financially damage a competitor by forcing it into costly litigation." *Yankee Candle Co. v. Bridgewater Candle Co., LLC,* 140 F.Supp.2d 111, 116 (D.Mass. 2001). Neither Layer42 nor Indybay are attorneys engaged in the practice of law. There is no evidence of any intent by Plaintiff to harm a competitor.

Throughout this litigation, Plaintiff's primary concern was that the image and webpage would be taken down and that Plaintiff would be assured that the image and posting would not reoccur. Plaintiff sent three DMCA takedown notices to Layer 42 throughout 2012 and 2013 but never received a response to any of the notices. Months after the Complaint was filed, Defendant Layer42 confirmed that it had received the DMCA takedown notices. (Patten Decl, Exhibit “A”). On August 20, 2013, counsel for Defendant Layer42 asserted that Layer42 did not control the postings or removing of content and that it could not take down the postings. (Patten Decl, Exhibit “B”)

While Defendant Layer42 eventually informed Plaintiff that Indybay had removed the two articles at issue, there were no assurances that all copies had been removed or that the use would not reoccur. Because Plaintiff was concerned that the image or posting might appear again, and that there was a threat of future harm, Plaintiff requested that all parties come to the table for a global settlement to ensure that the images were not posted in the future. (Patten Decl Exhibit “D”). Layer 42 did not respond to this offer of negotiation and instead filed its Motion on September 23, 2013. (Dkt #9) During oral arguments for Defendant's motion, counsel for Plaintiff explained to the court that “we were trying just to get all of the Defendants to be parties to [a settlement]. And then we turned around and this motion was filed. (Patten Decl Exhibit “G”

19:19-22) Counsel continued to state “the easiest thing to do is to resolve it, but we need all of the Defendants here to do so.” (*Id*. at 19:24-20:2) At all times, Plaintiff was focused on resolving this matter.

The imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act. *Mitek Holdings, Inc. v. Arce Eng'g Co.,* 198 F.3d 840, 842-43 (11th Cir. 1999). Plaintiff had an objectively reasonable litigation position. Plaintiff asserted that Defendant was involved in the unauthorized use of a copyrighted photograph. Plaintiff had the right to protect a registered copyright. Plaintiff was undoubtedly harmed by the use of this image on a website purportedly made to look like a valid news source. *See Matthew Bender & Co. v. W. Publ'g Co.,* 240 F.3d 116, 122 (2d Cir. 2001) ("[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."); *see also Virgin Records Am., Inc. v. Thompson,* 512 F.3d 724 (5th Cir. 2008) (holding it was not an abuse of discretion to deny attorney's fees when case was dismissed at the early stage of litigation. Despite a failure of proof, there were "no particular circumstances [that] agitate[d] in favor of compensation by way of attorney's fees" and claims could not be considered “frivolous, improperly motivated, or objectively unreasonable." The "contentious nature" and "reasonably swift resolution" of the case weighed against a fees award.). Here, the case was dismissed before any Answer was filed on any of the claims in the litigation. No discovery occurred, and the Court dismissed Plaintiff's state law claims without prejudice to the re-filing of such claims in state court.

Layer42's Motion only cursorily addresses two factors in support of an award for attorney's fees: frivolousness and harassment. Ultimately, however, “[t]he most important factor in determining whether to award fees under the Copyright Act, is whether an award will further

the purposes of the Act." *Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013) citing *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013). The "Act's 'primary objective' is to 'encourage the production of original literary, artistic, and musical expression for the good of the public.'" *Sofa Entm't, Inc.*, 709 F.3d at 1280 (citing *Fogerty*, 510 U.S. at 524) Here, the copyright infringement alleged had not nothing to do with the encouragement of creative expression. Instead, a defamatory story about Mr. Choyce's alleged criminality, "which [was] demonstrably false and readily verifiable as false," was posted on the Internet, along with his portrait lifted from his law firm's website. (Dkt. # 26, ¶¶ 12, 17, 18). Plaintiff is a practicing attorney justifiably concerned with protecting his professional and personal reputation, the antithesis of a vexatious serial litigant. See *Hosting v. Fiks*, 2010 U.S. Dist. LEXIS 5644 (N.D. Cal. Jan. 4, 2010) (finding an award of attorney's fees was unnecessary where, *inter alia*, "[t]here is no evidence that plaintiffs have engaged in similar lawsuits").

### D. Assuming *Arguendo* Defendant is Entitled To Attorney's Fees, The Court Cannot Determine Based On The Records Presented Whether The Attorneys' Fees Requested Are Reasonable.

Even if the Court finds that Defendant is entitled to attorney's fees, the lodestar amount in Layer42's Motion is unreasonable and unsupported by the necessary documentation.

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2D 40 (1983). The Ninth Circuit considers the following factors in determining a reasonable fee:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*See I.T. v. Dep't of Educ.,* 2014 U.S. Dist. LEXIS 60127 at *10 (D. Haw. Feb. 27, 2014) (citing *Kerr*, 526 F.2d at 70). Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987).

**1. Rates**

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County,* 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). To inform and assist the court in the exercise of its discretion, "[t]he party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley,* 461 U.S. at 433; see also *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). Here, Defendant has presented no evidence that the rates set forth in the Declaration are rates reflect the prevailing market rates of other attorneys. (See, Dkt #61-1, pages 2-4). Therefore, Defendant has not met its burden.

**2. Hours**

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; see also *Jordan*, 815 F.2d at 1263. “Controlling precedent establishes 'that a party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same

lawsuit, can only recover attorney's fees incurred in defending against that one claim..." *Traditional Cat Ass'n v. Gilbreath,* 340 F.3d 829, 833 (9th Cir. Cal. 2003) (internal citations omitted). The district court should make an attempt to apportion fees between the copyright claim and non-copyright claims. *Identity Arts v. Best Buy Enter.*, 2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008). In doing so, the court should consider what the case is about and what part of the copyright claims played in the overall makeup of the case, although there is no precise formula for making such determinations. *Id.* (citing *Traditional Cat Ass'n,* 340 F.3d at 833-34.)

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Id.,* 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.,* 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); see also *Gates v. Deukmejian,* 987 F.2d 1392, 1399 (9th Cir. 1992). In order for the Defendant to meet its burden, Defendant must submit admissible evidence that permits the Court to adequately determine whether the fees claimed are reasonable. *Hensley*, 461 U.S. at 371 fn. 12. The court may properly reduce compensation on account of any failure to maintain appropriate time records. *Id.* at 438, fn. 13. Layer42's submission does not meet this burden.

In this matter, the only fees which could possibly be shifted to Plaintiff if the Court were to exercise its discretion would be those incurred in defending Plaintiff's copyright claim. Defendant's records do not identify the timekeeper by each activity and what rates were charged. Which timekeeper performed which service is not stated. Defendant attributes over 150 hours of attorney work to defending against Plaintiff's copyright claim, totaling $49,778.50 in attorneys' fees. However, as demonstrated by (Patten Decl Exhibit "G"), $42,293.50 of these fees do not

sufficiently describe the attorney work performed or are otherwise unreasonable. For example, Defendant billed one hour on August 13, 2013 to "prepare email to client requesting information" and billed multiple hours on August 14, August 27, August 29, and September 12 for other emails. Defendant's records do not indicate what these emails concern: copyright, defamation, Anti-SLAPP motion or general corporate advice. Reviewing the complaint, conversations regarding service of the complaint, and reviewing court orders cannot be said to relate only to the copyright claim and, instead, also relate to other claims for which Defendant cannot recover. Defendant has made no attempt to segregate non-copyright claims.

Defendant mixed and block-billed time for its motions, listing the activity performed as being"in support of motion to dismiss / special motion to strike." Defendant has failed to sufficiently describe the activities conducted. There is no way for Plaintiff or the Court to determine which fees were incurred for the copyright claim or for the other claims. Defendant's first Motion to Dismiss (Dkt # 9) contains only 5 ½ pages of argument related to dismissal of the copyright claim. The document also contained 5 ½ pages related solely to Plaintiff's state law claim and Defendant's Anti-SLAPP motion. (Dkt #9) Defendant's second Motion to Dismiss (Dkt #29) contains only 2 pages of argument related to dismissal of the copyright claim, half of which was copied verbatim from its first motion. (*Id.* at pg. 3-5.) No new law was cited in Defendant's argument for dismissal of the copyright claim. (*Id.*) It is therefore unreasonable for Defendant to recover its full fees for these activities as it is impossible for the Court to parse out what work was performed for which claim. As demonstrated by Exhibit "H" to the Declaration of Dow W. Patten, $7,576.00 in attorney's fees appear to relate to the Copyright claim and are not block billed. However, as described below, a substantial amount of this work, too, cannot be recovered.

**3. Fees on Fees Are Prohibited.**

It is Defendant's burden to establish that its requested fees were reasonably necessary to the successful litigation of its claims. *Sealy, Inc. v. Easy Living*, Inc., 743 F.2d 1378, 1385 (9th Cir.1984). While some statutes permit the recovery of "fees upon fees," Defendant has failed to cite to any controlling authority regarding the availability of "fees upon fees" under the Copyright Act. *Identity Arts*, 2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008) (declining to award fees on fees under Copyright Act).

Defendant requests an additional $7,500 in attorney fees for "preparing and arguing this Motion for fees." (Dkt 61 at 6:24-26). Additionally, included in Exhibit "A" to Mr. Casas's Declaration are approximately $1,185.75 in fees which were related to bringing this Motion for Fees. (See, Patten Decl Exhibit "H") These hours were all incurred after the Court's order on June 2, 2014 and include "legal research regarding scope of recoverable fees" and "emails with client." Because fees incurred in preparing and arguing this motion were not reasonably necessary to the successful litigation of the Copyright claim, Defendant cannot recover the additional $7,500 it estimates it will bill, nor the $1,185.75 in fees included in Exhibit "A" to Mr. Casas's Declaration.

**IV. CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion for Recovery of Attorney's Fees Following Dismissal of Copyright Infringement Claim in its entirety or, in the alternative, reduce the fee award to that which Defendant can reasonably demonstrate were fees expended on the copyright claim.

Respectfully submitted, this 31st day of July, 2014. SMITH PATTEN

By: */s/ Dow W. Patten*
SPENCER F. SMITH
DOW W. PATTEN
Attorneys for Plaintiff
DIONNE CHOYCE