```
SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone: (415) 402-0084
Facsimile: (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE
```

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE, an individual, | Case No.: CV-13-01842-JST |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S MOTION FOR AWARD OF ATTORNEY'S FEES** |
| SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10. | Date: September 4, 2014<br>Time: 2:00 PM<br>Judge: Hon. Jon S. Tigar |
| Defendants. | |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     INTRODUCTION ............................................................................................................ 1

II.    FACTUAL BACKGROUND ......................................................................................... 1

III.   LAW & ARGUMENT ..................................................................................................... 4

      A.    The Standard for Shifting Attorneys' Fees In Copyright Cases ...................... 4

      B.    Indybay Is Not A Prevailing Party And Cannot Recover Attorney's Fees ...... 5

      C.    Assuming *Arguendo* Defendant Is A Prevailing Party The Court
Should Exercise Discretion and Not Shift Defendants' Attorneys'
Fees to Plaintiff .................................................................................................... 7

      D.   Assuming *Arguendo* Defendant is Entitled To Attorney's Fees The
Court Cannot Determine Based On The Records Presented Whether
The Attorneys' Fees Requested Are Reasonable ............................................. 11

          1.    Defendant's Hours Are Not Reasonable – It Has Not
Segregated the Copyright Claim Work and it has Block-Billed .......... 12

          2.    Fees on Fees Are Prohibited ................................................................... 15

IV.   CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

**Federal Cases**

*Alyeska Pipeline Co. v. Wilderness Society*
    421 U.S. 240 (1975)..................................................................................................... 4

*Berkla v. Corel Corp.*
    302 F.3d 909 (9th Cir. 2002)........................................................................................ 5

*Buckhannon Bd. & Care Home v. W.V. Dept. of Health & Human Res.*
    532 U.S. 598 (2001)..................................................................................................... 6

*Christopher & Banks Corp. v. Dillard's Inc.*
    805 F.Supp.2d 693 (S.D. Iowa 2011)....................................................................... 5, 7

*Davis v. City & Cnty. of S.F.*
    976 F.2d 1536 (9th Cir. 1992)..................................................................................... 12

*Domingo Cambeiro Prof'l Corp. v. Advent*
    2000 U.S. App. LEXIS 3652  (9th Cir. Mar. 7, 2000)................................................. 5

*Edwards v. Nat'l Business Factors, Inc.*
    897 F. Supp. 458 (D. Nev. 1995)................................................................................ 13

*Fantasy, Inc. v. Fogerty*
    94 F.3d 553 (9th Cir. 1996)......................................................................................... 7

*Farrar v. Hobby*
    506 U.S. 103 (1992).................................................................................................... 6

*Fischer v. SJB-P.D. Inc.*
    214 F.3d 1115 (9th Cir. 2000)..................................................................................... 6

*Fogerty v. Fantasy, Inc.*
    510 U.S. 517 (1994)........................................................................................ 1, 5, 7, 11

*Gates v. Deukmejian*
    987 F.2d 1392 (9th Cir. 1992)..................................................................................... 13

*Halicki Films, LLC v. Sanderson Sales & Mktg.*
    547 F.3d 1213 (9th Cir. 2008)..................................................................................... 7

*Hensley v. Eckerhart*
    461 U.S. 424 (1983)........................................................................................11, 12, 13

*Hosting v. Fiks*
    2010 U.S. Dist. LEXIS 5644 (N.D. Cal. Jan. 4, 2010)................................................ 11

*I.T. v. Dep't of Educ.*
    2014 U.S. Dist. LEXIS 60127 (D. Haw. Feb. 27, 2014) ................................................. 12

*Jackson v. Axton*
    25 F.3d 884 (9th Cir. 1994) ............................................................................................. 7

*Kerr v. Screen Extras Guild, Inc.*
    526 F.2d 67 (9th Cir. 1975) ........................................................................................... 12

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*
    81 F.3d 881 (9th Cir. 1996) ............................................................................................. 8

*Mattel, Inc. v. MGA Entm't, Inc.*
    705 F.3d 1108 (9th Cir. 2013) ....................................................................................... 11

*Matthew Bender & Co. v. W. Publ'g Co.*
    240 F.3d 116 (2d Cir. 2001) .......................................................................................... 10

*Mitek Holdings, Inc. v. Arce Eng'g Co.*
    198 F.3d 840 (11th Cir. 1999) ....................................................................................... 10

*Morales v. City of San Rafael*
    96 F.3d 359 (9th Cir. 1996) ........................................................................................... 12

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*
    483 U.S. 711, 728 (1987) .............................................................................................. 12

*RBC Nice Bearings, Inc. v. SKF USA Inc.*
    No. 06-cv-1880, 2011 U.S. Dist. LEXIS 141801, 2011 WL 6140919 (D. Conn. 2011) .... 7

*Re-Creation v. Ty, Inc.*
    1994 U.S. Dist. LEXIS 1312 (D. Or. Jan. 31, 1994) ....................................................... 8

*Sealy, Inc. v. Easy Living, Inc.*
    743 F.2d 1378 (9th Cir.1984) ........................................................................................ 15

*Skranak v. Castenada*
    425 F.3d 1213 (9th Cir. 2005) ......................................................................................... 4

*Sofa Entm't, Inc. v. Dodger Prods.*
    709 F.3d 1273 (9th Cir. 2013) ....................................................................................... 11

*Thoroughbred Software Int'l, Inc. v. Dice Corp.*
    488 F.3d 352 (6th Cir. 2007) ........................................................................................... 5

*Traditional Cat Ass'n v. Gilbreath*

    340 F.3d 829 (9th Cir. 2003)............................................................................................ 12

*United States v. Texas*
    507 U.S. 529 (1993)................................................................................................. 4

*Virgin Records Am., Inc. v. Thompson*
    512 F.3d 724 (5th Cir. 2008)..................................................................................... 10

*Warner Bros., Inc. v. Dae Rim Trading, Inc.*
    877 F.2d 1120 (2d Cir. 1989).................................................................................. 5, 7

*Warren v. Colvin*
    744 F.3d 841 (2d Cir. 2014)........................................................................................ 6

*Yankee Candle Co. v. Bridgewater Candle Co., LLC*
    140 F.Supp.2d 111 (D.Mass. 2001).............................................................................. 9

**Statutes**

17 U.S.C. § 505................................................................................................................1, 4

17 U.S.C. § 411(a)................................................................................................................. 8

**Federal Rules**

Fed. R. Civ. P 11(b)(1)........................................................................................................... 8

Fed. R. Civ. P 11(c)(2)-(3)..................................................................................................... 8

**Secondary Sources**

4-14 Melville B. Nimmer & David Nimmer,
    NIMMER ON COPYRIGHT § 14.10[B][3] (2011)............................................................. 5

Plaintiff Dionne Choyce ("Plaintiff" or "Mr. Choyce"), by and through his undersigned counsel, hereby opposes Defendant SF Bay Area Independent Media Center's ("Defendant" or "Indybay") Motion for Award of Attorney's Fees Pursuant to 17 U.S.C. § 505.

## I. INTRODUCTION

Defendant IndyBay made no attempt herein to argue that the use of the photograph was either lawful or appropriate in any fashion. Instead, the Court ruled that Choyce was precluded from pursuing a copyright claim against Defendant because he did not properly plead that he could enforce his copyright claim.

On July 2, 2014, Defendant moved for attorney's fees pursuant to 17 U.S.C. § 505. Defendant seeks to be rewarded for avoiding service and drawing out a dispute. 17 U.S.C. § 505 only allows for attorney's fees to be awarded to a prevailing party. Defendant is not a prevailing party, since the copyright claim was dismissed at the pleading stage and there has been no change in the "legal status" of the parties. Furthermore, even if Defendant is considered a prevailing party, the court should not exercise its discretion to award fees based on the controlling factors established in *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994).

## II. FACTUAL BACKGROUND

Two things are clear from the factual history of this case: Plaintiff exhausted all available means short of litigation to have defamatory material and his copyrighted portrait removed from the Internet, and Defendants worked in concert to avoid service of process and triangulate the formal litigation to obtain attorneys' fees[1].

Plaintiff Dionne Choyce has been a practicing attorney since 2001. (Dkt #26, First Amended Complaint ("FAC", ¶ 12.) In or around April and May of 2012, defamatory statements were posted on the web site "indbay.org" concerning Plaintiff, along with his portrait, copied

---

1 This is Indybay's second attempt to obtain attorneys' fees for the same work. (Dkt#31, p. 10)

1
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECOVERY OF ATTORNEY'S FEES
(Case No.: CV-13-01842-JST)

directly from his firm's website. (Dkt #26, First Amended Complaint ("FAC", ¶ 16-21). Specifically, the author falsely alleged that Plaintiff "may serve prison time for embezzling from the homeless," and that the "Choyce Law Firm was being evicted from its offices for non-payment." (*Id*.)

Over the next several months, Plaintiff attempted to have the false statements and his portrait removed from the offending web site by directly contacting the site. Plaintiff sent emails to the "site administrator" of indybay.org requesting that the false information be removed. (Dkt #11, Choyce Decl. ¶ 3). Receiving no response, Plaintiff engaged counsel. An investigation verified the Internet Protocol address of indybay.org domain and its associated connections to the Internet. (Dkt # 10-1, ¶ 2) This investigation revealed that Layer 42.net was at a minimum providing the connectivity and Internet connection related to the "indybay.org" domain. (*Id*.)

Plaintiff discovered that Layer 42.net was the only entity associated with the indybay.org domain with a registered agent for service of takedown notices under the Digital Millennium Copyright Act ("DMCA"). (*Id*. at ¶ 3). Plaintiff sent multiple DMCA takedown notices to the President of Layer42 and a Notice of Infringing Material to the CEO of Cernio Technology Cooperative, the apparent middle-man between Layer42.net and indybay.org.. (*Id*. at ¶¶4-5)

Plaintiff received <u>no</u> response to any of these notices. (Dkt # 10-1, ¶ 6-7) Out of options, on April 23, 2013, Plaintiff filed his complaint. (Dkt #1) The Court is well aware of the difficulty Plaintiff had in serving the complaint in this matter on all Defendants. The first Defendant to be successfully served was Layer42.net.

Defendant Indybay admitted that in or around March 2013, Cernio Technology Corporation informed it that co-Defendant Layer42 had received a DMCA take down demand from Plaintiff. (Dkt #32, Declaration of David Morse, ¶ 11.) Despite the fact that Indybay and Layer42 appeared to be in communication before the filing of Plaintiff's lawsuit, Defendant

Layer42 refused to respond to Plaintiff's request for assistance in bringing Indybay to the table to resolve the present matter. (Declaration of Dow W. Patten, Exhibit "A") On September 5, 2013, Plaintiff was informed that Indybay exercised its control over the content of its website and removed Plaintiff's portrait. (Patten Decl, Exhibit "B") Layer42 filed an Anti-SLAPP Motion and a Motion to Dismiss under FRCP 12(b)(6) on September 23, 2013. (Dkt #9)

On October 23, 2013, Plaintiff received confirmation that the image containing his visage, "Dionne Choyce Portrait," was registered with the U.S. Copyright Office. (Dkt #17). On October 31, 2013, Plaintiff's process server hand-served Defendant Indybay at the address listed in the "Donate" form on the indybay.org website. (Dkt #40-1, ¶ 2) The Complaint was also mailed through a third-party process server on November 5, 2013. (*Id.*)

On December 2, 2013, the Court issued an order granting Plaintiff leave to amend with respect to Plaintiff's copyright claim. (Dkt #22). After reviewing the Court's order, Defendant Indybay's counsel informed Plaintiff that if Plaintiff moved forward with the suit, that Indybay, like Layer42, would file an anti-SLAPP suit. (Dkt #40-1, ¶ 3) Plaintiff's counsel responded by informing Indybay that Plaintiff was willing to meet and confer with Indybay and that Plaintiff did not wish to pursue any claims against any party who was not responsible for Plaintiff's harm. (*Id.*) Plaintiff asked Indybay to provide any information it had regarding the defamatory postings, and that Plaintiff would review the information and meet and confer concerning narrowing issues and identifying Doe Defendants. (*Id.*) Plaintiff received no response from this letter, and instead, after Plaintiff agreed not to oppose Defendant Indybay's request for an extension of time to answer, on January 9, 2014, Indybay filed its motion to dismiss and special motion to strike. (*Id.*)

The Court ruled on Defendants' 12(b)(6) motions, holding that Plaintiff did not state a claim under the Copyright Act, and denied leave to amend. (Dkt #54 Order of June 2, 2014) The

3
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECOVERY OF ATTORNEY'S FEES
(Case No.: CV-13-01842-JST)

Court specifically did not reach the merits of the case, and no discovery was ever conducted into Defendants' respective roles in the publishing, editing, and eventual removal of the offending and infringing material. (*Id*.)

Prior to the filing of the instant Motion, counsel for Defendant and Plaintiff discussed the instant motion. Counsel for Defendant sent Plaintiff a draft stipulation on July 1, 2014, the day before Defendant's motion was due. (Patten Decl, Exhibit "C"). Plaintiff requested a breakdown of the fees Defendant requested, which Defendant provided at 4:00 p.m. (*Id.*) Defendant stated that it needed a response by noon the following day or it would file the instant motion. (*Id.*) Plaintiff was unable to review the documents and confer with his client in such a short period of time. (Patten Decl, ¶ 4)

### III.   LAW & ARGUMENT

#### A.   The Standard for Shifting Attorneys' Fees In Copyright Cases.

Unless Congress provides otherwise, parties are to bear their own attorney's fees. *Fogerty,* 510 U.S. at 533, (citing *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247-262 (1975) (*superseded* on other grounds by by 42 U.S.C. § 1988)). Statutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar principals. *Skranak v. Castenada*, 425 F.3d 1213, 1220 (9th Cir. Mont. 2005), (citing *United States v. Texas,* 507 U.S. 529, 534 (1993)).

There is no entitlement to an attorney's fee in copyright claims. 17 U.S.C. § 505. Pursuant to 17 U.S.C. § 505, a district court's may—in its discretion—award attorney's fees to *a "prevailing party"* in a copyright infringement case:

> In any civil action under this title, the court *in its discretion may* allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court *may* also award a reasonable attorney's fee to the prevailing party as part of the costs.

(emphasis added). "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised." *Domingo Cambeiro Prof'l Corp. v. Advent*, 2000 U.S. App. LEXIS 3652 at *4 (9th Cir. Mar. 7, 2000), citing *Fogerty,* 510 U.S. at 534.

### B. Indybay Is Not A Prevailing Party And Cannot Recover Attorney's Fees

In order to recover attorney's fees, Defendant must be a "prevailing party." 17 U.S.C. § 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002), (citing *Fogerty*, 510 U.S. at 534).

"In copyright infringement cases, '[g]enerally, the prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing the suit.'" *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007)(citing *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989)). "[A] party's success on a claim that is purely technical or de minimis does not qualify him as a prevailing party." 4-14 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.10[B][3] (2011), (quoting *Warner Bros.*, 877 F.2d at 1126); see *Christopher & Banks Corp. v. Dillard's Inc.,* 805 F.Supp.2d 693, 697 (S.D. Iowa 2011) (holding that defendant was not a "prevailing party" for purposes of Section 505 when the court's dismissal did not mark a clear change in the legal relationship between the parties inuring to defendant's benefit.)

Here, the Court's ruling that Plaintiff failed under FRCP 12(b)(6) to allege facts sufficient to state an infringement claim is nothing more than a *de minimis* victory on a technical point. As such, there is nothing on which to prevail. Indeed, the only relief available to Plaintiff, given the date of registration, was injunctive relief to prohibit future unauthorized use of the portrait. Given Defendants' apparent efforts to remove the portrait after the filing of the lawsuit, even that injunctive relief appears to have been mooted for the present. See *Buckhannon Bd. & Care*

*Home v. W.V. Dept. of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L. Ed. 2D 855 (2001) (*abrogated in part by statute* as stated in *Warren v. Colvin*, 744 F.3d 841 (2d Cir. N.Y. 2014)) ("a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change....and is clearly insufficient to alter the clear meaning of 'prevailing party' in the fee-shifting statutes.")

The Court's Order of dismissal and Judgment did not make Defendants Indybay and Layer42 prevailing parties on the Copyright claim. In order for a litigant to be a prevailing party for purposes of attorneys' fees, there must be a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home*, 532 U.S. 598 at 605. As the Supreme Court has noted, "[n]o material alteration of the legal relationship between the parties occurs until" one of the parties "becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1118 (9th Cir. 2000) (citing *Farrar v. Hobby,* 506 U.S. 103, 113 (1992)).

Applying this test, at least one district court has held that a litigant who successfully obtains a dismissal of a claim on preclusion grounds is not a "prevailing party" within the meaning of the fee-shifting statutes, because a *res judicata* dismissal is not judgment on the merits that changes the legal status of the parties. *See RBC Nice Bearings, Inc. v. SKF USA Inc.*, No. 06-cv-1880, 2011 U.S. Dist. LEXIS 141801, 2011 WL 6140919, at *1 (D. Conn. 2011).

In the present matter, the Court made no ruling on the merits of Plaintiff's claims and thus made no change to the legal status of the parties. The Court held that Plaintiff simply did not plead facts sufficient to establish that his Copyright registration allowed him to enforce rights under the Copyright Act. (Dkt # 54) The Court then exercised its discretion and denied Plaintiff leave to amend. (*Id*.) In its discretion, the Court stated that leave would be futile, and that due to

the delay and the previously granted leave to amend, and the need to control the Court's docket, that leave would be denied. (*Id*.); *RBC Nice Bearings, Inc.,* 2011 U.S. Dist. LEXIS 141801 at *1; *Christopher & Banks Corp.,* 805 F.Supp.2d 693. Therefore, Defendant was not a prevailing party for purposes of the shifting attorney's fees under the Copyright Act.

      C.     **Assuming *Arguendo* Defendant Is A Prevailing Party, The Court Should Exercise Discretion and Not Shift Defendants' Attorneys' Fees to Plaintiff.**

"The Copyright Act allows - but does not require - courts to award fees to prevailing parties" *Christopher & Banks Corp.*, 805 F.Supp.2d at 697 (defendants must show "compelling reason" why Court should exercise its discretion to grant them fees.) In determining whether to award a prevailing defendant attorneys' fees, the court should consider the following factors: (1) defendant's degree of success obtained on the claim, (2) the frivolousness of plaintiff's claim, (3) the objective reasonableness of plaintiff's factual and legal arguments, (4) plaintiff's motivation in bringing the lawsuit, and (5) the need for compensation and deterrence. *Jackson v. Axton,* 25 F.3d 884, 890 (9th Cir. 1994), citing *Fogerty,* 510 U.S. at 534; *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008). These factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act..." *Fogerty* at 534; see also *Warner Bros.*, 877 F.2d at 1127 ("[F]ees need not be awarded if the award would not vindicate [the] underlying statutory policies...") As set forth below, the *Fogerty* factors weigh against a shifting of fees in this case.

A party's degree of success in a lawsuit should be considered in determining whether to award attorneys' fees. This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense. *See Fantasy, Inc. v. Fogerty,* 94 F.3d 553 (9th Cir. 1996). Defendants should not be awarded fees where Defendants "have not litigated any defenses on its merits; rather, they have simply pointed out a...pleading error." *Christopher & Banks Corp.,* 805 F.Supp.2d at 698 ("Defendants have not pointed to and the Court is not aware of anything in the
7
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECOVERY OF ATTORNEY'S FEES
(Case No.: CV-13-01842-JST)

Copyright Act or in the case law that suggests that Section 505 is meant to punish such errors.") Here, Defendants did not litigate any defense on its merits and only argued that Plaintiff did not plead sufficient facts to establish that he had a valid Copyright registration.

Defendant has not demonstrated that Plaintiff's copyright infringement is "harassing." Rule 11 of the Federal Rules of Civil Procedure requires that "a pleading […] is not being presented for any improper purpose, such as to harass." Fed. R. Civ. P 11(b)(1). A party may move for sanctions, or the Court may *sua sponte* order a party or law firm to show cause. Fed. R. Civ. P 11(c)(2)-(3). Plaintiff's ultimately unsuccessful pleading cannot justify attorney's fees on the basis that it was "harassing." See *Re-Creation v. Ty, Inc.*, 1994 U.S. Dist. LEXIS 1312 at *8-9 (D. Or. Jan. 31, 1994) (holding that plaintiff's amended complaint was neither frivolous nor harassing for purposes of Rule 11 even though it failed to satisfy the deposit and registration requirements of 17 U.S.C. § 411(a)).

Defendant Indybay cites *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 885 (9th Cir. 1996) in support of awarding fees "to successful defendant[sic] where plaintiff did not have standing to sue for copyright infringement." However, in that case, the plaintiff claimed it was the sole owner of rights to a film based on a contract when the "plain language of the contract" granted the defendant all rights to the work. *Id.* at 844-845. The reviewing court upheld an award of attorneys' fees, noting that there was evidence to support the "'inference' that MPI's suit was instigated to secure a competitive advantage in marketing its videocassette." *Id.* at 899. Unlike *Maljack*, the Defendants never argued that the use of Plaintiff's portrait was a lawful use of the property. Furthermore, Defendant has failed to point to any evidence to show that Plaintiff had an improper motive in litigating this matter.

Parties are improperly motivated if they do not have "a good faith intent to protect a valid interest, but rather a desire to discourage and financially damage a competitor by forcing it into

costly litigation." *Yankee Candle Co. v. Bridgewater Candle Co., LLC,* 140 F.Supp.2d 111, 116 (D.Mass. 2001). Throughout this litigation, Plaintiff's primary concern was that the image and web page would be taken down and that Plaintiff would be assured that the image and posting would not reoccur. Plaintiff sent emails to Indybay and multiple takedown notices and received no response. (Dkt # 10-1, ¶ 6-7). Defendant admitted that in or around March 2013, it was aware Layer42 had received a DMCA take down demand from Plaintiff. (Dkt #32, Declaration of David Morse, ¶ 11.)

While Defendant Layer42 eventually informed Plaintiff that Indybay had removed the two articles at issue, there were no assurances that all copies had been removed or that the use would not reoccur. Because Plaintiff was concerned that the image or posting might appear again, and that there was a threat of future harm, Plaintiff requested that all parties come to the table for a global settlement to ensure that the images were not posted in the future. (Patten Decl, Exhibit "A") Despite the fact that Indybay and Layer42 were in communication before the filing of Plaintiff's lawsuit, Defendant Layer42 refused to respond to Plaintiff's request for assistance in bringing Indybay to the table to resolve the present matter. (Patten Dec, ¶ 2)

During oral arguments on Defendant Layer42's first motion to dismiss, counsel for Plaintiff explained to the Court that "we were trying just to get all of the Defendants to be parties to [a settlement]. And then we turned around and this motion was filed. (Patten Decl, Exhibit "D")

After Defendant reviewed the Court's December 2, 2013 order, Indybay's counsel informed Plaintiff that if he moved forward with the suit against Indybay, that Indybay, like Layer42, would file an anti-SLAPP suit. (Dkt # 40-1¶ 3) Plaintiff's counsel responded by informing Indybay that Plaintiff was willing to meet and confer with Indybay and that Plaintiff did not wish to pursue any claims against any party who was not responsible for Plaintiff's harm.

(*Id.*) Plaintiff asked Indybay to provide any information it had regarding the defamatory postings, and that Plaintiff would review the information and meet and confer concerning narrowing issues and identifying Doe Defendants. (*Id.*) Plaintiff received no response to this letter, and instead, after Plaintiff agreed not to oppose Defendant Indybay's request for an extension of time to answer, on January 9, 2014, Indybay filed its motion to dismiss and special motion to strike. (*Id.*)

The imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act. *Mitek Holdings, Inc. v. Arce Eng'g Co.,* 198 F.3d 840, 842-43 (11th Cir. 1999). Plaintiff had an objectively reasonable litigation position. Plaintiff asserted that Defendant was involved in the unauthorized use of a copyrighted photograph. Plaintiff had the right to protect a registered copyright. Plaintiff was undoubtedly harmed by the use of this image on a website purportedly made to look like a valid news source. *See Matthew Bender & Co. v. W. Publ'g Co.,* 240 F.3d 116, 122 (2d Cir. 2001) ("[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."); *see also Virgin Records Am., Inc. v. Thompson,* 512 F.3d 724 (5th Cir. 2008) (holding it was not an abuse of discretion to deny attorney's fees when case was dismissed at the early stage of litigation. Despite a failure of proof, there were "no particular circumstances [that] agitate[d] in favor of compensation by way of attorney's fees" and claims were not considered to be "frivolous, improperly motivated, or objectively unreasonable." The "contentious nature" and "reasonably swift resolution" of the case weighed against a fees award.) Here, the case was dismissed before any Answer was filed on any of the claims in the litigation. No discovery occurred, and the Court dismissed Plaintiff's state law claims without prejudice to the re-filing of such claims in state court.

"The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." *Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013) (citing *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013)). The "Act's 'primary objective' is to 'encourage the production of original literary, artistic, and musical expression for the good of the public.'" *Sofa Entm't, Inc.*, 709 F.3d at 1280 (citing *Fogerty*, 510 U.S. at 524). Here, there copyright infringement alleged had nothing to do with the encouragement of creative expression. Instead, a defamatory screed about Mr. Choyce's alleged criminality, "which [was] demonstrably false and readily verifiable as false," was posted on the Internet, along with his portrait lifted from his law firm's website. (Dkt. # 26, ¶¶ 12, 17, 18). Plaintiff is a practicing attorney justifiably concerned with protecting his professional and personal reputation, the antithesis of a vexatious serial litigant. See *Hosting v. Fiks*, 2010 U.S. Dist. LEXIS 5644 (N.D. Cal. Jan. 4, 2010) (finding an award of attorney's fees was unnecessary where, *inter alia*, "[t]here is no evidence that plaintiffs have engaged in similar lawsuits").

> **D.** **Assuming *Arguendo* Defendant is Entitled To Attorney's Fees, The Court Cannot Determine Based On The Records Presented Whether The Attorneys' Fees Requested Are Reasonable.**

Even if the Court finds that Defendant is entitled to attorney's fees, the lodestar amount in Layer42's Motion is unreasonable and unsupported by the necessary documentation.

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Ninth Circuit considers the following factors in determining a reasonable fee:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the

"undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*See I.T.,* 2014 U.S. Dist. LEXIS 60127 at *10, (citing *Kerr*, 526 F.2d at 70). Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987).

### 1. Defendant's Hours Are Not Reasonable – It Has Not Segregated the Copyright Claim Work and it Has Block-Billed.

"The party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; see also *Jordan*, 815 F.2d at 1263. "Controlling precedent establishes 'that a party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim...'" *Traditional Cat Ass'n v. Gilbreath,* 340 F.3d 829, 833 (9th Cir. 2003) (internal citations omitted). The district court should make an attempt to apportion fees between the copyright claim and non-copyright claims by considering what the case is about and what part of the copyright claims played in the overall makeup of the case, although there is no precise formula for making such determinations. *Traditional Cat Ass'n,* 340 F.3d at 833-34.

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley,* 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors,*

*Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); see also *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). In order for the Defendant to meet its burden, Defendant must submit admissible evidence that permits the Court to adequately determine whether the fees claimed are reasonable. *Hensley*, 461 U.S. at 371 fn. 12. The court may properly reduce compensation on account of any failure to maintain appropriate time records. *Id.* at 438, fn. 13. Layer42's submission does not meet this burden.

In this matter, the only fees which could possibly be shifted to Plaintiff if the Court were to exercise its discretion would be those incurred in defending Plaintiff's copyright claim. Defendant attributes 56.3 hours of attorney work to defending against Plaintiff's copyright claim, totaling $26,002 in attorney's fees. (Dkt #59-1, Exhibit "A") However, $10,050.50, or 22.2 hours, of this total are not sufficiently described to support a reasonable fee on the Copyright claim as shown in the table below:

| DATE | DESCRIPTION OF ACTIVITY | HOURS | BILLED |
|---|---|---|---|
| 12/12/13 | Email with R.R. Myers regarding briefing scheduling | .2 | $86.00 |
| 12/18/13 | Continue drafting motion to dismiss plaintiff's complaint; phone call and emails with R.R. Myers regarding same | 2 | $860.00 |
| 01/06/14 | Research copyright, cases relevant to motion to dismiss; review R.R. Meyers' draft of introduction, briefing on motion to dismiss | 2.1 | $903.00 |
| 01/07/14 | Research for and revising motions to dismiss; instruct L. Knox re additional research for same; review L. Knox research and conference with L. Knox re same | 1.3 | $708.50 |
| 01/07/14 | Research regarding ownership of copyright and dismissal of claims; emails with R. R. Myers regarding same; further editing of brief in preparation for filing | 1.4 | $602.00 |
| 01/08/14 | Office conference and emails with R.R. Myers regarding brief; review and edit MPA, proposed order; review local rules | 1.4 | $602.00 |
| 01/09/14 | Revise and edit Motion, MPA; final edits of Motion, MPA, and proposed order | 1.1 | $599.50 |
| 01/20/14 | Review previous statement filed by plaintiff; find and print cases cited in opening brief; instruct assistant regarding same | .5 | $215.00 |
| 01/23/14 | Review plaintiff's opposition to Indybay motions to dismiss | .1 | $54.50 |
| 01/26/14 | Continue drafting reply to opposition to motion to dismiss | 1.3 | $559.00 |
| 01/27/14 | Continue drafting reply to opposition to motion to dismiss; office conference with R. R. Myers regarding same | 2.5 | $1,075.00 |
| 01/28/14 | Continue drafting reply to opposition to motion to dismiss; further research | 2 | $860.00 |

| | | | |
|---|---|---|---|
| | regarding copyright | | |
| 01/30/14 | Final preparations, proofing for filing; instruct assistant regarding same | 2.5 | $1,075.00 |
| 01/01/14 | Draft introduction to reply; revise and edit reply; final edit and prepare filing | 3 | $1,635.00 |
| 01/30/14 | Review and verify cases facts cited in reply in support of defendant's motion to dismiss first amended complaint. | .8 | $216.00 |
| | TOTAL | 22.2 | $10,050.50 |

The above-listed activities do not sufficiently describe the attorney work performed or contain mixed and block-billed time for its motions. For example, emails regarding the briefing schedule, edits to the "motion," and preparing the motion for filing do not only relate to defending Plaintiff's copyright claim. Importantly, half of the above hour relate to drafting Defendant's Reply brief. Defendant's Reply only contained three pages of argument related to the copyright claim, much of which was taken from Defendant's original motion. (Dkt # 42). The majority of Defendant's Reply relates to Plaintiff's defamation claim and Defendant's Motion to Strike. (*Id*.) Defendant cannot rely on this block-billed time to support an award of fees based on the Copyright claim.

Defendant Indybay has also included 9.6 hours "related to hearing on motion to dismiss." (Dkt #59-1, Exhibit "B") It is unreasonable for an associate with eight years of experience to spend almost ten hours preparing to argue Defendant's motion with essentially no documents to review. There had been no discovery, no depositions, and no documents exchanged in this matter. Furthermore, a substantial amount of this preparation time related to Defendant's Motion to Strike. There is no way for the Court or Plaintiff to determine which fees were incurred in defending the copyright claim or which fees were incurred for other aspects of this litigation. Defendant's records do not demonstrate that the above-listed fees were reasonably necessary to the successful litigation of Plaintiff's Copyright claim.

/ / /

/ / /

### 2. Fees on Fees Are Prohibited

Defendant requests $16,700 in attorney fees for "preparing motion for attorney fees and costs." (Dkt #59-1, Exhibit "C")   It is Defendant's burden to establish that the fees it seeks were reasonably necessary to the successful litigation of its claims. *Sealy, Inc. v. Easy Living*, Inc., 743 F.2d 1378, 1385 (9th Cir.1984). While some statutes permit the recovery of "fees upon fees," Defendant has failed to cite to any controlling authority regarding the availability of "fees upon fees" under the Copyright Act.   Because these fees were not reasonably necessary to the successful litigation of the Copyright claim, Defendant cannot recover an additional $16,700 in attorneys' fees.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion for Award of Attorney's Fees Pursuant to 17 U.S.C. §505 in its entirety or, in the alternative, reduce the fee award to that which Defendant can reasonably demonstrate were fees expended on the copyright claim.

Respectfully submitted, this 31st day of July, 2014.

                    SMITH PATTEN

                    By: */s/ Dow W. Patten*
                    SPENCER F. SMITH
                    DOW W. PATTEN
                    Attorneys for Plaintiff
                    DIONNE CHOYCE