# EXHIBIT "A"

From: **Dow Patten** <dow@smithpatten.com>
Date: Wed, Sep 11, 2013 at 5:17 PM
Subject: Re: Choyce v. SF IMC, et al.
To: Anthony Basile <ABasile@legalteam.com>
Cc: Dan Casas <DCasas@legalteam.com>, Nicole Svoboda <NSvoboda@legalteam.com>,
"spencer@smithpatten.com" <spencer@smithpatten.com>


    Mr. Basile,

    I have spoken with our client concerning settlement and dismissal. While we appreciate the fact that
    defamatory content is no longer available on the Internet concerning our client, we are of the belief
    that a global resolution to this matter would be best, and that we can resolve all claims and all parties
    at the same time. Of course, if Layer42.net needs another extension to respond to the complaint we
    can make sure that happens so that we can exhaust the possibility of informal resolution first to reduce
    costs for all parties.

    In order to do that, we believe it is in everyone's interest to have all parties at the table. As you know,
    we have had issues locating and serving Cernio and Indymedia. If you could provide us with whatever
    contact information your client has on these entities so that we can have these entities served
    appropriately, we can get everyone to the table and have a global resolution. Please let us know if
    you will share the information your client has concerning these entities as soon as possible.

    Regards,
    Dow W. Patten

# EXHIBIT "B"

**Anthony Basile** <ABasile@legalteam.com>                                    Thu, Sep 5, 2013 at 10:59 AM
To: Dow Patten <dow@smithpatten.com>
Cc: Dan Casas <DCasas@legalteam.com>. Nicole Svoboda <NSvoboda@legalteam.com>

Mr Patten,

Indybay has now removed the two articles cited in Mr. Choyce's lawsuit. Please confirm your client will
dismiss his claims against Layer42.

Thank you,

Anthony

_____

ANTHONY F. BASILE

**CRS The Legalteam**

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA  94022
tel  650 . 948 . 7200
fax  650 . 948 . 7220

www legalteam com

_____

Circular 230 Disclosure  To ensure compliance with Treasury Department regulations  we inform you that any U S  tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U S  tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein

This message (including attachments) is privileged and confidential  If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error

# EXHIBIT "C"

From: **Knox, Leila** <Leila.Knox@bryancave.com>
Date: Tue, Jul 1, 2014 at 4:01 PM
Subject: FRE 408 – Confidential/For Settlement Only
To: Dow Patten <dow@smithpatten.com>, Smith Patten <spencer@smithpatten.com>

**FRE 408 –**
**CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY**

Dear Mr. Patten and Mr. Smith,

Attached are billing summaries for work done in connection with the briefing on the motion to dismiss the copyright claim and the related hearing. In addition, we are asking for costs in the amount of $824.11 for Westlaw research, courier services, postage, copies, travel and PACER charges, all of which relate to the copyright claim. I have also attached a revised draft stipulation and proposed order on fees and costs for you to review. If your client is amenable to this stipulated amount, please let me know you approve and we will get it on file with the court. Otherwise, we will be filing our motion for fees and costs by noon tomorrow.

Leila

**From:** spencer@smithpatten.com [mailto:spencer@smithpatten.com]
**Sent:** Tuesday, July 01, 2014 11:58 AM
**To:** Knox, Leila; 'Dow Patten'
**Subject:** Re: Choyce v. Indybay - Stipulation re fees

Ms. Knox,

Is it possible for you to email the information you would like us to review?

Spencer F. Smith, Esq.
**SMITH PATTEN**
353 Sacramento Street, Suite 1120
San Francisco, CA 94111

email: spencer@smithpatten.com
voice: (415) 402-0084
fax: (415) 520-0104
*****************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*****************************

**From:** "Knox, Leila" <Leila.Knox@bryancave.com>
**To:** 'Dow Patten' <dow@smithpatten.com>
**Cc:** Smith Patten <spencer@smithpatten.com>
**Sent:** Tuesday, July 1, 2014 11:36 AM
**Subject:** RE: Choyce v. Indybay - Stipulation re fees

Dear Mr. Patten –

Judge Tigar was very receptive to holding oral argument in this case, as evidenced by his comments to our associate at the hearing on March 27, and he noted in his ruling that the hearing was to your client's benefit as it gave him a final opportunity to explain why he should be given leave to amend his copyright claim.

Assuming your client is amenable to a stipulation on fees, and the only remaining issue is how much, you are welcome to come to our offices today to review the billing summaries. Otherwise, we will prepare to file our motion for fees tomorrow.

Thank you.
Leila

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Tuesday, July 01, 2014 11:02 AM
**To:** Knox, Leila
**Cc:** Smith Patten
**Subject:** Re: Choyce v. Indybay - Stipulation re fees

Ms. Knox,

Thank you for the narrative, but the Court didn't ask for a hearing on your motion. Are you asking Plaintiff to pay for your associate to argue a motion that was going to be submitted on the papers? We believe that Judge Tigar would not take kindly to seeking fees from a litigant when the primary purpose of the hearing was to give Bryan Cave lawyers practice in court.
Please provide a breakdown of which lawyers provided which services on which dates, so that we can verify what it is that you are actually asking the Court to have Plaintiff pay for.
We look forward to your prompt response.

Regards,

Dow W. Patten

On Tue, Jul 1, 2014 at 10:36 AM, Knox, Leila <Leila.Knox@bryancave.com> wrote:
Dear Mr. Patten –

My phone calls to you last Thursday and Friday, as well as my email from Monday morning, were for purposes of meeting and conferring on fees and costs ahead of the anticipated filing of our motion tomorrow.

The amounts in the proposed stipulation reflect only time spent on drafting the motion to dismiss as to the copyright claim and its supporting papers (both the opening brief and the reply), as well as time spent preparing for and attending the hearing on the same. The same applies to costs: we are only asking for costs for copies, Westlaw research, travel and courier services that are related solely to our defense of the copyright claim and the motion to dismiss. I can assure you that we are not asking for any fees related to work on the defamation claim, and we are confident that the fees we are seeking are reasonable. Again, please let me know if your client will agree to the proposed

stipulation. If your client is willing to stipulate to fees but wants to ensure the amount does not include time spent on the defamation claim, I welcome you to come to our office today to review a summary of the time involved on the copyright claim. Otherwise, given our deadline tomorrow for filing our motion for attorneys' fees, we must focus our efforts today on that motion. As mentioned earlier, we will also be asking the court for fees for all time spent on working on our motion for fees.

Thank you.
Leila

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Tuesday, July 01, 2014 10:10 AM
**To:** Knox, Leila
**Cc:** Dow Patten; Smith Patten
**Subject:** Re: Choyce v. Indybay - Stipulation re fees

Ms. Knox,
As I stated before, I misread your email. Plaintiff will not stipulate to any fees, as you have not met and conferred on both the basis for the fee request and the reasonableness of the requested amount. As you only filed one motion on behalf your client on several issues, we believe it is incumbent upon you to identify with particularity the actual services for which you are seeking fees. We look forward to your prompt response.

Regards,
Dow W. Patten

On Tue, Jul 1, 2014 at 9:51 AM, Knox, Leila <Leila.Knox@bryancave.com> wrote:
Mr. Patten,

I did not say anything in my earlier email regarding our client not pursuing attorneys' fees on the successful defense of the copyright claim in exchange for your client not pursuing the defamation claim in state court. This is something we have not discussed (a copy of my email from Monday is attached). That aside, please let me know today if your client agrees to the proposed stipulation on fees so as to avoid motion practice on this (and the incursion of additional fees). Otherwise, we will be moving forward with our motion tomorrow.

Leila

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Tuesday, July 01, 2014 9:36 AM
**To:** Knox, Leila
**Cc:** Dow Patten; Smith Patten
**Subject:** Re: Choyce v. Indybay - Stipulation re fees

Ms. Knox,

I must have misread your email. I understood the offer to be that Plaintiff would not pursue claims in state court and your client would not seek fees in the federal action. Let us know if that is the case.
Regards,
Dow W. Patten

On Tue, Jul 1, 2014 at 9:26 AM, Knox, Leila <Leila.Knox@bryancave.com> wrote:
Mr. Patten –

Attached please find our draft stipulation and proposed order on fees and costs for your approval.

As noted in my prior emails, this does not include any time spent working on the fees motion. However, in order for that to remain the case, we need to hear back from you today that we are authorized to file this stipulation with the court so we can cease work on that motion, which is due tomorrow.

Sincerely,
Leila
**Leila Knox**
Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, California 94105
Tel: 415.268.1949
Fax: 415.268.1999
*leila.knox@bryancave.com*
www.bryancave.com

------------------------------------------------------------------------

**CONFIDENTIALITY NOTICE**
This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

------------------------------------------------------------------------

# EXHIBIT "D"

1      UNITED STATES DISTRICT COURT

2     NORTHERN DISTRICT OF CALIFORNIA

3 Before The Honorable Jon S. Tigar, Judge

4 DIONNE CHOYCE,       )
             )
5    Plaintiff,    )
             )
6   vs.        )  No. C 13-1842 (JST)
             )
7 SF BAY AREA INDEPENDENT MEDIA )
 CENTER, et al.,      )
8             )
    Defendants.    )
9 _____)

10          San Francisco, California
           Thursday, November 14, 2013

11

  TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
12          RECORDING

13
 APPEARANCES:
14
 For the Plaintiff:
15         Smith Patten
         353 Sacramento Street
16         Suite 1120
         San Francisco, California
17          94111
         (415) 402-0084
18       BY: DOW W. PATTEN, Esq.
         SPENCER F. SMITH, Esq.
19
 For the Defendant:
20         Casas, Riley & Simonian, LLP
         One First Street, Suite 2
21         Los Altos, California 94022
         (650) 948-7200
22       BY: DANIEL L. CASAS, Esq.

23 Transcribed by:    Echo Reporting, Inc.
         Contracted Court Reporter/
24         Transcriber
         echoreporting@yahoo.com
25

18

1 to get an order out shortly.

2          MR. SMITH: Your Honor?

3          THE COURT: Yes.

4          MR. SMITH: This is Spencer Smith. We had the

5 copyright issue.

6          THE COURT: Oh, yes.

7          MR. SMITH: You touched on that.

8          THE COURT: Oh, yes, I had asked you some

9 questions. You have the floor. I'm curious to know the

10 answers.

11          MR. SMITH: Your Honor, one of the things you

12 touched on when you were prefacing the copyright claim was

13 whether or not leave to amend would be an exercise of

14 futility in light of the fact there would be no threat of

15 future harm. There is a concern for future harm in that,

16 unconventionally, the Defendants put forward before the

17 Court our settlement negotiations, trying to get this

18 resolved, and one of the issues that came up was the picture

19 being taken down and then resurfacing later on on Layer42's

20 -- on their servers, and it was the picture. Then it was

21 just a reference to the Choyce JPEG. So there is a concern

22 for future harm because we don't have --

23          THE COURT: It's far for me to imagine ever taking

24 someone's settlement negotiations into account.

25          MR. SMITH: I'm sorry, your Honor?

*Echo Reporting, Inc.*

19

1          THE COURT:  I'll give you leave if you want it.
2          MR. SMITH:  Oh.
3          THE COURT:  But I'm just saying it's hard for me
4 to imagine ever taking anybody's settlement negotiations
5 into account, and the fact that somebody -- I don't recall
6 the details of your settlement negotiations, but let me just
7 say this.  If I knew -- let's say in a hypothetical
8 situation that I was on the other side of you in a lawsuit
9 and my clients had done something that your client didn't
10 like and my client had already stopped doing it and had no
11 interest in ever doing it again, there would be nothing
12 cheaper or easier for me to offer you in a settlement
13 negotiation than to promise you that they would never do it
14 again because they have no interest in never doing it again.
15          The fact that the subject came up in a settlement
16 negotiation wouldn't tell someone else as a judge that there
17 were a likelihood of future harm I don't think.  Maybe I'm
18 missing the issue.
19          MR. SMITH:  My point is, your Honor, when our
20 settlement negotiations broke off, we were trying just to
21 get all of the Defendants to be parties to it.  And then we
22 turned around and this motion was filed.
23          THE COURT:  Yes.
24          MR. SMITH:  Our hope -- our hope was -- you're
25 exactly right.  I would agree with you 100-percent that the

*Echo Reporting, Inc.*

1 easiest thing to do is to resolve it, but we need all of the

2 Defendants here to do so.

3          THE COURT:  I see.

4          MR. SMITH:  And that's -- that's why --

5          THE COURT:  It's their failure to refuse.  It's

6 like a declaratory judgment case.

7          MR. SMITH:  Well --

8          THE COURT:  We will -- we will let that play

9 itself out.

10          MR. SMITH:  Yeah.  I just think once we have all

11 the Defendants here, it probably will resolve itself, your

12 Honor.

13          THE COURT:  Very good.  Mr. Casas, anything on the

14 copyright question?

15          MR. CASAS:  I agree, your Honor, there's no future

16 harm, no future damage.  They may be concerned, but that's

17 not enough to establish a copyright claim.

18          THE COURT:  Yeah.  I think that a better practice,

19 though, for me as a judge is not to essentially render an

20 advisory opinion as to a complaint that hasn't yet been

21 filed.  You all can take my comments under advisement, and

22 we'll probably give the Plaintiff leave to amend, and they

23 can -- we'll leave them to the remedies.

24          Thank you.

25          ALL:  Thank you, your Honor.