Roger Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
Leila Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
Jessica Mar (CA State Bar No. 293304)
jessica.mar@bryancave.com
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:     (415) 675-3400
Facsimile:     (415) 675-3434

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIONNE CHOYCE,<br><br>                Plaintiff,<br><br>        v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,<br><br>                Defendants. | Case No. CV-13-1842-JST<br><br>**REPLY IN SUPPORT OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 17 U.S.C § 505**<br><br>Hearing Date: September 4, 2014<br>Time:         2 p.m.<br>Judge:        Hon. Jon S. Tigar<br>Courtroom:    9<br><br>Documents Filed Herewith:<br><br>(1) Supplemental Declaration of Leila Knox<br>(2) [Amended Proposed] Order |

# INTRODUCTION

In his opposition, Plaintiff makes the argument for Defendant SF Bay Area Independent Media Center ("Indybay") that his copyright suit was objectively unreasonable, and therefore only a short reply brief is necessary. Plaintiff would like to quietly slip out this Court's side door penalty free after wasting judicial time and resources in his attempt to prosecute a copyright claim he had no basis to bring in the first place, and asks the Court to ignore and/or forget his aggressive and unfounded pursuit of that claim – when he had never had a copyright to begin with – on the grounds that the Court's dismissal was merely "technical" or "de minimis." The Court should not allow Plaintiff to escape so easily. The Copyright Act's attorneys' fees provision was intended, in part, to prevent meritless lawsuits such as the one brought by Plaintiff. Now that the legal relationship between Plaintiff and Indybay is forever changed in light of the Court's dismissal with prejudice, Indybay respectfully submits there's no doubt that it should be awarded its fees and costs in the amount requested for having to defend against Plaintiff's groundless claim.

## I.

### DISMISSAL WITH PREJUDICE IS UNDOUBTEDLY A MATERIAL ALTERATION OF THE LEGAL RELATIONSHIP BETWEEN THE PARTIES AND THEREFORE INDYBAY IS THE PREVAILING PARTY FOR PURPOSES OF ATTORNEYS' FEES

Try as he might, Plaintiff cannot avoid controlling precedent in this circuit explaining that where a claim is dismissed with prejudice, the defendant is the prevailing party since "the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009) (dismissal was *without* prejudice, with plaintiffs free to refile their copyright claims, and therefore defendants were *not* prevailing parties). There is nothing "technical" or "de minimis" about the Court's dismissal of Plaintiff's claim, since the legal relationship between the parties has been forever "materially alter[ed]" in such a way that "[Indybay] does not remain subject to the risk that the Plaintiff will re-file." *Salinas v. Wachovia Mortgage*, 2011 WL 5513456, *2 (E.D. Cal. 2011); *accord Lopez v. Wachovia Mortgage*, 2010 WL 3034167, *2 (E.D. Cal. 2010); *U.S. v. One 2008 Toyota Rav 4 Sports Util. Vehicle*, 2012 WL 5272281, *2 (C.D. Cal. 2012). Plaintiff therefore cannot claim that there has not been a "material[] alter[ation] of the legal relationship between the parties," *Fischer v. SJB-P.D. Inc.*, 214

F.3d 1115, 1118 (9th Cir. 2000), since every case in the Ninth Circuit discussing dismissal with prejudice, and the entitlement to attorneys' fees under various statutes, says otherwise. *See*, *e.g.*, *United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012) (district court's dismissal should be *with* prejudice so defendants could claim status as prevailing parties and move for attorneys' fees under federal statute); *Bruce v. Teleflora, LLC*, 2014 WL 2710974, *2 (C.D. Cal. 2014) (defendant was prevailing party, with the right to recover costs, even where dismissal with prejudice was voluntary); *Slep-Tone Entm't Corp. v. Backstage Bar & Grill*, 2013 WL 1196681, *1 (C.D. Cal. 2013) (defendant was prevailing party following dismissal with prejudice); *Salinas*, 2011 WL 5513456 at *2; *Lopez*, 2010 WL 3034167 at *2. As such, there is no doubt here that Indybay is the prevailing party for purposes of attorneys' fees under the Copyright Act.

## II.

## PLAINTIFF PRESENTED NO REASON WHY THE COURT SHOULD NOT EXERCISE ITS DISCRETION AND AWARD ATTORNEYS' FEES TO INDYBAY

Since Plaintiff cannot seriously deny Indybay is the prevailing party here for purposes of attorneys' fees, he attempts to convince the Court that it should not exercise its discretion and award Indybay its fees because, among other things, he claims Plaintiff did not prevail on the merits and an award of such fees would do nothing to further the purposes of the Copyright Act.

### A.     Indybay's Success Was Far More Than Technical

Plaintiff's repeated attempts to mischaracterize Indybay's success as a mere technicality rests on a misunderstanding of the importance of the standing requirement under the Copyright Act, which Congress took great care to limit to the owners of a copyright in order to protect arts and letters from lawsuits by those claiming some interest in a work. *Silvers v. Sony Pictures Entm't*, 402 F.3d 881, 886-87 (9th Cir. 2005) ("only owners of an exclusive right in a copyright may sue").

Unlike the "pleading error" in the Southern District of Iowa case cited by Plaintiff, in which three related corporate entities with similar names (C&B Inc., C&B Corp., and C&B Co.) were Plaintiffs, and two of the three were dismissed because they were found not to be the copyright owners, *Christopher & Banks Corp. v. Dillard's, Inc.*, 805 F. Supp. 2d 693, 697 (S.D.

Iowa 2011), Plaintiff's "error" was much more substantial, and one that he repeatedly failed to cure (because he couldn't) despite numerous opportunities to do so from the Court. June 2, 2014 Order at 7-8 ("June 2014 Order"). In the case relied on by Plaintiff, the remaining plaintiff – C&B Co. – could continue to litigate the case against the defendant. Here, there's nothing left. Plaintiff is finished, done, kaput. A defendant should not have to litigate the merits of a claim brought by a plaintiff who had no business bringing the claim in the first place in order to recover attorneys' fees. Without standing, there were never any merits to get to in the first place, and not awarding fees would encourage meritless lawsuits by those without standing and would send a discouraging message to future defendants put in the same position as Indybay. Indybay, therefore, has achieved the type of complete and total success that warrants an award of attorneys' fees.

**B.     Plaintiff's Desire To Have A Photo He Did Not Own Rights In Removed From Indybay's Website Does Not Make His Suit "Objectively Reasonable"**

Plaintiff fuses his desire to have his photo removed from the Indybay website with the core issue of whether his instigation and, more importantly, maintenance of this lawsuit – specifically his claim for copyright infringement – was reasonable. Contrary to what Plaintiff still mistakenly claims, he never had the "right to protect [the] registered copyright" for all the reasons described in Indybay's original motion to dismiss and summarized in its opening brief in connection with the instant motion. Dkt. 42 at 2-4; Dkt. 59 at 6-8. Plaintiff never owned a copyright in the photo, June 2014 Order at 8, and there's nothing that Plaintiff can say or do that will change this fact.

In many ways, Plaintiff's position with respect to his purported "right to protect" the copyright he never owned – in a photograph he did not take – is even more unreasonable than the position taken by the plaintiff in *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 885 (9th Cir. 1996). In that case, the court inferred from the evidence that the plaintiff had instituted the lawsuit to "secure a competitive advantage in marketing its videocassette," *id.* at 889; in this case, Plaintiff admits he used this lawsuit and his copyright claim to try to get Indybay to take action and remove his photo from the website, Opp. 9 ("Throughout this litigation, Plaintiff's primary concern was that the image and web page would be taken down and that Plaintiff would be assured that the image and posting would not reoccur."), despite the fact that he

had no legal basis for seeking to compel Indybay to take such action.[1] More tellingly, by the time Plaintiff filed his original complaint in April 2013, and certainly by the time he filed his First Amended Complaint in December 2013, the image had long been removed from the Indybay website, Dkt. 32, ¶ 11, and yet Plaintiff continued on even though his "primary concern" – i.e., removal of the photograph from the site – had been addressed. This further illustrates the sort of "objective unreasonableness" in Plaintiff's continued pursuit of judicial relief that supports an award of fees under *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994).[2]

### C. Awarding Fees To Indybay Furthers The Purposes Of The Copyright Act

As the Supreme Court has held, "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Id.* at 527 (internal quotations and citations omitted). "[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them" in part because such litigation ultimately encourages the promotion of "broad public availability of literature, music and the other arts." *Id.* at 526-27. Indybay's successful defense of the copyright claim is consistent with this goal, i.e., maintaining the boundaries of liability and thus broadening the material available to the public. *Love v. Mail on Sunday*, 2007 WL 2709975, *5 (C.D. Cal. 2007) (successful defense of copyright action on motion to dismiss where plaintiff lacked standing furthered the purposes of the copyright law and protected the utility of copyright licenses), *aff'd sub nom. Love v. Associated Newspapers, Ltd.*, 611 F.3d 601 (9th Cir. 2010) (affirming award of attorney fees).

---

[1] Indeed, Plaintiff should be relieved that none of the parties here have brought a countersuit under the Digital Millennium Copyright Act, 17 U.S.C. § 512(f), for Plaintiff's "knowing[] material[] misrepresent[ation]" that he or his attorneys were authorized to demand a takedown of the photograph in the first place. The DMCA requires, under penalty of perjury, that in making such a request, a complaining party must state that he "is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed." 17 U.S.C. § 512(c)(3)(A)(vi).

[2] Plaintiff also argues Indybay must demonstrate that Plaintiff's copyright claim was "harassing," a standard that may apply to Rule 11 sanctions, as noted at Opp. 8, but is not one of the factors for a court to consider under *Fogerty*. Plaintiff cites no authority supporting his view, probably because there is none. Indeed, on remand from the Supreme Court, the Ninth Circuit affirmed an award of $1,347,519.15 in attorneys' fees even though the plaintiff's lawsuit was "neither frivolous nor prosecuted in bad faith." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996).

As explained by Judge Posner, when a defendant prevails on a copyright claim, "the presumption in favor of awarding fees is very strong." *Assessment Technologies of Wi., LLC v. WIREData, Inc.*, 361 F.3d 434, 439 (7th Cir. 2004) (*citing Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994)). "For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising [its] rights." *Id.* In short, attorneys' fees awards "are the rule rather than the exception and should be awarded routinely." *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 66 (5th Cir. 1994).

Indybay should be compensated for the costs of defending against Plaintiff's unmeritorious copyright claim. "Baseless claims … are inimical to the purposes of the Copyright Act." *Zobmondo Entm't LLC v. Falls Media LLC*, 2009 WL 202034 (C.D. Cal. 2009). There is no requirement that Plaintiff be a vexatious serial litigant for the award of attorneys' fees to Indybay, which in this case also serves purposes of deterrence in that it helps prevent the filing of similarly meritless copyright actions by would-be plaintiffs. *See Bernal v. Paradigm Talent & Literary Agency*, 2010 WL 6397561, *2 (C.D. Cal. 2010) (awarding fees to defendant, even where there was no indication of bad faith by plaintiff, and noting that award serves purposes of deterrence for other would-be plaintiffs); *Zobmondo Entertainment LLC,* 2009 WL 202034, *3 (baseless copyright claims are "inimical to the purposes of the Copyright Act" awarding fees for successful defense); *Identity Arts v. Best Buy Entertainment Servs., Inc.,* 2008 WL 820674, *6 (N.D. Cal. 2008) (noting fee award would aid in deterring other would-be plaintiffs from prosecuting any similarly ill-advised and meritless claims for copyright infringement).

### III.

### INDYBAY'S REQUESTED ATTORNEYS' FEES ARE REASONABLE

The lodestar method yields a fee that is presumptively reasonable in statutory fee cases, and that presumption is a "strong" one. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (citations omitted). In "rare circumstances," the court may adjust the lodestar figure to reach a more reasonable result on the basis of additional factors not considered in the lodestar calculation. *See Morales v. City of San Rafael,* 96 F.3d 359, 363–64 (9th Cir. 1996), *amended on other grounds,* 108 F.3d 981 (9th Cir. 1997). "The party opposing the fee application has a burden

of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992), *citing Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984); *Toussaint v. McCarthy,* 826 F.2d 901, 904 (9th Cir. 1987). Here, Plaintiff offers no evidence that could carry his burden of overcoming the "strong presumption" that the lodestar figure represents a reasonable fee, *Perdue*, 559 U.S. at 546, let alone the "specific evidence" required to support "detailed findings" by this Court that this is one of the "'rare' and 'exceptional' cases" where "the lodestar amount is … unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

### A. Indybay's Time Spent On Defense Of The Copyright Claim Was Reasonable

Far from Plaintiff's accusation that the fees sought here are "excessive" or "unreasonable," the evidence submitted by Indybay shows it was not only reasonable, but conservative in its request for fees. For example, Indybay only requested fees for Ms. Knox at her 2013 rate of $430 per hour, rather than her 2014 rate of $480 per hour. Also, Indybay is not requesting fees for time spent by Mr. Myers, the senior partner on the case with 24 years of experience, in connection with preparation for the hearing on the motion to dismiss. Knox Decl., ¶ 7; Supp. Knox Decl., ¶ 4.

Not only does Plaintiff offer no evidence to overcome the "strong presumption" that Indybay's requested fees are reasonable, but Plaintiff does not dispute court have awarded comparable fees in similar copyright cases. *See DuckHole Inc.,* 2013 WL 5797204, *6 (awarding $65,781 in attorneys' fees to defendants for copyright infringement case after court granted motion to dismiss); *Maljack Prods., Inc.*, 81 F.3d at 890 (affirming district court's award of $162,175.04 after granting summary judgment); *Bernal*, 2010 WL 6397561, *7 (awarding $218,252.20 in attorney fees for defense of a copyright infringement claim after granting motion for summary judgment). Similarly, a district court in New York recently awarded $84,375 in attorneys' fees plus costs to defendants who prevailed at the motion to dismiss stage in a copyright infringement case. *Pyatt v. Raymond*, 2012 WL 1668248, *8 (S.D.N.Y. 2012) (awarding $84,375 total in attorneys' fees to prevailing defendants prevailing on motion to dismiss copyright claim, $28,125 to each set of three defendants).

The amount of time Indybay expended in this matter was reasonable and necessary to quickly and completely dispose of Plaintiff's copyright claim, and Plaintiff offers no evidence to the contrary.

### B.   Indybay Submitted Time Records Attributable Solely to the Copyright Claim

Plaintiff offer not a shred of evidence to support his baseless claim that Indybay's hours are not reasonable because it has "not segregated the copyright claim work" and has "block-billed." Opp. 12. This assertion is simply not true. Indybay's motion for fees and supporting declarations clearly state that the fees requested were only those attributable to the work on the copyright claim.[3] Knox Decl. ¶¶ 5, 6, 9; Supp. Knox Decl., ¶ 2. For time entries that related to work on Plaintiff's copyright and defamation claim, Indybay exercised billing judgment to only claim time that was necessarily and reasonably expended on the defense of Plaintiff's copyright claim. Knox Decl. ¶¶ 6, 9. Where time entries related to work on both the copyright and defamation claims, billing judgment was exercised to carefully and conservatively ensure Indybay did not request time that was not properly spent on the copyright claim. Supp. Knox Decl., ¶ 2. Indeed, Indybay's time records show that more than $138,000 worth of work was performed by counsel overall on the motion to dismiss and anti-SLAPP motion to strike between December 2013 and March 2014. The amount in fees that Indybay is requesting solely for the defense of the copyright claim during that same period – only $26,002 – is a mere fraction of that amount. Supp. Knox Decl. ¶ 3.

### C.   Indybay's Motion Is Supported By Sufficient Documentation

Indybay's time records submitted in support of its motion are sufficiently specific to allow the Court to determine whether the fees claimed are reasonable. *Hensley v. Eckerhart*, 461 U.S.

---

[3] Plaintiff alleges Indybay dragged out the dispute by avoiding service (and worked in concert with co-defendants to achieve the same). Opp. at 1. Plaintiff provides no factual support for these bare allegations, nor could he. Indybay, through its counsel, made every attempt to cooperate and appear in the case once counsel became aware that service had been attempted, but it was Plaintiff who would not cooperate. Dkt. 23-1, ¶¶ 7-8. In any event, Indybay is not requesting fees in connection with this service dispute, and Plaintiff has not specified, nor could he, how this distraction had any effect on the time or effort Indybay put into defending against the copyright claim.

424, 437 n.12 (1983) ("counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures."). Indybay submitted time records extracted from the firm's timekeeping database that sufficiently describe the general subject matter of the time spent.[4] Knox Decl. ¶ 6. Plaintiff excerpts a handful of entries as not being sufficiently described to support a reasonable fee on the copyright claim. Opp. 13. However, looking at these time entries in the context of the overall billing records, it is clear this time was reasonably and necessarily expended to defend against the copyright claim.

Plaintiff also takes issue with the time Indybay expended drafting its reply brief. Opp. 14. On that reply, Indybay spent time reviewing, analyzing, and responding to both Plaintiff's opposition and proposed Second Amended Complaint submitted in opposition to co-defendant Layer42, Inc.'s motion to dismiss. Dkt. 37-1; Dkt. 42 at 3. At this stage of litigation, Plaintiff raised his belatedly obtained registration for copyright of the photo at issue, which Plaintiff attempted to use as the sole basis for his claim that he alleged "absolute ownership." Dkt. 37 at 3-4. Indybay expended time responding to the copyright issues raised both in Plaintiff's opposition and proposed Second Amended Complaint that, if granted by the court, would also become the operative complaint against Indybay. Dkt. at 3. Indybay therefore had a keen interest in analyzing and addressing the proposed Second Amended Complaint in its reply on the motion to dismiss so as to dispose of the unmeritorious copyright claim efficiently and swiftly.

Plaintiff also takes issue with the 9.6 hours of time expended by Ms. Knox preparing for the hearing on the motion to dismiss. Opp. 14. This included time spent reading the relevant case law, holding moot court, and preparing for arguments on the copyright claim not included in the briefing that Plaintiff might raise at the hearing. For example, Plaintiff claimed for the first time at the hearing that the photograph was a work for hire, and in anticipation of this, counsel for Indybay took the time to conduct additional research into this doctrine so as to be prepared to

---

[4] Because this case was taken on a pro bono basis, invoices were not prepared and sent to the client for payment. Knox Decl., ¶ 6.

SF01DOCS\211255.1                                    8
REPLY IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES                      CASE NO. CV-13-1842-JST

1  respond. Indybay did not include the two hours of attorney time spent attending the hearing by
2  Ms. Knox. Supp. Knox Decl., ¶ 5.

3  Plaintiff relies on *Hensley*, a case where the court reduced the amount of attorneys' fees, in
4  part due to failure to keep contemporaneous time records or summaries that would allow the
5  reviewing court to determine the general subject matter of the time spent. *Hensley*, 461 U.S. at
6  371. The case is inapposite here, as all of the time records submitted are based on
7  contemporaneous time records extracted from the firm's timekeeping database and contain
8  descriptions of the general subject matter of the time spent.[5] Knox Decl. ¶ 6.[6]

9  **D.     Time Spent by Indybay On This Fees Motion Is Recoverable Under The Established Law Of The Ninth Circuit**
10

11  Finally, Plaintiff argues Indybay is not entitled to fees incurred in connection with bringing
12  this motion. But as the Ninth Circuit has held, "[i]n statutory fee cases, federal courts, including

---

[5] Plaintiff's claim that admissible evidence is required to support an award of attorney fees is not supported by the case law. Opp. 13. Even if Indybay had not submitted contemporaneous time records, as it did here, it could still be eligible for an award of attorney fees. *Frank Music Corp. v Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir 1989) (contemporaneous time records not required when request is reasonable and supported by other evidence); *U.S. v $12,248 U.S. Currency*, 957 F.2d 1513 (9th Cir. 1992); *Lobatz v U.S. W. Cellular, Inc.*, 222 F.3d 1142, 1149 (9th Cir. 2000) (trial court did not err by relying on time summaries rather than on contemporaneous records); *U.S. v City & County of San Francisco*, 748 F Supp. 1416, 1433 (N.D. Cal. 1990), *aff'd in part and rev'd in part sub nom Davis v City & County of San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992), *modified on other grounds*, 984 F.2d 345 (9th Cir. 1993) (approving use of time records reconstructed from litigation files and other records, noting that Ninth Circuit permits "reconstructed" records and that vague entries on time records may be explained by reconstructions based on other notes and files as well as on context of entry).

[6] If the Court determines it would be helpful to see additional records, Indybay can – and should be allowed to – submit supplemental documentation. *Traditional Cat Ass'n v Gilbreath*, 340 F.3d 829 (9th Cir. 2003) (error to deny fees altogether because fee claimant had not apportioned fees between fee-shifting and non-fee-shifting claims; court must give parties opportunity to do so, and if they cannot, must attempt to do so itself); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) (remanding to district court to consider more detailed records submitted on reconsideration); *Stewart v Gates*, 987 F.2d 1450, 1452 (9th Cir. 1993) (if time records illegible, court should reduce accordingly or require supplemental submission). If the Court wants further information about the specific tasks performed, Indybay is willing to submit billing records related to both the defamation and copyright claims to the Court for *in camera* review.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

[the Ninth Circuit], have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (*quoting In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985)).  "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Id.* (citations omitted). Moreover, courts have awarded "fees-on-fees" under Section 505 of the Copyright Act where the fees were "incurred in connection with [defendant's] application for fees during remand." *Fantasy Inc. v. Fogerty*, 1995 WL 261504, *7-8 (N.D. Cal. 1995), *aff'd* 94 F.3d 553 (9th Cir. 1996).  The full amount of fees spent on this motion should therefore be awarded to Indybay.

## CONCLUSION

Indybay has spent an additional 30 hours on this reply, representing a total of $13,730 in additional fees, and expects to spend an additional six hours, representing $2,580 in fees, on the hearing on this motion.  That brings the total amount of fees and costs sought on this motion to $30,430.  Supp. Knox Decl., ¶¶ 6-7.  Indybay respectfully requests that the Court grants its motion for attorneys' fees and costs in full in the amount of $59,836.11.

Dated: August 8, 2014

Respectfully submitted,

**BRYAN CAVE LLP**

By: _____/s/_____
         Leila Knox

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER