CASAS RILEY SIMONIAN LLP
Daniel L. Casas (SBN 116528)
dcasas@legalteam.com
Anthony F. Basile (SBN 247409)
abasile@legalteam.com
55 North 3rd Street
Campbell, CA  95008
Office:             650-948-7200
Facsimile:         650-948-7220

Attorneys for Defendant
LAYER42.NET, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff<br>v.<br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10,<br><br>Defendants. | Case No.  3:13-cv-01842-JST<br><br>**LAYER42.NET, INC.'S REPLY IN SUPPORT OF MOTION FOR RECOVERY OF ATTORNEY'S FEES**<br><br>[17 U.S.C. § 505]<br>[Local Rule 54-5]<br><br>Date: September 4, 2014<br>Time: 2:00pm<br>Courtroom: 9, 19th Floor<br><br>Action Filed: April 23, 2013 |

## I.   INTRODUCTION

Plaintiff's opposition to Layer42's motion for attorney fees fails to grasp the significance of this Court's June 2, 2014 Order dismissing with prejudice the copyright infringement claim: Choyce never had a claim to begin with.  Layer42 is entitled to recover fees and costs to defend Choyce's meritless claim, and a fee award would serve the duel purposes of compensating Layer42 and discouraging such frivolous claims.  Layer42's lodestar figure is presumptively reasonable, and Layer42 has appropriately limited its lodestar figure to fees incurred in relation to Plaintiff's relentless and unreasonable pursuit of his defeated copyright infringement claim.

Layer42 requests that the Court grant its motion for fees in full.

## II. LEGAL STANDARDS AND ANALYSIS

**A. Layer42 Is The Prevailing Party Entitled To A Fee Award Because Choyce's Copyright Infringement Claim Was Objectively Unreasonable**

    1. <u>Layer42 Is The Prevailing Party</u>

"Prevailing party" means "a party in whose favor a judgment is rendered, <u>regardless of the amount of damages awarded</u>." *Klamath Siskiyou Wildlands Ctr. v. United States BLM*, 589 F. 3d 1027, 1030 (9th Cir. 1990) (citations omitted, emphasis added).

In spite of making no showing that he held a valid copyright in the image file at issue, Plaintiff sought by his Complaint and First Amended Complaint statutory damages and attorney fees against Layer42. See ECF No. 1 (Complaint) at para. 24 (page 07:11-15). Plaintiff persisted in demanding statutory damages and fees even after this Court pointed out that he was not entitled to such relief. See ECF No. 22 (December 2, 2013 Order) at 05:18-06:01 ("Here, it is undisputed that Plaintiff did not possess a registered copyright – and had not even applied for a copyright registration – within three months after the time of alleged infringement, which was April 25, 2012 … Therefore, Plaintiff may not seek those remedies for copyright infringement in any amended complaint."); see also ECF No. 26 (First Amended Complaint) at para. 24 (page 07:11-15).

This Court dismissed Plaintiff's copyright infringement claim against Layer42 <u>with prejudice</u>. This was not based on a mere "minor, technical pleading error." See *Christopher & Banks Corp. v. Dillard's, Inc.*, 805 F.Supp. 2d 693 (S.D. Iowa 2011). Indeed, this Court gave Plaintiff an opportunity to cure any such "technical" defects by granting leave to amend the Complaint – and clearly identified those defects for Plaintiff. See ECF No. 22, 04:27-06:01, 18:06-09. Instead, the claim was ultimately dismissed with prejudice because Plaintiff could not state a claim for copyright infringement on the facts alleged, or on any facts Plaintiff offered to allege.

Layer42 achieved a real and lasting benefit from its successful defense: it is free from the nuisance of continued litigation on Plaintiff's meritless copyright infringement claim. Layer42 is the prevailing party entitled to an award of attorney fees.

2. <u>Choyce's Copyright Infringement Claim Was Objectively Unreasonable From Its Inception</u>

An award of attorney fees under Section 505 is appropriate where plaintiff should have known that his claim was objectively unreasonable or frivolous. See *SOFA Entertainment, Inc. v. Dodger Productions, Inc.*, 709 F.3d 1273 (9th Cir. 2013). It is clear that Plaintiff should have known from the start that he did not have standing to assert a copyright infringement claim against Layer42, or to demand the damages he sought in this litigation.

This Court's June 2, 2014 Order should have disabused Plaintiff of any belief that he ever had a reasonable basis for bringing or maintaining his copyright infringement cause of action. Plaintiff admitted that he was not the author of the photograph at issue. ECF No. 54, 07:07-15. Plaintiff never provided facts to suggest whether or how he owned rights to said image, or possibly acquired such rights from the admitted third-party photographer. *Id*. at 07:24-26. Plaintiff did not explain why his copyright registration claimed Plaintiff was the "author" of the work in spite of these contradictory facts. *Id*. at 07:26-28. In dismissing <u>with prejudice</u> Plaintiff's copyright infringement claim, this Court noted that Plaintiff had been given "numerous opportunities … to state a claim of copyright infringement," and that there had been "unjustified and undue delay" in Plaintiff's attempts to maintain the copyright infringement claim. *Id*. at 08:21-26.

In light of these findings, it is clear that Plaintiff's pursuit of the defendants was unreasonable as early as the DMCA takedown notices he describes in his opposition to this Motion. See ECF No. 66 at 02:11-24. A lawful DMCA takedown notice must include, among other things, the signature of an agent authorized to act on behalf of the owner of an exclusive right alleged to have been infringed, a statement that the complaining party has a good-faith belief that the use of the material is not authorized by the copyright owner or the law, and a statement under penalty of perjury that the complaining party is authorized to act on behalf of the owner of the exclusive right allegedly infringed. 17 U.S.C. § 512(c)(3)(A)(i), (v), and (vi). Plaintiff admitted he is not the author of the material at issue, and never established that he is the owner of an exclusive right entitling him to pursue relief. These facts, and a basic review of copyright law, suggest Plaintiff exercised something less than good faith in his pursuit of Layer42 for copyright infringement.

Layer42 is entitled to an award of attorney fees because Plaintiff's copyright infringement claim was objectively unreasonable.

### 3. Layer42's Defense Advanced The Purposes Of The Copyright Act

Among the factors considered by a court in reviewing a motion for attorney's fees under Section 505 is the need to advance considerations of compensation and deterrence. *Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 534, fn. 19 (1994); see also *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614-615 (9th Cir. 2010).

Plaintiff's copyright infringement claim against Layer42 is a prime example of how a copyright claimant's overreach can have damaging effects on defendants, in spite of no actionable misconduct on their part. For over a year, Layer42 has endured costly and distracting litigation in defending Plaintiff's unsupported claim. The claim was particularly egregious since Plaintiff was not the author of the photograph and failed repeatedly to offer any evidence that he owned an exclusive right that could give him standing to sue for copyright infringement.

An award of attorney fees to Layer42 would serve the dual purpose of compensating Layer42 for the costs it incurred in defending against a frivolous claim and deterring other would-be plaintiffs from asserting thin claims with little to no chances for success on the merits.

### 4. Layer42's Fee Request Is Reasonable

There is a "strong presumption" that the lodestar represents the "reasonable" fee. *City of Burlington v. Dague*, 505 U.S. 557, 561 (1992); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-553 (2010). A party advocating departure from the lodestar figure bears the burden of establishing that adjustment is necessary to determine a reasonable fee. *Id.* at 561.

The billing rates and time spent defending the copyright infringement claim are supported by the sworn declaration of attorney Daniel Casas. See generally ECF No. 61-1. This evidence is entitled to the presumption of reasonableness, and Plaintiff offers no evidence that should rebut that presumption.

Plaintiff has no one but him to blame for the amount of time incurred in defending his meritless copyright infringement claim. Plaintiff should have undertaken basic legal and factual research to evaluate his claim before serving DMCA takedown notices; he appears not to have done so. Plaintiff should have reconsidered his claim before filing his Complaint. After the Court charitably pointed out the defects of Plaintiff's claim in granting Layer42's first motion to dismiss, Plaintiff could have chosen to amend his claim or abandon it. Instead, Plaintiff's First Amended Complaint contained a nearly verbatim statement of his original, flawed claim. Layer42 was compelled to incur additional expense yet again in defending against a claim Plaintiff knew was defective.

### III.   CONCLUSION

Layer42.Net, Inc. requests that the Court award attorney fees of $57,278.50, or any other amount this Court believes to be just and reasonable, following Layer42's successful motion to dismiss Choyce's cause of action for copyright infringement.

Respectfully submitted,

CASAS RILEY SIMONIAN LLP

Dated: August 8, 2014          By:     ___/s/_____
                                       Daniel L. Casas, Esq.
                                       Anthony F. Basile, Esq.
                                       Attorneys for Defendant
                                       LAYER42.NET, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the following documents were served upon the persons listed on this document at the addresses indicated by CM/ECF electronic notification or by enclosing the same in an envelope with postage fully paid and by depositing said envelope in a United States Post Office depository this 8th day of August, 2014.  I declare under penalty of perjury that the foregoing is true and correct.

**LAYER42.NET, INC.'S REPLY IN SUPPORT OF MOTION FOR RECOVERY OF ATTORNEY'S FEES**

*Attorneys for Plaintiff, Dionne Choyce*

Dow W. Patten, Esq.
SMITH PATTEN
355 Sacramento St., Suite 1120
San Francisco, CA 94111
dow@smithpatten.com

*Attorneys for SF Bay Area Independent Media Center*

Leila Christine Knox
Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105
leila.knox@bryancave.com

Dated: August 8, 2014

_/s/ Nicole Svoboda_