**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIONNE CHOYCE, an individual, | No. 14-17318 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01842-JST |
| v. | |
| SF BAY AREA INDEPENDENT MEDIA CENTER, AKA IMC, SF Bay Area, AKA SF Bay Area IMC, an unincorporated association; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

Before: HAWKINS, CALLAHAN, and HURWITZ, Circuit Judges.

In this copyright infringement action, Dionne Choyce ("Choyce") appeals the

attorneys' fee award to Layer 42.net, Inc. and SF Bay Area Independent Media Center

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(collectively, "Appellees"). Choyce contends the court abused its discretion by awarding fees under 17 U.S.C. § 505 and that the amount of the award was also unreasonable. We affirm.

There was no abuse of discretion in determining that Appellees were entitled to an attorney fee award pursuant to 17 U.S.C. § 505. The district court carefully considered the relevant factors under *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994), and articulated numerous valid reasons for exercising its discretion to award fees, including the success obtained, the frivolousness of Choyce's claim, and the considerations of deterring future baseless claims and compensation for having to defend against them. *See Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1043 (9th Cir. 2014). The district court gave "substantial weight" to the objective reasonableness of Choyce's position but did not rely exclusively on it, and thus the Supreme Court's recent decision in *Kirtsaeng v. John Wiley & Sons, Inc.* does not require a different result. 136 S. Ct. 1979, 1989 (2016).

Nor was there an abuse of discretion in the amount of fees awarded. Appellees submitted some evidence to support the prevailing market rate in the community, and Choyce presented no evidence in rebuttal that the rates sought were not within the range customarily charged by similarly experienced attorneys in the area. *See Hiken v. Dep't of Def.*, — F.3d —, 2016 WL 4608147, at *7 (9th Cir. Sept. 6, 2016). The

district court recognized the amounts requested by Appellees may not have been sufficiently limited to the federal copyright claim and reduced the award by 25% accordingly, which is a reasonable approximation of the time spent on the copyright claim. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). Finally, Appellees may permissibly recover fees expended in order to establish their entitlement to and the amount of fees under § 505. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 561 (9th Cir. 1996); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008). We grant Appellees' requests for fees on appeal and refer the determination of an appropriate amount of fees and costs to the Appellate Commissioner.

**AFFIRMED.**