**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to:
Leila Knox (SBN 245999); Roger Myers (SBN 146164)
BRYAN CAVE LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111

TEL NO.: (415) 675-3400    FAX NO. (optional): (415) 675-3434
E-MAIL ADDRESS *(Optional):*

| [x] ATTORNEY FOR | [x] JUDGMENT CREDITOR | [ ] ASSIGNEE OF RECORD |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: Northern District of California
MAILING ADDRESS: 450 Golden Gate Avenue, Box 36060
CITY AND ZIP CODE: San Francisco, CA 94102-3489
BRANCH NAME: San Francisco Division

*FOR RECORDER'S USE ONLY*

PLAINTIFF: Dionne Choyce

DEFENDANT: SF Bay Area Independent Media Center, et. al.

CASE NUMBER:
CV-13-1842-JST

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**  [ ] **Amended**

*FOR COURT USE ONLY*

1. The [x] judgment creditor  [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      
      Dionne Choyce
      1915 Maryal Drive
      Sacramento, CA 95864

   b. Driver's license no. [last 4 digits] and state:  [x] Unknown
   c. Social security no. [last 4 digits]:  [x] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

2. [ ] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   SF Bay Area Independent Media Center
   2940 16th Street, Suite 216, San Francisco, CA 94103

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

Date: May 25, 2017
Leila Knox
(TYPE OR PRINT NAME)

► *(signature)*
(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $108,129.11

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* 11/3/2014; 4/25/2017
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [x] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*

12. a. [x] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [x] A certified copy of the judgment is attached.

[SEAL]

This abstract issued on *(date):*

Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

| PLAINTIFF: Dionne Choyce | COURT CASE NO.: |
|---|---|
| DEFENDANT: SF Bay Area Independent Media Center, et. al. | CV-13-1842-JST |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*    14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.            Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

17.            Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.            Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.            Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

# ATTACHMENT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE,<br><br>Plaintiff,<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA<br>CENTER, et al.,<br><br>Defendants. | Case No.  13-cv-01842-JST<br><br>**ORDER GRANTING IN PART<br>MOTIONS FOR ATTORNEY'S FEES**<br><br>Re: ECF Nos. 59 & 61. |

## I.    INTRODUCTION

After the Court dismissed the federal copyright claim in this action with prejudice, Defendants filed motions for attorney's fees pursuant to 17 U.S.C. §505.  The matter came for hearing on September 4, 2014.

## II.    BACKGROUND

### A.    Procedural History and Factual Background

This motion arises out of a civil action by Plaintiff Dionne Choyce ("Plaintiff" or "Choyce"), in which he brought federal copyright and state-law defamation causes of action against Defendants SF Bay Area Independent Media Center ("Indybay") and Layer42.net, Inc. ("Layer 42") (collectively, "Defendants"), among other defendants.  He alleged that Layer42 provided internet connectivity, hosting and infrastructure to a website operated by Indybay on which unknown Doe Defendants posted false and defamatory articles about him, including a graphic image of him taken from his law firm's website.  Additional facts are described in the Court's December 2, 2013 and June 2, 2014 orders.  2013 WL 6234628 (ECF No. 22); 2014 WL 2451122 (ECF No. 54).  After dismissing the initial complaint without prejudice and granting Plaintiff leave to file a First Amended Complaint ("FAC"), the Court then granted Defendants' motions to dismiss with prejudice, finding as follows:

The FAC, like its predecessor, fails to allege that Plaintiff applied for a copyright in the allegedly copyrighted image. The FAC must be dismissed again for this reason. In his opposition, Plaintiff has attached a Proposed Second Amended Complaint ("PSAC"), in which he finally alleges that he has applied for a copyright, and limits his asserted remedies to those available for post-infringement registration, as the Court previously ordered. Exh. A to Plaintiff's Opposition to DefendantLayer42.net, Inc.'s Motion to Dismiss ("Opp. to Layer42"), ECF Nos. 37 & 37–1. The question is whether the Court should provide a second opportunity to amend by allowing Plaintiff to file the PSAC.

[. . .]

Plaintiff makes an unconvincing attempt to blame his adversary for his failure to amend, arguing that Layer42 filed a request for attorney's fees which required opposition over the holiday season, and this task apparently distracted Plaintiff's counsel from adding an allegation to the FAC that Plaintiff had applied for a copyright. Opp. to Layer42 2:21–28. This argument is particularly unpersuasive given the fact that Layer42's counsel offered a stipulation to Plaintiff's counsel to alter the deadlines to avoid the holiday season, and received no response. Declaration of Daniel L. Casas ¶ 6, and Exh. C thereto, ECF Nos. 41–1. Plaintiff acknowledges that the failure to amend was due to "oversight" on his part. Opp. to Layer42 7:9–10.

[. . .]

Even if the Court were to consider the PSAC, it would not salvage Plaintiff's copyright claim. A copyright infringement plaintiff "bears the burden of proving copyright ownership." Fleischer Studios, Inc. v. A.V.E.L.A., Inc., 654 F.3d 958, 962 (9th Cir. 2011). The PSAC makes the conclusory legal conclusion that "[a]mong the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Work and to distribute the Copyrighted Work to the public." ¶ 23. But this legal assertion is not a well-pled factual allegation whose truth the Court must accept at the pleading stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"Under the copyright laws, the registration of a copyright certificate constitutes *prima facie* evidence of the validity of a copyright in a judicial *proceeding commenced within five years of the copyright's first publication.*" Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003) (emphasis added) (quoting Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir. 1997) (citing 17 U.S.C. § 410(c)). The PSAC alleges that the Copyright Office issued Plaintiff a registered copyright in the image on October 23, 2013, after the first motion to dismiss in this action. PSAC ¶ 24. Since Plaintiff has used the image in his marketing since 2005, Declaration of Dionne Choyce ("Choyce Decl.") ¶ 2, ECF No. 11, he cannot avail himself of this *prima facie* presumption.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

The PSAC therefore must contain additional well-pled factual allegations from which it is plausible to conclude that Plaintiff himself owns a valid copyright in the photographic image. But, as Plaintiff's counsel acknowledged at oral argument, and as Plaintiff himself has testified in a sworn declaration, the image was not created *by* Plaintiff; it is an image *of* Plaintiff. Choyce Decl. ¶ 2. It was taken by a professional photographer. Id. Therefore, any copyright in the image "vests initially in the author or authors of the work," 17 U.S.C. § 201(a), which would be the photographer of the image, not Plaintiff. See generally Aalmuhammed v. Lee, 202 F.3d 1227, 1231–32 (9th Cir. 2000). Even if the Court gave Plaintiff leave to file the PSAC, it would still fail to state a claim for copyright infringement, rendering leave to amend futile.

Nonetheless, out of an abundance of caution, the Court has further considered the possibility that Plaintiff might be able to finally plead a viable copyright claim if given a *fourth* opportunity to do so.

Faced with Indybay's arguments that he is not the author of the image, Plaintiff stated in his opposition brief that, if the PSAC also fails to state a claim for copyright infringement, further "leave to amend should be granted" to allege facts that state a claim. Plaintiff's Opposition to Indybay's Motion 5:22–23, ECF No. 40. But in his brief, Plaintiff does not even hint at what facts he would plead in a Second Proposed Second Amended Complaint that would salvage his claim. He provides no explanation of how he owns the rights to the image. He does not state that he acquired the rights from the original photographer, and neither does he explain that the work was made for hire. And he does not explain how he could have a valid registration in an image he did not author, since the certificate of registration he obtained in the copyright states that he, himself, is the "author." Exh. A to Supplemental Declaration of Dow Patten, ECF No. 17.

[. . .]

But—again, out of an abundance of caution—at oral argument the Court gave Plaintiff's counsel a second opportunity to explain why the Court should give him a *fourth* opportunity to replead. Plaintiff's counsel explained that the image was, contrary to the certificate of registration Plaintiff obtained, actually a "work made for hire," and that Plaintiff will at some point apply to the Copyright Office to correct his certificate. But a work made for hire is, with exceptions not here relevant, "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101. For this category to apply, the photographer must be a regular employee rather than an independent contractor or a specially commissioned photographer. Marco v. Accent Pub. Co., Inc., 969 F.2d 1547, 1550–53 (3d Cir. 1992). It simply is not plausible to infer that when Plaintiff "started [his] own practice in or about 2005," and "had a professional photograph taken of [him]," he employed a professional photographer as a member of his regular staff. Choyce Decl. ¶ 2.

This action has been pending for nearly a year, and Plaintiff has yet to plead a valid federal cause of action in any of his proposed complaints, or explain how he might at any point in the foreseeable

3

future. Given the numerous opportunities Plaintiff has had to state a claim of copyright infringement, and Plaintiff's failure to explain to the Court how the copyright claim might be rendered plausible on further amendment, the Court concludes that further leave to amend would be futile. Since there has been unjustified and undue delay, because the Court previously granted leave to amend, and because the Court needs to control the pace of its docket, further leave to amend will not be provided. The copyright claim is dismissed with prejudice.

2014 WL 2451122, at *3-6. Since the only jurisdiction Plaintiff invoked over the action was federal-question jurisdiction over to the copyright claim, the Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and closed the file. Id.

After judgment was entered, ECF No. 58, and the Court approved the parties' stipulation to extend the deadlines for seeking attorney's fees, ECF No. 63, Defendants filed the instant motions. Layer42 seeks $57,278.50 as their lodestar, and Indybay seeks $59,836.11.

**B.      Jurisdiction**

The Court has jurisdiction over the copyright infringement claim, and therefore this motion for attorney's fees, pursuant to 28 U.S.C. §§ 1331 & 1338(a).

**C.      Legal Standard**

In "any civil action" under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. "Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Id. "In applying this provision, district courts are charged with two tasks: first, deciding whether an award of attorneys' fees is appropriate, and second, calculating the amount of fees to be awarded." The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 832-33 (9th Cir. 2003).

In awarding fees under the statute, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). "'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 436-437 (1983). "[C]ourts deciding whether to award attorneys fees can look to five non-exclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the

4

objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." Seltzer v. Green Day, Inc., 725 F.3d 1170, 1180-81 (9th Cir. 2013) (citing Fogerty, 510 U.S. at 534, n. 19).

In determining the amount of fees awardable under the section 505, the "'most useful starting point for determining the amount . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1027 (9th Cir. 1985) (quoting Hensley v. Ekerhart, 461 U.S. 424, 433 (1983)). "Excluded from this fee calculation are hours that are not reasonably expended, i.e., hours that are 'excessive, redundant, or otherwise unnecessary.'" Trangso, 768 F.2d at 1027. "Controlling precedent establishes 'that a party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.''" Traditional Cat Ass'n, 340 F.3d at 833 (internal citations omitted).

## III.   ANALYSIS

### A.   Prevailing Party

The Court may only provide attorney's fees "to the prevailing party." 17 U.S.C. § 505. Plaintiff argues that Defendants are not "prevailing parties." Although Plaintiff cites no in-circuit authority interpreting the Copyright Act, the term "prevailing party" in a fee-shifting statute generally requires an "alteration in the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 605 (2001) (interpreting fee-shifting provisions of the Fair Housing Amendments Act and the Americans with Disabilities Act); United States v. Milner, 583 F.3d 1174, 1196 (9th Cir. 2009) (interpreting the Equal Access to Justice Act) ("To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree"); see also 5-14 Nimmer on Copyright § 14.10 ("[I]t has been held that a 'party's success on a claim that is 'purely technical or de minimis' does not qualify him as a 'prevailing party'''" under the Copyright Act) (citing Warner Bros., Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d Cir. 1989)).

Plaintiff argues that "the Court's ruling that Plaintiff failed under FRCP 12(b)(6) to allege

United States District Court
Northern District of California

facts sufficient to state an infringement claim is nothing more than a *de minimis* victory on a technical point." Plaintiff's Opposition to Defendant Layer 42's Motion for Reocvery of Attorney's Fees ("Opp. to Layer42"), ECF No. 66. Defendants obtained dismissal with prejudice of the copyright claim. This altered the "legal relationship of the parties." Buckhannon, 532 U.S. at 605. It is an "enforceable judgment on the merits," Milner, 583 F.3d at 1196, since Defendants will presumably be able to rely on it if sued again for their alleged actions infringing on Plaintiff's copyright.

In maintaining that a party does not qualify as "prevailing" when it obtains dismissal with prejudice, Plaintiff's counsel rested particular weight at oral argument on Christopher & Banks Corp. v. Dillard's Inc., 805 F.Supp. 2d 693, 697 (S.D. Iowa 2011). In that case, three similarly-named, related corporate entities filed a copyright infringement action. Id. at 694-95. The defendant received the limited victory of eliminating two of the three corporate plaintiffs, while the entity that did possess a valid claim was allowed to press on with its lawsuit. The court denied attorneys' fees, noting, "Defendants have not litigated any defenses on the merits; rather, they have simply pointed out a small, technical pleading error." Id. At 698.

The facts in the present case are markedly different. Here, Defendants achieved a complete victory against the only plaintiff asserting the claim against them. In the other case on which Plaintiff relies, the court declined to award fees because the case was dismissed as a discovery sanction and "the merits of the parties' respective contentions were not litigated." Palazzo Vintage Homes, LLC v. Urban Hous. Dev., LLC, No. 09-cv-952-JE, 2011 WL 1527344, at *2 (D. Or. Mar. 28, 2011) report and recommendation adopted sub nom. Pallazzo Vintage Homes, LLC v. Urban Hous. Dev., No. 09-cv-952-JE, 2011 WL 1544814 (D. Or. Apr. 20, 2011).

Defendants are "prevailing parties" within the meaning of the 17 U.S.C. § 505.

**B.    Appropriateness of Awarding Fees**

Since Defendants are "prevailing parties," the Court considers the factors relevant to deciding whether to award fees under Section 505.

### 1.    Degree of Success Obtained

Similarly to the above, Plaintiff argues that Defendants "have not litigated any defenses on

its merits; rather, they have simply pointed out a . . . pleading error." Christopher & Banks Corp., 805 F.Supp.2d at 698. This Court did not order a pleading error corrected, it dismissed the claim with prejudice.

While the strength of the claim against Defendants, and the relief sought, may have been minor, Defendants achieved total success against the claim. Therefore, this factor weighs in favor of fee-shifting.

### 2. Frivolousness and Objective Unreasonableness

Plaintiff's copyright claim was, to put it bluntly, objectively baseless. At the time Plaintiff filed his complaint, Plaintiff had not even applied for a copyright registration. The Court first dismissed the claim without prejudice, which should have given Plaintiff an opportunity to assess the strength of his claims, and take whatever steps were necessary to ensure that he had a valid claim to assert. Instead, he filed a registration application which identified himself as the "author" of the image, which he knew he was not. And then, when faced with the argument that he still had no valid ownership interest in any copyright, he resorted to additional meritless arguments: that his registration was *prima facie* valid (which it was not) and that the image was a work made for hire (which was implausible, unsupported by any evidence, and did nothing to salvage the validity of the registration he had actually obtained).

The Ninth Circuit has upheld an award under the Copyright Act when a party "should have known from the outset that its chances of success . . . were slim to none." SOFA Entm't, Inc. v. Dodger Prods., Inc., 709 F.3d 1273, 1280 (9th Cir. 2013). Had Plaintiff's counsel consulted even basic authority regarding copyright law, he would have and should have known that he had no basis to bring a copyright action even against the Doe Defendants who had used the image (to say nothing of Indybay and Layer42). In asserting claims under a statute with a fee-shifting provision, he continued to press his claim at his peril.

### 3. Motivation

Defendants do not argue in their motions that this factor weighs in favor of fee-shifting. It appears relatively undisputed from the record that Plaintiff was not motivated to harass Layer42 and Indybay, or to pursue the lawsuit for anticompetitive reasons. Plaintiff was motivated to stop

United States District Court
Northern District of California

1   the publication of defamatory content on the Indybay website.

2       Indybay argues on reply that it was not reasonable for Plaintiff to enlist a baseless claim in

3   this effort.  He had no reasonable basis to assert a federal copyright claim in an image he had not

4   registered and did not own the rights to.  Whatever claims he might have stemming from the

5   allegedly defamatory content, he did not have a copyright claim to the image, and it was improper

6   to use a cause of action under copyright law as a way of pursing his primary purpose.

7       Indybay's argument, while correct in its assertion that Plaintiff's claim was meritless,

8   nonetheless conflates the "motivation" prong of the Fogerty test with the "objective

9   unreasonableness" prong.  This factor weighs lightly against awarding fees.

### 4.      Considerations of Compensation and Deterrence

10      "The most important factor in determining whether to award fees under the Copyright Act,

11  is whether an award will further the purposes of the Act."  Mattel, Inc. v. MGA Entm't, 705 F.3d

12  1108, 1111 (9th Cir. 2013)).  "[T]he Act's 'primary objective' is to 'encourage the production of

13  original literary, artistic, and musical expression for the good of the public.'"  SOFA Entm't, 709

14  F.3d at 1280 (citing Fogerty, 510 U.S. at 524).  "[S]uccessful defense of a copyright infringement

15  action may further the policies of the Copyright Act every bit as much as a successful prosecution

16  of an infringement claim by the holder of a copyright."  Fogerty, 510 U.S. at 527.  "When

17  defendants advance a variety of meritorious copyright defenses," they further "[t]he Act's ultimate

18  aim . . . to stimulate artistic creativity for the general public good."  Mattel, Inc., 705 F.3d at 1111

19  (internal citations omitted).

20      Awarding fees will serve the usual purposes of a fee-shifting statute by deterring future

21  baseless claims and compensating Defendants for the costs of defending against such claims.

22  Moreover, in considering the specific purposes of the Copyright Act, while the Indybay website

23  may not be "artistic creativity" *per se*, it is a forum for public expression.  The Copyright Act's

24  fee-shifting provision is designed to ensure that such forums for expression are not unhindered by

25  asserted intellectual property claims that have no basis in the law.

26      After weighing the relevant factors, the Court determines that a fee award is justified.

27

28

United States District Court
Northern District of California

8

United States District Court
Northern District of California

C.     **Reasonableness of Fee Amount**

Defendants have asked this Court to order Plaintiff to pay them $117,114.61 for having to file two motions to dismiss his copyright complaint.  While Defendants are presumptively entitled to their lodestar, this is a very significant amount.

The Court has carefully reviewed the documents, billing records, and declarations submitted in support of both Defendants' fee requests.  The Court finds that both Defendants have provided evidence establishing that their attorney's rates are reasonable rates charged by similarly situated attorneys in the area.

However, Defendants moved to dismiss the copyright action in motions that also sought to dismiss the state-law claims - claims that the Court ultimately declined to address.  Defendants "may only recover attorney's fees incurred in defending against" the copyright claim.  Traditional Cat Ass'n, 340 F.3d at 833.  While Defendants' counsel made reasonable attempts to segregate the time and attention devoted to the federal claim, their estimates do not appear to have been conservative enough.

At oral argument at both motions to dismiss, relatively little time and attention was devoted to the copyright claim.  All Layer42 needed to do to obtain the first dismissal without prejudice was to point out that Plaintiff had failed to allege that he had applied for a copyright.  Plaintiff's first amended complaint failed to remedy that defect, and so all both parties needed to do to obtain the second dismissal was to point the same fact out to the Court again.  Of course, to obtain dismissal with prejudice, Defendants were required to persuade the Court that further leave to amend should not be granted.  Defendants are permitted to request that Plaintiff reimburse them for the fees they charge for that labor.  But the Court cannot conclude that it would be fair or appropriate to order Plaintiff to pay Defendants $117,114.61 for taking such action.

In addition to ensuring that it only award fees reasonably attributable to the copyright claim, the Court is also moved to consider "the complexity and novelty of the issues presented" in considering a deviation from the presumptively reasonable lodestar.  In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 941-42 (9th Cir. 2011) (discussing attorney's fees in class action settlements); see also DuckHole Inc. v. NBCUniversal Media LLC, CV-12-10077-BRO,

9

1   2013 WL 5797204, at \*5 (C.D. Cal. Oct. 25, 2013) (citing this as relevant factor in copyright

2   attorney's fee motion).  Although the Court considered several iterations of Plaintiff's complaint,

3   the matter was not complex.

4         After careful review of the record before the Court, and in considering principles of

5   fairness, the Court concludes that a significant downward deviation from Defendants' requested

6   fee award is appropriate.   The Court will award each prevailing party 75% of the fees and costs

7   requested, which the Court concludes is a reasonable approximation of the fees attributable to

8   obtaining dismissal of the federal claim which are reasonable to award under the circumstances.

9   **IV.    CONCLUSION**

10         Defendants' motions are GRANTED IN PART.  Defendant Layer42 shall be awarded its

11   fees and costs in the sum of $42,958.  Defendant Indybay shall be awarded its fees and costs in the

12   amount of $44,877.  Plaintiff is ORDERED to make such payment by 30 days from the date of

13   this order.

14         **IT IS SO ORDERED.**

15   Dated: November 2, 2014

16                                                JON S. TIGAR
17                                                United States District Judge

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT 2

EJ-001

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number)*:<br>After recording, return to:<br>Leila Knox, SBN 245999; Jessica Mar, SBN 293304<br>Bryan Cave LLP<br>560 Mission Street, 25th Floor<br>San Francisco, CA 94105<br><br>TEL NO.: 415.675.3400    FAX NO. (optional): 415 675 3434<br>E-MAIL ADDRESS *(Optional)*:<br>[x] ATTORNEY [x] JUDGMENT    ASSIGNEE<br>    FOR    CREDITOR    OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS: Northern District of California

MAILING ADDRESS: 450 Golden Gate Avenue, Box 36060

CITY AND ZIP CODE: San Francisco, CA 94102-3489

BRANCH NAME: San Francisco Division

FOR RECORDER'S USE ONLY

| | |
|---|---|
| PLAINTIFF: Dionne Choyce | CASE NUMBER:<br>CV-13-1842-JST |
| DEFENDANT: SF Bay Area Independent Media Center, et al. | |

| ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS    [ ] Amended | FOR COURT USE ONLY |
|---|---|

1. The [x] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
   
   Name and last known address
   
   Dionne Choyce
   1915 Maryal Drive
   Sacramento, CA 95864

   b. Driver's license no. [last 4 digits] and state:    [x] Unknown
   c. Social security no. [last 4 digits]:    [x] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

2. [ ] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   SF Bay Area Independent Media Center
   San Francisco Bay Area Independent Media Center
   2940 16th Street, Suite 216, San Francisco, CA 94103

   Date: July 22, 2015

   Jessica Mar
   _____
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ *Jessica Mar*
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $44,877.00

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* November 3, 2014
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date):*

July 23, 2015

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [x] not been ordered by the court.
    b. [ ] been ordered by the court effective until
       *(date):*

12. a. [x] I certify that this is a true and correct abstract of
       the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

    RICHARD W. WIEKING,
    Clerk, by The Tina Nudo    , Deputy

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>EJ-001 [Rev. July 1, 2014] | ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS | Page 1 of 2<br>Code of Civil Procedure, §§ 488.480,<br>674, 700.190 |

| PLAINTIFF: Dionne Choyce | COURT CASE NO.: |
|---|---|
| DEFENDANT: SF Bay Area Independent Media Center, et al. | CV-13-1842-JST |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.     Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

17.     Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.     Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.     Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

# ATTACHMENT 3

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIONNE CHOYCE, an individual, | No.    14-17318 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01842-JST |
| v. | |
| SF BAY AREA INDEPENDENT MEDIA CENTER, AKA IMC, SF Bay Area, AKA SF Bay Area IMC, an unincorporated association; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

Before: HAWKINS, CALLAHAN, and HURWITZ, Circuit Judges.

In this copyright infringement action, Dionne Choyce ("Choyce") appeals the

attorneys' fee award to Layer 42.net, Inc. and SF Bay Area Independent Media Center

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(collectively, "Appellees"). Choyce contends the court abused its discretion by awarding fees under 17 U.S.C. § 505 and that the amount of the award was also unreasonable. We affirm.

There was no abuse of discretion in determining that Appellees were entitled to an attorney fee award pursuant to 17 U.S.C. § 505. The district court carefully considered the relevant factors under *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994), and articulated numerous valid reasons for exercising its discretion to award fees, including the success obtained, the frivolousness of Choyce's claim, and the considerations of deterring future baseless claims and compensation for having to defend against them. *See Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1043 (9th Cir. 2014). The district court gave "substantial weight" to the objective reasonableness of Choyce's position but did not rely exclusively on it, and thus the Supreme Court's recent decision in *Kirtsaeng v. John Wiley & Sons, Inc.* does not require a different result. 136 S. Ct. 1979, 1989 (2016).

Nor was there an abuse of discretion in the amount of fees awarded. Appellees submitted some evidence to support the prevailing market rate in the community, and Choyce presented no evidence in rebuttal that the rates sought were not within the range customarily charged by similarly experienced attorneys in the area. *See Hiken v. Dep't of Def.*, — F.3d —, 2016 WL 4608147, at *7 (9th Cir. Sept. 6, 2016). The

2

district court recognized the amounts requested by Appellees may not have been sufficiently limited to the federal copyright claim and reduced the award by 25% accordingly, which is a reasonable approximation of the time spent on the copyright claim. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). Finally, Appellees may permissibly recover fees expended in order to establish their entitlement to and the amount of fees under § 505. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 561 (9th Cir. 1996); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008). We grant Appellees' requests for fees on appeal and refer the determination of an appropriate amount of fees and costs to the Appellate Commissioner.

**AFFIRMED.**

# ATTACHMENT 4

FILED

UNITED STATES COURT OF APPEALS

APR 25 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIONNE CHOYCE, an individual, | No.   14-17318 |
| Plaintiff-Appellant, | |
| | D.C. No. 3:13-cv-01842-JST |
| v. | Northern District of California, San Francisco |
| SF BAY AREA INDEPENDENT MEDIA CENTER, AKA IMC, SF Bay Area, AKA SF Bay Area IMC, an unincorporated association; LAYER42.NET, INC., a California corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, | ORDER |
| Defendants-Appellees. | |

Before:  Peter L. Shaw, Appellate Commissioner

Pursuant to the court's earlier order, SF Bay Area Independent Media Center ("Indybay") filed an application for attorneys' fees and non-taxable costs on March 28, 2017.  Dionne Choyce has not filed the opposition that was due April 7, 2017. Choyce has failed to satisfy his "burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  *Gates v.*

*Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992); *see also  Choyce v. SF Bay Area Indep. Media Ctr.*, ___ F. App'x ___, 2016 WL 612359, at *1 (9th Cir. 2016)

Indybay's unopposed motion for attorneys' fees and non-taxable expenses (Docket Entry No. 74) is granted in part.  A review of the motion shows that Indybay's attorneys and paralegal reasonably expended 115.3 hours on the appeal from the district court's fee award, and on the fee application in the court of appeals. *See Choyce*, 2016 WL 612359, at *1; *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008).  Two hours billed by the paralegal at $250 per hour on September 30, 2015 for finalizing the excerpts of record and tables in the answering brief must, however, be disallowed as clerical work.  *See Tr. of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006).

Indybay's evidence shows and the Appellate Commissioner's experience confirms that the requested $380 to $685 hourly rates for the attorneys and $250 to $270 hourly rates for the paralegal are "in line with those [hourly rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 866, 895 n.11; *see also Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).  Also, Indybay's

requested hourly rates are in line with the hourly rates requested in the district court, which the district court determined were reasonable.

Pursuant to the Copyright Act, 17 U.S.C. § 505, reasonable attorneys' fees and non-taxable expenses in the amount of $63,262.11 are awarded in favor of SF Bay Area Independent Media Center and against Dionne Choyce.

This order amends the court's mandate.